UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOMINGO ARREGUIN GOMEZ; MIRNA S.; AND VICENTA S., <br><br>Plaintiffs, <br><br>v. <br><br>DONALD J. TRUMP, President of the United States of America, *et al.*, <br><br>Defendants. | Civil Action No. 20-1419 (APM) |

**DEFENDANTS' MOTION TO CONSOLIDATE**

Pursuant to Federal Rule of Civil Procedure 42(a) and Local Civil Rule 40.5(d), Defendants hereby move to consolidate this putative class action with a later-numbered action brought by individual plaintiffs, *Mohammed v. Pompeo*, Civ. A. No. 20-1856 (TSC) (D.D.C. filed July 9, 2020). Consolidation is appropriate because *Mohammed* and this action arise out of the same events, involve the same parties, and seek substantially similar relief. Each action indeed challenges the same COVID-19 Labor Proclamations—Presidential Proclamation 10014, 85 Fed. Reg. 23,441 (2020), and Presidential Proclamation 10052, 85 Fed. Reg. 38,263 (2020)—and their alleged effects on FY2020 diversity visa selectees. Consolidation would promote judicial economy and avoid the risk of inconsistent rulings. For these reasons, and as discussed in greater detail below, *Mohammed* and this action should be consolidated. Pursuant to Local Civil Rule 7(m), Defendants have conferred with counsel for Plaintiffs, who oppose this motion.

Dated: July 27, 2020

ETHAN P. DAVIS
Acting Assistant Attorney General,
Civil Division

WILLIAM C. PEACHEY
Director, Office of Immigration
Litigation,
District Court Section

COLIN A. KISOR
Deputy Director

Respectfully submitted,

KEN IAN
THOMAS B. YORK
JAMES J. WEN
Trial Attorneys

*/s/ Christopher Lyerla*
CHRISTOPHER T. LYERLA
Trial Attorney
U.S. Department of Justice, Civil
Division
Office of Immigration Litigation
District Court Section
Washington, D.C. 20044
(202) 598-3967
Christopher.T.Lyerla@usdoj.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DOMINGO ARREGUIN GOMEZ; MIRNA S.; AND VICENTA S.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, President of the United States of America, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 20-1419 (APM)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' MEMORANDUM IN
### SUPPORT OF THEIR MOTION TO CONSOLIDATE

### DISCUSSION

**A.    Background and Related-Case Issues**

Local Civil Rule 40.5(a)(3) provides that civil cases are deemed related when the earliest is still pending on the merits and the cases "involve common issues of fact" or "grow out of the same event or transaction." And Local Civil Rule 40.5(b)(2) requires that:

> At the time of filing any civil . . . action, the plaintiff or his attorney shall indicate, on a form to be provided by the Clerk, the name, docket number and relationship of any related case pending in this Court or in any other United States Court. The plaintiff shall serve this form on the defendant with the complaint. Any objection by the defendant to the related case designation shall be filed and served with the defendant's first responsive pleading or motion.

When the *Mohammed* plaintiffs filed their action on July 9, 2020, they did not designate this action as related. They instead designated *Mohammed* as related to *Almaqrami v. Pompeo*, No. 17-CV-1533 (TSC), another case currently pending before Judge Chutkan. The *Mohammed*

-- 3 --

defendants have objected to that designation and have filed a notice designating *Mohammed* as related to both this action and *Nguyen v. U.S. Department of Homeland Security*, No. 20-CV-718.

Local Civil Rule 40.5(b)(3) provides, in pertinent part, that "[w]henever an attorney for a party in a civil . . . action becomes aware of the existence of a related case . . . , the attorney shall immediately notify, in writing, the judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties."  LCvR 40.5(b)(3).  In accordance with this Rule, Defendants hereby notify the Court that *Mohammed* is related to this case.

Local Civil Rule 40.5(c) dictates the procedure for judicial assignment of related cases. The rule provides that the judge having the later-numbered case may transfer that case to the Calendar and Case Management Committee for reassignment to the judge having the earlier-numbered case.  The *Mohammed* defendants' objection to the plaintiffs' related-case designation seeks such relief, and the instant Defendants seek transfer and consolidation of *Mohammed* via this motion.[1]

**B.     Consolidation Is Appropriate.**

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions" or "issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a)(2)-(3). Consolidation is "a valuable and important tool of judicial administration."  *Hanson v. District of Columbia*, 257 F.R.D. 19, 21 (D.D.C. 2009) (quoting *Devlin v. Transp. Commun. Intern. Union*, 175 F.3d 121, 130 (2d Cir. 1999)).  It "relieves the parties and the Court of the burden of

---

[1] This case was filed before *Mohammed*.  Accordingly, per Local Rule 40.5(d), this motion is properly heard and determined by this Court.

duplicative pleadings and Court orders." *New York v. Microsoft Corp.,* 209 F. Supp. 2d 132, 148 (D.D.C. 2002). In evaluating whether consolidation is appropriate, "a court should consider both equity and judicial economy." *Hanson*, 257 F.R.D. at 21. If "savings of expense and gains of efficiency can be accomplished without sacrifice of justice," actions should be consolidated. *Id.* (quoting *Devlin,* 175 F.3d at 130); *see also* Fed. R. Civ. P. 1 (calling for the "just, speedy, and inexpensive determination of every action and proceeding").

Actions that involve the same parties are apt candidates for consolidation. 9A Fed. Prac. & Proc. Civ. § 2384 (3d ed.). Consolidation also is appropriate when plaintiffs seek "the same relief in separate actions." *Id.* (collecting cases). And "consolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts." *Hanson*, 257 F.R.D. at 21. Finally, given that "certification of a 23(b)(2) class precludes individual suits for the same injunctive or declaratory relief," consolidation is arguably required when individual plaintiffs in a later-filed case seek the same injunctive and declaratory relief as putative Rule 23(b)(2) class members in an earlier-filed case. *C.G.B. v. Wolf*, No. 20-CV-1072 (CRC), 2020 WL 2935111, at *20 (D.D.C. June 2, 2020).

This case and *Mohammed* easily satisfy the consolidation standard. To start, the *Mohammed* plaintiffs seek the same relief as the Plaintiffs in this case: an injunction setting aside the COVID-19 Labor Proclamations to the extent that they prevent FY2020 diversity visa selectees from obtaining FY2020 diversity visas. *Compare* Compl. at 257–58, *Mohammed*, ECF No. 1 (prayer for relief), *with* First Am. Compl. ("FAC") at 97, *Gomez* (prayer for relief). The *Mohammed* plaintiffs also appear to be putative class members in this case, meaning that class

-- 5 --

certification would preclude litigation of their individual claims.[2]  *C.G.B.*, 2020 WL 2935111, at *20.  *Compare* Compl. ¶ 1, *Mohammed* ("Plaintiffs are 226 Diversity Visa program selectees and their derivative beneficiaries."), *with* FAC ¶ 300(a), *Gomez* (defining putative subclass (a) as consisting of "Individuals who have been selected to receive an immigrant visa through the U.S. Department of State's FY2020 Diversity Visa Lottery and who had not received their immigrant visa on or before June 23, 2020, when the June Proclamation took effect . . . ").  Moreover, this case and *Mohammed* arise out of the same events and raise common issues of law and fact—in each case, the plaintiffs challenge the COVID-19 Labor Proclamations and their alleged effects on FY2020 diversity visa selectees.  *Compare* Compl. ¶ 2, *Mohammed* ("Plaintiffs hereby challenge the United States Department of State's adoption of policies, practices, and procedures suspending the processing of immigrant visas to individuals selected in the fiscal year 2020 Diversity Visa Program . . . .") (internal parentheticals omitted), *with* FAC ¶ 11, *Gomez* ("Plaintiffs challenge the June Proclamation and Defendants' implementation of it . . . ."), ¶ 9 (alleging "effects [of the June Proclamation] on winners of the 2020 Diversity Visa Lottery").  In sum, *Mohammed* and this case arise out of the same events, involve the same parties, and seek the same relief.  *Mohammed* and this case thus satisfy the consolidation standard, and consolidation would achieve "savings of expense and gains of efficiency . . . without sacrifice of justice."  *Hanson*, 257 F.R.D. at 21.

Finally, Federal Rule of Civil Procedure 19(a)(1)(b)(i) provides that "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if that person claims an interest relating to the subject of the

---

2  The complaint in *Mohammed* lists 42 pages of named plaintiffs for a total 493 plaintiffs.

action and is so situated that disposing of the action in the person's absence may as a practical matter impair or impede the person's ability to protect the interest…" Here, the *Mohammed* plaintiffs claim an interest relating to the June Proclamation's effect on their status as FY2020 diversity visa selectees. Disposing of the action in *Gomez* may impede their ability to protect their interest if, for instance, the State Department's implementation of the Proclamation is found to be lawful and the *Mohammed* plaintiffs, as part of a putative subclass in *Gomez*, are denied the opportunity to present their case. For these reasons, *Mohammed* and this case should be consolidated.

Should this Court consolidate *Mohammed* with this action, Defendants further request that it stay all pending *Mohammed* deadlines until the parties have had an opportunity to confer on case management and scheduling issues. A threshold question would be whether the *Mohammed* plaintiffs wish to join this putative class action or instead maintain their individual claims. If the *Mohammed* plaintiffs agreed to participate in this action as members of putative subclass (a), their pending motions would presumably be moot.[3]

## CONCLUSION

Defendants respectfully request that *Mohammed* be transferred to this Court and consolidated with this matter, and for any further appropriate relief.

Dated: July 27, 2020                              Respectfully submitted,

ETHAN P. DAVIS                                    KEN IAN
Acting Assistant Attorney General, Civil          THOMAS B. YORK
Division                                          JAMES J. WEN
                                                  Trial Attorneys
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation,       */s/ Christopher Lyerla*
District Court Section                            CHRISTOPHER T. LYERLA

---

[3] In *Mohammed*, the government has requested a stay of all pending deadlines.

|  |  |
|---|---|
| COLIN A. KISOR<br>Deputy Director | Trial Attorney<br>U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation<br>District Court Section<br>Washington, D.C. 20044<br>(202) 598-3967<br>Christopher.T.Lyerla@usdoj.gov<br><br>*Attorneys for Defendants* |