## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOMEZ, ET AL.<br><br>     PLAINTIFFS,<br><br>V.<br><br>TRUMP, ET AL.<br><br>     DEFENDANTS. | Case No. 20-cv-01419 (APM) |
| MOHAMMED, ET AL.<br><br>     PLAINTIFFS,<br><br>V.<br><br>POMPEO, ET AL.<br><br>     DEFENDANTS. | Case No. 20-cv-01856 (APM) |
| ASKER, ET AL.<br><br>     PLAINTIFFS,<br><br>V.<br><br>TRUMP, ET AL.<br><br>     DEFENDANTS. | Case No. 20-cv-01926 (APM) |
| FONJONG, ET AL.<br><br>     PLAINTIFFS,<br><br>V.<br><br>TRUMP, ET AL. | Case No. 20-cv-021288 (APM) |

| DEFENDANTS. | |
| --- | --- |
| PANDA, ET AL.<br><br>          PLAINTIFFS,<br><br>V.<br><br>WOLF, ET AL.<br><br>          DEFENDANTS. | Case No. 20-cv-01907 (APM) |

**Plaintiffs' Emergency Motion to Compel**

**Rafael Urena**\*
The Law Office of Rafael Urena
925 N. La Brea, 4th Floor
Los Angeles, CA 90038
Tel: (703) 929-4424
Fax: (929) 286-9584
ru@urenaesq.com
Attorney for the Plaintiffs in *Mohammed* and *Fonjong*

**Abadir Barre**\*
The Law Office of Rafael Urena
925 N. La Brea Ave, 4th Floor
Los Angeles, CA 90038
Tel: (703) 929-4424
Fax: (929) 286-9584
abadir@barrelaw.com
Attorney for the Plaintiffs in *Mohammed* And *Fonjong*

**Curtis Lee Morrison**
The Law Office of Rafael Urena
925 N. La Brea Ave, 4th Floor
Los Angeles, CA 90038
Tel: (703) 929-4424
Fax: (929) 286-9584
curtis@curtismorrisonlaw.com
Attorney for the Plaintiffs in *Mohammed* and *Fonjong*

## Statement Pursuant to Local Rule 7(m)

Pursuant to Local Rule 7(m), Plaintiffs' counsel attempted to contact Defendants; counsel to determine if Defendants would consent to the instant motion.  Plaintiffs' counsel was unsuccessful to ascertain Defendants' position.  Plaintiffs' counsel efforts are outlined below:

On August 17, 2020 at 5:24 PM EST, Plaintiffs contacted Mr. Christopher Lyerla to ascertain if there was any privilege log, annotation, or basis for the redactions to the record.  The e-mail went unanswered.

On August 18, 2020 at 2:15 PM EST, Plaintiffs contacted Mr. Robert A. Caplen to meet and confer regarding the instant motion.  The e-mail went unanswered.

### I.    Introduction

Plaintiffs hereby seek an order compelling Defendants to provide Plaintiffs with unredacted copies of the State Department Cable 20 STATE 30920 and the four Webinars providing instructions to Consular Offices on July 1, July 15, July 29, and August 12, 2020.

### II.    Relevant Facts

On August 13, 2020, the Court noted that "Defendants confirmed during a status hearing held on August 12, 2020, that, at a minimum, there are cables issued by the Department of State to consular offices and the Kentucky Consular Center regarding implementation of the Proclamations." Dkt. No. 77 at 3.  Noting that "[t]he court requires those communications, and any others like them, to assess whether Plaintiffs are substantially likely to succeed on the merits of their APA claims," the court ordered "Defendants to produce by close of business on August 17, 2020, a certified administrative record containing all policies, guidance, directives, orders,

cables, or communications by the United States Department of State that implement, carry out, or administer Proclamations 10014 and 10052." *Id.*

On August 17, 2020 Defendants produced what it calls "an electronic copy of the administrative record." Dkt. No. 91, *Notice of Compliance with the Court's Order*. What Defendants produced is extremely redacted, with 51 of the 278 pages redacted completely. *See* Ex. A, Certified Administrative Record (hereinafter "CAR").

Through this record, Plaintiffs were able to determine the following sequence of events suspending the mandatory adjudications of diversity visas has taken place.

On or about March 20, 2020, the State Department indefinitely suspended the mandatory adjudications of diversity visa applications. CAR at p. 000012.[1]  In a State Department Cable, Secretary Pompeo directed the Kentucky Consular Center (KCC) to suspend diversity visa processing.  CAR at p. 000013.   He also directed all Consular Offices to cancel all immigrant visa interviews.   *Id.*   Under the Secretary's directive only mission critical visa services would be provided.   Under the guidance, diversity visas applications were not deemed mission critical and there could not be adjudicated by any Consular Office.

On April 22, 2020, the President of the United States signed Presidential Proclamation 10014.  The Proclamation suspended the entry of certain noncitizens by their immigrant visa category.   On April 25, 2020, Secretary Pompeo reiterated that the KCC and Consular Offices would continue to suspend the adjudications of diversity visas and only begin adjudications once Consular Offices were authorized to resume normal operations. CAR at p. 000017, ¶ 1.  He also directed that all visa applications effected by PP 10014 that did not qualify for an exception be refused pursuant to INA § 212(f).  CAR at p. 000017, ¶ 2,

---

[1] Plaintiffs cite using the pagination provided by the Defendants in the top right corner of the record.

On July 8, 2020, the Department began implementation of a phased approach to the resumption of routine services entitled "Diplomacy Strong." CAR at p. 000035, ¶ 1. The Department again acknowledged that the suspension of adjudication of diversity visas reflected in 20 STATE 30920 remained in effect. *Id.*  The approach outlined four phases, entitled Phase 0, Phase 1, Phase 2, and Phase 3. CAR at p. 000036-38, ¶ 6-8. Under all phases of the approach – including Phase 3 which is categorized as the resumption of routine services - the adjudication of diversity visas remains suspended unless excepted by PP 10014. CAR at p. 000037-38, ¶ 8.  Even diversity visas eligible for exceptions remain the lowest priority of visa adjudication, and should adjudicated only to "prevent complete stagnation." *Id.*

The Department also gave four Webinar addresses to Consular Officers demonstrating how the policies and procedures implementing PP 10014 and PP 10052 would be practiced at the KCC and Consular Offices. CAR at p. 000198-272.  These webinar addresses occurred on July 1, July 15, July 29, 2020, and August 12, 2020.   *Id.*

### III.     Standard

Under the APA, "the court shall review the whole record or those parts of it cited by a party." 6 U.S.C. § 706.  *accord, e.g., Hill Dermaceuticals, Inc. v. FDA*, 709 F.3d 44, 47, 404 U.S. App. D.C. 214 (D.C. Cir. 2013) ("[I]t is black-letter [**15] administrative law that in an APA case, a reviewing court 'should have before it neither more nor less information than did the agency when it made its decision.'" (quoting *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792, 242 U.S. App. D.C. 110 (D.C. Cir. 1984)). "The administrative record includes all materials compiled by the agency . . . that were before the agency at the time the decision was made." *Hispanic Affairs Project v. Acosta*, 263 F. Supp. 3d 160, 173 (D.D.C. 2017) (quoting

*James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1095, 317 U.S. App. D.C. 281 (D.C. Cir. 1996).

### IV.     Argument

### 1.   Unredacted Copies of 20 STATE 30920 and Webinars

On August 18, 2020, Defendants produced the Certified Administrative Record (hereafter referred to as the "record").   The record provided to the Plaintiffs contained several redactions.  It is unclear from the agency certification whether the redactions where made by the custodian of record or by attorneys in this matter.

First, Defendants make four substantive redactions to the State Department cables provided.  Cable 20 STATE 30920 appears to be the operative cable in the initial suspension of adjudication of diversity visa applications.  Paragraphs 5, 10, and 13 are redacted.  This cable begins the suspension of all diversity visa processing and is a key part of the the  record.   It is consistently referenced and cited at throughout the record as an operative guidance.  Should the redactions not be considered privileged, an unredacted copy of the cable should be made available to the Plaintiffs.

Further, Defendants have heavily redacted their instructional Webinars. CAR at p. 000198-272.  These Webinars provide Consular Offices with important guidance on the implementation of policies, procedures, and practices implementing PP 10014.  As part of the record provided appears to have been created on August 12, the day the Court ordered that they be produced, Plaintiffs fear the awkward possibility that many of the documents that are being shown were created for post-hoc rationalization that further litigation goals. CAR at p. 000241. If the court compels Defendants to produce the redacted documents to Plaintiffs, this could of

6

doubt could be mitigated.   Defendants have not provided Plaintiffs any privilege logs or basis for the redactions.

### V.      Conclusion

For the foregoing reasons, we ask that the Court expeditiously compel defendants to produce unredacted copy of State Department Cable 20 STATE 30920 and the four Webinars providing instructions to Consular Offices on July 1, July 15, July 29, and August 12, 2020.

Dated: August 18, 2020                       Respectfully submitted,

*/s/ Curtis Lee Morrison*

Curtis Lee Morrison
Rafael Urena
Abadir Barre
The Law Office of Rafael Urena
925 N. La Brea Ave, 4th Floor
Los Angeles, CA 90038
Tel: (703) 929-4424
Fax: (929) 286-9584
curtis@curtismorrisonlaw.com
ru@urenaesq.com
abadir@barrelaw.com
*Attorneys for the Plaintiffs*