## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DOMINGO ARREGUIN GOMEZ, et al.,** ) | **DEFENDANTS' OPPOSITION TO** |
| ) | **PLAINTIFFS' EMERGENCY** |
| **Plaintiffs,** ) | **MOTION TO COMPEL** |
| ) | |
| **v.** ) | Case No. 20-cv-01419 (APM) |
| ) | |
| **DONALD J. TRUMP, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |
| **MOHAMMED ABDULAZIZ** ) | |
| **ABDUL MOHAMMED, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | Case No. 20-cv-01856 (APM) |
| **v.** ) | |
| ) | |
| **MICHAEL R. POMPEO, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| **AFSIN AKER, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | Case No. 20-CV-01926 (APM) |
| ) | |
| **DONALD J. TRUMP, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

|  |  |
|---|---|
| **CLAUDINE NGUM FONJONG, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| **v.** | ) |
| | ) Case No. 20-cv-02128 (APM) |
| **DONALD J. TRUMP, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |
| | ) |
| **CHANDAN PANDA, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) Case No. 20-cv-01907 (APM) |
| | ) |
| **CHAD F. WOLF, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |

## INTRODUCTION

The Court should deny Plaintiffs' "emergency" motion to compel," ECF No. 96. Plaintiffs failed to comply with the Local Civil Rule 7(m) before filing the motion. This alone is grounds to deny Plaintiffs' motion. To the extent to Court permits Plaintiffs to proceed, it should deny Plaintiffs' request or otherwise conduct an *in camera* review of the administrative record to determine whether the redacted material at issue is privileged, and if it is not, whether it falls within the scope of the Court's discovery order.

## ARGUMENT

### 1.    Plaintiffs failed to comply with LCvR 7(m).

The Court should deny Plaintiffs' Emergency Motion to Compel for failure to comply with Local Civil Rule 7(m). Plaintiffs did not make any "good-faith effort to determine whether

there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement" before filing their motion for expedited discovery. The Court should deny Plaintiffs' request on this basis alone.

> Local Civil Rule 7(m) is clear:
>
> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement … [and] a party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.

LCvR 7(m). Under this Rule, a "good-faith" effort means that parties must take "real steps to confer." *Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006) (quoting *United States ex rel. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency*, 456 F. Supp. 2d 46, 52 (D.D.C. 2006)) (internal quotation marks omitted). Courts in this jurisdiction enforce this rule and have denied non-dispositive motions for failure to comply. *English v. Washington Metro. Area Transit Auth.*, 293 F. Supp. 3d 13, 16 (D.D.C. 2017) (citing *Ellipso, Inc.*, 460 F. Supp. 2d at 102 (denying parties' discovery motions "because the parties have not complied with Local Civil Rule 7(m).")); *Pogue*, 235 F.R.D. at 529 (denying defendants' motion to compel for failure "to confer with opposing counsel in an attempt to resolve the dispute before filing a non-dispositive motion" under both the Federal Rules and Local Civil Rule 7(m)); *Equal Rights Ctr. v. Post Properties, Inc.*, 246 F.R.D. 29, 31 (D.D.C. 2007) (noting that "[f]ailure to comply with the duty to confer requirement ... is grounds for dismissing a motion to compel.") (citing cases); *Walker v. Dist. of Columbia*, 317 F.R.D. 600, 605 (D.D.C. 2016) (noting "similar cases where movants have overlooked their duties under ... the Local Rules" and "judges in this Circuit have ... denied the motion to compel.").

Here, Plaintiffs cannot plausibly argue that they took any "real steps to confer" before filing their motion in the early hours of August 19, 2020. *See Ellipso, Inc.*, 460 F. Supp. 2d at 102. Moreover, Plaintiffs' motion does not include any certification of compliance with LCvR 7(m) or Fed. R. Civ. P. 37(a)(1) (requiring that a motion to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make ... discovery in an effort to obtain it without court action").

Plaintiffs' counsel's assertions that he was "unsuccessful to ascertain Defendants' position" [*sic*] and that his emails to government counsel "went unanswered," MTC, ECF No. 96 at 3, are false. On Tuesday, August 18, 2020 at 2:16 PM, Plaintiffs' counsel sent a single email message to government counsel, indicating that he "plan[ned] on filing a Motion to Compel Production Administrative Record tonight" and "would like to meet and confer before close of business today on the issue." The fact that Plaintiffs' counsel's assertion that his email to Assistant United States Attorney ("AUSA") Robert Caplen "went unanswered" is due to the fact that Plaintiffs' counsel sent this email to an incorrect email address, robert.caplen@usdoj.*com*, and apparently overlooking any non-delivery receipt. *See* Email, attached as Ex. A (emphasis added). AUSA Caplen never received any such email.

Nonetheless, other government counsel replied promptly to counsel's email. Despite Plaintiffs' assertion that their email to Christopher Lyerla "went unanswered," Mr. Lyerla replied to him at 2:47 PM. *See* Email, attached as Ex. B. Plaintiffs' counsel had demanded to meet and confer on August 18, 2020, the very afternoon that the government's 75-page omnibus response to Plaintiffs' Motion for Preliminary Injunction in all the instant actions was due. *See* Order, ECF 57. Thus, in his reply email, Mr. Lyerla explained that government counsel were unavailable that day in light of the consolidated briefing deadline, but expressed willingness to meet and confer the very next day, at Plaintiffs' convenience. *See* Ex. B. Also, Mr. Lyerla informed Plaintiffs' counsel of a development that may very

well have affected (apparently not) their decision to file the Motion to Compel in the first place: Defendants' were reconsidering some of the redactions made to the administrative record at issue. *Id.* The State Department had already been planning to produce a less-redacted version of the administrative record that may address Plaintiffs' concerns. Indeed, Mr. Lyerla invited Plaintiffs' counsel to discuss this further in their meet and confer. *Id.*

Plaintiffs' request gave government counsel a short amount of time in the rest of the afternoon to determine the government's position on their demand for a "complete" administrative record, which would require, at a minimum, further consultation with the Department of State. Then, with no further communication, Plaintiffs filed their motion that at 1:55 AM. *See* ECF 96.

Plaintiffs' single email communication on the afternoon of the government's deadline to respond to their Motion for Preliminary Injunction amounted to "perfunctory action" rather than any good faith attempt to take "real steps to confer" with counsel about the government's position. *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 235 F.R.D. 521, 529 (D.D.C. 2006) (indicating that under LCvR 7(m), the movant's "obligation to confer may not be satisfied by perfunctory action, but requires a good faith effort to resolve the non-dispositive disputes that occur in the course of litigation."). The Court should deny Plaintiffs' motion on this basis alone. *Washington Metro. Area Transit Auth.*, 293 F. Supp. 3d at 16.

## 2. The Court should deny Plaintiffs' request or otherwise conduct an *in camera* review of the unredacted record.

If the Court permits Plaintiffs to proceed, it should deny Plaintiffs' request or otherwise conduct an in camera review of the unredacted record to determine whether the redacted material at issue is privileged, and if it is not, whether it falls within the scope of the Court's discovery order. *See Oceana, Inc. v. Pritzker*, 217 F. Supp. 3d 310, 318 – 19 (D.D.C. 2016) *aff'd* 920 F.3d

855 (D.C. Cir. 2019).

On August 13, 2020, the Court ordered Defendants to produce "a certified administrative record containing all policies, guidance, directives, orders, cables, or communications by the United States Department of State that implement, carry out, or administer Proclamations 10014 and 10052." ECF No. 77 at 3. The Court further indicated that "[i]f the administrative record requires any redactions, Defendants shall provide the court with an unredacted copy." *Id.*

On August 17, 2020, in compliance with the Court's Order, ECF No. 77, Defendants provided Plaintiffs with an electronic copy of the administrative record via email. *See* Notice, ECF No. 91. Because the record included redacted material, Defendants provided the Court with an unredacted copy. *Id.* Plaintiffs now request "an order compelling Defendants to provide Plaintiffs with unredacted copies of the State Department Cable 20 STATE 30920 and the four Webinars providing instructions to Consular Offices on July 1, July 15, July 29, and August 12, 2020." ECF No. 96 at 3. The Court should deny Plaintiffs' request because Plaintiffs make no showing that "the communications [they] seek[] contain factual material not otherwise included in the record." *See Oceana, Inc.*, 217 F. Supp. 3d at 318–19. Instead, Plaintiffs make the unsupported allegation that "Cable 20 STATE 30920 appears to be the operative cable in the initial suspension of adjudication of diversity visa applications" and that they "fear the awkward possibility that many of the documents that are being shown were created for post-hoc rationalization that further litigation goals." ECF No. 96 at 6. This is insufficient under D.C. Circuit law. *Cf. Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) ("The federal rules do not require parties to provide logs of all documents that were not produced because they were deemed immaterial or irrelevant. It would be quite odd to require a different procedure in agency review cases, particularly since 'the designation of the Administrative Record, like any

established administrative procedure, is entitled to a presumption of administrative regularity.'") (quotations and citations omitted).

Alternatively, the Court should conduct an *in camera* review of the unredacted record to determine whether the material requested is privileged, and if it is not, whether it constitutes a "significant omission." *See Oceana, Inc.*, 217 F. Supp. 3d at 318–19.

Additionally, Defendants note that the Department of State is preparing a revised administrative record and will provide it to Plaintiffs by close of business eastern time on August 20, 2020. If the record includes redacted material, Defendants will provide the Court with an unredacted copy.

Finally, Defendants maintain that they are providing the administrative record in compliance with the Court's Order, ECF No. 77, but do not waive their argument that the Plaintiffs in this consolidated action fail to challenge a final agency action that is subject to judicial review.

## CONCLUSION

Defendants, therefore, request this Court to deny Plaintiffs' motion, or in the alternative, strike the motion. Further, Defendants' will produce to Plaintiffs an electronic copy of the amended Administrative Record, with redactions, and an electronic copy to the Court, without redactions, by close of business on August 20, 2020. Defendants submit to this Court that such production does not waive their argument that Plaintiffs in this consolidated action fail to challenge a final agency action that is subject to judicial review.

August 19, 2020                                            ETHAN P. DAVIS
                                                           Acting Assistant Attorney General, Civil
                                                           Division

                                                           WILLIAM C. PEACHEY
                                                           Director, Office of Immigration Litigation,
                                                           District Court Section

COLIN A. KISOR
Deputy Director

GLENN M. GIRDHARRY
Assistant Director

*/s/ James J. Wen*
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
Washington, D.C. 20044
(202) 532-4142
James.J.Wen@usdoj.gov

JULIAN M. KURZ
Trial Attorney

CHRISTOPHER T. LYERLA
Trial Attorney

BENTON YORK
Trial Attorney

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2020, I electronically filed the foregoing document with the Clerk of the United States District Court for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

/s/ James J. Wen
Trial Attorney
U.S. Department of Justice
Civil Division