# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DOMINGO ARREGUIN GOMEZ, et al.,** | ) |
| | ) **DEFENDANTS' OPPOSITION TO** |
| Plaintiffs, | ) **PLAINTIFFS' RENEWED** |
| | ) **EMERGENCY MOTION TO** |
| v. | ) **COMPEL** |
| | ) |
| **DONALD J. TRUMP, et al.,** | ) Case No. 20-cv-01419 (APM) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| **MOHAMMED ABDULAZIZ** | ) |
| **ABDUL MOHAMMED, et al.,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 20-cv-01856 (APM) |
| v. | ) |
| | ) |
| **MICHAEL R. POMPEO, et al.,** | ) |
| | ) |
| Defendants. | ) |
| | ) |
| **AFSIN AKER, et al.,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 20-CV-01926 (APM) |
| | ) |
| **DONALD J. TRUMP, et al.,** | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

| | |
|---|---|
| **CLAUDINE NGUM FONJONG, et al.,**<br><br>**Plaintiffs,**<br>v.<br><br>**DONALD J. TRUMP, et al.,**<br><br>**Defendants.** | Case No. 20-cv-02128 (APM) |
| **CHANDAN PANDA, et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**CHAD F. WOLF, et al.,**<br><br>**Defendants.** | Case No. 20-cv-01907 (APM) |

## INTRODUCTION

The Court should deny Plaintiffs' renewed "emergency" motion to compel. ECF No. 103. In accordance with the Court's Order, ECF No. 77, Defendants have provided Plaintiffs with a revised administrative record ("AR") consisting of 275 pages of indexed material. *See* Notice, ECF No. 102. Because the record included redacted material, Defendants provided the Court with an unredacted copy. *Id.* Within hours of receiving the revised AR, Plaintiffs filed their motion asking the Court for an "order compelling Defendants to provide Plaintiffs with" additional material in the form of "unredacted copies of the State Department Cable 20 STATE 30920 and the four Webinars providing instructions to Consular Offices on July 1, July 15, July 29, and August 12, 2020." Pls. Mot. 3. However, Plaintiffs make no clear, concrete, or specific showing that the AR is deficient. Instead, they make conclusory statements that redacted material is needed because it "is a key part

2

of the record" and that because slides from an August 12, 2020, PowerPoint presentation are included, they "fear the awkward possibility that many of the documents that are being shown were created for post-hoc rationalization that further litigation goals." *Id*. at 6. But such speculation and conjecture does not overcome the presumption of regularity that attaches to the State Department's designation of the AR. The Court should deny Plaintiffs' motion on this basis.

Moreover, there is no need for the Court to rule on the propriety of the State Department's redactions in the AR on an expedited basis. It is unnecessary for the Court to decide whether the redactions are proper in order to make a determination of the plaintiffs' consolidated preliminary injunction motion, and Plaintiffs make no showing to the contrary. As the Court possesses an unredacted version of the AR, it can conduct an *in camera* review and make a determination on whether the material is relevant to Plaintiffs' preliminary injunction motion.

## ARGUMENT

### 1.     The presumption of regularity attaches to the State Department's designation and certification of the administrative record.

The Court should deny Plaintiffs' motion to compel because the presumption of regularity attaches to the State Department's designation and certification of the AR, which includes redacted material.[1] Plaintiffs have failed to provide any clear, concrete and specific evidence to overcome this presumption.

As the decision maker, the agency is generally in the best position to identify and compile the administrative record. *Seeger v. U.S. Dep't of Def.*, No. CV 17-639 (RMC), 2019 WL 2058721, at *3 (D.D.C. May 9, 2019) (citing *Pac. Shores Subdiv., Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006)). The State Department did that here – the agency identified 275

---

[1] Plaintiffs make the baseless assertion that "[i]t is unclear from the agency certification whether the redactions where made by the custodian of record or by attorneys in this matter." Pls. Mot. 6. The State Department has properly designated the material in the AR and Plaintiffs provide no clear, specific and concrete evidence to the contrary.

pages of documents in compliance with the Court's Order, ECF No. 77, compiled it into the AR, and provided an index. *See* Notice, ECF No. 102. Courts in this jurisdiction have held that it is "well established" that such an action by an administrative agency is "entitled to a presumption of regularity." *Kiakombua v. McAleenan*, No. 19-CV-1872 (KBJ), 2019 WL 4051021, at *2 (D.D.C. Aug. 27, 2019) (citing *Stand Up for California! v. U.S. Dep't of Interior*, 71 F. Supp. 3d 109, 123 (D.D.C. 2014); *Pac. Shores Subdivision Cal. Water Dist.*, 448 F. Supp. at 5); *Nat'l Ass'n of Chain Drug Stores v. U.S. Dep't of Health & Human Servs.,* 631 F. Supp. 2d 23, 27 (D.D.C. 2009) (indicating that there is a "well-established presumption that an agency has properly designated the administrative record"). This means that, "absent clear evidence of bad faith or gross impropriety, it is presumed that the agency's actions in compiling the record are procedurally valid." *Kiakombua*, 2019 WL 4051021, at *2 (citing *Stand Up for California!*, 71 F. Supp. 3d at 124).

Plaintiffs' request for unredacted material amounts to nothing more than a request to supplement the record. Courts may not compel an agency to supplement the administrative record unless the moving party can overcome the presumption of regularity. *Oceana, Inc. v. Pritzker*, 217 F. Supp. 3d 310, 316–17 (D.D.C. 2016), *aff'd sub nom. Oceana, Inc. v. Ross*, 920 F.3d 855 (D.C. Cir. 2019) (citing *Dist. Hosp. Partners, L.P. v. Sebelius*, 971 F. Supp. 2d 15, 20 (D.D.C. 2013) *aff'd sub nom. Dist. Hosp. Partners, L.P. v. Burwell*, 786 F.3d 46 (D.C. Cir. 2015)). In order to do so, the party seeking the additional material "must identify the materials allegedly omitted from the record with *sufficient specificity*, as opposed to merely proffering broad categories of documents and data that are 'likely' to exist as a result of other documents that are included in the administrative record." *Dist. Hosp. Partners, L.P.*, 971 F. Supp. 2d at 20–21 (quoting *Banner Health v. Sebelius,* 945 F. Supp. 2d 1, 17 (D.D.C. 2013)). A plaintiff has an overwhelmingly high burden to rebut the "strong presumption of regularity" accompanying the agency's designation of the record. *Pac. Shores Subdivision, Ca. Water Dist.*, 448 F. Supp. 2d at 5. Supplementation of the administrative record is

not permitted "unless [a party] can demonstrate unusual circumstances justifying a departure from this general rule." *Chiayu Chang v. United States Citizenship & Immigration Servs.*, 254 F. Supp. 3d 160, 161 (D.D.C. 2017) (citing *City of Dania Beach v. FAA*, 628 F.3d 581, 590 (D.C. Cir. 2010)).

Plaintiffs come nowhere close to meeting this standard. Instead of identifying material with sufficient specificity," or any "unusual circumstances," Plaintiffs make the conclusory statement that State Department cable dated March, 20, 2020 ("20 STATE 30920"), AR 12-16, "is a key part of the record," but provide no explanation for why redacted material in three of the fifteen total paragraphs is needed to support their arguments in their preliminary injunction motion. Instead, they speculate that the cable "appears to be the operative cable in the initial suspension of adjudication of diversity visa applications," and without making *a single reference* to any other page in AR, assert that the cable "is consistently referenced and cited at throughout the record as an operative guidance." Pls. Mot. 6. This is insufficient to overcome the presumption of regularity. *Oceana, Inc.*, 217 F. Supp. 3d at 310.

Plaintiffs' claims regarding the redacted PowerPoint presentation slides are similarly defective. Based on speculation and conjecture, Plaintiffs assert that because slides from one of the four PowerPoint presentations, AR at 241-253, "appears to have been created on August 12, the day the Court ordered that they be produced, Plaintiffs fear the awkward possibility that many of the documents that are being shown were created for post-hoc rationalization that further litigation goals." Pls. Mot. 6. But this claim is unfounded. The cables included in the record are dated March 20, April 25, April 28, June 12, June 30, July 8, July 14, and August 7. AR at 12-72. And the agency internal memoranda, internal documents and slides from the three other PowerPoint presentations are dated April 24, April 28, April 29, April 30, May 5, May 19, June 22, June 30, July 1, July 13, July 15, July 20, July 29 and August 6. AR at 83, 73-76, 91-127, 129-240. This showing plainly belies Plaintiffs' "fear[s]" to the contrary.

Based on this, Plaintiffs have failed to overcome the presumption of regularity that has attached to the State Department's designation of the AR.

### 2. Plaintiffs seek to engage in an impermissible fishing expedition.

The Court can also deny Plaintiffs' motion to compel because its amounts to nothing more than an impermissible fishing expedition.

Although this Court found that discovery in this case was not appropriate, it is important to recognize that discovery "is not intended as a fishing expedition permitting the speculative pleading of a case first and then pursuing discovery to support it; the plaintiff must have some basis in fact for the action." *Zuk v. Eastern Pennsylvania Psychiatric Institute of the Medical College of Penn. (EPPIMCP),* 103 F.3d 294, 299 (3rd Cir. 1996); *see also Pederson v. Preston*, 250 F.R.D. 61, 65–66 (D.D.C. 2008) (court will not tolerate "fishing expeditions, discovery abuse and inordinate expense involved in overbroad and far ranging discovery requests"); *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.,* 244 F.3d 189, 193 (1st Cir. 2001) (courts should prohibit "fishing expeditions.").

In accordance with the Court's Order, ECF No. 77, Defendants provided Plaintiffs with a revised AR, designated by the State Department that contains "all policies, guidance, directives, orders, cables, or communications by the United States Department of State that implement, carry out, or administer Proclamations 10014 and 10052." *Id*. Acknowledging that the record would likely include sensitive and/or privileged material that required redaction, the Court indicated that "Defendants shall provide the court with an unredacted copy." *Id*.

Within hours of receiving the revised AR, Plaintiffs filed their motion seeking redacted material. They base their motion on speculation and conjecture without making any clear, concrete and specific showing that the AR is deficient. Moreover, Plaintiffs provide no explanation for why the redacted material is necessary to support their request for a preliminary injunction. Plaintiffs' "speculative pleading" for the redacted material without any "basis in fact for the action" amounts to

6

nothing more than an impermissible fishing expedition. *See EPPIMCP,* 103 F.3d at 299. The Court should deny Plaintiffs' motion.

### 3. There is no need for the Court to rule on the propriety of the State Department's redactions in the AR on an expedited basis.

There is no need for the Court to rule on the propriety of the State Department's redactions in the AR on an expedited basis. A court has "broad discretion to stay proceedings as an incident to its power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

Here, it is unnecessary for the Court to decide whether the redactions are proper in order to make a determination of the plaintiffs' consolidated preliminary injunction motion. Plaintiffs make no showing to the contrary and have publicly conceded that "even with the redactions, the record provides a pretty good picture[.]"[2] As the Court possesses an unredacted version of the AR, it can conduct an *in camera* review and make a determination on whether the material is relevant to Plaintiffs' preliminary injunction motion.

Moreover, the State Department would be prejudiced by the Court making a determination on these questions on an expedited basis without an opportunity to litigate the matter, including seeking a protective order under Fed. R. Civ. P. 26(c), because many of the redactions cover law enforcement sensitive information. *See Kusuma Nio v. DHS*, 314 F. Supp. 3d 238, 244 (D.D.C. 2018) (protecting "questions USCIS employees may ask applicants in order to detect fraud and evaluate applicants' eligibility for immigration benefits; and information about the techniques and procedures USCIS uses to perform security checks while processing naturalization applications").

---

[2] *See* https://www.law360.com/immigration/articles/1302568/visa-winners-lose-quick-fire-bid-for-clean-travel-ban-docs (last visited Aug. 22, 2020).

Not only do courts recognize that the law enforcement privilege allows the federal government to withhold "information that would be contrary to the public interest in the effective functioning of law enforcement," *A.N.S.W.E.R. Coal. v. Jewell*, 292 F.R.D. 44, 50 (D.D.C. 2013) (citations and quotations omitted), they also recognize the extremely sensitive nature of adjudicating the question of whether purportedly privileged information should be produced. *See In re The City of New York*, 607 F.3d 923, 942 (2d Cir. 2010) ("It is hard to imagine, therefore, many questions of law that carry greater significance than the question of when the goals of the law enforcement privilege must give way to a party's need for discovery") (citations and quotations omitted). In this context, the techniques and procedures used in immigration enforcement, including visa adjudications, are covered under this privilege. *See, e.g.*, *Mezerhane de Schapp v. USCIS*, 67 F. Supp. 3d 95, 100–02 (D.D.C. 2014). Thus, it would be prejudicial to the State Department (and potentially other federal agencies) to make these sensitive determinations on an expedited basis without a full opportunity to brief the matter, seek a protective order, and if appropriate, provide a declaration from a designee of the Secretary of State.

Further, Defendants request that if the Court order production of any redacted material, the State Department have an opportunity to seek a protective order that, at a minimum, designate disclosed, previously redacted material as "attorney's eyes only."

Finally, Defendants maintain that they are providing the administrative record in compliance with the Court's Order, ECF No. 77, but do not waive their argument that the Plaintiffs in this consolidated action fail to challenge a final agency action that is subject to judicial review.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' renewed motion to compel.

August 23, 2020                               ETHAN P. DAVIS
                                              Acting Assistant Attorney General, Civil
                                              Division

8

WILLIAM C. PEACHEY
Director, Office of Immigration Litigation,
District Court Section

COLIN A. KISOR
Deputy Director

GLENN M. GIRDHARRY
Assistant Director

*/s/ James J. Wen*
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
Washington, D.C. 20044
(202) 532-4142
James.J.Wen@usdoj.gov

JULIAN M. KURZ
Trial Attorney

BENTON YORK
Trial Attorney

CHRISTOPHER T. LYERLA
Trial Attorney

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2020, I electronically filed the foregoing document with the Clerk of the United States District Court for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

*/s/ James J. Wen*
Trial Attorney
U.S. Department of Justice
Civil Division