**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DOMINGO ARREGUIN GOMEZ, et al., <br>                    Plaintiffs, <br><br>          v. <br><br> DONALD J. TRUMP, et al., <br>                    Defendants. | Civil Action No. 1:20-cv-01419 |
| MOHAMMED ABDULAZIZ ABDUL MOHAMMED, et al., <br>                    Plaintiffs, <br><br>          v. <br><br> MICHAEL R. POMPEO, et al., <br>                    Defendants. | Civil Action No. 1:20-cv-01856 |
| AFSIN AKER, et al., <br>                    Plaintiffs, <br><br>          v. <br><br> DONALD J. TRUMP, et al., <br>                    Defendants. | Civil Action No. 1:20-cv-01926 |
| CLAUDINE NGUM FONJONG, et al., <br>                    Plaintiffs, <br><br>          v. <br><br> DONALD J. TRUMP, <br>                    Defendants. | Civil Action No. 1:20-cv-02128 |
| CHANDAN PANDA, et al., <br>                    Plaintiffs, <br><br>          v. <br><br> CHAD F. WOLF, <br>                    Defendants. | Civil Action No. 1:20-cv-01907 |

# PLAINTIFFS' REQUEST FOR AN EMERGENCY STATUS CONFERENCE ON DEFENDANTS' COMPLIANCE WITH THIS COURT'S ORDER OF SEPTEMBER 4, 2020

Due to the inability to resolve a number of outstanding issues with Defendants, the *Gomez* and *Aker* Plaintiffs respectfully request that this Court schedule an emergency status conference at the Court's earliest convenience and preferably before 5:00 p.m. today, September 11, 2020. Undersigned counsel has requested that Defendants address vital, urgent, and important issues that reflect a lack of good-faith compliance with this Court's Order of September 4, 2020. These issues include:

- Defendants' categorical refusal to issue diversity visas to any individuals subject to the five Regional COVID-19 Proclamations, which suspend the entry of immigrants who were physically present in China, Iran, the Schengen Area,[1] the United Kingdom, Ireland, or Brazil within 14 days prior to entry, unless such individuals have been outside these regions for 14 days before their visa interview.

- Defendants' categorical refusal to reissue any diversity visas for dates that extend past September 30, 2020, even if those diversity visas will expire before December 31, 2020, the earliest date when the Proclamation could possibly expire.

- Defendants' apparent categorical refusal to extend the validity of medical exams, as Defendants have recently done for other visa categories, including K-1 visas, even though an immigrant visa generally expires when the visa recipient's medical exam expires and some medical exams are valid for only three months. Defendants' refusal makes it

---

[1] The Schengen area includes the following countries: Austria, Belgium, the Czech Republic, Denmark, Estonia, Finland, France, Germany, Greece, Hungary, Iceland, Italy, Latvia, Liechtenstein, Lithuania, Luxembourg, Malta, the Netherlands, Norway, Poland, Portugal, Slovakia, Slovenia, Spain, Sweden and Switzerland.

1

   impossible for those visa holders to enter before December 31, 2020, the earliest date when the Proclamation could possibly expire, even if they receive their diversity visa pursuant to this Court's order.

- Defendants' refusal to process many DV2020 selectees who are not named plaintiffs in the *Gomez*, *Aker*, *Mohammed*, and *Fonjong* cases, including many plaintiffs whose cases are still being processed at the Kentucky Consular Center ("KCC").

- Defendants' refusal to allow emergency or mission-critical visa processing and issuance at U.S. embassies and consulates in certain countries, including Cuba and Azerbaijan, which have closed their borders due to COVID-19.  Defendants' refusal has made it impossible for DV2020 selectees in those countries to travel to the nearest open U.S. consulate in a neighboring country to receive their visas.

Because Defendants have not provided a response on any of these issues, and because Defendants' delay or inability to respond has serious implications for DV2020 selectees as the end of the fiscal year draws nearer, Plaintiffs respectfully request an emergency status conference before this Court.

   1. Through correspondence with Defendants' counsel, Plaintiffs understand that on Wednesday, September 9, Defendants published guidance on the State Department website and issued a cable and provided training to consulates regarding the steps they would take to comply with this Court's Order.[2] The *Gomez* and *Aker* Plaintiffs contacted Defendants' counsel the next day, September 10, 2020, at approximately 10:00 a.m., to clarify certain issues, set out above, raised by Defendants' September 9 guidance. Exhibit A. In particular, the September 9 guidance

---

[2] U.S. DEPARTMENT OF STATE, "Diversity Visa DV-2020 Update" https://travel.state.gov/content/travel/en/News/visas-news/diversity-visa-DV-2020-update.html, September 9, 2020, (Last Accessed September 11, 2020).

2

states that notwithstanding the Court's order, many DV2020 selectees will not be issued a visa, or will otherwise not be able to use that visa to enter the United States in the future, and will therefore be permanently deprived of the benefit of the diversity visa and of the Court's Order.[3]

For example, notwithstanding the fact that the Regional COVID Proclamations are suspensions on *entry*, and not on *visa issuance*, Defendants' guidance regarding the Regional COVID Proclamations means that DV2020 selectees subject to those Proclamations will not be *issued visas* unless they leave their homes no later than September 15, remain in a third country for at least 14 days, and seek an interview in a consulate in a third country before they return to their home country. Defendants are erroneously applying the Regional COVID Proclamations' conditions on *entry* to the *issuance of visas* under this Court's Order.

Defendants' refusal to reissue any diversity visas after September 30, 2020, is also troubling because, as Defendants acknowledge in their September 9 guidance, an immigrant visa generally expires on the same date as the immigrant's medical exam, and some medical exams remain valid for only three months after the date of the exam. It is therefore likely that a DV2020 selectee may receive a visa and may nevertheless remain unable to enter the United States when

---

[3]   U.S. DEPARTMENT OF STATE, "Diversity Visa DV-2020 Update" https://travel.state.gov/content/travel/en/News/visas-news/diversity-visa-DV-2020-update.html, September 9, 2020, (Last Accessed September 11, 2020); After this Court issued its order on September 4, 2020, counsel for the *Gomez* plaintiffs published an online form questionnaire designed to collect information from DV2020 selectees about the status of their requests for emergency appointments at U.S. embassies and consulates worldwide. That questionnaire was provided only to DV selectees who are not named plaintiffs in these consolidated actions. Counsel for the *Gomez* plaintiffs distributed the online form through social media and other network connections. As of the date of this report, 2030 respondents have completed the questionnaire. Of those 2030, 799 report that they have requested an emergency appointment since this Court's order was issued. Over 600 of those who requested an emergency appointment have not yet received a response. A total of 7 respondents report that their interviews have been scheduled, and 2 have had their visas either issued or reissued. Of those who have received a response from their local consulate or the KCC, several have been told either that only named plaintiffs will be issued visas, or that the State Department will not be issuing visas to individuals with larger visa numbers.

the Proclamation expires because their medical exam, and hence their visa, will expire sooner, and Defendants refuse to reissue the visa. Defendants' refusal to extend the validity of medical examinations, as they have done for other visa categories during the COVID-19 pandemic, further exacerbates this problem.

Notwithstanding these and other significant issues, Defendants have not yet provided any response to Plaintiffs legitimate concerns. Exhibit A to this request contains the parties' e-mail correspondence, including Plaintiffs' original e-mail raising these concerns and Defendants' response, sent yesterday afternoon, stating that Plaintiffs' e-mail has been forwarded to the State Department.

2. Defendants' five-day delay in issuing guidance to the consulates, KCC staff, and the public may have been excusable immediately following the Court's September 4 Order, but it has become increasingly concerning that the consulates and the KCC either remain unaware of, or are unwilling to comply with, the urgency reflected within the Court's Order. Plaintiffs are prepared to provide this Court with dozens of emails that DV2020 selectees have received from consulates and the KCC in the past week, including in the two days since Defendants issued their September 9 guidance and provided training to the consulates, to demonstrate the delays, categorical denials of interviews, and complications that cause counsel concern with respect to Defendants' efforts to comply with the Court's order. Indeed, as noted above, *supra* n.3, 799 respondents to the *Gomez* counsel's questionnaire have requested emergency appointments since this Court's order on September 4. Of those 799 requests, 92 were denied. Many of the responses that DV selectees have received from consulates and the KCC reflect the problems that Plaintiffs have already identified, but to which Defendants have failed to respond.

3. For these reasons and due to the urgency of this matter, Plaintiffs believe that a conversation with the Court and counsel will provide all parties with a clear understanding of what is expected under the Court's September 4 order. Further delay, in the absence of that clear understanding, including a clear understanding of the steps that Defendants are taking to comply, risks an avoidable hardship for the parties. Several of the restrictions on DV2020 selectees (both Plaintiffs and non-Plaintiffs), outlined in Defendants' September 9 public guidance, have created confusion for the selectees who are currently trying to have their visas adjudicated before the September 30 deadline. For example, DV2020 selectees are sharing inaccurate information on social media, exacerbating already existing confusion; they are being told that only named Plaintiffs can receive a visa,[4] or that those subject to the regional COVID-19 Proclamations face the prospect of temporarily relocating to a third country in order to receive their visa, in contravention to this court's order on visa issuance. Some are even being told to apply for DV2022 by the KCC in phone calls.[5]

Accordingly, undersigned counsel consider it imperative that this Court hear directly from Defendants about what actions have been taken, and what corrective action will be taken immediately, to correct the misunderstandings and, in some instances, the errors provided within Defendants' September 9 guidance to the public, the KCC, and the consulates. Given that there are now only 19 days before the end of September (and understanding that this Court has reserved ruling on the issue of extending the validity date, or reserving the visa numbers of DV2020 selectees), undersigned counsel respectfully requests an emergency status conference.

---

[4]   *Gomez* counsel has received several such reports through their DV 2020 questionnaire.
[5]   *Gomez* counsel has received two such reports from conversations with KCC through their DV 2020 questionnaire.

5

September 11, 2020

Greg Siskind
Siskind Susser PC
1028 Oakhaven Rd.
Memphis, TN 39118

Jeff D. Joseph
Joseph & Hall P.C.
12203 East Second Avenue
Aurora, CO 80011

Jesse M. Bless (D.D.C. Bar No. MA0020)
AMERICAN IMMIGRATION LAWYERS
  ASSOCIATION
1301 G Street NW, Ste. 300
Washington, D.C. 20005
(781) 704-3897
jbless@aila.org

Karen C. Tumlin (*pro hac vice*)
Esther H. Sung (*pro hac vice*)
JUSTICE ACTION CENTER
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 316-0944
karen.tumlin@justiceactioncenter.org
esther.sung@justiceactioncenter.org

Stephen Manning (*pro hac vice*)
Nadia Dahab (*pro hac vice*)
Tess Hellgren (*pro hac vice*)
Jordan Cunnings (*pro hac vice*)
INNOVATION LAW LAB
333 SW Fifth Avenue #200
Portland, OR 97204
Telephone: (503) 241-0035
stephen@innovationlawlab.org
nadia@innovationlawlab.org
tess@innovationlawlab.org
jordan@innovationlawlab.org

Respectfully submitted,

/s/ Charles H. Kuck
Charles H. Kuck
Phillip C. Kuck
Danielle M. Claffey
Kuck Baxter Immigration, LLC
Bar No. 429940
365 Northridge Rd, Suite 300
Atlanta, GA 30350
(404) 816-8611
ckuck@immigration.net

Andrew J. Pincus (D.C. Bar No. 370762)
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
Telephone: (202) 263-3000
apincus@mayerbrown.com

Matthew D. Ingber (*pro hac vice*)
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2500
mingber@mayerbrown.com

Cleland B. Welton II (*pro hac vice*)
MAYER BROWN MEXICO, S.C.
Goldsmith 53, Polanco
Ciudad de Mexico 11560
Telephone: (502) 314-8253
cwelton@mayerbrown.com

Laboni A. Hoq (*pro hac vice*)
LAW OFFICE OF LABONI A. HOQ
Justice Action Center Cooperating Attorney
P.O. Box 753
South Pasadena, CA 91030
laboni@hoqlaw.com

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Gomez, ET AL. <br><br> PLAINTIFFS, <br><br> V. <br><br> TRUMP, ET AL. <br><br> DEFENDANTS. | Case No. 20-cv-01419 (APM) |
| MOHAMMED, ET AL. <br><br> PLAINTIFFS, <br><br> V. <br><br> POMPEO, ET AL. <br><br> DEFENDANTS. | Case No. 20-cv-01856 (APM) |
| AKER, ET AL. <br><br> PLAINTIFFS, <br><br> V. <br><br> TRUMP, ET AL. <br><br> DEFENDANS. | Case No. 20-cv-01926 (APM) |
| FONJONG, ET AL. <br><br> PLAINTIFFS, <br><br> V. <br><br> TRUMP, ET AL. <br><br> DEFENDANTS. | Case No. 20-cv-021288 (APM) |

| | |
|---|---|
| PANDA, ET AL.<br><br>    PLAINTIFFS,<br><br>V.<br><br>WOLF, ET AL.<br><br>    DEFENDANTS. | Case No. 20-cv-01907 (APM) |

## **EXHIBITS**

**Exhibit A**     Emails from Plaintiffs Aker, et. al.'s Counsel to Defendants Counsel and return emails.