## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **DOMINGO ARREGUIN GOMEZ, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Case No. 20-cv-01419 (APM)** |
| | ) | |
| **DONALD J. TRUMP, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **MOHAMMED ABDULAZIZ ABDUL MOHAMMED, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Case No. 20-cv-01856 (APM)** |
| | ) | |
| **MICHAEL R. POMPEO, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **AFSIN AKER, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Case No. 20-cv-01926 (APM)** |
| | ) | |
| **DONALD J. TRUMP, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **CLAUDINE NGUM FONJONG, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |

|                              |   |                              |
|------------------------------|---|------------------------------|
| v.                           | ) | Case No. 20-cv-02128 (APM)   |
|                              | ) |                              |
| **DONALD J. TRUMP, et al.,** | ) |                              |
|                              | ) |                              |
| **Defendants.**              | ) |                              |
|                              | ) |                              |

|                              |   |                              |
|------------------------------|---|------------------------------|
|                              | ) |                              |
| **CHANDAN PANDA, et al.,**   | ) |                              |
|                              | ) |                              |
| **Plaintiffs,**              | ) |                              |
|                              | ) |                              |
| v.                           | ) | Case No. 20-cv-1907 (APM)    |
|                              | ) |                              |
| **CHAD F. WOLF, et al.,**    | ) |                              |
|                              | ) |                              |
| **Defendants.**              | ) |                              |
|                              | ) |                              |

## <u>AMENDED ORDER</u>

In a Memorandum Opinion and Order issued on September 4, 2020, the court held that the U.S. Department of State had acted arbitrarily and capriciously in refusing to review and adjudicate the applications of fiscal year 2020 diversity visa lottery winners ("DV-2020") pursuant to the Department's implementation of Presidential Proclamations 11014 and 10052, and had unreasonably delayed in processing those DV-2020 visa applications. *See* Mem. Op & Order, ECF No. 123 [hereinafter Mem. Op.], at 59–65, 67–72. The court ordered Defendants to "undertake good-faith efforts, directly and through their designees, to expeditiously process and adjudicate DV-2020 diversity visa and derivative beneficiary applications and issue or reissue diversity and derivative beneficiary visas to eligible applicants by September 30, 2020, giving priority to the named diversity visa Plaintiffs in *Gomez*, *Aker*, *Mohammed*, and *Fonjong* and their derivative beneficiaries." *Id.* at 84 ¶ 2.

2

On September 9, 2020, the State Department published guidance explaining the steps it would take to comply with the court's Order.[1]  Among the steps taken by the Department is the following, which is now the subject of dispute:

> The five Regional COVID Proclamations that suspend entry of immigrants who were physically present in China, Iran, the Schengen Area, the UK, Ireland, or Brazil within 14 days of entry into the United States are still in effect and not the subject of the Court's order.  *Thus, while DV applicants subject to a regional COVID Proclamation (China, Iran, the Schengen Area, the UK, Ireland, or Brazil) may be interviewed and processed, applicants who have been physically present in the affected region during the preceding 14-day period will not be issued an immigrant visa, unless excepted under the relevant proclamation or until they have been outside the affected region for 14 days.*

*Id.* (emphasis added).  The referenced five Regional Proclamations restrict entry of persons who, within 14 days of seeking entry to the United States, were physically present within various COVID-19 global "hotspots."  *See* Presidential Proclamation 9984, 85 Fed. Reg. 6,709 (Republic of China); Presidential Proclamation 9992, 85 Fed. Reg. 12,855 (Iran); Presidential Proclamation 9993, 85 Fed. Reg. 15,045 (Schengen Area); Presidential Proclamation 9996, 85 Fed. Reg. 15,341 (United Kingdom and Ireland); and Presidential Proclamation 10041, 85 Fed. Reg. 31,933 (Brazil).  The italicized text above requires DV-2020 selectees subject to the five Regional Proclamations to quarantine for a 14-day period *outside* the subject regions before becoming eligible to receive a DV-2020 visa, unless an exception applies.[2]  The court refers to this policy as the "Quarantine Requirement."  According to the State Department, the five Regional Proclamations legally compel the Department to impose and enforce the Quarantine Requirement before it can *issue* a

---

[1] U.S. Dep't of State, "Diversity Visa DV-2020 Update," https://travel.state.gov/content/travel/en/News/visas-news/diversity-visa-DV-2020-update.html (last updated September 14, 2020).

[2] The guidance is confusing, to say the least.  It states that DV-2020 winners "may be interviewed and processed," but does not explain whether such processing can occur in the applicant's home country, in which case the applicant would have to leave for 14 days and could obtain the visa upon return, or whether such processing can occur only outside the places subject to the Regional Proclamations and only after a 14-day quarantine in such location.

visa to any DV-2020 applicant to whom the Regional Proclamations apply.  *See* Defs.' Resp. to Pls.' Emergency Mot. for Telephone Conference, ECF No. 131, at 6–7.  Defendants assert that the Quarantine Requirement "is in full compliance with the PI Order."  *Id.* at 6.

No, it is not.  The Quarantine Requirement is premised on a faulty legal position, and it is irrational, too.  First, the legal flaw.  The State Department says that its position is consistent with its "decades-long interpretation of 8 U.S.C. § 1182(f)," and that the court's injunction does not reach the States Department's implementation of other Presidential Proclamations.  *Id.* at 5.  But the Department here is not advancing its purported "decades-long interpretation" of how an entry restriction under § 1182(f) affects visa eligibility.  That position, as articulated in this case, was that another statutory provision, 8 U.S.C. § 1201(g), renders anyone who is deemed inadmissible by presidential action under § 1182(f) also ineligible to receive a visa.  *See* Mem. Op. at 60–62. But the Department does not advance that position here.  It is not saying that the Regional Proclamations foreclose it from issuing DV-2020 visas altogether; rather, the agency has engrafted the Regional Proclamations' 14-day-presence entry disqualifier onto the statutory requirements for visa issuance.  The Department cites no legal authority that would permit it to take such action. The Department cannot look to the Regional Proclamations themselves for such power, because those presidential orders only place restrictions on entry.  And, as the court already has held, the Department cannot rely on § 1201(g) to suspend visa processing or to modify visa requirements, as that statutory provision only concerns factors for visa ineligibility under § 1182(a), and not conditions of inadmissibility under § 1182(f).  *See id.*  The State Department thus identifies no valid legal basis for imposing the Quarantine Requirement.

The Quarantine Requirement is also illogical.  It serves no obvious purpose except to delay the issuance of DV-2020 visas.  Under Presidential Proclamations 10014 and 10052, no DV-2020

applicant will be able to enter the United States before December 31, 2020.  Thus, forcing a DV-2020 winner to quarantine now outside a covered region, months before she will enter the United States, can serve no immediate domestic public heath purpose.  Nor is there any apparent health and safety benefit to consular officers.  DV-2020 applicants are simply being channeled to appear before a different consular officer outside of the covered regions (after traveling to do so).  Further, whatever benefit the Department claims might be gained from a 14-day quarantine is suspect, as the State Department has identified no similar policy that is applicable to any other category of visa applicant in a covered region.  The Quarantine Requirement seems designed to frustrate DV-2020 applicants who might benefit from this court's order.  In both form and spirit, the policy is at odds with this court's injunction.

"Crafting a preliminary injunction is an exercise of discretion and judgment, often dependent as much on the equities of a given case as the substance of the legal issues it presents." *Trump v. Int'l Refugee Assistance Project*, 137 S. Ct. 2080, 2087 (2017).  The court may "mold its decree to meet the exigencies of the particular case," *id.* (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, at 115 (3d ed. 2013)), and may "go beyond earlier orders . . . to address each element contributing to the violation," and "insure against the risk of inadequate compliance," *Hutto v. Finney*, 437 U.S. 678, 687 (1978).  Here, the State Department's legally dubious and illogical foisting of a 14-day quarantine requirement upon those DV-2020 selectees affected by the Regional Proclamations is an "exigency" that warrants "molding" the court's preliminary injunction order to ensure it remains effective.  Failure to act would result in irreparable harm to hundreds (if not thousands) of DV-2020 selectees who risk losing their opportunity to secure a DV-2020 visa.  The Department has no interest continuing a policy that

has no evident legal basis, and nor does the public.  Accordingly, the court amends its Order, ECF

No. 123 at 85, to add the following paragraph:

8.      The court enjoins the State Department from applying or enforcing the Quarantine Requirement for DV-2020 selectees and their derivative beneficiaries.


Dated:  September 14, 2020                              _____
                                                                     Amit P. Mehta
                                                                     United States District Judge