**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DOMINGO ARREGUIN GOMEZ, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**DONALD J. TRUMP, et al.,**<br><br>**Defendants.** | Case No. 20-cv-01419 (APM) |
| **MOHAMMED ABDULAZIZ ABDUL MOHAMMED, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**MICHAEL R. POMPEO, et al.,**<br><br>**Defendants.** | Case No. 20-cv-01856 (APM) |
| **AFSIN AKER, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**DONALD J. TRUMP, et al.,**<br><br>**Defendants.** | Case No. 20-cv-01926 (APM) |

**CLAUDINE NGUM FONJONG, et al.,**

**Plaintiffs,**
**v.**

**DONALD J. TRUMP, et al.,**

**Defendants.**

Case No. 20-cv-02128 (APM)

**MOTION TO STAY PROCEEDINGS PENDING APPEAL**

**INTRODUCTION**

Defendants respectfully move to stay proceedings in the above four actions pending the *Gomez* Plaintiffs' appeal to the D.C. Circuit of this Court's partial denial of their motion for a preliminary injunction. *See* Notice of Appeal, ECF No. 139. *Gomez* Plaintiffs do not oppose the stay, provided that all cases proceed at the same time before this Court. *Mohammed*, *Aker*, and *Fonjong* Plaintiffs oppose. Alternatively, Defendants move the Court to extend the current deadlines to file responsive pleadings in these cases by 45 days, which *Gomez*, *Mohammed*, *Aker*, and *Fonjong* Plaintiffs do not oppose.

**BACKGROUND**

*Gomez* Plaintiffs filed their initial Complaint on May 28, 2020. ECF No. 1. *Mohammed* Plaintiffs filed their initial Complaint on July 10, 2020. 20-cv-1856, ECF No. 1. *Aker* Plaintiffs filed their initial Complaint on July 16, 2020. 20-cv-1926, ECF No. 1. *Fonjong* Plaintiffs filed their Complaint on August 5, 2020. 20-cv-02128, ECF No. 1. Currently, Defendants have until

October 16 (*Gomez*), October 21 (*Mohammed* and *Fonjong*), and October 28 (*Aker*) to file responsive pleadings in all of these cases.

These actions have focused on the same central disputes: claims alleging violations of the Administrative Procedure Act and *Ultra Vires* acts in promulgating and implementing Presidential Proclamations 10014 and 10052 to suspend the issuance of diversity visas. *Id*. Accordingly, on August 7, 2020, this Court ordered that, pursuant to Federal Rule of Civil Procedure 42(a), these four cases be consolidated because they "involve common questions of law and fact." Minute Order, August 7, 2020.

*Gomez* Plaintiffs filed their Motion for Preliminary Injunction on July 31, 2020. *See* ECF No. 53. In a single order, this Court partially granted and partially denied motions for preliminary injunction for Plaintiffs in all four actions on September 4, 2020. *See* ECF No. 123. *Gomez* Plaintiffs filed a notice of appeal on September 24, 2020. *See* ECF No. 139. The government is considering a cross-appeal.

This Court granted *Gomez* Plaintiffs' renewed motion for class certification on September 30, 2020, ECF No. 151, certifying as a class "[i]ndividuals who have been selected to receive an immigrant visa through the U.S. Department of State's FY2020 Diversity Visa Lottery and who had not received their immigrant visa on or before April 23, 2020 . . ." This class includes all Plaintiffs in the *Mohammed*, *Fonjong*, and *Aker* cases. *See e.g.*, *Mohammed* Amended Complaint, ECF No. 5, 1:20-cv-01856, ¶¶ 1, 3 ("Plaintiffs are 493 Diversity Visa program selectees . . . All Plaintiffs, either as DV-2020 selectees or as derivative spouses or children, have been invited by the Department to apply for the DV-2020 program."); *Fonjong* Complaint, ECF No. 1, 1:20-cv-02128, ¶ 1 ("Plaintiffs are 243 Diversity Visa program selectees and derivative

beneficiaries . . ."); *Aker* Amended Complaint, ECF No. 3, 1:20-cv-01926, ¶ 4 ("Plaintiffs here are 149 Diversity Visa program selectees and their derivative beneficiaries . . .").

**ARGUMENT**

Defendants move to stay litigation in the district court to avoid inefficiency and conserve the Parties' and this Court's resources. The principles underlying the "divestiture rule" and the "first-to-file rule" support Defendants' request. Significantly, the *Gomez* plaintiffs do not oppose a stay while their appeal is pending in the D.C. Circuit. Moreover, the D.C. Circuit's decision is likely to provide substantial guidance to this Court and the Parties in resolving all four of these cases. Proceeding in the absence of that guidance would be inefficient, waste the resources of the Court and the parties, and potentially result in inconsistent rulings at the district court level that would need to be modified in light of the D.C. Circuit's decision. Plaintiffs will not be harmed by a brief stay while the D.C. Circuit considers an expedited appeal in this case, as the *Mohammed*, *Fonjong*, and *Aker* Plaintiffs are part of the *Gomez* certified class and already benefit from the relief ordered by this Court in its partial granting of their motions for preliminary injunction. It therefore makes sense for the Court to stay proceedings until after the D.C. Circuit decision rules on the issues on appeal.

District courts have broad discretion to stay all proceedings in an action pending the resolution of independent legal proceedings. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The authority to stay proceedings stems from "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (internal quotation marks and citation omitted). In considering a stay, courts must "weigh competing interests and

maintain an even balance between the court's interests in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732–33 (D.C. Cir. 2012) (quoting *Landis*, 299 U.S. at 254–55) (internal quotation marks omitted). In other words, hardship to the parties and benefits to judicial economy are the key interests to consider in evaluating a motion for a stay. *See Hulley Enters. Ltd. v. Russian Fed'n*, 211 F.Supp. 3d 269, 276 (D.D.C. 2016).

A stay is consistent with the general rule that "if a defendant's interlocutory claim is considered immediately appealable …, the district court loses its power to proceed from the time [a party] files its notice of appeal until the appeal is resolved." *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984). This approach is known as the "divestiture rule," and is meant to balance the competing need to resolve cases expeditiously while preventing parties from having to litigate the same issues simultaneously. The divestiture rule "is rooted in concerns of judicial economy, crafted by courts to avoid the confusion and inefficiency that would inevitably result if two courts at the same time handled the same issues in the same case." *United States v. Rodriguez-Rosado*, 909 F.3d 472, 477–78 (1st Cir. 2018) (citing *In re Padilla*, 222 F.3d 1184, 1190 (9th Cir. 2000); *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996). Consequently, even though the divestiture rule's application turns on concerns of efficiency and is not mandatory, *see* 16A C. Wright & A. Miller, et al., *Federal Practice and Procedure*, § 3949.1 n.53 (4th ed. 2018), "the filing of a notice of appeal is generally held to divest the trial court of jurisdiction" where those issues being appealed could be dispositive of the case before the district court, *United States v. Black*, 605 F. Supp. 1027, 1032 (D.D.C. 1985). The divestiture rule applies here because Defendants intend to move to dismiss the *Gomez* Plaintiffs' Complaint, but

a ruling on that intended motion would necessarily require the Court to consider issues—such as the likelihood of success on the merits—which will be litigated as part of *Gomez* Plaintiffs' pending appeal.

Although plaintiffs in *Mohammed*, *Aker*, and *Fonjong* oppose a stay, those plaintiffs are *Gomez* class members litigating substantially the same case. Accordingly, the principles underlying the "first-filed" rule apply. Under the "first-filed" rule, which is well-established in the D.C. Circuit, where two cases between the same parties on the same cause of action are commenced in different federal courts, the one which is commenced first is generally allowed to proceed to its conclusion first, with the second-filed action either stayed in the interim or dismissed outright. *See UtahAmerican Energy, Inc. v. Dep't of Labor*, 685 F.3d 1118, 1124 (D.C. Cir. 2012) (citing cases); *Int'l Painters Pension Fund v. Painting Co.*, 569 F. Supp. 2d 113, 116 (D.D.C. 2008); *see also Furniture Brands Int'l v. U.S. Int'l Trade Comm'n*, 804 F. Supp. 2d 1, 3-4 (D.D.C. 2011) (district courts have the discretion to stay a pending suit "when confronted with parallel litigation of factually related cases filed in two separate forums"). Use of the first-filed rule enables courts to conserve judicial resources and avoid potentially inconsistent results by preventing a party from taking "multiple bites at the apple." *See UtahAmerican Energy*, 685 F.3d at 1124. Here, the *Gomez* case is not only the first filed among its consolidated companions, it is also further developed by virtue of its class certification in representing all the diversity visa class members. Thus, a stay advances "the general principle . . . to avoid duplicative litigation." *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976).

Significantly, none of the plaintiffs will suffer any harm from a stay. Plaintiffs in *Mohammed*, *Aker*, and *Fonjong* are completely covered by the certified class in *Gomez*.

Additionally, this Court's order partially granting Plaintiffs' motions for preliminary injunction in all four cases have provided the principal relief sought: the processing of Plaintiffs' diversity visas. A stay of the case will not upset their status.

Moreover, a stay will eliminate the hardship that Defendants would otherwise suffer in "being required to go forward" in litigating substantially similar cases before this Court and on appeal at the D.C. Circuit, simultaneously. *Landis*, 299 U.S. at 255. Not only is there the risk of inconsistent rulings between this Court and the D.C. Circuit, it would be unduly burdensome on Defendants' resources to engage in pretrial activity, including motion practice and discovery when any such activity may be set may be subject to modification or rendered moot in light of the D.C. Circuit's decision. Thus, a stay in this case would promote judicial efficiency and protect public resources, as the D.C. Circuit's decision could greatly alter how this case proceeds in this Court. The D.C. Circuit's *de novo* review of this Court's PI Order could definitively resolve some of the legal issues in this case. Accordingly, any deadlines set before that point, particularly regarding discovery or dispositive motions, would be premature. A stay would thus ensure that the proper scope of issues will be known in advance of the deadlines for completion of discovery and the filing of dispositive motions. A stay would serve "the orderly course of justice" by "simplifying" all pretrial issues regarding the Presidential Proclamation. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Rather than unnecessarily expend the parties' or this Court's resources on potentially premature motions to dismiss, Defendants request that the Court stay these cases until after the D.C. Circuit's mandate issues in *Gomez* Plaintiffs' appeal to the D.C. Circuit, thus "avoid[ing] unnecessary costs." *See* Fed. R. Civ. P. 42(a)(3). Defendants submit that this stay request is not

for the purpose of undue delay, will not prejudice the Plaintiffs, and that as articulated above, good cause exists for the request.[1]

Alternatively, Defendants request an extension of 45 days beyond the current deadlines to respond to the operative complaints filed in these four cases, to December 1 (*Gomez*), December 5 (*Mohammed* and *Fonjong*), and December 12 (*Aker*). None of the plaintiffs in *Gomez*, *Mohammed*, *Aker*, and *Fonjong* oppose this request. There is good cause for the instant request in that Government counsel is preparing for the pending appeal in the D.C. Circuit. Moreover, the Government is evaluating whether to seek a cross appeal of the Court's amended PI Order, which requires authorization from the Civil Division and the Office of the Solicitor General within the Department of Justice (DOJ). Additional time is needed for the appropriate DOJ components to continue its review of this consolidated matter and make a determination.

October 8, 2020

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General, Civil Division

WILLIAM C. PEACHEY
Director, Office of Immigration Litigation, District Court Section

COLIN A. KISOR
Deputy Director

GLENN M. GIRDHARRY
Assistant Director

*/s/ Christopher Lyerla*
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation

[1] Indeed, the Court has stayed proceedings in *Panda v. Wolf*, 20-cv-1907-APM, under similar circumstances, "pending the outcome of Plaintiffs' interlocutory appeal before the D.C. Circuit." Minute Order, *Panda v. Wolf*, 20-cv-1907-APM, Sep. 9, 2020.


District Court Section
Washington, D.C. 20044
(202) 598-3967
Christopher.T.Lyerla@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2020, I electronically filed the foregoing CONSENT MOTION REQUESTING A STAY OF PROCEEDINGS PENDING APPEAL with the Clerk of the Court by using the CM/ECF system, which will provide electronic notice and an electronic link to this document to all attorneys of record

By: *_/s/ Christopher T. Lyerla_*
CHRISTOPHER T. LYERLA
Trial Attorney
United States Department of Justice
Civil Division