**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

---

|  |  |
|---|---|
| DOMINGO ARREGUIN GOMEZ, et al., | ) |
|  | ) |
| *Plaintiffs*, | ) |
|  | ) |
| v. | ) |
|  | ) |
| DONALD J. TRUMP, et al., | ) |
|  | ) |
| *Defendants*. | ) |

Case No.: 20-cv-01419

---

|  |  |
|---|---|
| MOHAMMMED ABDULAZIZ ABDUL MOHAMMED, et al., | ) |
|  | ) |
| *Plaintiffs*, | ) |
|  | ) |
| v. | ) |
|  | ) |
| MICHAEL R. POMPEO, et al., | ) |
|  | ) |
| *Defendants*. | ) |

Case No.: 20-cv-01856

---

|  |  |
|---|---|
| AFSIN AKER , et al., | ) |
|  | ) |
| *Plaintiffs*, | ) |
|  | ) |
| v. | ) |
|  | ) |
| DONALD J. TRUMP, et al., | ) |
|  | ) |
| *Defendants*. | ) |

Case No.: 20-cv-01926

| | |
|---|---|
| _____ ) | |
| CLAUDINE NGUM FONGJONG, et al., ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | Case No.: 20-cv-02128 |
| v. ) | |
| ) | |
| DONALD J. TRUMP, et al., ) | |
| ) | |
| *Defendants*. ) | |
| _____) | |
| _____ ) | |
| MORAA ASNATH KENNEDY, et al., ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | Case No.: 20-cv-02639 |
| v. ) | |
| ) | |
| DONALD J. TRUMP, et al., ) | |
| ) | |
| *Defendants*. ) | |
| _____) | |

## OPPOSITION TO MOTION TO STAY PROCEEDINGS PENDING APPEAL

### INTRODUCTION

Plaintiffs in *Mohammed, Aker, Fonjong, and Kennedy* respectfully oppose Defendants'
motion to stay proceedings in the above-referenced actions pending the *Gomez* Plaintiffs' appeal
to the D.C. Circuit of this Court's partial denial of *their* motion for preliminary injunction. The
*Gomez* Plaintiffs do not oppose Defendants' stay because they have engaged in a quid pro quo
with Defendants. *Gomez* Plaintiffs have agreed to not oppose Defendants' motion to stay
proceedings in this Court in exchange for Defendants' agreement for an expedited briefing
schedule on the appeal. Furthermore, *Gomez* Plaintiffs also do not oppose Defendants' stay
because their diversity visa plaintiffs have all been issued their visas, thus that portion of their case

has been resolved. Finally, and most importantly, *Gomez* Plaintiffs' appeal is not dispositive to the remaining underlying issues of the consolidated case. *Gomez* Plaintiffs' appeal concerns their claims over the validity of Presidential Proclamation 10014 and 10052.  Since *Gomez* DV Plaintiffs have been issued visas, the *Gomez* Plaintiffs that are appealing the validity of Presidential Proclamations are the non-DV Plaintiffs. Accordingly, *Gomez* Plaintiffs' consent to Defendant's stay should bear no weight on the Court's decision on whether to stay the matter involving Plaintiffs in *Mohammed, Aker, Fonjong, and Kennedy*.

Plaintiffs in *Mohammed, Aker, Fonjong, and Kennedy (*hereinafter referred to as *"M,A,F,K"*) actions are collectively in the same position and are distinct from *Gomez* Plaintiffs. There are plaintiffs in *M,A,J,K* whose diversity visas have yet to be issued, and thus Plaintiffs in *M,AJ,K* are relying on the final resolution of this case. Given that this Court has preserved diversity visas pending final resolution of this matter, further delaying the final adjudication of this action would disadvantage Plaintiffs in *M,A,J,K*. These Plaintiffs have already suffered unreasonable delays in the adjudication of the diversity visas.

Lastly, Plaintiffs in *M,A,J,K* have already obtained expedited discovery on this matter, completed substantial pretrial motion practice, and argued the likelihood of success on the merits of the case in the preliminary injunction hearings. In sum, this matter is ripe to proceed to summary judgement.

## RELEVANT FACTS

This case was initiated when *Gomez* Plaintiffs filed their initial Complaint on May 28, 2020. 20-cv-01419. *Mohammed* Plaintiffs filed their initial Complaint on July 10, 2020. 20-cv-1856. *Aker* Plaintiffs filed their initial Complaint on July 16, 2020. 20-cv-1926. *Fonjong* Plaintiffs

filed their initial Complaint on August 5, 2020. 20-cv-02128. *Kennedy* Plaintiffs filed their initial Complaint on September 18, 2020. 20-cv-02639, ECF No. 1. On August 7, 2020, the Court ordered the consolidation of the *Gomez, Mohammed, Aker and Fonjong* actions. Minute Order, August 7, 2020. *Kennedy* was consolidated with *Gomez, Mohammed, Aker, Fonjong* on October 9, 2020. Minute Order in 20-cv-02639, October 9, 2020.

On August 27, 2020 the Court held oral arguments regarding the various motions for preliminary injunctions and temporary restraining that Plaintiffs from *Gomez*, *Mohammed, Aker*, and *Fonjong* filed, as well as Plaintiffs from *Panda v. Wolf*, 20-cv-1907-APM. Minute Order, August 27, 2020. On September 4, 2020, this Court issued an Order holding that Plaintiffs are likely to succeed on their claims that: (1) Defendants' No-Visa Policy is not in accordance with law, is in excess of statutory authority, and is arbitrary and capricious; (2) Defendants have unreasonably delayed processing DV-2020 Plaintiffs' visa applications; and (3) Defendants' COVID-19 Guidance arbitrarily excludes DV-2020 visa applications from the categories of applications eligible for mission critical and emergency services. ECF No. 123. Accordingly, the Court enjoined Defendants from applying the No Visa Policy to 2020 DV selectees and their beneficiaries. *Id.* The Court denied *Gomez* Plaintiffs' challenges to the validity of Presidential Proclamation 10014 and 10052.

Thereafter, Defendants continued to further delay the processing of diversity visas by failing adjudicate diversity visas for certain plaintiffs through the implementation of regional travel bans. As such, the Court issued an Order on September 14, 2020, enjoining the State Department from applying or enforcing the Quarantine Requirement for DV-2020 selectees and their derivative beneficiaries. ECF No. 132. On September 28, 2020 *Gomez* Plaintiffs filed an appeal to the D.C. Circuit court regarding the Court's denial of their preliminary injunction challenging the validity of Presidential Proclamation 10014 and 10052.

4

After allowing the parties an opportunity to brief the issue of whether additional relief would be appropriate for 2020 DV selectees and their beneficiaries, the Court held oral arguments on September 28, 2020. On September 30, 2020, the Court issued an Order directing the State Department to reserve 9,095 diversity visa numbers after September 30, 2020, for the future processing of the Named Plaintiffs' and class-members' diversity visa applications, pending final adjudication of this matter. The court also granted the *Gomez* Plaintiffs their Renewed Motion for Class Certification. ECF No. 151.

## LEGAL STANDARD

It is a well-established principle that courts have the "power inherent…to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998). A decision on whether to stay proceedings "must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936). "A stay is not a matter of right, even if irreparable injury might otherwise result." *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926). Instead, it is "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." *Id.* at 672–73. According to the Supreme Court of the United States, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both."

## ARGUMENT

**I.    The Appeal Filed by *Gomez* Plaintiffs is not Dispositive to the Underlying Issues Before This Court and Thus a Stay is not Warranted**

The Supreme Court in *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), stated that divestiture occurs with respect to "those aspects of the case involved in the appeal." Therefore, in order to divest jurisdiction, Defendants must show that the issues raise on appeal are dispositive to the underlying merits of the case. Defendants have not done so. Although it is Defendant's burden of proof, Plaintiffs other than *Gomez* assert that the issues raised on appeal are not dispositive to the underlying merits of the case. Indeed, although Defendants argue that the divestiture rule's application divests this court of jurisdiction where a notice of appeal is filed, they acknowledge that the divestiture rule does not apply when the appeal is not dispositive of the case before the district court. *See* Def. Motion To Stay Proceedings Pending Appeal at * 5.  Here, the appeal in question is not dispositive to the underlying merits of the case for *M,A,F,K* Plaintiffs. Therefore, *M,A,F,K* Plaintiffs should therefore be allowed to proceed.

In order to determine whether the issues raised on appeal are dispositive of underlying merits of the case, we must look at the issues raise on appeal. *Gomez* Plaintiffs' appeal is an appeal for the "non-DV plaintiffs" and a general appeal seeking review of this Court's denial of Plaintiffs' request to preliminary enjoin implementation and/or enforcement of Presidential Proclamations 10014 and 10052 in their entirety. *See* Gomez Plaintiff's Notice of Appeal at *1. Upon information and believe, the *Gomez* Plaintiffs have only about **six** DV-2020 plaintiffs. In contrast, the *Mohammad, Aker, Fonjong,* and *Kennedy* cases have **thousands** of DV-2020 winners collectively. By sheer quantity alone, the six DV-2020 winners in *Gomez* cannot be viewed as dispositive of the interests of the thousands of plaintiffs in the other lawsuits.

Importantly, Defendants do not make a "clear and convincing" argument that the issues on appeal are dispositive of the underlying merits of the case. Rather, they merely indicate that in ruling upon an "intended" motion to dismiss *Gomez* Plaintiffs' Complaint (which has not been filed yet), the Court would "consider issues–such as the likelihood of success on the merits." *See* Def. Motion to Stay Proceedings Pending Appeal at *5–6. This is both an ambiguous argument and legally erroneous. The ambiguity is clear in that no motion to dismiss has actually been filed at this time so it is impossible for Defendants to say what the Court will have to consider beyond the Defendants' own conjecture. In addition, a motion to dismiss relies on procedural laws, they do not deal with the merits of a case. Because Defendant's only argument that the issues on are appeal are dispositive are not legally or factually correct, it follows that the divestiture rule does not actually apply.

Moreover, it is important to note that the issues on appeal addresses solely the Court's refusal to grant a preliminary injunction on the issues listed on appeal. A preliminary injunction is typically not a disposition of a case in its entirety, and this Court has not held its preliminary injunction findings with regard to the appealed issues to be dispositive. Nor has this Court consolidated the hearing of the application for the preliminary injunction with the merits hearing. Therefore, Defendants' argument that this court is divested of jurisdiction is pure legal theater because the issues raised were not disposed of by the Court in finality.

Relatedly, even if this Court is divested of jurisdiction to the aspects involved in the case on appeal, the appealed issues do not go to the underlying merits of the cases. As stated above, the appealed issues are whether this Court erred in refusing to grant preliminary injunctions on the issues. *M,A,F,K* Plaintiffs therefore ask this Court to find that it is not divested of jurisdiction because the appealed issues are not dispositive of the underlying merits of the claims.

## II.     The "First-Filed" Rule Does not Apply to *Gomez* Plaintiffs and Thus Their Decision to Consent to Defendants' Stay Should Bear No Weight

"The usual rule in this circuit has been that where two cases between the same parties on the same cause of action are commenced in two different Federal courts, the one which is commenced first is to be allowed to proceed to its conclusion first." *Utah American Energy, Inc. v. Dep't of Labor*, 685 F.3d 1118, 1124 (D.C.Cir.2012). The Supreme Court has observed, "though no precise rule has evolved, the general principle is to avoid duplicative litigation" between federal district courts. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). The Court of Appeals has also warned against rigid application of the first-filed rule in cases where the second-filed action deserves priority. *See Columbia Plaza Corp. v. Sec. Nat'l Bank*, 525 F.2d 620, 627 (D.C.Cir.1975). In other words, "the decisions recognizing the first-in-time rule note that 'equitable considerations' may weigh against applying it in particular cases." *Utah American Energy, Inc.*, 685 F.3d at 1124 (citations omitted); *see also Handy v. Shaw*, 325 F.3d 346, 350 (D.C.Cir.2003) ("Although some courts make the determination [as to which district court should adjudicate the case] by using the so-called 'first-to-file' rule, we have emphasized that the district court must balance equitable considerations rather than using 'a mechanical rule of thumb.'")

One factor weighing against mechanical operation of the first-to-file rule and in favor of consideration of the equities of a particular case is where "two suits were filed closely together in time." *Int'l Painters & Allied Trades Indus. Pension Fund v. Painting Co.*, 569 F.Supp.2d 113, 116 (D.D.C.2008) (quoting *Fed'n Internationale De Football Ass'n v. Nike, Inc.,* 285 F.Supp.2d 64, 67–68 (D.D.C.2003)). Other equitable considerations may include whether "the first action was filed in the midst of good faith settlement discussions"; "whether the cases have progressed

very far"; and "whether full, fair, and complete adjudication of all issues may be had before the present court[.]" *Int'l Painters*, 569 F.Supp.2d at 116 (internal citations and marks omitted).

Here, Defendants argue that the first-filed rule applies to *Gomez* Plaintiffs because they brought suit first and the actions in *M,A,F,K* are the same parties and consist of same causes of actions as *Gomez*. This is simple not true. *First*, while the *Gomez* Plaintiffs were technically first to file, these cases were all filed relatively closely together and hence why the Court consolidated the various motions for preliminary injunction and temporary restraining order, held a consolidated hearing, and issued a singular order. Plaintiffs in *M,A,F,K* consist of only of 2020 DV selectees and their beneficiares and the claims in those cases challenge the unreasonable delay and unlawful withholding of diversity visas. Conversely, the *Gomez* case is "critically different, involving different plaintiffs, different defendants, different claims, and different requests for relief." *See* Gomez' Opposition To Motion to Consolidate at 1, ECF No. 54. As Gomez Plaintiffs argued in their opposition to Defendants motion to consolidate the matters, the "only single area of overlap – the Administrative Procedure Act (APA) claim regarding the State Department's unlawful refusal to issue visas – and even that claim is partly overlapping." *Id.* Given that the remaining issues to litigate on the merits are central to the claims in *M,A,F,K* coupled with the fact that these cases were filed closely together and have been successfully litigated together through the preliminary injunction phase, the first filed rule does not give *Gomez* priority in the instant matter.

*Second,* the *Gomez* matter consist of six DV plaintiffs who have all been issued their diversity visas. Given that *Gomez* DV Plaintiffs' claims are moot, *Gomez* Plaintiffs have placed all their focus on litigating for their Non-DV Plaintiffs. *Third*, while *Gomez* Plaintiffs are representing the diversity visa class members, their actions suggest their priorities lie with their Non-DV Plaintiffs. The fact that *Gomez* Plaintiffs entered into a quid pro quo with Defendants by

consenting to stay the district court proceedings in exchange for and expedited briefing schedule on the appellate matter evinces this point.

*Finally*, as the Court stated in the Order granting supplemental relief for DV Plaintiffs and DV class members, the "State Department is ordered to reserve 9,095 diversity visas pending final resolution of this matter." *See* Memorandum Opinion and Amended Order at 26, ECF No. 151. Therefore, the Court's orderly course of justice is to proceed towards final adjudication of this matter. In sum, the equitable considerations present in this case tip highly in favor of moving the case forward for the Plaintiffs in *M,A,F,K*.

### III.  The Matter Before this Court is Ripe for Final Adjudication and Defendants Will Not Suffer Any Harm Should the Case Proceed

Defendants aver that they would suffer hardship if they are required to go forward in litigating substantially similar cases before this Court and on appeal at the D.C. Circuit, simultaneously. But as explained above, the D.C. Circuit appeal does not overlap with the underlying issues remaining to litigate before this Court. Thus, Defendants claim that litigating the cases simultaneously would risk inconsistent rulings between this Court and the D.C. Circuit; however, this argument is meritless as the two cases are not overlapping.

Defendants also incorrectly argue that a stay would promote judicial efficiency and protect public resources. This argument could not be further from the truth. Plaintiffs have already obtained the certified administrative record, submitted volumes of motions and briefs regarding the issue of Defendants unreasonable delay and withholding of diversity visas, and held oral arguments on this issue. In other words, the Court and all parties are well versed with the issues, including the nuances, of the underlying issues of the case. The case is ripe for summary judgment

and a final decision. Defendants will not be prejudiced in proceeding forward. Conversely, any further delays would cause undue harm to diversity visa Plaintiffs and Non-Plaintiffs.

For these reasons, Plaintiffs in *M,A,F,K* urge the Court to proceed with the matter so they may obtain the final relief sought.

**CONCLUSION**

In light of the forgoing and in the interest of justice, Plaintiffs for *Mohamed, Aker, Fonjong,* and *Kennedy* respectfully request the Court to deny Defendants Motion to Stay proceedings.

Dated: October 15, 2020                          Respectfully submitted,

/s/ Abadir Jama Barre
Abadir Barre
The Law Office of Rafael Urena
925 N. La Brea Ave, 4th Floor
Los Angeles, CA 90038
Tel: (703) 929-4424
Fax: (929) 286-9584
abadir@barrelaw.com

Rafael Urena
The Law Office of Rafael Urena
925 N. La Brea Ave, 4th Floor
Los Angeles, CA 90038
Tel: (703) 929-4424
Fax: (929) 286-9584
ru@urenaesq.com

Curtis Lee Morrison
The Law Office of Rafael Urena
925 N. La Brea Ave, 4th Floor
Los Angeles, CA 90038
Tel: (703) 929-4424
Fax: (929) 286-9584
curtis@curtismorrisonlaw.com

Charles H. Kuck
Kuck Baxter Immigration, LLC
365 Northridge Rd, Suite 300
Atlanta, GA 30350
404.816.8611
ckuck@immigration.net

Philip C. Kuck
Kuck Baxter Immigration, LLC
365 Northridge Rd, Suite 300
Atlanta, GA 30350
PKuck@immigration.net

Danielle M. Claffey
Kuck Baxter Immigration, LLC
365 Northbridge Rd, Suite 300
Atlanta, GA 303050
DClaffey@immigration.net

Attorneys for Plaintiffs