**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DOMINGO ARREGUIN GOMEZ, et al.,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> **v.** ) <br> ) <br> **DONALD J. TRUMP, et al.,** ) <br> ) <br> **Defendants.** ) <br> ) <br> ) | Case No. 20-cv-01419 (APM) |
| **MOHAMMED ABDULAZIZ ABDUL MOHAMMED, et al.,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> **v.** ) <br> ) <br> **MICHAEL R. POMPEO, et al.,** ) <br> ) <br> **Defendants.** ) <br> ) | Case No. 20-cv-01856 (APM) |
| **AFSIN AKER, et al.,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> **v.** ) <br> ) <br> **DONALD J. TRUMP, et al.,** ) <br> ) <br> **Defendants.** ) <br> ) <br> ) | Case No. 20-cv-01926 (APM) |

1

| | |
|---|---|
| **CLAUDINE NGUM FONJONG, et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**DONALD J. TRUMP, et al.,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)  Case No. 20-cv-02128 (APM)<br>)<br>)<br>)<br>)<br>)<br>) |
| **MORAA ASNATH KENNEDY, et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**DONALD J. TRUMP, et al.,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)  Case No. 20-cv-02639 (APM)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO STAY PROCEEDINGS PENDING APPEAL

### INTRODUCTION

Defendants in the above five actions reply to the Opposition to Motion to Stay Proceedings Pending Appeal submitted by Plaintiffs in *Mohammed, Aker, Fonjong,* and *Kennedy* (hereinafter "*M,A,F,K* Plaintiffs"). Plaintiffs' Opposition fails to address the central argument for a stay articulated in Defendants' original motion: namely, that proceeding prior to the D.C. Circuit's decision in the *Gomez* appeal would be inefficient, waste the resources of the Court and the parties, and potentially result in inconsistent rulings at the district court level that would need to be

2

modified in light of the D.C. Circuit's decision. For the reasons articulated here and in Defendants' motion, the Court should grant Defendants' Motion to Stay.

## ARGUMENT

First, *M,A,F,K* Plaintiffs' argument that the *Gomez* Plaintiffs' appeal is "not dispositive" of all the merits in all of the above cases, and thus not warranting a stay, is a *non sequitur*. *See* ECF No. 157 at 6. Plaintiffs provide no authority to support their assertion that "the divestiture rule does not apply when the appeal is not dispositive of the case before the district court." *See id.* They merely assume this is the case, falsely claim that the Defendants "acknowledge" this position as well, then move on to argue why the appeal is not necessarily dispositive of all claims in these cases. *Id*. In fact, Defendants' argument for a stay is not rooted in any particular test which, if satisfied, *compels* the Court to issue the stay, and Defendants acknowledge this. *See* ECF No. 153 at 5. Instead, it rests on the Court's discretionary power, cited by *M,A,F,K* Plaintiffs in their Opposition, "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998); *see* ECF No. 157 at 5.

*M,A,F,K* Plaintiffs do not address the central issue of judicial economy. Instead, they attempt to limit the potential impact of the *Gomez* appeal by making false claims such as the *Gomez* appeal being made only on behalf of the "non-DV plaintiffs." *Id*. at 6.[1] *M,A,F,K* Plaintiffs also refer to it as a "general appeal," ECF No. 157 at 6, discounting the fact that the *Gomez* appeal goes to the heart of what is being litigated in all of these cases: the legality of Presidential Proclamations

---

[1] The *Gomez* Notice of Appeal lists Plaintiffs-Appellants who are diversity visa recipients. *See* ECF No. 139 at 1.

3

10014 and 10052 and their implementation and enforcement as a whole. ECF No. 139 at 1. This appeal, if successful, would affect all plaintiffs in all five consolidated cases, as it would enjoin the Proclamations or their implementation in their entirety. If the D.C. Circuit finds that the *Gomez* plaintiffs do in fact have a likelihood of success on this issue, fundamentally agreeing with them on the merits of their claim, this would mean that *Gomez* Plaintiffs and all others in these cases would receive the relief they demanded in their respective motions for preliminary injunction. Red herrings such as the quantity of diversity visa plaintiffs in the respective cases, *see* ECF No. 157 at 6, have nothing to do with whether the appeal is dispositive in this regard. Also, *M,A,F,K* Plaintiffs stress the technical distinction between the appeal of a preliminary injunction and the final merits to be decided by this Court. *Id.* at 7. This ignores the fact that a victorious appeal for *Gomez* Plaintiffs would necessarily affect this Court's adjudication of the merits in these cases.

A successful plaintiffs' appeal would alter the landscape of these cases, but it is not the only scenario capable of this. Defendants, while considering their arguments for motions to dismiss in this Court, are also considering cross-appeal options. Like a victory for *Gomez* Plaintiffs on the basic legitimacy of the Presidential Proclamations, a successful cross-appeal on the likelihood of success on the merits would dramatically affect the proceedings in these five cases. For instance, a D.C. Circuit determination that a preliminary injunction should not have been issued because the law allows the State Department to refuse to issue visas pursuant to the Proclamations would upend a determination that this Court may make to the contrary when deciding the merits.

*M,A,F,K* Plaintiffs assert that Defendants "do not make a 'clear and convincing' argument that the issues on appeal are dispositive," and that because a motion to dismiss has not been filed, a position based on what the court will have to consider is "conjecture." *Id*. Aside from the point

4

above that there is no requirement that the issue on appeal must be dispositive of all claims in order to prudently warrant a stay, the "clear and convincing" standard implied by *M,A,F,K* Plaintiffs appears to have been created out of whole cloth. In fact, all applications of the divestiture rule and the first-to-file rule are based on some form of "conjecture." A Court should consider the redundancies and conflicting rulings that *may* result from proceeding to decide issues that are on appeal. *M,A,F,K* Plaintiffs do not address these possibilities at all. Their fabricated tests and standards should not distract from the "general principle" of "avoid[ing] duplicative litigation," *see Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, and the strong possibility of an appeal—whether resolved in favor of plaintiffs or defendants—requiring duplicative briefings, hearings and rulings in these five cases.

Aside from their groundless arguments against Defendants' reasons for granting a stay, *M,A,F,K* Plaintiffs offer little to support their position *against* a stay. They assert that "further delays would cause undue harm to diversity visa Plaintiffs…" ECF No. 157 at 11, but do not describe what this harm could be. Aside from a general interest in resolution common to every plaintiff's case, there is no rush in *M,A,F,K* Plaintiffs' situation, given that this Court ordered the State Department to reserve diversity visa numbers precisely to avoid the harm of delayed adjudication. They argue that the *Gomez* Plaintiffs' consent to a stay in exchange for an expedited appellate briefing schedule shows that "their priorities lie with their Non-DV Plaintiffs." *Id.* at 9. In fact, it shows *Gomez* Plaintiffs' and Defendants' interest in a speedy resolution of the appeal, which will affect their district court case along with all other consolidated cases. In considering a stay, courts must "weigh competing interests and maintain an even balance between the court's interests in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v.*

*Gov't of Belize*, 668 F.3d 724, 732–33 (D.C. Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (internal quotation marks omitted)). Given the broad nature of the *Gomez* appeal and potential cross-appeal, the risk of duplicative litigation is great for all of these five consolidated cases. On the other hand, there is no particular hardship to the parties in awaiting the D.C. Circuit's decision before proceeding. Therefore, the Defendants request that the Court stay these cases until after the D.C. Circuit's mandate issues in *Gomez* Plaintiffs' appeal.

October 20, 2020

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General, Civil Division

WILLIAM C. PEACHEY
Director, Office of Immigration Litigation, District Court Section

COLIN A. KISOR
Deputy Director

GLENN M. GIRDHARRY
Assistant Director

*/s/ Christopher Lyerla*
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
Washington, D.C. 20044
(202) 598-3967
Christopher.T.Lyerla@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2020, I electronically filed the foregoing DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO STAY PROCEEDINGS PENDING APPEAL with the Clerk of the Court by using the CM/ECF system, which will provide electronic notice and an electronic link to this document to all attorneys of record.

          By: */s/ Christopher T. Lyerla*
               CHRISTOPHER T. LYERLA
               Trial Attorney
               United States Department of Justice
               Civil Division