# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CLAUDINE NGUM FONJONG, FESTUS SUH NEBA, M.A.M.S.,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

OLEKSANDRA V KAPINAS,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

NJINUWOH NDIFON NESTOR,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

CATHY BOFUMBO ELUO, ELIE VARANGBA GIA,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

GEORGE SAMIR MESSIHA DAWOOD, YOUSTINA SAMIR BAGHDADY AZER, K.G.S.M.,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

Case No. 20-cv-2128-APM

**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR WRIT OF MANDAMUS**

ALEXEY NICOLAEVICH LITVINOV, NATALIA
VICTOROVNA LITVINOVA, ELENA KIRILLOVNA
STAVRAKOVA,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

LIAN IVETTE AIMEE NATALIE VAN DER WEEL,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

SOFIA SALEH,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

POIREAULT MALONGA FIENGA, JESSICA LUILA
NKIERI,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

SHERIN ABDELFATTAH ELHANAFI, AHMED
MOHAMED SAMIR ABOU STAIT, L.A.A.,
O.A.A.,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

GIANCARLO CASTELLAN, AURORA BISOGNIN, M.C., R.C.,

  C/O THE LAW OFFICE OF RAFAEL URENA
  925 N. LA BREA AVE, 4TH FLOOR
  LOS ANGELES, CA 90038

PLAINTIFF(S),

LEUGOUE MOUTCHEU ROBBY LANKY,

  C/O THE LAW OFFICE OF RAFAEL URENA
  925 N. LA BREA AVE, 4TH FLOOR
  LOS ANGELES, CA 90038

PLAINTIFF(S),

LORENC SHABA, JULJANA PERGEGA,

  C/O THE LAW OFFICE OF RAFAEL URENA
  925 N. LA BREA AVE, 4TH FLOOR
  LOS ANGELES, CA 90038

PLAINTIFF(S),

GEDEON MPUTU LUFUNGULA JAEL BERNADETTE
PAKAMA, JAEL PAKAMA BERNADETTE,

  C/O THE LAW OFFICE OF RAFAEL URENA
  925 N. LA BREA AVE, 4TH FLOOR
  LOS ANGELES, CA 90038

PLAINTIFF(S),

RACHEL MBOKEBOTE BOLONKALL, JEAN LIONGO
MBOBA, J.M.M., J.M.M., J.M.M., D.E.M.
S.L.M.,

  C/O THE LAW OFFICE OF RAFAEL URENA
  925 N. LA BREA AVE, 4TH FLOOR
  LOS ANGELES, CA 90038

PLAINTIFF(S),

MITCH VAN LOOK,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

RAIMUND MATTHIAS HEPP,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

ELMOUNTASIR AHMED ELKADIR SOURIG, SARA
HASSAN ELNOUR MOHAMED, A.E.A.E., A.E.A.E.,
A.E.A.E.,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

ANNE MERVEILLE KIPPE MBANG,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

EVGENIA ZORNIA, ANTON KOZYREV, E.K, M.K,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

FRANCESCA MARZANO,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

VLADISLAV PHILIPPOV, MARINA FILIPPOVA,

    C/O THE LAW OFFICE OF RAFAEL URENA
    925 N. LA BREA AVE, 4TH FLOOR
    LOS ANGELES, CA 90038

PLAINTIFF(S),

PHILIP MARCUS RUFUS KNAUF, PIA ANONG
PHANAPHET,

    C/O THE LAW OFFICE OF RAFAEL URENA
    925 N. LA BREA AVE, 4TH FLOOR
    LOS ANGELES, CA 90038

PLAINTIFF(S),

MARC DI ROSA,

    C/O THE LAW OFFICE OF RAFAEL URENA
    925 N. LA BREA AVE, 4TH FLOOR
    LOS ANGELES, CA 90038

PLAINTIFF(S),

GIZEM DEMIREL,

    C/O THE LAW OFFICE OF RAFAEL URENA
    925 N. LA BREA AVE, 4TH FLOOR
    LOS ANGELES, CA 90038

PLAINTIFF(S),

POLINA STETCIUK, ANTON ZVONTCOV, M.Z.,

    C/O THE LAW OFFICE OF RAFAEL URENA
    925 N. LA BREA AVE, 4TH FLOOR
    LOS ANGELES, CA 90038

PLAINTIFF(S),

ORLANDO MONTANO MEDEROS,

    C/O THE LAW OFFICE OF RAFAEL URENA

925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

MOTASEM HANI ATTIEH,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

BOKUNGU BOMENGO BENJAMIN,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

PADAM BAHADUR KC,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

SAMIR MEHDIYEV,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

OLEG BORYS, KATERYNA SMIRNOVA, Y.R.,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

LEANDRO JONES ROIG, CAROLINA ROCHA
CHIMENCEJI,

  C/O THE LAW OFFICE OF RAFAEL URENA
  925 N. LA BREA AVE, 4TH FLOOR
  LOS ANGELES, CA 90038


PLAINTIFF(S),

SEYED VAHID SHOJAEI,

  C/O THE LAW OFFICE OF RAFAEL URENA
  925 N. LA BREA AVE, 4TH FLOOR
  LOS ANGELES, CA 90038


PLAINTIFF(S),

DORELA LIFO

  C/O THE LAW OFFICE OF RAFAEL URENA
  925 N. LA BREA AVE, 4TH FLOOR
  LOS ANGELES, CA 90038

PLAINTIFF(S),

TAMER OSSAMA MOUSTAFA ABDELGAWAD
ELSHAMI,

  C/O THE LAW OFFICE OF RAFAEL URENA
  925 N. LA BREA AVE, 4TH FLOOR
  LOS ANGELES, CA 90038

PLAINTIFF(S),

YURELIS SOTO REINA, K.O.S.S., K.M.V.S.,

  C/O THE LAW OFFICE OF RAFAEL URENA
  925 N. LA BREA AVE, 4TH FLOOR
  LOS ANGELES, CA 90038


PLAINTIFF(S),

HIWOT BERTA TIRYE,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

BALKRISHNA LUINTEL,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

KPESSOU ADRIME,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

KATIA ELENA CASANOVA DELGADO, LEONARDO
RIFÁ MONTANÉ,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

NATHALIE NADEGE NGUEFACK TSOUTSOP. E.B.K.K.,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

SABAA FADHL ALI HUSSEIN, AWAD MUSAEED ALI
HUSSEIN, H.A.M.A.H., N.A.M.A.H., Z.A.M.A.H.,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

ARMAGHAN KHAKZAD, SAEID SHOAEE,

     C/O THE LAW OFFICE OF RAFAEL URENA
     925 N. LA BREA AVE, 4TH FLOOR
     LOS ANGELES, CA 90038


PLAINTIFF(S),

MARTIN ROTH,

     C/O THE LAW OFFICE OF RAFAEL URENA
     925 N. LA BREA AVE, 4TH FLOOR
     LOS ANGELES, CA 90038


PLAINTIFF(S),

HENRI MUKOBO KAKWATA

     C/O THE LAW OFFICE OF RAFAEL URENA
     925 N. LA BREA AVE, 4TH FLOOR
     LOS ANGELES, CA 90038

PLAINTIFF(S),

YURII BOLIUK, ANZHELA KULYNYCH,

     C/O THE LAW OFFICE OF RAFAEL URENA
     925 N. LA BREA AVE, 4TH FLOOR
     LOS ANGELES, CA 90038

PLAINTIFF(S),

MOHAMED MOKHTAR AHMED ABDELRAHMAN,
SARA HAMDY MOHAMED IBRAHIM, J.M.M.A.A.,
H.M.M.A.A., H.M.M.A.A.,

     C/O THE LAW OFFICE OF RAFAEL URENA
     925 N. LA BREA AVE, 4TH FLOOR
     LOS ANGELES, CA 90038

PLAINTIFF(S),

NORGES SAM ARAGON, IDANIA GONZALEZ
CABRERA, D.S.G, D.S.G,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

ABDULHAMID SHARIFF AHMED

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

SANGOU KOUOTOU LEONEL

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

LAXMAN GIRI

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

MAHBOOBEH PEYVAS, BABAK PARHOUDEH, P.P.,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

NARIMAN DAVARANI,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR

LOS ANGELES, CA 90038

PLAINTIFF(S),

GONUL OZKILIC, ALI OZKILIC, S.H.O., S.A.O.,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

TALGAT TLEUBAYEV, MADINA TLEUBAEV,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

LUMADI PRASAD ADHIKARI, SUJITA KHATIWADA,
A.A, A.A.,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

TAYLOR PAUL MARTIN

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

IVAN DELGADO GOENAGA

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

ELSJONA BRAHAJ, XHEK PRECETAJ, M.P.,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

LIUBOU KAVALENKA, DZMITRY KAVALENKA, A.K,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

ALEXANDR KHODORKOVSKIY, GULSINYA
AKHMETOVA,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

FARZAD VAHABIDEHKORDI, SHABNAM
DAEIREZAEI, A.V.

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

ABYLAY MURAT, AIDA MURAT,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

SHIMA SHADMEHRI,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

PARISA ABDOLLAHI, SHAHROOZ VAFAIKHAH, A.V.,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

ALEXANDRU ROTARU, MARIA ROTARU, V.R., A.R.,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

EVGENY PAVLOVICH ZAVITNEVICH, LILIYA
VALENTINOVNA ZAVITNEVICH,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

KAROLINA VUKOJICIC, ANDRIJA PETROVIC,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

JOY WAMBUI WANJOHI,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

ENDER YILDIZ, MEHTAP YILDIZ,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

FUMIKO TSURUTA, S.T,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

ALEKSANDR KOTOVICH, OLESIA KOTOVICH, A.K,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

RUNGSIRAT NGAOSINCHAI,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

MEAAD MOHAMED FATHI AHMED, MUBARAK
AHMED MOHAMED KHALED, S.M.A.M, M.M.A.M,
A.M.A.M, R.M.A.M.,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

NADA YOUSEF MOHAMMED OSMAN, MOHAMED
ABDALLA YASEIN OSMAN, S.M.A.Y., A.B.M.A.Y..
A.M.A.Y.,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

METANAT MOJTABA, RAISI TAYEBEH, K.M., K.M.,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

DMITRY MORDVINTSEV, OLGA DUBACHYOVA,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

YURY KLAUSUTS,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

ABUBAKR ABDELSALAM OSMAN ABDELRAHMAN,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

OROD LADAN, MARYAM BAYANDORIHA,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

EDMOND KORBI, DJANA KORBI, G.K., S.K.,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

ABDELTAWAB OSAMA ABDELKADER,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

TIAGO SONGABIO JACOB,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

LOREDANA MORGANE LIBERA PHILIPPE,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

AKMARAL KAMZAGALIYEVA,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

OMER ABDALLA HASSAN MOHAMED,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR

LOS ANGELES, CA 90038

PLAINTIFF(S),

NAZAROV AVAZ ABDURASHIDOVICH,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

KHASHAYAR AZIZSANI,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

SEMIHA UNLU, GOKHAN UNLU, S.E.U,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

KARIM EL HAJJAR

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

DENIS MARTYNENKO, ANNA MARTYNENKO, V.M.,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

NICHITA COVALENCO, ALINA BANUL,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

BRUNETTE TONA MALUNGANA, MUKAMBA
ILUNGA JONAS PATRICK,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

SHAHRAM MEHRAFROOZ, SALOOMEH ESMAEILI,
E.M.,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

KAVIRA ALINE KATAVALI, BOKULA MERVEILLE
ABILI,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

RUPA SHAH, SOM RAJ SHAHI, R.S, B.B.S.,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

WLADIMIR MARMOL AVENDANO, YAJAIRA
JOSEFINA LEON DE MARMOL,

C/O THE LAW OFFICE OF RAFAEL URENA
925 N. LA BREA AVE, 4TH FLOOR
LOS ANGELES, CA 90038

PLAINTIFF(S),

FATHELRAHMAN YOUSIF ALI SIDAHMED,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

MOISE KAHAMBA LONGAMBO,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

MOHAMED ABDIRASHID MOHAMUD,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

EDDY NGILA BOTAMBA, LYDIE NTEMO
MBIYAVANGA, K.N.D., K.N.B., K.N.N.,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

WIPHAPHORN CHATPONG,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

ARGELIO AVILA MORENO, BARBARA MAGDIEL
MORENO PEREZ, L.M.A.M., L.M.A.M.,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

BEHROUZ KHOSRAVANI NAZARI, PARISA
HONARMAND,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

KIDIST GEBRE CHEGEN,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

WOLDIE KIDUS GETAHUN,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

NOELVIS RODRIGUEZ IGLESIA,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

EBER BETANCOURT AVALO, YENISLEY RAMOS
ALARCON

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR

LOS ANGELES, CA 90038

PLAINTIFF(S),

NERMEEN ESSAM ELDIN AHMED SALLAM,
MOHAMED GHANEM ABDALLAH MOHAMED
GHANEM, SALMA MOHAMED GHANEM ABDALLAH,
J.M.G.A., Z.M.G.A.

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

    MARIE JOSÉE MULAMBA IOWA NSOMI

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

FRANCYS TELLEZ SOTO, V.E.R.T.

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

MAHDI MOADAB, ELHAM EBRAHIMI, K.M, K.M.,

      C/O THE LAW OFFICE OF RAFAEL URENA
      925 N. LA BREA AVE, 4TH FLOOR
      LOS ANGELES, CA 90038

PLAINTIFF(S),

SAID HUSEYN SULTANOV,

    C/O THE LAW OFFICE OF RAFAEL URENA
    925 N. LA BREA AVE, 4TH FLOOR
    LOS ANGELES, CA 90038

PLAINTIFF(S),

    V.

DONALD J. TRUMP, IN HIS CAPACITY AS PRESIDENT
OF THE UNITED STATES;

  SERVE: DONALD J. TRUMP
          PRESIDENT OF THE
          UNITED STATES OF AMERICA
          1600 PENNSYLVANIA AVENUE NW
          WASHINGTON, DC 20500

DEFENDANT,

MICHAEL R. POMPEO, IN HIS CAPACITY AS
SECRETARY OF STATE,

  SERVE: EXECUTIVE OFFICE
          OFFICE OF THE LEGAL ADVISER
          SUITE 5.600
          600 19TH ST. NW
          WASHINGTON, DC 20522

DEFENDANT.

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

JURISDICTION AND VENUE ........................................................................................... 6

PARTIES .............................................................................................................................. 6

  PLAINTIFFS ..................................................................................................................... 6

  DEFENDANTS ..............................................................................................................119

FACTUAL ALLEGATIONS ........................................................................................... 120

   A.      DIVERSITY VISA IMMIGRANT PROGRAM.......................................................120

   B.      DIVERSITY VISA ANIMUS ................................................................................125

   C.      DEFENDANTS HAVE CHANGED THE LAW AND SUSPENDED THE
            ADJUDICATION OF IMMIGRANT VISAS FOR DV-2020 SELECTEES ..........131

   D.      DEFENDANTS UNLAWFULLY RELY ON PP 10014, PP 10052, PP 9645
            AND OTHER PRESIDENTIAL PROCLAMATIONS TO SUSPEND THE
            ADJUDICATION AND ISSUANCE OF IMMIGRANT VISA
            APPLICATIONS FOR DV-2020 PROGRAM SELECTEES AND THEIR
            DERIVATIVE BENEFICIARIES.............................................................................134

   E.      REFUSED ADJUDICATION OF DIVERSITY VISAS BY IMPROPERLY
            RELYING ON INA § 212(f) ...................................................................................139

CAUSES OF ACTION ...................................................................................................... 140

   A.      First Claim for Relief: Agency Action That is Arbitrary and Capricious, An
            Abuse of Discretion, and Otherwise Not in Accordance with Law in Violation
            of 5 U.S.C. § 706(2)(A) ..........................................................................................140

   B.      Second Claim for Relief: Agency Action Without Observance of Procedure
            Required by Law in Violation of 5 U.S.C. § 706(2)(D) ...........................................142

   C.      Third Claim for Relief: Agency Action Not Concluded within a Reasonable
            Time 5 U.S.C. § 555(b).............................................................................................144

   D.      Fourth Claim for Relief: Arbitrary and Capricious Policymaking, Contrary to
            APA § 706(2)..........................................................................................................147

   E.      Fifth Claim for Relief: Mandamus Act, 28 U.S.C. § 1361 .....................................149

   F.      Sixth Claim for Relief: Violation of the Take Care Clause, Art. II, § 3, Cl. 5 ..........149

PRAYER FOR RELIEF .................................................................................................... 151

## **INTRODUCTION**

1.  Plaintiffs are 243 Diversity Visa program selectees and derivative beneficiaries from 36 countries. Plaintiffs include doctors and nurses, successful businesspeople intent on creating jobs in the United States, people yearning to be reunited with their families, and children with limitless potential.  Plaintiffs all yearn for a life in the shining city upon a hill and its beacon of hope – the American Dream.



Fonjong v Trump

World map displaying the 36 countries our plaintiffs are from

2.  Plaintiffs hereby challenge the U.S. Department of State's (hereafter referred to as the "Department") adoption of policies, procedures, and practices implemented pursuant to Presidential Proclamation 10014 (hereafter "PP 10014"), its extension in Presidential Proclamation 10052 (hereafter "PP 10052"), Presidential Proclamation 9645 (hereafter "PP 9645"), and the various presidential proclamations related to regional travel bans, which suspend  the processing of immigrant visa applications for individuals selected in

the fiscal year 2020 Diversity Visa Program (hereafter "DV-2020 program") and the resulting unlawful withholding of issuances of visas to eligible applicants.

3.   All Plaintiffs, either as DV-2020 selectees or as derivative spouses or children, have been invited by the Department to apply for the DV-2020 program.

4.   All Plaintiffs have submitted immigrant visa applications pursuant to their DV-2020 program selection, and submitted all required documents to the Department's Kentucky Consular Center ("KCC").

5.   Plaintiffs hereby seek an order requiring Defendant President Trump, Secretary Michael R. Pompeo, and the Department to set aside the Department's unlawful policies, procedures, and practices suspending the adjudication of immigrant visa applications for DV-2020 selectees, fulfill their mandatory, non-discretionary duty to adjudicate Plaintiffs' immigrant visa applications, and issue decisions on their applications before September 30, 2020.

6.   Plaintiffs also hereby seek an order mandating Defendants to reserve visas numbers for Plaintiffs beyond September 30, 2020 in the event that Defendants fail to fully adjudicate and issue Plaintiffs' visas before the deadline.

7.   For Plaintiffs, the stakes are high and a matter of extreme urgency. By statute, DV-2020 program selectees must have their visas adjudicated and issued before midnight on September 30, 2020.

8.   Should the Plaintiffs not have their visas issued before midnight on September 30, 2020, barring a protective order from this Court, Plaintiffs, will lose their opportunity to immigrate to the United States of America through the DV-2020 program as a result of Defendants' unlawful actions.

9.  With over 23 million entrants a year, a diversity visa entrant has less than a one percent chance to be selected to apply for the visa. The probability of being selected twice is .00025%.

10.  Defendants have suspended the DV-2020 program through policies, procedures, and practices that are contrary to the Immigration and Nationality Act ("INA"), federal regulations, and preexisting Department policies governing the adjudication of the program.

11.  Defendants' policies, procedures, and practices suspend: (1) processing of applications for the DV-2020 program at the KCC; (2) scheduling of mandatory immigrant visa interviews for DV-2020 program selectees and their derivative beneficiaries at United States Embassies and Consulates; (3) adjudications for already submitted applications pending decisions by consular officers; and (4) reissuance of visas expired due to PP 10014 and PP 10052's suspension of entry due to COVID-19.

12.  Defendants' policies, procedures, and practices will remain in place through September 30, 2020 and effectively end the DV-2020 program.

13.  Defendants policies, procedures, and practices suspending the Diversity Visa Program rests, in part, on the Presidential Proclamation 10014, *Proclamation Suspending Entry of Aliens Who Present a Risk to the U.S. Labor Market Following the Coronavirus Outbreak* (April 23, 2020), and its extension in Presidential Proclamation 10052, *Suspension of Entry of Immigrants and Nonimmigrants Who Present a Risk to the United States Labor Market During the Recovery Following the 2019 Novel Coronavirus Outbreak*.

14.  Other obstacles 2020 DV selectees have faced are the use of additional Presidential Proclamations by Defendants to refuse to adjudicate Plaintiffs' Diversity Visas.

Defendants have relied on: (1) Presidential Proclamation 9984, *Suspension of Entry as Immigrants and Nonimmigrants of Certain Additional Persons Who Pose a Risk of Transmitting 2019 Novel Coronavirus* (suspending entry for persons who were present in the Republic of China within 14 days of seeking entry into the United States); (2) Presidential Proclamation 9992, *Suspension of Entry as Immigrants and Nonimmigrants of Certain Additional Persons Who Pose a Risk of Transmitting 2019 Novel Coronavirus* (same for Iran); (3) Presidential Proclamation 9993, *Suspension of Entry as Immigrants and Nonimmigrants of Certain Additional Persons Who Pose a Risk of Transmitting 2019 Novel Coronavirus* (same for the Schengen Area); (4) Presidential Proclamation 9996, *Suspension of Entry as Immigrants and Nonimmigrants of Certain Additional Persons Who Pose a Risk of Transmitting 2019 Novel Coronavirus* (same for the United Kingdom and Ireland); (5) Presidential Proclamation 10041, *Suspension of Entry as Immigrants and Nonimmigrants of Certain Additional Persons Who Pose a Risk of Transmitting 2019 Novel Coronavirus* (same for Brazil), (6) Presidential Proclamation 9945, *Suspension of Entry of Immigrants Who Will Financially Burden the United States Healthcare System*, (7) Presidential Proclamation 9983, *Improving Enhanced Vetting Capabilities and Processes for Detecting Attempted Entry*; and (8) Presidential Proclamation 9645, *Enhancing Vetting Capabilities and Processes for Detecting Attempted Entry Into the United States by Terrorists or Other Public-Safety Threats* to further effectuate their unlawful policies, programs, and practices of dismantling the Diversity Visa Program.

15.    These entry bans derive their authority from 8 U.S.C. § 1192(f), which provides only that the President can suspend entry, not visa issuance. *See Hawaii v. Trump*, 138 S. Ct.

at 2414 & n.3 (recognizing "the basic distinction between admissibility determinations," i.e., entry determinations, and "visa issuance that runs through the INA").

16. Plaintiffs have received emails from U.S. Embassies and Consulates stating: "Unfortunately, Diversity Visa applicants are not exempt of the current Travel Ban and there are [sic] no waiver eligible. Hence, [Defendants are] putting all Diversity Visa applications on hold until the Travel Ban is lifted."

17. State Department officials and media outlets have repeated this message and informed all DV-2020 visa applicants that the adjudications of their visas have been suspended through December 31, 2020 pursuant to PP 10014 and PP 10052.

18. Defendants' Certified Administrative Record ("CAR") unequivocally proves that Defendants' practices, policies, and procedures to unreasonably delay adjudicating Plaintiffs' diversity visas and to unlawful withhold said visas constitutes final agency action. *See* CAR at 000001, 000012, 0000275.

19. The Department's practices, policies, and procedures refusing to adjudicate immigrant visa applications for DV-2020 selectees and their derivative beneficiaries and issue, or reissue, visas to eligible applicants is unlawful and violates non-discretionary duty to adjudicate immigrant visa applications.

20. Plaintiffs are requesting that the Court: (1) mandate Defendants reserve visa numbers for Plaintiffs through the pendency of litigation, (2) declare Defendants' policies, procedures, and practices suspending Plaintiffs' visa applications unlawful, (3) order Defendants to fully adjudicate Plaintiffs' immigrant visa applications before the statutory deadline on September 30, 2020, and issue visas to eligible applicants in accordance with law. If Plaintiffs receive their visas, Plaintiffs request their visas be preserved until the suspension is lifted and they are permitted to enter the United States.

## JURISDICTION AND VENUE

21. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1361, and 42 U.S.C. § 1983. Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure. The Court has remedial authority pursuant to 28 U.S.C. § 1361, 28 U.S.C. §2201, and 5 U.S.C. § 702.

22. Venue is proper pursuant to 28 U.S.C. § 1391 (e)(1)(A) because Defendant Michael R. Pompeo, in his official capacity as Secretary of State, resides in the District, and pursuant to 28 U.S.C. § 1391(e)(1)(B) because a substantial part of the events or omissions giving rise to the claim occurred in this District, namely, the formulation and promulgation of the challenged policies, procedures, and practices suspending the adjudication of immigrant visas for DV-2020 program selectees.

## PARTIES

**PLAINTIFFS**

**Claudine Ngum Fonjong**

23. Claudine Ngum Fonjong  is a native of Cameroon and DV-2020 selectee.

24. Plaintiff Festus Suh Neba is a native of Cameroon and spouse of Claudine Ngum Fonjong. Festus Suh Neba is eligible to immigrate to the United States as a derivative beneficiary of Claudine Ngum Fonjong should they be issued an immigrant visa pursuant to their DV-2020 selection.

25. Plaintiff M.A.M.S. is a native of Cameroon and one-year-old minor child of Claudine Ngum Fonjong  is eligible to immigrate to the United States as a derivative beneficiary

of Claudine Ngum Fonjong  should they be issued an immigrant visa pursuant to their DV-2020 selection.

26. Claudine Ngum Fonjong holds a State Diploman from Bianka University Institute Buea Cameroon in Midwifery/Nursing, and owned her own pharmacy from 2017 up to February 2020.  Festus Suh Neba has a Bachelor's Degree in English and Literature from University of Douala in Cameroon and was a teacher before recently becoming a safety and security officer.

27.  On May 7, 2019, Claudine Ngum Fonjong  and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

28.  The KCC assigned Plaintiff Claudine Ngum Fonjong  2020AF67798.

29.  On June 19, 2019, Plaintiff Claudine Ngum Fonjong  submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

30.  On June 19, 2019, Plaintiff Festus Suh Neba submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

31.  On June 19, 2019, Plaintiff M.A.M.S. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

32.  Plaintiffs Claudine Ngum Fonjong , Festus Suh Neba, and M.A.M.S. have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

33.  To date, Plaintiffs Claudine Ngum Fonjong , Festus Suh Neba, and M.A.M.S have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

34.    The adjudications of Plaintiffs Claudine Ngum Fonjong , Festus Suh Neba, and M.A.M. S's immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Oleksandra V Kapinas**

35.    Oleksandra V Kapinas is a native of Ukraine and DV-2020 selectee.

36.    On May 7, 2019 Oleksandra V Kapinas was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

37.    The KCC assigned Plaintiff Oleksandra V Kapinas visa case number 2020EU2894.

38.    On November 26, 2019, Plaintiff Oleksandra V Kapinas submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

39.    Plaintiff Oleksandra V Kapinas has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

40.    Plaintiff Oleksandra V Kapinas had an interview on March 4, 2020.

41.    The adjudication of Plaintiff Oleksandra V Kapinas immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Njinuwoh Ndifon Nestor**

42.    Njinuwoh Ndifon Nestor is a native of Cameroon and DV-2020 selectee.

43.    On May 7, 2019, Njinuwoh Ndifon Nestor was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

44.    The KCC assigned Plaintiff Njinuwoh Ndifon Nestor visa case number 2020AF00028315.

45.  On May 28, 2019, Plaintiff Njinuwoh Ndifon Nestor submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

46.  Plaintiff Njinuwoh Ndifon Nestor has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

47.  To date, Plaintiff Njinuwoh Ndifon Nestor has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

48.  The adjudication of Plaintiff Njinuwoh Ndifon Nestor immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Cathy Bofumbo Eluo**

49.  Cathy Bofumbo Eluo is a native of the Democratic Republic of Congo and DV-2020 selectee.

50.  Elie Varangba Gia is a native of the Democratic Republic of Congo and spouse of Cathy Bofumbo Eluo. Elie Varangba Gia is eligible to immigrate to the United States as a derivative beneficiary of Cathy Bofumbo Eluo should they be issued an immigrant visa pursuant to their DV-2020 selection.

51.  On May 7, 2019, Cathy Bofumbo Eluo was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

52.  The KCC assigned Plaintiff Cathy Bofumbo Eluo visa case number 2020AF0015925.

53.  On August 4, 2019 Plaintiff Cathy Bofumbo Eluo submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

54.  On August 19, 2019 Plaintiff Elie Varangba Gia submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

55.     Plaintiffs Cathy Bofumbo Eluo and Elie Varangba Gia have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

56.     Plaintiffs Bofumbo Eluo and Elie Varangba Gia were scheduled for an interview on April 23, 2020 but the interview was cancelled.

57.     To date, Plaintiffs Bofumbo Eluo and Elie Varangba Gia have not been rescheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

58.     The adjudications of Plaintiffs Bofumbo Eluo and Elie Varangba Gia immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**George Samir Messiha Dawood**

59.     George Samir Messiha Dawood is a native of Egypt and DV-2020 selectee.

60.     Plaintiff Youstina Samir Baghdady Azer is a native of Egypt and spouse of George Samir Messiha Dawood.  Youstina Samir Baghdady Azer is eligible to immigrate to the United States as a derivative beneficiary of George Samir Messiha Dawood should they be issued an immigrant visa pursuant to their DV-2020 selection.

61.     Plaintiff K.G.S.M. is a native of Egypt and minor child of George Samir Messiha Dawood. K.G.S.M. is eligible to immigrate to the United States as a derivative beneficiary of George Samir Messiha Dawood should they be issued an immigrant visa pursuant to their DV-2020 selection.

62.     On May 7, 2019, George Samir Messiha Dawood and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

63.     The KCC assigned Plaintiff George Samir Messiha Dawood visa case number 2020AF37090.

64.     On May 16, 2019 Plaintiff George Samir Messiha Dawood submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

65.     On May 16, 2019 Plaintiff Youstina Samir Baghdady Azer submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

66.     On May 16, 2019 Plaintiff K.G.S.M. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

67.     Plaintiffs George Samir Messiha Dawood, Youstina Samir Baghdady Azer and K.G.S.M.   have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

68.     To date, Plaintiffs George Samir Messiha Dawood, Youstina Samir Baghdady Azer and K.G.S.M. have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

69.     The adjudications of Plaintiffs  George Samir Messiha Dawood, Youstina Samir Baghdady Azer and K.G.S.M.'s immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Alexey Nicolaevich Litvinov**

70.     Alexey Nicolaevich Litvinov is a native of Russia and DV-2020 selectee.

71.    Plaintiff Natalia Victorovna Litvinova is a native of Russia and spouse of Alexey Nicolaevich Litvinov. Natalia Victorovna Litvinova is eligible to immigrate to the United States as a derivative beneficiary of Alexey Nicolaevich Litvinov should they be issued an immigrant visa pursuant to their DV-2020 selection.

72.    Plaintiff Elena Kirillovna Stavrakova is a native of Russia and the child of Alexey Nicolaevich Litvinov. Elena Kirillovna Stavrakova is eligible to immigrate to the United States as a derivative beneficiary of Alexey Nicolaevich Litvinov should they be issued an immigrant visa pursuant to their DV-2020 selection.

73.    On May 7, 2019, Alexey Nicolaevich Litvinov was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

74.    The KCC assigned Plaintiff Alexey Nicolaevich Litvinov visa case number 2020EU42452.

75.    On May 9, 2020, Plaintiff Alexey Nicolaevich Litvinov submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

76.    On May 9, 2020, Plaintiff Natalia Victorovna Litvinova submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

77.    On May 9, 2020, Plaintiff Elena Kirillovna Stavrakova submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

78.    Plaintiffs Alexey Nicolaevich Litvinov, Natalia Victorovna Litvinova, and Elena Kirillovna Stavrakova have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

79.    To date, Plaintiffs Alexey Nicolaevich Litvinov, Natalia Victorovna Litvinova, and Elena Kirillovna Stavrakova have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

80. The adjudications of Plaintiffs Alexey Nicolaevich Litvinov, Natalia Victorovna Litvinova, and Elena Kirillovna Stavrakova's immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Lian Ivette Aimee Natalie Van Der Weel**

81. Lian Ivette Aimee Natalie Van Der Weel is a native of the Netherlands and DV-2020 selectee.

82. On May 7, 2019, Lian Ivette Aimee Natalie Van Der Weel was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

83. The KCC assigned Plaintiff Lian Ivette Aimee Natalie Van Der Weel visa case number 2020EU20237.

84. On May 14, 2019, Plaintiff Lian Ivette Aimee Natalie Van Der Weel submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

85. Plaintiff Lian Ivette Aimee Natalie Van Der Weel has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

86. Plaintiff Lian Ivette Aimee Natalie Van Der Weel had an interview on April 7, 2020.

87. To date, Plaintiff Lian Ivette Aimee Natalie Van Der Weel has not been rescheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

88. The adjudication of Plaintiff Lian Ivette Aimee Natalie Van Der Weel immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

13

**Sofia Saleh**

89.     Sofia Saleh is a native of France and DV-2020 selectee.

90.     On May 7, 2019, Sofia Saleh was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

91.     The KCC assigned Plaintiff Sofia Saleh visa case number 2020EU00015506.

92.     On May 15, 2019, Plaintiff Sofia Saleh submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

93.     Plaintiff Sofia Saleh has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

94.     Plaintiff Sofia Saleh was scheduled for an interview on April 15, 2020 but the interview was cancelled.

95.     Plaintiff Sofia Saleh was rescheduled for an interview on June 3, 2020 but the interview was cancelled.

96.     To date, Plaintiff Sofia Saleh  has not been rescheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

97.     The adjudication of Plaintiff Sofia Saleh immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Poireault Malonga Fienga**

98.     Poireault Malonga Fienga is a native of Congo and DV-2020 selectee.

99.     Plaintiff Jessica Luila Nkieri is a native of Congo and spouse of Poireault Malonga Fienga. Jessica Luila Nkieri is eligible to immigrate to the United States as a derivative

beneficiary of Poireault Malonga Fienga should they be issued an immigrant visa pursuant to their DV-2020 selection.

100.    On May 7, 2019, Poireault Malonga Fienga and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

101.    The KCC assigned Plaintiff Poireault Malonga Fienga visa case number 2020AF31985.

102.    On July 11, 2019, Plaintiff Poireault Malonga Fienga submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

103.    On July 16, 2019, Plaintiff Jessica Luila Nkieri submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

104.    Plaintiffs Poireault Malonga Fienga and Jessica Luila Nkieri have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

105.    To date, Plaintiffs Poireault Malonga Fienga and Jessica Luila Nkieri have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

106.    The adjudications of Plaintiffs Poireault Malonga Fienga and Jessica Luila Nkieri's immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Sherin Abdelfattah Elhanafi**

107.    Sherin Abdelfattah Elhanafi is a native of Egypt and DV-2020 selectee.

108.    Plaintiff Ahmed Mohamed Samir Abou Stait is a native of Egypt and spouse of Sherin Abdelfattah Elhanafi. Ahmed Mohamed Samir Abou Stait is eligible to immigrate to the

15

United States as a derivative beneficiary of Sherin Abdelfattah Elhanafi should they be issued an immigrant visa pursuant to their DV-2020 selection.

109.   Plaintiff L.A.A. is a native of Egypt and minor child of Sherin Abdelfattah Elhanafi. L.A.A. is eligible to immigrate to the United States as a derivative beneficiary of Sherin Abdelfattah Elhanafi should they be issued an immigrant visa pursuant to their DV-2020 selection.

110.   Plaintiff O.A.A. is a native of Egypt and minor child of Sherin Abdelfattah Elhanafi. O.A.A. is eligible to immigrate to the United States as a derivative beneficiary of Sherin Abdelfattah Elhanafi should they be issued an immigrant visa pursuant to their DV-2020 selection.

111.   On May 7, 2019, Sherin Abdelfattah Elhanafi and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

112.   The KCC assigned Plaintiff Sherin Abdelfattah Elhanafi visa case number 2020AS00012769.

113.   On October 19, 2019, Plaintiff Sherin Abdelfattah Elhanafi submitted their DS-260, Immigrant Visa Application and Alien Registration pursuant to their DV-2020 selection.

114.   On October 19, 2019, Plaintiff Ahmed Mohamed Samir Abou Stait submitted their DS-260, Immigrant Visa Application and Alien Registration pursuant to their DV-2020 selection.

115.   On October 19, 2019, Plaintiff L.A.A. submitted their DS-260, Immigrant Visa Application and Alien Registration pursuant to their DV-2020 selection.

116.   On October 19, 2019, Plaintiff O.A.A. submitted their DS-260, Immigrant Visa Application and Alien Registration pursuant to their DV-2020 selection.

117.     Plaintiffs Sherin Abdelfattah Elhanafi, Ahmed Mohamed Samir Abou Stait, L.A.A. and O.A.A. have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

118.     Plaintiffs Sherin Abdelfattah Elhanafi, Ahmed Mohamed Samir Abou Stait, L.A.A. and O.A.A. were scheduled for an interview on April 12, 2020 but the interview was cancelled.

119.     To date, Plaintiffs Sherin Abdelfattah Elhanafi, Ahmed Mohamed Samir Abou Stait, L.A.A. and O.A.A. have not been rescheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

120.     The adjudications of Plaintiffs Sherin Abdelfattah Elhanafi, Ahmed Mohamed Samir Abou Stait, L.A.A. and O.A.A.'s immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Giancarlo Castellan**

121.     Giancarlo Castellan is a native of Italy and DV-2020 selectee.

122.     Plaintiff Aurora Bisognin is a native of Italy and spouse of Giancarlo Castellan. Aurora Bisognin is eligible to immigrate to the United States as a derivative beneficiary of Giancarlo Castellan should they be issued an immigrant visa pursuant to their DV-2020 selection.

123.     Plaintiff M.C. is a native of Italy and minor child of Giancarlo Castellan is eligible to immigrate to the United States as a derivative beneficiary of Giancarlo Castellan should they be issued an immigrant visa pursuant to their DV-2020 selection.

124.   Plaintiff R.C. is a native of Italy and minor child of Giancarlo Castellan is eligible to immigrate to the United States as a derivative beneficiary of Giancarlo Castellan should they be issued an immigrant visa pursuant to their DV-2020 selection.

125.   On May 7, 2019, Giancarlo Castellan and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

126.   The KCC assigned Plaintiff Giancarlo Castellan visa case number 2020EU00044902.

127.   On July 7, 2019, Plaintiff Giancarlo Castellan submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

128.   On July 7, 2019, Plaintiff Aurora Bisognin submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

129.   On July 7, 2019, Plaintiff M.C. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

130.   On July 7, 2019, Plaintiff R.C. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

131.   Plaintiffs Giancarlo Castellan, Aurora Bisognin, M.C. and R.C. have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

132.   To date, Plaintiffs Giancarlo Castellan, Aurora Bisognin, M.C. and R.C. have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

133.   The adjudications of Plaintiffs Giancarlo Castellan, Aurora Bisognin, M.C. and R.C.'s immigrant visa applications are suspended pursuant to the Department's policies,

procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Leugoue Moutcheu Robby Lanky**

134.  Leugoue Moutcheu Robby Lanky is a native of Cameroon and DV-2020 selectee.

135.  On May 7, 2019, Leugoue Moutcheu Robby Lanky was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

136.  The KCC assigned Plaintiff Leugoue Moutcheu Robby Lanky visa case number 2020AF00043312.

137.  On July 3, 2019, Plaintiff Leugoue Moutcheu Robby Lanky submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

138.  Plaintiff Leugoue Moutcheu Robby Lanky has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

139.  To date, Plaintiff Leugoue Moutcheu Robby Lanky has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

140.  The adjudication of Plaintiff Leugoue Moutcheu Robby Lanky immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Lorenc Shaba**

141.  Lorenc Shaba is a native of Albania and DV-2020 selectee.

142.  Plaintiff Juljana Pergega is a native of Albania and spouse of Lorenc Shaba. Juljana Pergega is eligible to immigrate to the United States as a derivative beneficiary of Lorenc Shaba should they be issued an immigrant visa pursuant to their DV-2020 selection.

143.  On May 7, 2019, Lorenc Shaba was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

144.     The KCC assigned Plaintiff Lorenc Shaba visa case number 2020EU00032636.

145.     On June 11, 2019, Plaintiff Lorenc Shaba submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

146.     On June 11, 2019, Plaintiff Lorenc Shaba submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

147.     Plaintiff Juljana Pergega has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

148.     Plaintiffs Lorenc Shaba and Juljana Pergega have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

149.     To date, Plaintiffs Lorenc Shaba and Juljana Pergega have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

150.     The adjudications of Plaintiffs Lorenc Shaba and Juljana Pergega's immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Gedeon Mputu Lufungula Jael Bernadette Pakama**

151.     Gedeon Mputu Lufungula Jael Bernadette Pakama is a native of the Democratic Republic of the Congo and DV-2020 selectee.

152.     Plaintiff Jael Pakama Bernadette is a native of the Democratic Republic of the Congo and spouse of Gedeon Mputu Lufungula Jael Bernadette Pakama. Jael Pakama Bernadette is eligible to immigrate to the United States as a derivative beneficiary of Gedeon Mputu Lufungula Jael Bernadette Pakama should they be issued an immigrant visa pursuant to their DV-2020 selection.

153.    On May 7, 2019, Gedeon Mputu Lufungula Jael Bernadette Pakama was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

154.    The KCC assigned Plaintiff Gedeon Mputu Lufungula Jael Bernadette Pakama visa case number.

155.    On December 22, 2019, Plaintiff Gedeon Mputu Lufungula Jael Bernadette Pakama submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

156.    On December 22, 2019, Plaintiff Jael Pakama Bernadette submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

157.    Plaintiffs Gedeon Mputu Lufungula Jael Bernadette Pakama and Jael Pakama Bernadette have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

158.    To date, Plaintiffs Gedeon Mputu Lufungula Jael Bernadette Pakama and Jael Pakama Bernadette have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

159.    The adjudications of Plaintiffs Gedeon Mputu Lufungula Jael Bernadette Pakama and Jael Pakama Bernadette's immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Rachel Mbokebote Bolonkall**

160.    Rachel Mbokebote Bolonkall is a native of Congo and DV-2020 selectee.

161.    Plaintiff Jean Liongo Mboba is a native of Congo and spouse of Rachel Mbokebote Bolonkall. Jean Liongo Mboba is eligible to immigrate to the United States as a derivative beneficiary of Rachel Mbokebote Bolonkall should they be issued an immigrant visa pursuant to their DV-2020 selection.

162.    Plaintiff J.M.M. is a native of Congo and minor child of Rachel Mbokebote Bolonkall. J.M.M. is eligible to immigrate to the United States as a derivative beneficiary of Rachel Mbokebote Bolonkall should they be issued an immigrant visa pursuant to their DV-2020 selection.

163.    Plaintiff J.M.M. is a native of Congo and minor child of Rachel Mbokebote Bolonkall. J.M.M. is eligible to immigrate to the United States as a derivative beneficiary of Rachel Mbokebote Bolonkall should they be issued an immigrant visa pursuant to their DV-2020 selection.

164.    Plaintiff J.M.M. is a native of Congo and minor child of Rachel Mbokebote Bolonkall. J.M.M. is eligible to immigrate to the United States as a derivative beneficiary of Rachel Mbokebote Bolonkall should they be issued an immigrant visa pursuant to their DV-2020 selection.

165.    Plaintiff D.E.M. is a native of Congo and minor child of Rachel Mbokebote Bolonkall. D.E.M. is eligible to immigrate to the United States as a derivative beneficiary of Rachel Mbokebote Bolonkall should they be issued an immigrant visa pursuant to their DV-2020 selection.

166.    Plaintiff S.L.M. is a native of Congo and minor child of Rachel Mbokebote Bolonkall. S.L.M. is eligible to immigrate to the United States as a derivative beneficiary of Rachel Mbokebote Bolonkall should they be issued an immigrant visa pursuant to their DV-2020 selection.

167.     On May 7, 2019, Rachel Mbokebote Bolonkall and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

168.     The KCC assigned Plaintiff Rachel Mbokebote Bolonkall visa case number 2020AF37128.

169.     On August 20, 2019, Plaintiff Rachel Mbokebote Bolonkall submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

170.     On August 20, 2019, Plaintiff Jean Liongo Mboba submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

171.     On August 20, 2019, Plaintiff J.M.M. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

172.     On August 20, 2019, Plaintiff J.M.M. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

173.     On August 20, 2019, Plaintiff J.M.M. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

174.     On August 20, 2019, Plaintiff J.M.M. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

175.     On August 20, 2019, Plaintiff D.E.M. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

176.     On August 20, 2019, Plaintiff S.L.M. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

177.     Plaintiffs Rachel Mbokebote Bolonkall, Jean Liongo Mboba, J.M.M., J.M.M., J.M.M., J.M.M., D.E.M., and S.L.M. have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

178.    To date, Plaintiffs Rachel Mbokebote Bolonkall, Jean Liongo Mboba, J.M.M., J.M.M., J.M.M., J.M.M., D.E.M., and S.L.M. have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

179.    The adjudications of Plaintiffs Rachel Mbokebote Bolonkall, Jean Liongo Mboba, J.M.M., J.M.M., J.M.M., J.M.M., D.E.M., and S.L.M.'s immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Mitch Van Look**

180.    Mitch Van Look is a native of Belgium and DV-2020 selectee.

181.    On May 7, 2019, Mitch Van Look was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

182.    The KCC assigned Plaintiff Mitch Van Look visa case number 2020EU00014539.

183.    On May 16, 2019, Plaintiff Mitch Van Look submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

184.    Plaintiff Mitch Van Look has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

185.    To date, Plaintiff Mitch Van Look has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

186.    The adjudication of Plaintiff Mitch Van Look immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Raimund Matthias Hepp**

187.    Raimund Matthias Hepp is a native of Austria and DV-2020 selectee.

188.    On May 7, 2019, Raimund Matthias Hepp was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

189.    The KCC assigned Plaintiff Raimund Matthias Hepp 2020EU00051499.

190.    On July 23, 2019, Plaintiff Raimund Matthias Hepp submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

191.    Plaintiff Raimund Matthias Hepp has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

192.    To date, Plaintiff Raimund Matthias Hepp has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

193.    The adjudication of Plaintiff Raimund Matthias Hepp immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Elmountasir Ahmed Elkadir Sourig**

194.    Elmountasir Ahmed Elkadir Sourig is a native of Sudan and DV-2020 selectee.

195.    Plaintiff Sara Hassan Elnour Mohamed is a native of Sudan and spouse of Elmountasir Ahmed Elkadir Sourig. Sara Hassan Elnour Mohamed is eligible to immigrate to the United States as a derivative beneficiary of Elmountasir Ahmed Elkadir Sourig should they be issued an immigrant visa pursuant to their DV-2020 selection.

196.    Plaintiff A.E.A.E. is a native of Sudan and minor child of Elmountasir Ahmed Elkadir Sourig. A.E.A.E. is eligible to immigrate to the United States as a derivative beneficiary of Elmountasir Ahmed Elkadir Sourig should they be issued an immigrant visa pursuant to their DV-2020 selection.

197.    Plaintiff A.E.A.E. is a native of Sudan and minor child of Elmountasir Ahmed Elkadir Sourig. A.E.A.E. is eligible to immigrate to the United States as a derivative beneficiary

Elmountasir Ahmed Elkadir Sourig should they be issued an immigrant visa pursuant to their DV-2020 selection.

198.    Plaintiff A.E.A.E. is a native of Sudan and minor child of Elmountasir Ahmed Elkadir Sourig. A.E.A.E. is eligible to immigrate to the United States as a derivative beneficiary Elmountasir Ahmed Elkadir Sourig should they be issued an immigrant visa pursuant to their DV-2020 selection.

199.    On May 7, 2019, Elmountasir Ahmed Elkadir Sourig and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

200.    The KCC assigned Plaintiff Elmountasir Ahmed Elkadir Sourig visa case number 2020AF26863.

201.    On September 29, 2019, Elmountasir Ahmed Elkadir Sourig submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

202.    On September 29, 2019, Sara Hassan Elnour Mohamed submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

203.    On September 29, 2019, A.E.A.E. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

204.    On September 29, 2019, A.E.A.E. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

205.    On September 29, 2019, A.E.A.E. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

206.    Plaintiffs Elmountasir Ahmed Elkadir Sourig, Sara Hassan Elnour Mohamed, A.E.A.E., A.E.A.E., and A.E.A.E. have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

207.   To date, Plaintiffs Elmountasir Ahmed Elkadir Sourig, Sara Hassan Elnour Mohamed, A.E.A.E., A.E.A.E., and A.E.A.E. have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

208.   The adjudications of Plaintiffs Elmountasir Ahmed Elkadir Sourig, Sara Hassan Elnour Mohamed, A.E.A.E., A.E.A.E., and A.E.A.E.'s immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Anne Merveille Kippe Mbang**

209.   Anne Merveille Kippe Mbang is a native of Cameroon and DV-2020 selectee.

210.   On May 7, 2019, Anne Merveille Kippe Mbang was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

211.   The KCC assigned Plaintiff Anne Merveille Kippe Mbang visa case number 2020AF00072025.

212.   On June 4, 2019, Plaintiff Anne Merveille Kippe Mbang submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

213.   Plaintiff Anne Merveille Kippe Mbang has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

214.   To date, Plaintiff Anne Merveille Kippe Mbang has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

215.   The adjudication of Plaintiff Anne Merveille Kippe Mbang immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Evgenia Zornia**

216.    Evgenia Zornia is a native of Russia and DV-2020 selectee.

217.    Plaintiff Anton Kozyrev is a native of Russia and spouse of Evgenia Zornia. Anton Kozyrev is eligible to immigrate to the United States as a derivative beneficiary of Evgenia Zornia should they be issued an immigrant visa pursuant to their DV-2020 selection.

218.    Plaintiff E.K. is a native of Russia and minor child of Evgenia Zornia. M.K. is eligible to immigrate to the United States as a derivative beneficiary of Evgenia Zornia should they be issued an immigrant visa pursuant to their DV-2020 selection.

219.    Plaintiff M.K. is a native of Russia and minor child of Evgenia Zornia. M.K. is eligible to immigrate to the United States as a derivative beneficiary of Evgenia Zornia should they be issued an immigrant visa pursuant to their DV-2020 selection.

220.    On May 7, 2019, Evgenia Zornia and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

221.    The KCC assigned Plaintiff Evgenia Zornia visa case number 2020EU00009212.

222.    On November 26, 2019, Plaintiff Evgenia Zornia submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

223.    On November 26, 2019, Plaintiff Anton Kozyrev submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

224.    On November 26, 2019, Plaintiff E.K. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

225.    On November 26, 2019, Plaintiff M.K. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

226.     Plaintiffs Evgenia Zornia, Anton Kozyrev, E.K.  and M.K. have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

227.     Plaintiffs Evgenia Zornia, Anton Kozyrev, E.K.  and M.K. were scheduled for an interview on March 19, 2020 but the interview was cancelled.

228.     To date, Plaintiffs Evgenia Zornia, Anton Kozyrev, E.K.  and M.K. have not been rescheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

229.     The adjudications of Plaintiffs Evgenia Zornia, Anton Kozyrev, E.K.  and M.K.'s immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Francesca Marzano**

230.     Francesca Marzano is a native of Italy, and DV-2020 selectee.

231.     On May 7, 2019, Francesca Marzano was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

232.     The KCC assigned Plaintiff Francesca Marzano visa case number 2020EU00039258.

233.     On May 12, 2019, Plaintiff Francesca Marzano submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

234.     Plaintiff Francesca Marzano has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

235.     To date, Plaintiff Francesca Marzano has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

236.    The adjudication of Plaintiff Francesca Marzano immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Vladislav Philippov**

237.    Vladislav Philippov is a native of Russia and DV-2020 selectee.

238.    Plaintiff Marina Filippova is a native of Russia and spouse of Vladislav Philippov. Marina Filippova is eligible to immigrate to the United States as a derivative beneficiary of Vladislav Philippov should they be issued an immigrant visa pursuant to their DV-2020 selection.

239.    On May 7, 2019, Vladislav Philippov was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

240.    The KCC assigned Plaintiff Vladislav Philippov visa case number 2020EU23891.

241.    On September 5, 2019, Plaintiff Vladislav Philippov submitted their DS-260, Immigrant Visa Application and Alien Registration pursuant to their DV-2020 selection.

242.    On September 5, 2019, Plaintiff Marina Filippova submitted their DS-260, Immigrant Visa Application and Alien Registration pursuant to their DV-2020 selection.

243.    Plaintiffs Vladislav Philippov and Marina Filippova have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

244.    Plaintiffs Vladislav Philippov and Marina Filippova have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

245.    The adjudications of Plaintiffs Vladislav Philippov and Marina Filippova's immigrant visa applications are suspended pursuant to the Department's policies, procedures, and

practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Philip Marcus Rufus Knauf**

246.    Philip Marcus Rufus Knauf is a native of Germany and DV-2020 selectee.

247.    Plaintiff Pia Anong Phanaphet is a native of Germany and spouse of Philip Marcus Rufus Knauf. Pia Anong Phanaphet is eligible to immigrate to the United States as a derivative beneficiary of Philip Marcus Rufus Knauf should they be issued an immigrant visa pursuant to their DV-2020 selection.

248.    On May 7, 2019, Philip Marcus Rufus Knauf and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

249.    The KCC assigned Plaintiff Philip Marcus Rufus Knauf visa case number 2020EU00042071.

250.    On August 30, 2019, Plaintiff Philip Marcus Rufus Knauf submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

251.    On August 30, 2019, Plaintiff Pia Anong Phanaphet submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

252.    Plaintiffs Philip Marcus Rufus Knauf and Pia Anong Phanaphet have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

253.    To date, Plaintiffs Philip Marcus Rufus Knauf and Pia Anong Phanaphet have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

254.    The adjudications of Plaintiffs Philip Marcus Rufus Knauf and Pia Anong Phanaphet's immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Marc Di Rosa**

255.    Marc Di Rosa is a native of France and DV-2020 selectee.

256.    On May 7, 2019, Marc Di Rosa was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

257.    The KCC assigned Plaintiff Marc Di Rosa visa case number 2020EU00028472.

258.    Plaintiff Marc Di Rosa submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

259.    Plaintiff Marc Di Rosa has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

260.    To date, Plaintiff Marc Di Rosa has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

261.    The adjudication of Plaintiff Marc Di Rosa immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Gizem Demirel**

262.    Gizem Demirel is a native of Turkey and DV-2020 selectee.

263.    On May 7, 2019, Gizem Demirel was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

264.    The KCC assigned Plaintiff Gizem Demirel visa case number 2020EU00038054.

265.     On May 12, 2019, Plaintiff Gizem Demirel submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

266.     Plaintiff Gizem Demirel has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

267.     To date, Plaintiff Gizem Demirel has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

268.     The adjudication of Plaintiff Gizem Demirel immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Polina Stetciuk**

269.     Polina Stetciuk of Russia and DV-2020 selectee.

270.     Plaintiff Anton Zvontcov is a native of Russia and spouse of Polina Stetciuk. Anton Zvontcov is eligible to immigrate to the United States as a derivative beneficiary of Polina Stetciuk should they be issued an immigrant visa pursuant to their DV-2020 selection.

271.     Plaintiff M.Z. is a native of Russia and minor child of Polina Stetciuk. M.Z. is eligible to immigrate to the United States as a derivative beneficiary of Polina Stetciuk should they be issued an immigrant visa pursuant to their DV-2020 selection.

272.     On May 7, 2019, Polina Stetciuk and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

273.     The KCC assigned Plaintiff Polina Stetciuk visa case number 2020EU00019163.

274.     On May 13, 2019, Plaintiff Polina Stetciuk submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

275.    On May 13, 2019, Plaintiff Anton Zvontcov submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

276.    On May 13, 2019, Plaintiff M.Z. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

277.    Plaintiffs Polina Stetciuk, Anton Zvontcov, and M.Z. have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

278.    Plaintiffs Polina Stetciuk, Anton Zvontcov, and M.Z. had an interview on April 23, 2020.

279.    The adjudications of Plaintiffs Polina Stetciuk, Anton Zvontcov, and M.Z.'s immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Orlando Montano Mederos**

280.    Orlando Montano Mederos is a native of Cuba and DV-2020 selectee.

281.    On May 7, 2019, Orlando Montano Mederos was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

282.    The KCC assigned Plaintiff Orlando Montano Mederos visa case number 2020SA00002491.

283.    On March 8, 2020, Plaintiff Montano Mederos submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

284.    Plaintiff Orlando Montano Mederos has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

285.   To date, Plaintiff Orlando Montano Mederos has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

286.   The adjudication of Plaintiff Orlando Montano Mederos immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Motasem Hani Attieh**

287.   Motasem Hani Attieh is a native of Jordan and DV-2020 selectee.

288.   On May 7, 2019, Motasem Hani Attieh was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

289.   The KCC assigned Plaintiff Motasem Hani Attieh visa case number 2020AS00029919.

290.   On May 10, 2019, Plaintiff Motasem Hani Attieh submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

291.   Plaintiff Motasem Hani Attieh has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

292.   To date, Plaintiff Motasem Hani Attieh has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

293.   The adjudication of Plaintiff Motasem Hani Attieh immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Bokungu Bomengo Benjamin**

294.   Bokungu Bomengo Benjamin is a native of Congo and DV-2020 selectee.

295.   On May 7, 2019, Bokungu Bomengo Benjamin was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

296.   The KCC assigned Plaintiff Bokungu Bomengo Benjamin visa case number 2020AF00025825.

297.   On November 15, 2019, Plaintiff Bokungu Bomengo Benjamin submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

298.   Plaintiff Bokungu Bomengo Benjamin has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

299.   To date, Plaintiff Bokungu Bomengo Benjamin has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

300.   The adjudication of Plaintiff Bokungu Bomengo Benjamin immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Padam Bahadur kc**

301.   Padam Bahadur kc is a native of Nepal and DV-2020 selectee.

302.   On May 7, 2019, Padam Bahadur kc was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

303.   The KCC assigned Plaintiff Padam Bahadur kc visa case number 2020AS00013221.

304.   On May 20, 2019, Plaintiff Padam Bahadur kc submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

305.   Plaintiff Padam Bahadur kc has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

306.   To date, Plaintiff Padam Bahadr kc has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

307.   The adjudication of Plaintiff Padam Bahadur kc immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Samir Mehdiyev**

308.   Samir Mehdiyev is a native of Azerbaijan and DV-2020 selectee.

309.   On May 7, 2019, Samir Mehdiyev was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

310.   The KCC assigned Plaintiff Samir Mehdiyev visa case number 2020EU17724.

311.   On May 25, 2019, Plaintiff Samir Mehdiyev submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

312.   Plaintiff Samir Mehdiyev has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

313.   To date, Plaintiff Samir Mehdiyev has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

314.   The adjudication of Plaintiff Samir Mehdiyev immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Oleg Borys**

315.   Oleg Borys is a native of Ukraine and DV-2020 selectee.

316.   Plaintiff Kateryna Smirnova is a native of Ukraine and spouse of Oleg Borys. Kateryna Smirnova is eligible to immigrate to the United States as a derivative beneficiary of Oleg Borys should they be issued an immigrant visa pursuant to their DV-2020 selection.

317.    Plaintiff Y.R. is a native of Ukraine and minor child of Oleg Borys is eligible to immigrate to the United States as a derivative beneficiary of Oleg Borys should they be issued an immigrant visa pursuant to their DV-2020 selection.

318.    On May 7, 2019, Oleg Borys and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

319.    The KCC assigned Plaintiff Oleg Borys visa case number 2020EU00015611.

320.    On July 26, 2019, Plaintiff Oleg Borys submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

321.    On July 26, 2019, Plaintiff Kateryna Smirnova submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

322.    On July 26, 2019, Plaintiff Y.R. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

323.    Plaintiffs Oleg Borys, Kateryna Smirnova, and Y.R. have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

324.    To date, Plaintiffs Oleg Borys, Kateryna Smirnova, and Y.R. have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

325.    The adjudications of Plaintiffs Oleg Borys, Kateryna Smirnova, and Y.R.'s immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Leandro Jones Roig**

326.     Leandro Jones Roig is a native of Uruguay and DV-2020 selectee.

327.     Plaintiff Carolina Rocha Chimenceji is a native of Argentina and spouse of Leandro Jones Roig. Carolina Rocha Chimenceji is eligible to immigrate to the United States as a derivative beneficiary of Leandro Jones Roig should they be issued an immigrant visa pursuant to their DV-2020 selection.

328.     On May 7, 2019, Leandro Jones Roig and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

329.     The KCC assigned Plaintiff Leandro Jones Roig visa case number 2020SA00002766.

330.     On June 18, 2019, Plaintiff Leandro Jones Roig submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

331.     On June 18, 2019, Plaintiff Carolina Rocha Chimenceji submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

332.     Plaintiffs Leandro Jones Roig, and Carolina Rocha Chimenceji have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

333.     To date, Plaintiffs Leandro Jones Roig and Carolina Rocha Chimenceji have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

334.     The adjudications of Plaintiffs Leandro Jones Roig and Carolina Rocha Chimenceji's immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Seyed Vahid Shojaei**

335.    Seyed Vahid Shojaei is a native of Germany and Iran and DV-2020 selectee.

336.    On May 7, 2019, Seyed Vahid Shojaei was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

337.    The KCC assigned Plaintiff Seyed Vahid Shojaei visa case number 2020AS11801.

338.    On October 16, 2019, Plaintiff Seyed Vahid Shojaei submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

339.    Plaintiff Seyed Vahid Shojaei has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

340.    To date, Plaintiff Seyed Vahid Shojaei has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

341.    The adjudication of Plaintiff Seyed Vahid Shojaei immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Dorela Lifo**

342.    Dorela Lifo is a native of Albania and DV-2020 selectee.

343.    On May 7, 2019, Dorela Lifo was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

344.    The KCC assigned Plaintiff Dorela Lifo visa case number 2020eu00019059.

345.    On May 11, 2019, Plaintiff Dorela Lifo submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

346.    Plaintiff Dorela Lifo has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

347.    Plaintiff Dorela Lifo was scheduled for an interview on April 2, 2020 but the interview was cancelled.

348.    To date, Plaintiff Dorela Lifo has not been rescheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

349.    The adjudication of Plaintiff Dorela Lifo immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Tamer Ossama Moustafa Abdelgawad Elshami**

350.    Tamer Ossama Moustafa Abdelgawad Elshami is a native of Egypt and DV-2020 selectee.

351.    On May 7, 2019, Tamer Ossama Moustafa Abdelgawad Elshami was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

352.    The KCC assigned Plaintiff Tamer Ossama Moustafa Abdelgawad Elshami visa case number 2020AF41699.

353.    On July 1, 2019, Plaintiff Tamer Ossama Moustafa Abdelgawad Elshami submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

354.    Plaintiff Tamer Ossama Moustafa Abdelgawad Elshami has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

355.    To date, Plaintiff Tamer Ossama Moustafa Abdelgawad Elshami has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

356.    The adjudication of Plaintiff Tamer Ossama Moustafa Abdelgawad Elshami immigrant visa application is suspended pursuant to the Department's policies, procedures, and

practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Yurelis Soto Reina**

357.    Yurelis Soto Reina is a native of Cuba and DV-2020 selectee.

358.    Plaintiff K.O.S.S. is a native of Cuba and minor child of Yurelis Soto Reina. K.O.S.S. is eligible to immigrate to the United States as a derivative beneficiary of Yurelis Soto Reina should they be issued an immigrant visa pursuant to their DV-2020 selection.

359.    Plaintiff K.O.S.S. is a native of Cuba and minor child of Yurelis Soto Reina. K.O.S.S. is eligible to immigrate to the United States as a derivative beneficiary of Yurelis Soto Reina should they be issued an immigrant visa pursuant to their DV-2020 selection.

360.    Plaintiff K.M.V.S. is a native of Cuba and minor child of Yurelis Soto Reina. K.M.V.S. is eligible to immigrate to the United States as a derivative beneficiary of Yurelis Soto Reina should they be issued an immigrant visa pursuant to their DV-2020 selection.

361.    On May 7, 2019, Yurelis Soto Reina and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

362.    The KCC assigned Plaintiff Yurelis Soto Reina visa case number 2020SA00002829.

363.    On April 20, 2020, Plaintiff Yurelis Soto Reina submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

364.    On April 20, 2020, Plaintiff K.O.S.S. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

365.    On April 20, 2020, Plaintiff K.M.V.S. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

366.    Plaintiffs Yurelis Soto Reina, K.O.S.S., and K.M.V.S. have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

367.    To date, Plaintiffs Yurelis Soto Reina, K.O.S.S., and K.M.V.S. have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

368.    The adjudications of Plaintiffs Yurelis Soto Reina, K.O.S.S., and K.M.V.S.'s immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Hiwot Berta Tirye**

369.    Hiwot Berta Tirye is a native of Ethiopia and DV-2020 selectee.

370.    On May 7, 2019, Hiwot Berta Tirye was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

371.    The KCC assigned Plaintiff Hiwot Berta Tirye visa case number 2020AF35474.

372.    On May 26, 2019, Plaintiff Hiwot Berta Tirye submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

373.    Plaintiff Hiwot Berta Tirye has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

374.    To date, Plaintiff Hiwot Berta Tirye has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

375.    The adjudication of Plaintiff Hiwot Berta Tirye immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Balkrishna Luintel**

376. Balkrishna Luintel is a native of Nepal and DV-2020 selectee.

377. On May 7, 2019, Balkrishna Luintel was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

378. The KCC assigned Plaintiff Balkrishna Luintel visa case number 2020AS00007748.

379. On July 4, 2019, Plaintiff Balkrishna Luintel submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

380. Plaintiff Balkrishna Luintel has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

381. To date, Plaintiff Balkrishna Luintel has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

382. The adjudication of Plaintiff Balkrishna Luintel immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Kpessou Adrime**

383. Kpessou Adrime is a native of Togo and DV-2020 selectee.

384. On May 7, 2019, Kpessou Adrime was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

385. The KCC assigned Plaintiff Kpessou Adrime visa case number 2020AF30610.

386. Plaintiff Kpessou Adrime submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

387. Plaintiff Kpessou Adrime has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

388.     To date, Plaintiff Kpessou Adrime has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

389.     The adjudication of Plaintiff Kpessou Adrime immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Katia Elena Casanova Delgado**

390.     Katia Elena Casanova Delgado is a native of Cuba and DV-2020 selectee.

391.     Plaintiff Leonardo Rifá Montané is a native of Cuba and spouse of Katia Elena Casanova Delgado. Rifá Montané is eligible to immigrate to the United States as a derivative beneficiary of Katia Elena Casanova Delgado should they be issued an immigrant visa pursuant to their DV-2020 selection.

392.     On May 7, 2019, Katia Elena Casanova Delgado and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

393.     The KCC assigned Plaintiff Katia Elena Casanova Delgado visa case number 2020SA3111.

394.     On May 16, 2019, Plaintiff Katia Elena Casanova Delgado submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

395.     On May 16, 2019, Plaintiff Leonardo Rifá Montané submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

396.     Plaintiffs Katia Elena Casanova Delgado and Leonardo Rifá Montané have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

397.     To date, Plaintiffs Katia Elena Casanova Delgado and Leonardo Rifá Montané have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

398.     The adjudications of Plaintiffs Katia Elena Casanova Delgado and Leonardo Rifá Montané's immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Nathalie Nadege Nguefack Tsoutsop**

399.     Nathalie Nadege Nguefack Tsoutsop is a native of Cameroon and DV-2020 selectee.

400.     Plaintiff E.B.K.K. is a native of Cameroon and minor child of Nathalie Nadege Nguefack Tsoutsop. E.B.K.K. is eligible to immigrate to the United States as a derivative beneficiary of Nathalie Nadege Nguefack Tsoutsop should they be issued an immigrant visa pursuant to their DV-2020 selection.

401.     On May 7, 2019, Nathalie Nadege Nguefack Tsoutsop and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

402.     The KCC assigned Plaintiff Nathalie Nadege Nguefack Tsoutsop visa case number 2020AF00032759.

403.     On July 23, 2019, Plaintiff Nathalie Nadege Nguefack Tsoutsop submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

404.     On July 23, 2019, Plaintiff E.B.K.K. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

405.     Plaintiffs Nathalie Nadege Nguefack Tsoutsop and E.B.K.K.have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

406.     To date, Plaintiffs Nathalie Nadege Nguefack Tsoutsop and E.B.K.K. have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

407.     The adjudications of Plaintiffs Nathalie Nadege Nguefack Tsoutsop and E.B.K.K.'s immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Sabaa Fadhl Ali Hussein**

408.     Sabaa Fadhl Ali Hussein is a native of Yemen and DV-2020 selectee.

409.     Plaintiff Awad Musaeed Ali Hussein is a native of Yemen and spouse of Sabaa Fadhl Ali Hussein. Awad Musaeed Ali Hussein is eligible to immigrate to the United States as a derivative beneficiary of Sabaa Fadhl Ali Hussein should they be issued an immigrant visa pursuant to their DV-2020 selection.

410.     Plaintiff Awad Musaeed Ali Hussein is a dentist, and his brother is a U.S. citizen living in the United States.

411.     Plaintiff H.A.M.A.H. is a native of Yemen and minor child of Sabaa Fadhl Ali Hussein is eligible to immigrate to the United States as a derivative beneficiary of Sabaa Fadhl Ali Hussein should they be issued an immigrant visa pursuant to their DV-2020 selection.

412.    Plaintiff N.A.M.A.H. is a native of Yemen and minor child of Sabaa Fadhl Ali Hussein is eligible to immigrate to the United States as a derivative beneficiary of Sabaa Fadhl Ali Hussein should they be issued an immigrant visa pursuant to their DV-2020 selection.

413.    Plaintiff Z.A.M.A.H. is a native of Yemen and minor child of Sabaa Fadhl Ali Hussein is eligible to immigrate to the United States as a derivative beneficiary of Sabaa Fadhl Ali Hussein should they be issued an immigrant visa pursuant to their DV-2020 selection.

414.    On May 7, 2019, Sabaa Fadhl Ali Hussein and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

415.    The KCC assigned Plaintiff Sabaa Fadhl Ali Hussein visa case number 2020AS00023428.

416.    The KCC has confirmed receipt of Plaintiff Sabaa Fadhl Ali Hussein and their derivative beneficiaries' documents on June 15, 2020.

417.    On December 24, 2019, Plaintiff Sabaa Fadhl Ali Hussein submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

418.    On December 24, 2019, Plaintiff Awad Musaeed Ali Hussein submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

419.    On December 24, 2019, Plaintiff H.A.M.A.H. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

420.    On December 24, 2019, Plaintiff N.A.M.A.H. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

421.   On December 24, 2019, Plaintiff Z.A.M.A.H. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

422.   Plaintiffs Sabaa Fadhl Ali Hussein, Awad Musaeed Ali Hussein, H.A.M.A.H., N.A.M.A.H., and Z.A.M.A.H. have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

423.   To date, Plaintiffs Sabaa Fadhl Ali Hussein, Awad Musaeed Ali Hussein, H.A.M.A.H., N.A.M.A.H., and Z.A.M.A.H have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

424.   The adjudications of Plaintiffs Sabaa Fadhl Ali Hussein, Awad Musaeed Ali Hussein, H.A.M.A.H., N.A.M.A.H., and Z.A.M.A.H's immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Armaghan Khakzad**

425.   Armaghan Khakzad is a native of Iran and DV-2020 selectee.

426.   Plaintiff Saeid Shoaee is a native of Iran and spouse of Armaghan Khakzad. Saeid Shoaee is eligible to immigrate to the United States as a derivative beneficiary of Armaghan Khakzad should they be issued an immigrant visa pursuant to their DV-2020 selection.

427.   On May 7, 2019, Armaghan Khakzad and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

428.   The KCC assigned Plaintiff Armaghan Khakzad visa case number 2020AS3916.

429.   Plaintiff Armaghan Khakzad and Saeid Shoaee submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

430.    Plaintiffs Armaghan Khakzad, and Saeid Shoaee have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

431.    Plaintiffs Armaghan Khakzad, and Saeid Shoaee had an interview on January 21, 2020.

432.    The adjudications of Plaintiffs Armaghan Khakzad, and Saeid Shoaee's immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Martin Roth**

433.    Martin Roth is a native of Switzerland and DV-2020 selectee.

434.    On May 7, 2019, Martin Roth was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

435.    The KCC assigned Plaintiff Martin Roth visa case number 2020EU51543.

436.    On May 27, 2019, Plaintiff Martin Roth submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

437.    Plaintiff Martin Roth has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

438.    The adjudication of Plaintiff Martin Roth immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Henri Mukobo Kakwata**

439.    Henri Mukobo Kakwata is a native of Congo and DV-2020 selectee.

440.    On May 7, 2019, Henri Mukobo Kakwata was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

441. The KCC assigned Plaintiff Henri Mukobo Kakwata visa case number 2020AF12207.

442. On October 16, 2019, Plaintiff Henri Mukobo Kakwata submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

443. Plaintiff Henri Mukobo Kakwata has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

444. To date, Plaintiff Henri Mukobo Kakwata has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

445. The adjudication of Plaintiff Henri Mukobo Kakwata immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Yurii Boliuk**

446. Yurii Boliuk is a native of Ukraine and DV-2020 selectee.

447. Anzhela Kulynych is a native of Ukraine and spouse of Yurii Boliuk. Anzhela Kulynych is eligible to immigrate to the United States as a derivative beneficiary of Yurii Boliuk should they be issued an immigrant visa pursuant to their DV-2020 selection.

448. On May 7, 2019, Yurii Boliuk and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

449. The KCC assigned Plaintiff Yurii Boliuk visa case number 2020EU20349.

450. On November 2, 2019, Plaintiff Yurii Boliuk submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

451. On November 2, 2019, Plaintiff Anzhela Kulynych submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

452.    Plaintiffs Yurii Boliuk and Anzhela Kulynych. have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

453.    To date, Plaintiffs Yurii Boliuk and Anzhela Kulynych. have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

454.    The adjudications of Plaintiffs Yurii Boliuk and Anzhela Kulynych's immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Mohamed Mokhtar Ahmed Abdelrahman**

455.    Mohamed Mokhtar Ahmed Abdelrahman is a native of Egypt and DV-2020 selectee.

456.    Plaintiff Sara Hamdy Mohamed Ibrahim is a native of Egypt and spouse of Mohamed Mokhtar Ahmed Abdelrahman. Sara Hamdy Mohamed Ibrahim is eligible to immigrate to the United States as a derivative beneficiary of Mohamed Mokhtar Ahmed Abdelrahman should they be issued an immigrant visa pursuant to their DV-2020 selection.

457.    Plaintiff J.M.M.A.A. is a native of Egypt and minor child of Mohamed Mokhtar Ahmed Abdelrahman is eligible to immigrate to the United States as a derivative beneficiary of Mohamed Mokhtar Ahmed Abdelrahman should they be issued an immigrant visa pursuant to their DV-2020 selection.

458.    On May 7, 2019, Mohamed Mokhtar Ahmed Abdelrahman and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

459.    The KCC assigned Plaintiff Mohamed Mokhtar Ahmed Abdelrahman visa case number 2020AF65785.

460.    On May 18, 2019, Plaintiff Mohamed Mokhtar Ahmed Abdelrahman submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

461.    On May 18, 2019, Sara Hamdy Mohamed Ibrahim submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

462.    On May 18, 2019, J.M.M.A.A. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

463.    Plaintiffs H.M.M.A.A. and H.M.M.A.A. are Mohamed Mokhtar Ahmed Abdelrahman's newborns daughters, and thus, have not yet submitted their DS-260, *Immigrant Visa Application and Alien Registration*.

464.    Plaintiffs Mohamed Mokhtar Ahmed Abdelrahman, Sara Hamdy Mohamed Ibrahim and J.M.M.A.A. have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

465.    To date, Plaintiffs Mohamed Mokhtar Ahmed Abdelrahman, Sara Hamdy Mohamed Ibrahim and J.M.M.A.A. have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

466.    The adjudications of Plaintiffs Mohamed Mokhtar Ahmed Abdelrahman, Sara Hamdy Mohamed Ibrahim and J.M.M.A.A.'s immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Norges Sam Aragon**

467.    Norges Sam Aragon is a native of Cuba and DV-2020 selectee.

468.    Plaintiff Idania Gonzalez Cabrera is a native of Cuba and spouse of Norges Sam Aragon. Idania Gonzalez Cabrera is eligible to immigrate to the United States as a derivative beneficiary of Norges Sam Aragon should they be issued an immigrant visa pursuant to their DV-2020 selection.

469.    Plaintiff D.S.G. is a native of Cuba and minor child of Norges Sam Aragon is eligible to immigrate to the United States as a derivative beneficiary of Norges Sam Aragon should they be issued an immigrant visa pursuant to their DV-2020 selection.

470.    Plaintiff D.S.G. is a native of Cuba and minor child of Norges Sam Aragon is eligible to immigrate to the United States as a derivative beneficiary of Norges Sam Aragon should they be issued an immigrant visa pursuant to their DV-2020 selection.

471.    On May 7, 2019, Norges Sam Aragon and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

472.    The KCC assigned Plaintiff Norges Sam Aragon visa case number 2020SA761.

473.    Plaintiff Norges Sam Aragon submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

474.    Plaintiff Idania Gonzalez Cabrera submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

475.    Plaintiff D.S.G. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

476.    Plaintiff D.S.G. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

477.    Plaintiffs Norges Sam Aragon, Idania Gonzalez Cabrera, D.S.G., and D.S.G. have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

478.    To date, Plaintiffs Norges Sam Aragon, Idania Gonzalez Cabrera, D.S.G., and D.S.G. have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

479.    The adjudications of Plaintiffs Norges Sam Aragon, Idania Gonzalez Cabrera, D.S.G., and D.S.G.'s immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Abdulhamid Shariff Ahmed**

480.    Abdulhamid Shariff Ahmed is a native of Kenya and DV-2020 selectee.

481.    On May 7, 2019, Abdulhamid Shariff Ahmed was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

482.    The KCC assigned Plaintiff Abdulhamid Shariff Ahmed visa case number 2020AF62789.

483.    Plaintiff Abdulhamid Shariff Ahmed submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

484.    Plaintiff Abdulhamid Shariff Ahmed has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

485.    To date, Plaintiff Abdulhamid Shariff Ahmed has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

486.　　The adjudication of Plaintiff Abdulhamid Shariff Ahmed immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Sangou Kouotou Leonel**

487.　　Sangou Kouotou Leonel is a native of Cameroon and DV-2020 selectee.

488.　　On May 7, 2019, Sangou Kouotou Leonel was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

489.　　The KCC assigned Plaintiff Sangou Kouotou Leonel visa case number 2020AF38993.

490.　　On August 2, 2019, Plaintiff Sangou Kouotou Leonel submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

491.　　Plaintiff Sangou Kouotou Leonel has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

492.　　To date, Plaintiff Sangou Kouotou Leonel has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

493.　　The adjudication of Plaintiff Sangou Kouotou Leonel immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Laxman Giri**

494.　　Laxman Giri is a native of Nepal and DV-2020 selectee.

495.　　On May 7, 2019, Laxman Giri was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

496.　　The KCC assigned Plaintiff Laxman Giri visa case number 2020AS10303.

497.　　Plaintiff Laxman Giri submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

498.    Plaintiff Laxman Giri has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

499.    Plaintiff Laxman Giri was scheduled for an interview on April 27, 2020 but the interview was cancelled.

500.    To date, Plaintiff Laxman Giri has not been rescheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

501.    The adjudication of Plaintiff Laxman Giri immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Mahboobeh Peyvas**

502.    Mahboobeh Peyvas is a native of Iran and DV-2020 selectee.

503.    Plaintiff Babak Parhoudeh is a native of Iran and spouse of Mahboobeh Peyvas. Babak Parhoudeh is eligible to immigrate to the United States as a derivative beneficiary of Mahboobeh Peyvas should they be issued an immigrant visa pursuant to their DV-2020 selection.

504.    Plaintiff P.P. is a native of Iran and minor child of Mahboobeh Peyvas is eligible to immigrate to the United States as a derivative beneficiary of Mahboobeh Peyvas should they be issued an immigrant visa pursuant to their DV-2020 selection.

505.    On May 7, 2019, Mahboobeh Peyvas and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

506.    The KCC assigned Plaintiff Mahboobeh Peyvas visa case number 2020AS8670.

507.    On September 27, 2019, Plaintiff Mahboobeh Peyvas submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

508.   On September 27, 2019, Plaintiff Babak Parhoudeh submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

509.   On September 27, 2019, Plaintiff P.P. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

510.   Plaintiffs Mahboobeh Peyvas, Babak Parhoudeh, and P.P. have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

511.   Plaintiffs Mahboobeh Peyvas, Babak Parhoudeh, and P.P. were scheduled for an interview on April 21, 2020 but the interview was cancelled.

512.   To date, Plaintiffs Mahboobeh Peyvas, Babak Parhoudeh, and P.P. have not been rescheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

513.   The adjudications of Plaintiffs Mahboobeh Peyvas, Babak Parhoudeh, and P.P.'s immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Nariman Davarani**

514.   Nariman Davarani is a native of Iran and DV-2020 selectee.

515.   On May 7, 2019, Nariman Davarani was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

516.   The KCC assigned Plaintiff Nariman Davarani visa case number 2020AS1497.

517.   On May 11, 2019, Plaintiff Nariman Davarani submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

518.    Plaintiff Nariman Davarani has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

519.    Plaintiff Nariman Davarani was scheduled for an interview December 25, 2020 and is currently in Administrative processing.

520.    To date, Plaintiff Nariman Davarani has not been rescheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

521.    The adjudication of Plaintiff Nariman Davarani immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Gonul Ozkilic**

522.    Gonul Ozkilic is a native of Turkey and DV-2020 selectee.

523.    Plaintiff Ali Ozkilic is a native of Turkey and spouse of Gonul Ozkilic. Ali Ozkilic is eligible to immigrate to the United States as a derivative beneficiary of Gonul Ozkilic should they be issued an immigrant visa pursuant to their DV-2020 selection.

524.    Plaintiff S.H.O. is a native of Turkey and minor child of Gonul Ozkilic. S.H.O. is eligible to immigrate to the United States as a derivative beneficiary of Gonul Ozkilic should they be issued an immigrant visa pursuant to their DV-2020 selection.

525.    Plaintiff S.A.O. is a native of Turkey and minor child of Gonul Ozkilic. S.A.O. is eligible to immigrate to the United States as a derivative beneficiary of Gonul Ozkilic should they be issued an immigrant visa pursuant to their DV-2020 selection.

526.    On May 7, 2019, Gonul Ozkilic and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection. June

527.    The KCC assigned Plaintiff Gonul Ozkilic visa case number 2020EU00005204.

528.     On June 12, 2019, Plaintiff Gonul Ozkilic submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

529.     On June 12, 2019, Plaintiff Ali Ozkilic submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

530.     On June 12, 2019, Plaintiff S.H.O. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

531.     On June 12, 2019, Plaintiff S.A.O. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

532.     Plaintiffs Gonul Ozkilic, Ali Ozkilic, S.H.O. and S.A.O. have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*

533.     To date, Plaintiffs Gonul Ozkilic, Ali Ozkilic, S.H.O. and S.A.O. have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

534.     The adjudications of Plaintiffs Gonul Ozkilic, Ali Ozkilic, S.H.O. and S.A.O.'s immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Talgat Tleubayev**

535.     Talgat Tleubayev is a native of Kazakhstan and DV-2020 selectee.

536.     Plaintiff Madina Tleubaev is a native of Kazakhstan and spouse of Talgat Tleubayev. Madina Tleubaev is eligible to immigrate to the United States as a derivative beneficiary of Talgat Tleubayev should they be issued an immigrant visa pursuant to their DV-2020 selection.

537.     On May 7, 2019, Talgat Tleubayev and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

538.     The KCC assigned Plaintiff Talgat Tleubayev visa case number 2020EU37169.

539.     On May 25, 2019, Plaintiff Talgat Tleubayev submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

540.     On May 25, 2019, Plaintiff Madina Tleubaev submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

541.     Plaintiffs Talgat Tleubayev and Madina Tleubaev have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

542.     To date, Plaintiffs Talgat Tleubayev and Madina Tleubaev have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

543.     The adjudications of Plaintiffs Talgat Tleubayev and Madina Tleubaev immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Lumadi Prasad Adhikari**

544.     Lumadi Prasad Adhikari is a native of Nepal and DV-2020 selectee.

545.     Plaintiff Sujita Khatiwada is a native of Nepal and spouse of Lumadi Prasad Adhikari. Sujita Khatiwada is eligible to immigrate to the United States as a derivative beneficiary of Lumadi Prasad Adhikari should they be issued an immigrant visa pursuant to their DV-2020 selection.

546.     Plaintiff A.A. is a native of Nepal and minor child of Lumadi Prasad Adhikari. A.A. is eligible to immigrate to the United States as a derivative beneficiary of Lumadi Prasad Adhikari should they be issued an immigrant visa pursuant to their DV-2020 selection.

547.     Plaintiff A.A. is a native of Nepal and minor child of Lumadi Prasad Adhikari. A.A. is eligible to immigrate to the United States as a derivative beneficiary of Lumadi Prasad Adhikari should they be issued an immigrant visa pursuant to their DV-2020 selection.

548.     On May 7, 2019, Lumadi Prasad Adhikari and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

549.     The KCC assigned Plaintiff Lumadi Prasad Adhikari visa case number 2020AS00010095.

550.     On May 24, 2019, Plaintiff Lumadi Prasad Adhikari submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

551.     On May 24, 2019, Plaintiff Sujita Khatiwada submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

552.     On May 24, 2019, Plaintiff A.A. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

553.     On May 24, 2019, Plaintiff A.A. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

554.     Plaintiffs Lumadi Prasad Adhikari, Sujita Khatiwada, A.A. and A.A. have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

555.     Plaintiffs Lumadi Prasad Adhikari, Sujita Khatiwada, A.A. and A.A. were scheduled for an interview on April 27, 2020 but the interview was cancelled.

556.     To date, Plaintiffs Lumadi Prasad Adhikari, Sujita Khatiwada, A.A. and A.A. have not been rescheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

557.     The adjudications of Plaintiffs Lumadi Prasad Adhikari, Sujita Khatiwada, A.A. and A.A.'s immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Taylor Paul Martin**

558.     Taylor Paul Martin is a native of Australia and DV-2020 selectee.

559.     On May 7, 2019, Taylor Paul Martin was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

560.     The KCC assigned Plaintiff Taylor Paul Martin visa case number 2020OC00002228.

561.     On August 5, 2019, Plaintiff Taylor Paul Martin submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

562.     Plaintiff Taylor Paul Martin has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

563.     To date, Plaintiff Taylor Paul Martin has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

564.     The adjudication of Plaintiff Taylor Paul Martin immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Ivan Delgado Goenaga**

565.     Ivan Delgado Goenaga is a native of Cuba and DV-2020 selectee.

566.     On May 7, 2019, Ivan Delgado Goenaga was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

567.     The KCC assigned Plaintiff Ivan Delgado Goenaga visa case number 2020SA2003.

568.     On August 24, 2019, Plaintiff Ivan Delgado Goenaga submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

569.     Plaintiff Ivan Delgado Goenaga has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

570.     To date, Plaintiff Ivan Delgado Goenaga has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

571.     The adjudication of Plaintiff Ivan Delgado Goenaga immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Elsjona Brahaj**

572.     Elsjona Brahaj is a native of Albania and DV-2020 selectee.

573.     Plaintiff Xhek Precetaj is a native of Albania and spouse of Elsjona Brahaj. Xhek Precetaj is eligible to immigrate to the United States as a derivative beneficiary of Elsjona Brahaj should they be issued an immigrant visa pursuant to their DV-2020 selection.

574.     Plaintiff M.P.  is a native of Albania and minor child of Elsjona Brahaj. M.P. is eligible to immigrate to the United States as a derivative beneficiary of Elsjona Brahaj should they be issued an immigrant visa pursuant to their DV-2020 selection.

575.     On May 7, 2019, Elsjona Brahaj was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

576.     The KCC assigned Plaintiff Elsjona Brahaj visa case number 2020EU33367.

577.    On May 17, 2019, Plaintiff Elsjona Brahaj submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

578.    On May 17, 2019, Plaintiff Xhek Precetaj submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

579.    On May 17, 2019, Plaintiff M.P. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

580.    Plaintiffs Elsjona Brahaj, Xhek Precetaj, and M.P. have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

581.    To date, Plaintiffs Elsjona Brahaj, Xhek Precetaj, and M.P. have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

582.    The adjudications of Plaintiffs Elsjona Brahaj, Xhek Precetaj, and M.P.'s immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Liubou Kavalenka**

583.    Liubou Kavalenka is a native of Belarus and DV-2020 selectee.

584.    Plaintiff Dzmitry Kavalenka is a native of Belarus and spouse of Liubou Kavalenka. Dzmitry Kavalenka is eligible to immigrate to the United States as a derivative beneficiary of Dzmitry Kavalenka should they be issued an immigrant visa pursuant to their DV-2020 selection.

585.    Plaintiff A.K. is a native of Belarus and minor child of Liubou Kavalenka. A.K. is eligible to immigrate to the United States as a derivative beneficiary of Liubou Kavalenka should they be issued an immigrant visa pursuant to their DV-2020 selection.

586.    On May 7, 2019, Liubou Kavalenka was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

587.    The KCC assigned Plaintiff Liubou Kavalenka visa case number 2020EU00013186.

588.    On May 29, 2019, Plaintiff Liubou Kavalenka submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

589.    On May 29, 2019, Plaintiff Dzmitry Kavalenka submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

590.    On May 29, 2019, Plaintiff A.K. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

591.    To date, Plaintiffs Liubou Kavalenk, Dzmitry Kavalenka, and A.K. have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

592.    The adjudications of Plaintiffs Liubou Kavalenk, Dzmitry Kavalenka, and A.K.s immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Alexandr Khodorkovskiy**

593.    Alexandr Khodorkovskiy is a native of Russia and DV-2020 selectee.

594.    Plaintiff Gulsinya Akhmetova is a native of Russia and spouse of Alexandr Khodorkovskiy. Gulsinya Akhmetova is eligible to immigrate to the United States as a derivative beneficiary of Alexandr Khodorkovskiy should they be issued an immigrant visa pursuant to their DV-2020 selection.

595.    On May 7, 2019, Alexandr Khodorkovskiy and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

596.    The KCC assigned Plaintiff Alexandr Khodorkovskiy visa case number 2020EU00016004.

597.    On May 21, 2019, Plaintiff Alexandr Khodorkovskiy submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

598.    On May 21, 2019, Plaintiff Gulsinya Akhmetova submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

599.    Plaintiffs Alexandr Khodorkovskiy and Gulsinya Akhmetova have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

600.    Plaintiffs Alexandr Khodorkovskiy and Gulsinya Akhmetova were scheduled for an immigrant visa interview on April 22, 2020 but the interview was cancelled.

601.    To date, Plaintiffs Alexandr Khodorkovskiy and Gulsinya Akhmetova have not been rescheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

602.    The adjudications of Plaintiffs Alexandr Khodorkovskiy and Gulsinya Akhmetova's immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Farzad Vahabidehkordi**

603.    Farzad Vahabidehkordi is a native of Iran and DV-2020 selectee.

604.    Plaintiff Shabnam Daeirezaei is a native of Iran and spouse of Farzad Vahabidehkordi. Shabnam Daeirezaei is eligible to immigrate to the United States as a derivative beneficiary of Farzad Vahabidehkordi should they be issued an immigrant visa pursuant to their DV-2020 selection.

605.    Plaintiff A.V. is a native of Iran and minor child of Farzad Vahabidehkordi A.V. is eligible to immigrate to the United States as a derivative beneficiary of Farzad Vahabidehkordi should they be issued an immigrant visa pursuant to their DV-2020 selection.

606.    On May 7, 2019, Farzad Vahabidehkordi and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

607.    The KCC assigned Plaintiff Farzad Vahabidehkordi visa case number 2020AS00005558.

608.    On July 12, 2019, Plaintiff Farzad Vahabidehkordi submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

609.    On July 12, 2019, Plaintiff Shabnam Daeirezaei submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

610.    On July 12, 2019, Plaintiff A.V. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

611.    Plaintiffs Farzad Vahabidehkordi, Shabnam Daeirezaei, and A.V. have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

612.     To date, Plaintiffs Farzad Vahabidehkordi, Shabnam Daeirezaei, and A.V. have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

613.     The adjudications of Plaintiffs Farzad Vahabidehkordi, Shabnam Daeirezaei, and A.V.'s immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Abylay Murat**

614.     Abylay Murat is a native of Kazakhstan and DV-2020 selectee.

615.     Plaintiff Aida Murat is a native of Kazakhstan and spouse of Abylay Murat. Aida Murat is eligible to immigrate to the United States as a derivative beneficiary of Abylay Murat should they be issued an immigrant visa pursuant to their DV-2020 selection.

616.     On May 7, 2019, Abylay Murat and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

617.     The KCC assigned Plaintiff Abylay Murat visa case number 2020EU00031110.

618.     On September 21, 2019, Plaintiff Abylay Murat submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

619.     On September 21, 2019, Plaintiff Aida Murat submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

620.     Plaintiffs Abylay Murat and Aida Murat have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

621.     To date, Plaintiffs Abylay Murat and Aida Murat have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

622.     The adjudications of Plaintiffs Abylay Murat and Aida Murat's immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Shima Shadmehri**

623.     Shima Shadmehri is a native of Iran and DV-2020 selectee.

624.     On May 7, 2019, Shima Shadmehri was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

625.     The KCC assigned Plaintiff Shima Shadmehri visa case number 2020AS00002366.

626.     On May 22, 2019, Plaintiff Shima Shadmehri submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

627.     Plaintiff Shima Shadmehri has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

628.     Plaintiff Shima Shadmehri had an interview on December 6, 2019 and is currently in Administrative processing.

629.     The adjudication of Plaintiff Shima Shadmehri immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Parisa Abdollahi**

630.     Parisa Abdollahi is a native of Iran and DV-2020 selectee.

631.     Plaintiff Shahrooz Vafaikhah is a native of Iran and spouse of Parisa Abdollahi. Shahrooz Vafaikhah is eligible to immigrate to the United States as a derivative beneficiary of Parisa Abdollahi should they be issued an immigrant visa pursuant to their DV-2020 selection.

632.     Plaintiff A.V. is a native of Iran and minor child of Parisa Abdollahi. A.V. is eligible to immigrate to the United States as a derivative beneficiary of Parisa Abdollahi should they be issued an immigrant visa pursuant to their DV-2020 selection.

633.     On May 7, 2019, Parisa Abdollahi and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

634.     The KCC assigned Plaintiff Parisa Abdollahi visa case number 2020AS5197.

635.     On June 19, 2019, Plaintiff Parisa Abdollahi submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

636.     On June 19, 2019, Plaintiff Shahrooz Vafaikhah submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

637.     On June 19, 2019, Plaintiff A.V. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

638.     Plaintiffs Parisa Abdollahi, Shahrooz Vafaikhah, and A.V. have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

639.     Plaintiffs Parisa Abdollahi, Shahrooz Vafaikhah, and A.V., had an interview on February 27, 2020 and is currently in Administrative processing.

640.     The adjudications of Plaintiffs Parisa Abdollahi, Shahrooz Vafaikhah, and A.V.'s immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Alexandru Rotaru**

641.     Alexandru Rotaru is a native of Moldova and DV-2020 selectee.

642.     Plaintiff Maria Rotaru is a native of Moldova and spouse of Alexandru Rotaru. Maria Rotaru is eligible to immigrate to the United States as a derivative beneficiary of Alexandru Rotaru should they be issued an immigrant visa pursuant to their DV-2020 selection.

643.     Plaintiff V.R. is a native of Moldova and minor child Alexandru Rotaru. V.R. is eligible to immigrate to the United States as a derivative beneficiary of Alexandru Rotaru should they be issued an immigrant visa pursuant to their DV-2020 selection.

644.     Plaintiff A.R. is a native of Moldova and minor child Alexandru Rotaru. A.R. is eligible to immigrate to the United States as a derivative beneficiary of Alexandru Rotaru should they be issued an immigrant visa pursuant to their DV-2020 selection.

645.     On May 7, 2019, Alexandru Rotaru and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

646.     The KCC assigned Plaintiff Alexandru Rotaru visa case number 2020EU18642.

647.     Plaintiff Alexandru Rotaru submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

648.     Plaintiff Maria Rotaru submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

649.     Plaintiff V.R. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

650.     Plaintiff A.R. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

651.    Plaintiffs Alexandru Rotaru, Maria Rotaru, V.R. and A.R. have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

652.    To date, Plaintiffs Alexandru Rotaru, Maria Rotaru, V.R. and A.R. have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

653.    The adjudications of Plaintiffs Alexandru Rotaru, Maria Rotaru, V.R. and A.R.'s immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Evgeny Pavlovich Zavitnevich**

654.    Evgeny Pavlovich Zavitnevich is a native of Russia and DV-2020 selectee.

655.    Plaintiff Liliya Valentinovna Zavitnevich is a native of Russia and spouse of Evgeny Pavlovich Zavitnevich. Liliya Valentinovna Zavitnevich is eligible to immigrate to the United States as a derivative beneficiary of Evgeny Pavlovich Zavitnevich should they be issued an immigrant visa pursuant to their DV-2020 selection.

656.    On May 7, 2019, Evgeny Pavlovich Zavitnevich and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

657.    The KCC assigned Plaintiff Evgeny Pavlovich Zavitnevich visa case number 2020EU35809.

658.    Plaintiff Evgeny Pavlovich Zavitnevich submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

659.     Plaintiff Liliya Valentinovna Zavitnevich submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

660.     Plaintiffs Evgeny Pavlovich Zavitnevich, and Liliya Valentinovna Zavitnevich have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

661.     To date, Plaintiffs Evgeny Pavlovich Zavitnevich and Liliya Valentinovna Zavitnevich have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

662.     The adjudications of Plaintiffs Evgeny Pavlovich Zavitnevich and Liliya Valentinovna Zavitnevich's immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Karolina Vukojicic**

663.     Karolina Vukojicic is a native of Serbia and DV-2020 selectee.

664.     Plaintiff Andrija Petrovic is a native of Serbia and spouse of Karolina Vukojicic. Andrija Petrovic is eligible to immigrate to the United States as a derivative beneficiary of Andrija Petrovic should they be issued an immigrant visa pursuant to their DV-2020 selection.

665.     On May 7, 2019, Karolina Vukojicic and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

666.     The KCC assigned Plaintiff Karolina Vukojicic visa case number 2020EU00021598.

667.     On May 11, 2019, Plaintiff Karolina Vukojicic submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

668.　　On May 11, 2019, Plaintiff Andrija Petrovic submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

669.　　Plaintiffs Karolina Vukojicic and Andrija Petrovic have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

670.　　Plaintiffs Karolina Vukojicic, and Andrija Petrovic had an interview on May 5, 2020.

671.　　The adjudications of Plaintiffs Karolina Vukojicic and Elie Bernard Andrija Petrovic's immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Joy Wambui Wanjohi**

672.　　Joy Wambui Wanjohi is a native of Kenya and DV-2020 selectee.

673.　　On May 7, 2019, Joy Wambui Wanjohi was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

674.　　The KCC assigned Plaintiff Joy Wambui Wanjohi visa case number 2020AF20676.

675.　　On July 15, 2019, Plaintiff Joy Wambui Wanjohi submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

676.　　Plaintiff Joy Wambui Wanjohi has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

677.　　Plaintiff Joy Wambui Wanjohi attended an immigrant visa interview on March 13, 2020.

678.　　To date, Plaintiff Joy Wambui Wanjohi has not been rescheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

679.     The adjudication of Plaintiff Joy Wambui Wanjohi immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Ender Yildiz**

680.     Ender Yildiz is a native of Turkey and DV-2020 selectee.

681.     Plaintiff Mehtap Yildiz is a native of Turkey and spouse of Ender Yildiz. Mehtap Yildizis eligible to immigrate to the United States as a derivative beneficiary of Ender Yildiz should they be issued an immigrant visa pursuant to their DV-2020 selection.

682.     On May 7, 2019, Ender Yildiz and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

683.     The KCC assigned Plaintiff Ender Yildiz visa case number 2020EU24559.

684.     Plaintiff Ender Yildiz submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

685.     Plaintiff Mehtap Yildizsubmitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

686.     Plaintiffs Ender Yildiz and Mehtap Yildizhave submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

687.     To date, Plaintiffs Ender Yildiz and Mehtap Yildizhave have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

688.     The adjudications of Plaintiffs Ender Yildiz and Mehtap Yildizhave's immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Fumiko Tsuruta**

689.　　Fumiko Tsuruta is a native of Japan and DV-2020 selectee.

690.　　Plaintiff S.T. is a native of Japan and minor child of Fumiko Tsuruta. S.T. is eligible to immigrate to the United States as a derivative beneficiary of Fumiko Tsuruta should they be issued an immigrant visa pursuant to their DV-2020 selection.

691.　　On May 7, 2019, Fumiko Tsuruta and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

692.　　The KCC assigned Plaintiff Fumiko Tsuruta visa case number 2020AS00029631.

693.　　On February 24, 2020, Plaintiff Fumiko Tsuruta submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

694.　　On February 24, 2020, Plaintiff S.T. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

695.　　Plaintiffs Fumiko Tsuruta and S.T. have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

696.　　To date, Plaintiffs Fumiko Tsuruta and S.T. have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

697.　　The adjudications of Plaintiffs Fumiko Tsuruta and S.T.'s immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Aleksandr Kotovich**

698.　　Aleksandr Kotovich is a native of Russia and DV-2020 selectee.

699.　　Plaintiff Olesia Kotovich is a native of Russia and spouse of Aleksandr Kotovich. Olesia Kotovich is eligible to immigrate to the United States as a derivative beneficiary of

Aleksandr Kotovich should they be issued an immigrant visa pursuant to their DV-2020 selection.

700.  Plaintiff A.K. is a native of Russia and minor child of Aleksandr Kotovich. A.K. is eligible to immigrate to the United States as a derivative beneficiary of Aleksandr Kotovich should they be issued an immigrant visa pursuant to their DV-2020 selection.

701.  On May 7, 2019, Aleksandr Kotovich and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

702.  The KCC assigned Plaintiff Aleksandr Kotovich visa case number 2020EU28735.

703.  On July 5, 2019, Plaintiff Aleksandr Kotovich submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

704.  On July 5, 2019, Plaintiff Olesia Kotovich submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

705.  On July 5, 2019, Plaintiff A.S. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

706.  Plaintiffs Aleksandr Kotovich, Olesia Kotovich, and A.S. have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

707.  To date, Plaintiffs Aleksandr Kotovich, Olesia Kotovich, and A.S. have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

708.  The adjudications of Plaintiffs Aleksandr Kotovich, Olesia Kotovich, and A.S.'s immigrant visa applications are suspended pursuant to the Department's policies,

procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Rungsirat Ngaosinchai**

709.     Rungsirat Ngaosinchai is a native of Thailand and DV-2020 selectee.

710.     On May 7, 2019, Rungsirat Ngaosinchai was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

711.     The KCC assigned Plaintiff Rungsirat Ngaosinchai visa case number 2020AS28236.

712.     On June 20, 2019, Plaintiff Rungsirat Ngaosinchai submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

713.     Plaintiff Rungsirat Ngaosinchai has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

714.     To date, Plaintiff Rungsirat Ngaosinchai has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

715.     The adjudication of Plaintiff Rungsirat Ngaosinchai immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Meaad Mohamed Fathi Ahmed**

716.     Meaad Mohamed Fathi Ahmed is a native of Sudan and DV-2020 selectee.

717.     Plaintiff Mubarak Ahmed Mohamed Khaled is a native of Sudan and spouse of Meaad Mohamed Fathi Ahmed. Mubarak Ahmed Mohamed Khaled is eligible to immigrate to the United States as a derivative beneficiary of Meaad Mohamed Fathi Ahmed should they be issued an immigrant visa pursuant to their DV-2020 selection.

718.     Plaintiff S.M.A.M. is a native of Sudan and minor child of Meaad Mohamed Fathi Ahmed. S.M.A.M. is eligible to immigrate to the United States as a derivative

beneficiary of Meaad Mohamed Fathi Ahmed should they be issued an immigrant visa pursuant to their DV-2020 selection.

719.   Plaintiff M.M.A.M. is a native of Sudan and minor child of Meaad Mohamed Fathi Ahmed. M.M.A.M. is eligible to immigrate to the United States as a derivative beneficiary of Meaad Mohamed Fathi Ahmed should they be issued an immigrant visa pursuant to their DV-2020 selection.

720.   Plaintiff A.M.A.M. is a native of Sudan and minor child of Meaad Mohamed Fathi Ahmed. A.M.A.M. is eligible to immigrate to the United States as a derivative beneficiary of Meaad Mohamed Fathi Ahmed should they be issued an immigrant visa pursuant to their DV-2020 selection.

721.   Plaintiff R.M.A.M. is a native of Sudan and minor child of Meaad Mohamed Fathi Ahmed. R.M.A.M. is eligible to immigrate to the United States as a derivative beneficiary of Meaad Mohamed Fathi Ahmed should they be issued an immigrant visa pursuant to their DV-2020 selection.

722.   On May 7, 2019, Meaad Mohamed Fathi Ahmed and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

723.   The KCC assigned Plaintiff Meaad Mohamed Fathi Ahmed visa case number 2020AF00050737.

724.   On December 15, 2019, Plaintiff Meaad Mohamed Fathi Ahmed submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

725.    On December 15, 2019, Plaintiff Mubarak Ahmed Mohamed Khaled submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

726.    On December 15, 2019, Plaintiff S.M.A.M. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

727.    On December 15, 2019, Plaintiff M.M.A.M. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

728.    On December 15, 2019, Plaintiff A.M.A.M. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

729.    On December 15, 2019, Plaintiff R.M.A.M. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

730.    Plaintiffs Meaad Mohamed Fathi Ahmed, Mubarak Ahmed Mohamed Khaled, S.M.A.M., M.M.A.M., A.M.A.M., and R.M.A.M. have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

731.    To date, Plaintiffs Meaad Mohamed Fathi Ahmed, Mubarak Ahmed Mohamed Khaled, S.M.A.M., M.M.A.M., A.M.A.M., and R.M.A.M. have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

732.    The adjudications of Plaintiffs Meaad Mohamed Fathi Ahmed, Mubarak Ahmed Mohamed Khaled, S.M.A.M., M.M.A.M., A.M.A.M., and R.M.A.M.s immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Nada Yousef Mohammed Osman**

733.    Nada Yousef Mohammed Osman is a native of Sudan and DV-2020 selectee.

734.    Plaintiff Mohamed Abdalla Yasein Osman is a native of Sudan and spouse of Nada Yousef Mohammed Osman. Mohamed Abdalla Yasein Osman is eligible to immigrate to the United States as a derivative beneficiary of Nada Yousef Mohammed Osman should they be issued an immigrant visa pursuant to their DV-2020 selection.

735.    Plaintiff S.M.A.Y. is a native of Sudan and minor child of Nada Yousef Mohammed Osman. S.M.A.Y. is eligible to immigrate to the United States as a derivative beneficiary of Nada Yousef Mohammed Osman should they be issued an immigrant visa pursuant to their DV-2020 selection.

736.    Plaintiff A.B.M.A.Y. is a native of Sudan and minor child of Nada Yousef Mohammed Osman. A.B.M.A.Y. is eligible to immigrate to the United States as a derivative beneficiary of Nada Yousef Mohammed Osman should they be issued an immigrant visa pursuant to their DV-2020 selection.

737.    Plaintiff A.M.A.Y. is a native of Sudan and minor child of Mohamed Abdalla Yasein Osman. A.M.A.Y.is eligible to immigrate to the United States as a derivative beneficiary of Mohamed Abdalla Yasein Osman should they be issued an immigrant visa pursuant to their DV-2020 selection.

738.    On May 7, 2019, Nada Yousef Mohammed Osman and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

739.    The KCC assigned Plaintiff Nada Yousef Mohammed Osman visa case number 2020AS00013417.

740.    On September 13, 2019, Plaintiff Nada Yousef Mohammed Osman submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

741.    On September 13, 2019, Plaintiff Mohamed Abdalla Yasein Osman submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

742.    On September 13, 2019, Plaintiff S.M.A.Y. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

743.    On September 13, 2019, Plaintiff A.B.M.A.Y. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

744.    On September 13, 2019, Plaintiff A.M.A.Y. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

745.    Plaintiffs Nada Yousef Mohammed Osman, Mohamed Abdalla Yasein Osman, S.M.A.Y., A.B.M.A.Y., and A.M.A.Y. have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

746.    Plaintiffs Nada Yousef Mohammed Osman, Mohamed Abdalla Yasein Osman, S.M.A.Y., A.B.M.A.Y., and A.M.A.Y. had an interview on April 20, 2020.

747.    The adjudications of Nada Yousef Mohammed Osman, Mohamed Abdalla Yasein Osman, S.M.A.Y., A.B.M.A.Y., and A.M.A.Y.'s immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Metanat Mojtaba**

748.    Metanat Mojtaba is a native of Iran and DV-2020 selectee.

749.    Plaintiff Raisi Tayebeh is a native of Iran and spouse of Metanat Mojtaba. Raisi Tayebeh is eligible to immigrate to the United States as a derivative beneficiary of Metanat Mojtaba should they be issued an immigrant visa pursuant to their DV-2020 selection.

750.    Plaintiff K.M. is a native of Iran and minor child of Metanat Mojtaba. K.M. is eligible to immigrate to the United States as a derivative beneficiary of Metanat Mojtaba should they be issued an immigrant visa pursuant to their DV-2020 selection.

751.    Plaintiff K.M. is a native of Iran and minor child of Metanat Mojtaba. K.M. is eligible to immigrate to the United States as a derivative beneficiary of Metanat Mojtaba should they be issued an immigrant visa pursuant to their DV-2020 selection.

752.    On May 7, 2019, Metanat Mojtaba and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

753.    The KCC assigned Plaintiff Metanat Mojtaba visa case number 2020AS8353.

754.    On September 29, 2019, Plaintiff Metanat Mojtaba submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

755.    On September 29, 2019, Plaintiff Raisi Tayebeh submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

756.    On September 29, 2019, Plaintiff K.M. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

757.    On September 29, 2019, Plaintiff K.M. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

758.    Plaintiffs Metanat Mojtaba, Raisi Tayebeh, K.M., and K.M. have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

759.    Plaintiffs Metanat Mojtaba, Raisi Tayebeh, K.M., and K.M. had an interview on April 14, 2020.

760.    The adjudications of Plaintiffs Metanat Mojtaba, Raisi Tayebeh, K.M., and K.M.'s immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Dmitry Mordvintsev**

761.    Dmitry Mordvintsev is a native of Russia and DV-2020 selectee.

762.    Plaintiff Olga Dubachyova is a native of Kazakhstan and spouse of Dmitry Mordvintsev. Olga Dubachyova is eligible to immigrate to the United States as a derivative beneficiary of Dmitry Mordvintsev should they be issued an immigrant visa pursuant to their DV-2020 selection.

763.    On May 7, 2019, Dmitry Mordvintsev and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

764.    The KCC assigned Plaintiff Dmitry Mordvintsev visa case number 2020EU00018405.

765.    On Jan 3, 2020, Plaintiff Dmitry Mordvintsev submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

766.    On Jan 3, 2020, Plaintiff Olga Dubachyova submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

767.    Plaintiffs Dmitry Mordvintsev and Olga Dubachyova have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

768.    Plaintiffs Dmitry Mordvintsev and Olga Dubachyova were scheduled for an interview on April 14, 2020 but the interview was cancelled.

769.    To date, Plaintiffs Dmitry Mordvintsev and Olga Dubachyova have not been rescheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

770.    The adjudications of Plaintiffs Dmitry Mordvintsev and Olga Dubachyova's immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Yury Klausuts**

771.    Yury Klausuts is a native of Belarus and DV-2020 selectee.

772.    On May 7, 2019, Yury Klausuts was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

773.    The KCC assigned Plaintiff Yury Klausuts visa case number 2020EU00020916.

774.    On December 13, 2019, Plaintiff Yury Klausuts submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

775.    Plaintiff Yury Klausuts has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

776.    Plaintiff Yury Klausuts had an interview on April 21, 2020.

777.    The adjudication of Plaintiff Yury Klausuts immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Abubakr Abdelsalam Osman Abdelrahman**

778.    Abubakr Abdelsalam Osman Abdelrahman is a native of Sudan and DV-2020 selectee.

779.     On May 7, 2019, Abubakr Abdelsalam Osman Abdelrahman and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

780.     The KCC assigned Plaintiff Abubakr Abdelsalam Osman Abdelrahman visa case number 2020AS13197.

781.     On June 14, 2019, Plaintiff Abubakr Abdelsalam Osman Abdelrahman submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

782.     Plaintiffs Abubakr Abdelsalam Osman Abdelrahman has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

783.     Plaintiffs Abubakr Abdelsalam Osman Abdelrahman had an interview on April 14, 2020.

784.     The adjudication of Plaintiffs Abubakr Abdelsalam Osman Abdelrahman's immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Orod Ladan**

785.     Orod Ladan is a native of Iran and DV-2020 selectee.

786.     Plaintiff Maryam Bayandoriha is a native of Iran and spouse of Orod Ladan. Maryam Bayandoriha is eligible to immigrate to the United States as a derivative beneficiary of Orod Ladan should they be issued an immigrant visa pursuant to their DV-2020 selection.

787.    On May 7, 2019, Orod Ladan and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

788.    The KCC assigned Plaintiff Orod Ladan visa case number 2020AS6262.

789.    Plaintiff Orod Ladan submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

790.    Plaintiff Maryam Bayandoriha submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

791.    Plaintiffs Orod Ladan and Maryam Bayandoriha have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

792.    Plaintiff Orod Ladan and Maryam Bayandoriha attended an interview on February 13, 2020.

793.    To date, Plaintiffs Orod Ladan and Maryam Bayandoriha have not been rescheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

794.    The adjudications of Plaintiffs Orod Ladan and Maryam Bayandoriha's immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Edmond Korbi**

795.    Edmond Korbi is a native of Albania and DV-2020 selectee.

796.    Plaintiff Djana Korbi is a native of Albania and spouse of Edmond Korbi. Djana Korbi is eligible to immigrate to the United States as a derivative beneficiary of J Djana Korbi should they be issued an immigrant visa pursuant to their DV-2020 selection.

797.    Plaintiff G.K. is a native of Albania and minor child of Edmond Korbi. G.K. is eligible to immigrate to the United States as a derivative beneficiary of Edmond Korbi should they be issued an immigrant visa pursuant to their DV-2020 selection.

798.    Plaintiff S.K. is a native of Albania and minor child of Edmond Korbi. G.K. is eligible to immigrate to the United States as a derivative beneficiary of Edmond Korbi should they be issued an immigrant visa pursuant to their DV-2020 selection.

799.    On May 7, 2019, Edmond Korbi and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

800.    The KCC assigned Plaintiff Edmond Korbi visa case number 2020EU19821.

801.    Plaintiff Edmond Korbi submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

802.    Plaintiff Djana Korbi submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

803.    Plaintiff G.K. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

804.    Plaintiff S.K. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

805.    Plaintiffs Edmond Korbi, Djana Korbi, G.K., and S.K. have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

806.    To date, Plaintiffs Edmond Korbi, Djana Korbi, G.K., and S.K. have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

807.     The adjudications of Plaintiffs Edmond Korbi, Djana Korbi, G.K., and S.K.'s immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Abdeltawab Osama Abdelkader**

808.     Abdeltawab Osama Abdelkader is a native of Egypt and DV-2020 selectee.

809.     On May 7, 2019, Abdeltawab Osama Abdelkader was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

810.     The KCC assigned Plaintiff Abdeltawab Osama Abdelkader visa case number 2020AS15659.

811.     Plaintiff Abdeltawab Osama Abdelkader submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

812.     Plaintiff Abdeltawab Osama Abdelkader has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

813.     Plaintiff Abdeltawab Osama Abdelkader had an interview on April 1, 2020.

814.     The adjudication of Plaintiff Abdeltawab Osama Abdelkader immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Tiago Songabio Jacob**

815.     Tiago Songabio Jacob is a native of Angola and DV-2020 selectee.

816.     On May 7, 2019, Tiago Songabio Jacob was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

817.     The KCC assigned Plaintiff Tiago Songabio Jacob visa case number 2020AF99305.

818.    On Jan 1, 2019, Plaintiff Tiago Songabio Jacob submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

819.    Plaintiff Tiago Songabio Jacob has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

820.    Plaintiff Tiago Songabio Jacob had an interview on April 1, 2020.

821.    The adjudication of Plaintiff Tiago Songabio Jacob immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Loredana Morgane Libera Philippe**

822.    Loredana Morgane Libera Philippe is a native of France and DV-2020 selectee.

823.    On May 7, 2019, Loredana Morgane Libera Philippe was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

824.    The KCC assigned Plaintiff Loredana Morgane Libera Philippe visa case number 2020EU00023904.

825.    On May 28, 2019, Plaintiff Loredana Morgane Libera Philippe submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

826.    Plaintiff Loredana Morgane Libera Philippe has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

827.    To date, Plaintiff Loredana Morgane Libera Philippe has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

828.    The adjudication of Plaintiff Loredana Morgane Libera Philippe immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Akmaral Kamzagaliyeva**

829.    Akmaral Kamzagaliyeva is a native of Kazakhstan and DV-2020 selectee.

830.    On May 7, 2019, Akmaral Kamzagaliyeva was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

831.    The KCC assigned Plaintiff Akmaral Kamzagaliyeva visa case number 2020EU00042312.

832.    In August 2019, Plaintiff Akmaral Kamzagaliyeva submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

833.    To date, Plaintiff Akmaral Kamzagaliyeva has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

834.    The adjudication of Plaintiff Akmaral Kamzagaliyeva immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

Omer Abdalla Hassan Mohamed

835.    Omer Abdalla Hassan Mohamed is a native of Sudan and DV-2020 selectee.

836.    On May 7, 2019, Omer Abdalla Hassan Mohamed was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

837.    The KCC assigned Plaintiff Omer Abdalla Hassan Mohamed visa case number 2020AS00019321.

838.    On Juky 27, 2019, Plaintiff Omer Abdalla Hassan Mohamed submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

839.    Plaintiff Omer Abdalla Hassan Mohamed has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

840.    To date, Plaintiff Omer Abdalla Hassan Mohamed has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

841.    The adjudication of Plaintiff Omer Abdalla Hassan Mohamed immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Nazarov Avaz Abdurashidovich**

842.    Nazarov Avaz Abdurashidovich is a native of Uzbekistan and DV-2020 selectee.

843.    On May 7, 2019, Nazarov Avaz Abdurashidovich was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

844.    The KCC assigned Plaintiff Nazarov Avaz Abdurashidovich visa case number 2020EU00002722.

845.    On July 16, 2019, Plaintiff Nazarov Avaz Abdurashidovich submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

846.    Plaintiff Nazarov Avaz Abdurashidovich has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

847.    Plaintiff Nazarov Avaz Abdurashidovich had an interview on November 7, 2019.

848.    The adjudication of Plaintiff Nazarov Avaz Abdurashidovich immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Khashayar Azizsani**

849.    Khashayar Azizsani is a native of Iran and DV-2020 selectee.

850.    On May 7, 2019, Khashayar Azizsani was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

851.    The KCC assigned Plaintiff Khashayar Azizsani visa case number 2020AS00005714.

852.    Plaintiff Khashayar Azizsani submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

853.    Plaintiff Khashayar Azizsani has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

854.    On February 19, 2020, Plaintiff Khashayar attended an immigrant visa interview.

855.    To date, Plaintiff Khashayar Azizsani has not been rescheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

856.    The adjudication of Plaintiff Khashayar Azizsani immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Semiha Unlu**

857.    Semiha Unlu is a native of Turkey and DV-2020 selectee.

858.    Plaintiff Gokhan Unlu is a native of Turkey and spouse of Semiha Unlu. Gokhan Unlu is eligible to immigrate to the United States as a derivative beneficiary of Semiha Unlu should they be issued an immigrant visa pursuant to their DV-2020 selection.

859.    Plaintiff S.E.U. is a native of Turkey and minor child of Semiha Unlu. S.E.U. is eligible to immigrate to the United States as a derivative beneficiary of Semiha Unlu should they be issued an immigrant visa pursuant to their DV-2020 selection.

860.    On May 7, 2019, Semiha Unlu and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

861.    The KCC assigned Plaintiff Semiha Unlu visa case number 2020EU45956.

862.    On July 22, 2019, Plaintiff Semiha Unlu submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

863.    On July 22, 2019, Plaintiff Gokhan Unlu submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

864. On July 22, 2019, Plaintiff S.E.U. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

865. Plaintiffs Semiha Unlu, Gokhan Unlu, and S.E.U. have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

866. To date, Plaintiffs Semiha Unlu, Gokhan Unlu, and S.E.U. have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

867. The adjudications of Plaintiffs Semiha Unlu, Gokhan Unlu, and S.E.U.'s immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Karim El Hajjar**

868. Karim El Hajjar is a native of Lebanon and DV-2020 selectee.

869. On May 7, 2019, Karim El Hajjar was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

870. The KCC assigned Plaintiff Karim El Hajjar visa case number 2020AS00024167.

871. On Jan 19, 2020, Plaintiff Karim El Hajjar submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

872. To date, Plaintiff Karim El Hajjar has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

873. The adjudication of Plaintiff Karim El Hajjar immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Denis Martynenko**

874.     Denis Martynenko is a native of Russia and DV-2020 selectee.

875.     Plaintiff Anna Martynenko is a native of Russia and spouse of Denis Martynenko. Anna Martynenko is eligible to immigrate to the United States as a derivative beneficiary of Denis Martynenko should they be issued an immigrant visa pursuant to their DV-2020 selection.

876.     Plaintiff V.M. is a native of Russia and minor child of Denis Martynenko. V.M. is eligible to immigrate to the United States as a derivative beneficiary of Denis Martynenko should they be issued an immigrant visa pursuant to their DV-2020 selection.

877.     On May 7, 2019, Denis Martynenko and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

878.     The KCC assigned Plaintiff Denis Martynenko visa case number 2020EU00025392.

879.     On July 31, 2019, Plaintiff Denis Martynenko submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

880.     On July 31, 2019, Plaintiff Anna Martynenko submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

881.     On July 31, 2019, Plaintiff V.M. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

882.     Plaintiffs Denis Martynenko, Anna Martynenko, and V.M. have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

883.    To date, Plaintiffs Denis Martynenko, Anna Martynenko, and V.M. have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

884.    The adjudications of Plaintiffs Denis Martynenko, Anna Martynenko, and V.M.'s immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Nichita Covalenco**

885.    Nichita Covalenco is a native of Moldova and DV-2020 selectee.

886.    Plaintiff Alina Banul is a native of Moldova and spouse of Nichita Covalenco. Alina Banul is eligible to immigrate to the United States as a derivative beneficiary of Nichita Covalenco should they be issued an immigrant visa pursuant to their DV-2020 selection.

887.    On May 7, 2019, Nichita Covalenco and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

888.    The KCC assigned Plaintiff Nichita Covalenco visa case number 2020EU19267.

889.    On February 21, 2020, Plaintiff Nichita Covalenco submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

890.    On February 21, 2020, Plaintiff Alina Banul submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

891.    Plaintiffs Nichita Covalenco and Alina Banul have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

892.    Plaintiffs Nichita Covalenco and Alina Banul had an interview on May 7, 2020.

893.    The adjudications of Plaintiffs Nichita Covalenco and Alina Banul's immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Brunette Tona Malungana**

894.    Brunette Tona Malungana is a native of the Democratic Republic of the Congo and DV-2020 selectee.

895.    Plaintiff Mukamba Ilunga Jonas Patrick is a native of the Democratic Republic of the Congo and spouse of Brunette Tona Malungana. Mukamba Ilunga Jonas Patrick is eligible to immigrate to the United States as a derivative beneficiary of Brunette Tona Malungana should they be issued an immigrant visa pursuant to their DV-2020 selection.

896.    On May 7, 2019, Brunette Tona Malungana and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

897.    The KCC assigned Plaintiff Brunette Tona Malungana visa case number 2020AF67499.

898.    On October 10, 2019, Plaintiff Brunette Tona Malungana submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

899.    On October 10, 2019, Plaintiff Mukamba Ilunga Jonas Patrick submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

900.    Plaintiffs Brunette Tona Malungana and Mukamba Ilunga Jonas Patrick have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

901.   To date, Plaintiffs Brunette Tona Malungana and Mukamba Ilunga Jonas Patrick have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

902.   The adjudications of Plaintiffs Brunette Tona Malungana and Mukamba Ilunga Jonas Patrick's immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Shahram Mehrafrooz**

903.   Shahram Mehrafrooz is a native of Iran and DV-2020 selectee.

904.   Plaintiff Saloomeh Esmaeili is a native of Iran and spouse of Shahram Mehrafrooz. Saloomeh Esmaeili is eligible to immigrate to the United States as a derivative beneficiary of Shahram Mehrafrooz should they be issued an immigrant visa pursuant to their DV-2020 selection.

905.   Plaintiff E.M. is a native of Iran and minor child of Shahram Mehrafrooz. E.M. is eligible to immigrate to the United States as a derivative beneficiary of Shahram Mehrafrooz should they be issued an immigrant visa pursuant to their DV-2020 selection.

906.   On May 7, 2019, Shahram Mehrafrooz and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

907.   The KCC assigned Plaintiff Shahram Mehrafrooz visa case number 2020AS10181.

908.   On August 3, 2019, Plaintiff Shahram Mehrafrooz submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

909.     On August 3, 2019, Plaintiff Saloomeh Esmaeili submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

910.     On August 3, 2019, Plaintiff E.M. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

911.     Shahram Mehrafrooz, Saloomeh Esmaeili, and E.M. have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

912.     To date, Plaintiffs Mehrafrooz, Saloomeh Esmaeili, and E.M. have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

913.     The adjudications of Plaintiffs Mehrafrooz, Saloomeh Esmaeili, and E.M.'s immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Kavira Aline Katavali**

914.     Kavira Aline Katavali is a native of the Democratic Republic of the Congo and DV-2020 selectee.

915.     Plaintiff Bokula Merveille Abili is a native of the Democratic Republic of the Congo and spouse of Kavira Aline Katavali. Bokula Merveille Abili is eligible to immigrate to the United States as a derivative beneficiary of Kavira Aline Katavali should they be issued an immigrant visa pursuant to their DV-2020 selection.

916.     On May 7, 2019, Kavira Aline Katavali and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

917.     The KCC assigned Plaintiff Kavira Aline Katavali visa case number 2020AF00055600.

918.     On May 20, 2019, Plaintiff Kavira Aline Katavali submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

919.     On May 20, 2019, Plaintiff Bokula Merveille Abili submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

920.     Plaintiffs Kavira Aline Katavali and Bokula Merveille Abili have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*, and KCC has confirmed receipt of that information and that the couple is ready for an interview.

921.     To date, Plaintiffs Kavira Aline Katavali and Bokula Merveille Abili have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

922.     The adjudications of Plaintiffs Kavira Aline Katavali and Bokula Merveille Abili's immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Rupa Shah**

923.     Rupa Shah is a native of Nepal and DV-2020 selectee.  Rupa Shah was issued a visa, and entered the United States as a Legal Permanent Resident. She resides in Madison, Wisconsin.

924.     Plaintiff Som Raj Shahi is a native of Nepal and spouse of Rupa Shah. Som Raj Shahi is eligible to immigrate to the United States as a derivative beneficiary of Rupa Shah pursuant to the issuance of Rupa Shah's DV-2020 visa issuance.

925.    Plaintiff R.S. is a native of Nepal and minor child of Rupa Shah. R.S. was issued a visa, entered the United States, and resides in Madison, Wisconsin as a Legal Permanent Resident.

926.    Plaintiff B.B.S. is a native of Nepal and minor child of Rupa Shah. B.B.S. was issued a visa, entered the United States, and resides in Madison, Wisconsin as a Legal Permanent Resident.

927.    On May 7, 2019, Rupa Shah and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

928.    The KCC assigned Plaintiff Rupa Shah visa case number 2020AS00004659.

929.    On May 24, 2019, Plaintiff Som Raj Shahi submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

930.    Plaintiffs Som Raj Shahi has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

931.    Plaintiff Som Raj Shahi attended an immigrant visa interview on December 23, 2019.

932.    Plaintiffs Som Raj Shahi was rescheduled for another interview for March 23, 2020 but the interview was cancelled.

933.    To date, Som Raj Shahi is separated from his wife and children, and has not been rescheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

934.    The adjudications of Plaintiffs Som Raj Shahi's immigrant visa applications is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Wladimir Marmol Avendano**

935.    Wladimir Marmol Avendano is a native of Venezuela and DV-2020 selectee.

936.    Plaintiff Yajaira Josefina Leon De Marmol is a native of Venezuela and spouse of Marmol Avendano. Yajaira Josefina Leon De Marmol is eligible to immigrate to the United States as a derivative beneficiary of Marmol Avendano should they be issued an immigrant visa pursuant to their DV-2020 selection.

937.    On May 7, 2019, Marmol Avendano and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

938.    The KCC assigned Plaintiff Marmol Avendano visa case number 2020SA3433.

939.    On September 4, 2019, Plaintiff Marmol Avendano submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

940.    On September 4, 2019, Plaintiff Yajaira Josefina Leon De Marmol submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

941.    Plaintiffs Marmol Avendano and Yajaira Josefina Leon De Marmol have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

942.    To date, Plaintiffs Marmol Avendano and Yajaira Josefina Leon De Marmol have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

943.    The adjudications of Plaintiffs Marmol Avendano and Yajaira Josefina Leon De Marmol's immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Fathelrahman Yousif Ali Sidahmed**

944.     Fathelrahman Yousif Ali Sidahmed is a native of Sudan and DV-2020 selectee.

945.     On May 7, 2019, Fathelrahman Yousif Ali Sidahmed was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

946.     The KCC assigned Plaintiff Fathelrahman Yousif Ali Sidahmed visa case number 2020AF00049955.

947.     On January 30, 2020, Plaintiff Fathelrahman Yousif Ali Sidahmed submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

948.     Plaintiff Fathelrahman Yousif Ali Sidahmed has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

949.     To date, Plaintiff Fathelrahman Yousif Ali Sidahmed  has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

950.     The adjudication of Plaintiff Fathelrahman Yousif Ali Sidahmed immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Moise Kahamba Longambo**

951.     Moise Kahamba Longambo is a native of The Democratic Republic of the Congo and DV-2020 selectee.

952.     On May 7, 2019, Moise Kahamba Longambo was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

953.     The KCC assigned Plaintiff Moise Kahamba Longambo visa case number 2020AF00014304.

954.    On December 1, 2019, Plaintiff Moise Kahamba Longambo submitted their DS-260, Immigrant Visa Application and Alien Registration pursuant to their DV-2020 selection.

955.    Plaintiff Moise Kahamba Longambo has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

956.    To date, Plaintiff Moise Kahamba Longambo has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

957.    The adjudication of Plaintiff Moise Kahamba Longambo immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Mohamed Abdirashid Mohamud**

958.    Mohamed Abdirashid Mohamud is a native of Kenya and DV-2020 selectee.

959.    On May 7, 2019, Mohamed Abdirashid Mohamud was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

960.    The KCC assigned Plaintiff Mohamed Abdirashid Mohamud visa case number 2020AF23035.

961.    On June 11, 2020, Plaintiff Mohamed Abdirashid Mohamud submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

962.    Plaintiff Mohamed Abdirashid Mohamud has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

963.    To date, Plaintiff Mohamed Abdirashid Mohamud has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

964.    The adjudication of Plaintiff Mohamed Abdirashid Mohamud immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Eddy Ngila Botamba**

965.    Eddy Ngila Botamba is a native of The Democratic Republic of the Congo and DV-2020 selectee.

966.    Plaintiff Lydie Ntemo Mbiyavanga is a native of The Democratic Republic of the Congo and spouse of Ngila Botamba. Lydie Ntemo Mbiyavanga is eligible to immigrate to the United States as a derivative beneficiary of Ngila Botamba should they be issued an immigrant visa pursuant to their DV-2020 selection.

967.    Plaintiff K.N.D. is a native of The Democratic Republic of the Congo and minor child of Ngila Botamba. K.N.D. is eligible to immigrate to the United States as a derivative beneficiary of Ngila Botamba should they be issued an immigrant visa pursuant to their DV-2020 selection.

968.    Plaintiff K.N.B. is a native of The Democratic Republic of the Congo and minor child of Ngila Botamba. K.N.B. is eligible to immigrate to the United States as a derivative beneficiary of Ngila Botamba should they be issued an immigrant visa pursuant to their DV-2020 selection.

969.    Plaintiff K.N.N. is a native of The Democratic Republic of the Congo and minor child of Ngila Botamba. K.N.N. is eligible to immigrate to the United States as a derivative beneficiary of Ngila Botamba should they be issued an immigrant visa pursuant to their DV-2020 selection.

970.    On May 7, 2019, Ngila Botamba and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

971.    The KCC assigned Plaintiff Ngila Botamba visa case number 2020AF31171.

972.     On June 5, 2020, Plaintiff Ngila Botamba submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection

973.     On June 5, 2020, Plaintiff Lydie Ntemo Mbiyavanga submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection

974.     On June 5, 2020, Plaintiff K.N.D. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection

975.     On June 5, 2020, Plaintiff K.N.B. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection

976.     On June 5, 2020, Plaintiff K.N.N. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection

977.     Plaintiffs Ngila Botamba, Lydie Ntemo Mbiyavanga, K.N.D., K.N.B., and K.N.N. have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

978.     Plaintiffs Ngila Botamba, Lydie Ntemo Mbiyavanga, K.N.D., K.N.B., and K.N.N. were scheduled for an interview on April 30, 2020 but the interview was cancelled.

979.     To date, Plaintiffs Ngila Botamba, Lydie Ntemo Mbiyavanga, K.N.D., K.N.B., and K.N.N. have not been rescheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

980.     The adjudications of Plaintiffs Ngila Botamba, Lydie Ntemo Mbiyavanga, K.N.D., K.N.B., and K.N.N.'s immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Wiphaphorn Chatpong**

981.     Wiphaphorn Chatpong is a native of Thailand and DV-2020 selectee.

982.     On May 7, 2019, Wiphaphorn Chatpong was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

983.     The KCC assigned Plaintiff Wiphaphorn Chatpong visa case number 2020AS11773.

984.     On November 12, 2019, Plaintiff Wiphaphorn Chatpong submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

985.     Plaintiff Wiphaphorn Chatpong has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

986.     Plaintiff Wiphaphorn Chatpong was scheduled for an interview on March 31, 2020 but the interview was cancelled.

987.     To date, Plaintiff Wiphaphorn Chatpong has not been rescheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

988.     The adjudication of Plaintiff Wiphaphorn Chatpong immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Argelio Avila Moreno**

989.     Argelio Avila Moreno is a native of Cuba and DV-2020 selectee.

990.     Plaintiff Barbara Magdiel Moreno Perez is a native of Cuba and spouse of Argelio Avila Moreno. Barbara Magdiel Moreno Perezis eligible to immigrate to the United States as a derivative beneficiary of Argelio Avila Moreno should they be issued an immigrant visa pursuant to their DV-2020 selection.

991.     Plaintiff L.M.A.M. is a native of Cuba and minor child of Argelio Avila Moreno. L.M.A.M. is eligible to immigrate to the United States as a derivative beneficiary of Argelio Avila Moreno should they be issued an immigrant visa pursuant to their DV-2020 selection.

992.    Plaintiff L.M.A.M. is a native of Cuba and minor child of Argelio Avila Moreno. L.M.A.M. is eligible to immigrate to the United States as a derivative beneficiary of Argelio Avila Moreno should they be issued an immigrant visa pursuant to their DV-2020 selection.

993.    On May 7, 2019, Argelio Avila Moreno and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

994.    The KCC assigned Plaintiff Argelio Avila Moreno visa case number 2020SA2378.

995.    On May 15, 2019, Plaintiff Argelio Avila Moreno submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

996.    On May 15, 2019, Plaintiff Barbara Magdiel Moreno Perez submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

997.    On May 15, 2019, Plaintiff L.M.A.M. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

998.    On May 15, 2019, Plaintiff L.M.A.M. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

999.    Plaintiffs Argelio Avila Moreno, Barbara Magdiel Moreno Perez, L.M.A.M. and L.M.A.M. have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

1000.   To date, Plaintiffs Argelio Avila Moreno, Barbara Magdiel Moreno Perez, L.M.A.M. and L.M.A.M. have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

1001.   The adjudications of Plaintiffs Argelio Avila Moreno, Barbara Magdiel Moreno Perez, L.M.A.M. and L.M.A.M.'s immigrant visa applications are suspended pursuant to the

Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Behrouz Khosravani Nazari**

1002.    Behrouz Khosravani Nazari is a native of Iran and DV-2020 selectee.

1003.    Plaintiff Parisa Honarmand is a native of Iran and spouse of Behrouz Khosravani Nazari. Parisa Honarmand is eligible to immigrate to the United States as a derivative beneficiary of Behrouz Khosravani Nazari should they be issued an immigrant visa pursuant to their DV-2020 selection.

1004.    On May 7, 2019, Behrouz Khosravani Nazari and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

1005.    The KCC assigned Plaintiff Behrouz Khosravani Nazari visa case number 2020AS7323.

1006.    On October 27, 2019, Plaintiff Behrouz Khosravani Nazari submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

1007.    On October 27, 2019, Plaintiff Parisa Honarmand submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

1008.    Plaintiffs Behrouz Khosravani Nazari and Parisa Honarmand have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

1009.    To date, Plaintiffs Behrouz Khosravani Nazari and Parisa Honarmand have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

1010.    The adjudications of Plaintiffs Behrouz Khosravani Nazari and Parisa Honarmand's immigrant visa applications are suspended pursuant to the Department's policies,

procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Kidist Gebre Chegen**

1011. Kidist Gebre Chegen is a native of Ethiopia and DV-2020 selectee.

1012. On May 7, 2019, Kidist Gebre Chegen was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

1013. The KCC assigned Plaintiff Kidist Gebre Chegen visa case number 2020AF00029983.

1014. On June 10, 2019, Plaintiff Kidist Gebre Chegen submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

1015. Plaintiff Kidist Gebre Chegen has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

1016. To date, Plaintiff Kidist Gebre Chegen has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

1017. The adjudication of Plaintiff Kidist Gebre Chegen immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Woldie Kidus Getahun**

1018. Woldie Kidus Getahun is a native of Ethiopia and DV-2020 selectee.

1019. On May 7, 2019, Woldie Kidus Getahun was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

1020. The KCC assigned Plaintiff Woldie Kidus Getahun visa case number 2020AF62481.

1021. On May 29, 2019, Plaintiff Woldie Kidus Getahun submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

1022.   Plaintiff Woldie Kidus Getahun has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

1023.   To date, Plaintiff Woldie Kidus Getahun has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

1024.   The adjudication of Plaintiff Woldie Kidus Getahun immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Noelvis Rodriguez Iglesia**

1025.   Noelvis Rodriguez Iglesia is a native of Cuba and DV-2020 selectee.

1026.   On May 7, 2019, Noelvis Rodriguez Iglesia was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

1027.   The KCC assigned Plaintiff Noelvis Rodriguez Iglesia visa case number 2020SA2037.

1028.   On June 20, 2019, Plaintiff Noelvis Rodriguez Iglesia submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

1029.   Plaintiff Noelvis Rodriguez Iglesia has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

1030.   To date, Plaintiff Noelvis Rodriguez Iglesia has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

1031.   The adjudication of Plaintiff Noelvis Rodriguez Iglesia immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Eber Betancourt Avalo**

1032.   Eber Betancourt Avalo is a native of Cuba and DV-2020 selectee.

1033.    Yenisley Ramos Alarcon is a native of Cuba and spouse of Eber Betancourt Avalo. Yenisley Ramos Alarcon is eligible to immigrate to the United States as a derivative beneficiary of Eber Betancourt Avalo should they be issued an immigrant visa pursuant to their DV-2020 selection.

1034.    On May 7, 2019, Eber Betancourt Avalo and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

1035.    The KCC assigned Plaintiff Eber Betancourt Avalo visa case number 2020SA00000800.

1036.    On November 15, 2019, Plaintiff Eber Betancourt Avalo submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

1037.    On November 15, 2019, Plaintiff Yenisley Ramos Alarcon submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

1038.    Plaintiffs Eber Betancourt Avalo and Yenisley Ramos Alarcon have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

1039.    To date, Plaintiffs Eber Betancourt Avalo and Yenisley Ramos Alarcon have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

1040.    The adjudications of Plaintiffs Eber Betancourt Avalo and Yenisley Ramos Alarcon's immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Nermeen Essam Eldin Ahmed Sallam**

113

1041.    Nermeen Essam Eldin Ahmed Sallam is a native of Egypt and Dv-2020 selectee.

1042.    Plaintiff Mohamed Ghanem Abdallah Mohamed Ghanem is a native of Egypt and spouse of Nermeen Essam Eldin Ahmed Sallam. Mohamed Ghanem Abdallah Mohamed Ghanem is eligible to immigrate to the United States as a derivative beneficiary of Nermeen Essam Eldin Ahmed Sallam should they be issued an immigrant visa pursuant to their DV-2020 selection.

1043.    Plaintiff Salma Mohamed Ghanem Abdallah is a native of Egypt and child of Nermeen Essam Eldin Ahmed Sallam. Salma Mohamed Ghanem Abdallah is eligible to immigrate to the United States as a derivative beneficiary of Nermeen Essam Eldin Ahmed Sallam should they be issued an immigrant visa pursuant to their DV-2020 selection.

1044.    Plaintiff J.M.G.A. is a native of Egypt and child of Nermeen Essam Eldin Ahmed Sallam. J.M.G.A. is eligible to immigrate to the United States as a derivative beneficiary of Nermeen Essam Eldin Ahmed Sallam should they be issued an immigrant visa pursuant to their DV-2020 selection.

1045.    Plaintiff Z.M.G.A. is a native of Egypt and child of Nermeen Essam Eldin Ahmed Sallam. Z.M.G.A. is eligible to immigrate to the United States as a derivative beneficiary of Nermeen Essam Eldin Ahmed Sallam should they be issued an immigrant visa pursuant to their DV-2020 selection.

1046.    On May 7, 2019, Nermeen Essam Eldin Ahmed Sallam and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

1047.    The KCC assigned Plaintiff Nermeen Essam Eldin Ahmed Sallam visa case number 2020AF00035271.

1048.   On May 18, 2019, Plaintiff Nermeen Essam Eldin Ahmed Sallam submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

1049.   On May 18, 2019, Plaintiff Mohamed Ghanem Abdallah Mohamed Ghanem submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

1050.   On May 18, 2019, Plaintiff Salma Mohamed Ghanem Abdallah submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

1051.   On May 18, 2019, Plaintiff J.M.G.A. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

1052.   On May 18, 2019, Plaintiff Z.M.G.A. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

1053.   Plaintiffs Nermeen Essam Eldin Ahmed Sallam, Mohamed Ghanem Abdallah Mohamed Ghanem, Salma Mohamed Ghanem Abdallah, J.M.G.A. and Z.M.G.A. have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

1054.   To date, Plaintiffs Nermeen Essam Eldin Ahmed Sallam, Mohamed Ghanem Abdallah Mohamed Ghanem, Salma Mohamed Ghanem Abdallah, J.M.G.A. and Z.M.G.A. have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

1055.   The adjudications of Plaintiffs Nermeen Essam Eldin Ahmed Sallam, Mohamed Ghanem Abdallah Mohamed Ghanem, Salma Mohamed Ghanem Abdallah, J.M.G.A. and Z.M.G.A.'s immigrant visa applications are suspended pursuant to the Department's

policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Marie Josée Mulamba Iowa Nsomi**

1056.    Marie Josée Mulamba Iowa Nsomi is a native of the Democratic Republic of Congo and DV-2020 selectee.

1057.    On May 7, 2019, Marie Josée Mulamba Iowa Nsomi was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

1058.    The KCC assigned Plaintiff Marie Josée Mulamba Iowa Nsomi visa case number 2020AF28236.

1059.    On July 20, 2019, Plaintiff Marie Josée Mulamba Iowa Nsomi submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

1060.    Plaintiff Marie Josée Mulamba Iowa Nsomi has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

1061.    To date, Plaintiff Marie Josée Mulamba Iowa Nsomi has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

1062.    The adjudication of Plaintiff Marie Josée Mulamba Iowa Nsomi immigrant visa application is suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Francys Tellez Soto**

1063.    Francys Tellez Soto is a native of the Cuba and DV-2020 selectee.

1064.    Plaintiff V.E.R.T. is a native of Iran and minor child of Francys Tellez Soto. V.E.R.T. is eligible to immigrate to the United States as a derivative beneficiary of Francys Tellez Soto should they be issued an immigrant visa pursuant to their DV-2020 selection.

1065.    On May 7, 2019, Francys Tellez Soto was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

1066.    The KCC assigned Plaintiff Francys Tellez Soto visa case number 2020SA00003118.

1067.    On June 14, 2019, Plaintiff Francys Tellez Soto submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

1068.    On June 14, 2019, Plaintiff V.E.R.T. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

1069.    Plaintiffs Francys Tellez Soto and V.E.R.T. have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

1070.    To date, Plaintiffs Francys Tellez Soto and V.E.R.T. have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their application.

1071.    The adjudication of Plaintiffs Francys Tellez Soto and V.E.R.T.'s immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

### Mahdi Moadab

1072.    Mahdi Moadab is a native of Iran and DV-2020 selectee.

1073.    Plaintiff Elham Ebrahimi is a native of Iran and spouse of Mahdi Moadab. Elham Ebrahimi is eligible to immigrate to the United States as a derivative beneficiary of Mahdi Moadab should they be issued an immigrant visa pursuant to their DV-2020 selection.

1074.    Plaintiff K.M. is a native of Iran and minor child of Mahdi Moadab. K.M. is eligible to immigrate to the United States as a derivative beneficiary of Mahdi Moadab should they be issued an immigrant visa pursuant to their DV-2020 selection.

1075.    Plaintiff K.M. is a native of Iran and minor child of Mahdi Moadab. K.M. is eligible to immigrate to the United States as a derivative beneficiary of Mahdi Moadab should they be issued an immigrant visa pursuant to their DV-2020 selection.

1076.    On May 7, 2019, Mahdi Moadab and their derivative beneficiaries were invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

1077.    The KCC assigned Plaintiff Mahdi Moadab visa case number 2020AS11830.

1078.    On September 24, 2019, Plaintiff Mahdi Moadab submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

1079.    On September 24, 2019, Plaintiff Elham Ebrahimi submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

1080.    On September 24, 2019, Plaintiff K.M. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

1081.    On September 24, 2019, Plaintiff K.M. submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

1082.    Plaintiffs Mahdi Moadab, Elham Ebrahimi, K.M. and K.M. have submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

1083.    To date, Plaintiffs Mahdi Moadab, Elham Ebrahimi, K.M. and K.M. have not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

1084.     The adjudications of Plaintiffs Mahdi Moadab, Elham Ebrahimi, K.M. and K.M.'s immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**Said Huseyn Sultanov**

1085.     Said Huseyn Sultanov is a native of Azerbaijan and DV-2020 selectee.

1086.     On May 7, 2019, Said Huseyn Sultanov was invited to submit a DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

1087.     The KCC assigned Plaintiff Said Huseyn Sultanov visa case number 2020EU00025890.

1088.     On July 9, 2019, Plaintiff Said Huseyn Sultanov submitted their DS-260, *Immigrant Visa Application and Alien Registration* pursuant to their DV-2020 selection.

1089.     Plaintiff Said Huseyn Sultanov has submitted all necessary documentation for adjudication of their DS-260, *Immigrant Visa Application and Alien Registration*.

1090.     To date, Plaintiff Said Huseyn Sultanov has not been scheduled for an interview at an US Embassy or Consulate or issued a decision on their applications.

1091.     The adjudications of Plaintiff Said Huseyn Sultanov's immigrant visa applications are suspended pursuant to the Department's policies, procedures, and practices suspending adjudications of immigrant visa applications for DV-2020 program selectees.

**DEFENDANTS**

1092.     Defendant Donald Trump is the President of the United States of America. He is sued in his official capacity.

1093.     Defendant Michael R. Pompeo is the Secretary of State for the United States of America. Under the Immigration and Nationality Act, he has the authority to issue

regulations to implement the Diversity Visa Lottery Program. 8 U.S.C. §§ 1153, 1154.

He also prescribes the Visa Lottery fee, which is $330 per DV winner or derivative.

C.F.R.  § 42.33(h)(2)(i) He is sued in his official capacity.

1094.    Defendant Michael R. Pompeo  administers the Diversity Visa Lottery Program

through the Bureau of Consular Affairs' Kentucky Consular Center (KCC), located in

Williamsburg, Kentucky, which opened in 2000 to administer the program. As of May

2019, KCC had approximately 430 contract staff members working in two shifts and

on weekends and 5 Bureau of Consular Affairs direct-hire employees, including a

Foreign Service officer Director, all working under the direction of Defendant Michael

R. Pompeo. Among those, 21 contract staff members in KCC's DV unit handle

inquiries about the program, process the electronic visa applications from DV

selectees, schedule overseas interviews, and work with U.S. Citizen and Immigration

Services to process selectees already in the United States.

## FACTUAL ALLEGATIONS

### A.    DIVERSITY VISA IMMIGRANT PROGRAM

1095.    The Immigration Act of 1990 created a new immigration category, the Diversity

Immigrant Visa Program, to increase diversity in the U.S. immigrant population by

providing 50,000 Diversity visas to nationals of countries that have had low immigration

rates to the United States. Public Law 101-649; 8 U.S.C. § 1153(c).

1096.    The Diversity Immigrant Visa Program has led to a broader mix of nationalities

represented in the U.S. immigrant population, creating a U.S. better equipped to

understand and relate to the diversity of the world abroad.

1097. The Congressionally mandated program issues visas specifically for immigrants who are natives of countries and regions from where fewer than 50,000 immigrants came to the United States over the previous five years.

1098. Each fiscal year, the Department grants approximately 50,000 diversity immigrant visas to individuals from countries underrepresented in the immigration process, which allow recipients who are granted admission to enter the country as lawful permanent residents who may live and work in the United States indefinitely. *See* 8 U.S.C. §§ 1151(e), 1153(c)(1).

1099. Hopeful immigrants must submit entries during the application period.

1100. From those entries, the Department then chooses eligible selectees to apply for immigrant visas.

1101. A diversity visa selectee is entitled to apply for an immigrant visa only during the fiscal year for which the entry was submitted. *See* INA § 204(a)(1)(I)(ii)(II).

1102. The diversity visa program is administered at the Department's KCC. *See* 9 FAM 502.6-4(c)(1)(a).

1103. Selectees receive a first notifications letter informing the selectee of their selection and visa number. *Id.*

1104. The visa number, assigned by the KCC, is an administrative device used by the State Department to ensure that it does not grant more than the statutorily allocated 50,000 visas per year.

1105. Selectees must then submit a DS-260, Immigrant Visa and Alien Registration Application and various supporting documents. *See* 9 FAM 502.6-4(d)(1)(a), (b).

1106. When a selectee submits the DS-260, Immigrant Visa and Alien Registration Application and supporting documentation, KCC considers the case documentarily qualified.

1107.   Once the case is documentarily qualified, the Department must schedule the selectee for an immigrant visa interview at a United States Embassy or Consulate.

1108.   The Foreign Affairs Manual and associated Handbooks (hereafter collectively referred to as the "FAM") are a single, comprehensive, and authoritative source for the Department's organization structures, policies, and procedures that govern the operations of the Department, the Foreign Service and, when applicable, other federal agencies. The FAM conveys codified information to Department staff and contractors so they can carry out their responsibilities in accordance with statutory, executive, and Department mandates.

1109.   The FAM states that "KCC will schedule an appointment for a 'documentarily qualified' applicant when his or her regional lottery rank number is about to become current." 9 FAM 502.6-4(d)(2) (emphasis added).

1110.   Each month, the Department publishes a Diversity Visa Bulletin summarizing the availability of immigrant visas for diversity visa selectees.

1111.   Selectees with current visas numbers are entitled to an immigrant visa interview to make a formal application for an immigrant visa before a consular officer.

1112.   All Plaintiffs have an available immigrant visa pursuant to their DV-2020 program selection.

1113.   The Department's August 2020 Diversity Visa Bulletin demonstrates that all Plaintiffs have an available immigrant visa.

**B.  DIVERSITY IMMIGRANT (DV) CATEGORY FOR THE MONTH OF AUGUST**

Section 203(c) of the INA provides up to 55,000 immigrant visas each fiscal year to permit additional immigration opportunities for persons from countries with low admissions during the previous five years. The NACARA stipulates that beginning with DV-99, and for as long as necessary, up to 5,000 of the 55,000 annually-allocated diversity visas will be made available for use under the NACARA program. This will result in reduction of the DV-2020 annual limit to approximately 54,650. DV visas are divided among six geographic regions.  No one country can receive more than seven percent of the available diversity visas in any one year.

For Under August, immigrant numbers in the DV category are available to qualified DV-2020 applicants chargeable to all regions/eligible countries as follows. When an allocation cut-off number is shown, visas are available only for applicants with DV regional lottery rank numbers BELOW the specified allocation cut-off number:

| Region | All DV Chargeability Areas Except Those Listed Separately | |
|---|---|---|
| AFRICA | CURRENT | |
| ASIA | CURRENT | |
| EUROPE | CURRENT | |
| NORTH AMERICA (BAHAMAS) | CURRENT | |
| OCEANIA | CURRENT | |
| SOUTH AMERICA, and the CARIBBEAN | CURRENT | |

Entitlement to immigrant status in the DV category lasts only through the end of the fiscal (visa) year for which the applicant is selected in the lottery. The year of entitlement for all applicants registered for the DV-2020 program ends as of September 30, 2020. DV visas may not be issued to DV-2020 applicants after that date. Similarly, spouses and children accompanying or following to join DV-2020 principals are only entitled to derivative DV status until September 30, 2020. DV visa availability through the very end of FY-2020 cannot be taken for granted. Numbers could be exhausted prior to September 30.

*Visa Bulletin for August*, Number 44, Volume X, Department of State, Washington, D.C. available at https://travel.state.gov/content/travel/en/legal/visa-law0/visa-bulletin/2020/visa-bulletin-for-august-2020.html.

1114.   As of August 2020, immigrant visas were available to all Plaintiffs.

1115.   Because the Department must schedule immigrant visa interviews for DV-2020 selectees when their application is about to be current, the Department also publishes the forthcoming months visa bulletin for DV-2020  selectees.

1116.   The Department's Visa Bulletin for August states that on September 1, 2020 all DV-2020  selections will be current and eligible for immigrant visa interviews.

**C. THE DIVERSITY (DV) IMMIGRANT CATEGORY RANK CUT-OFFS WHICH WILL APPLY IN SEPTEMBER**

For September, immigrant numbers in the DV category are available to qualified DV-2020 applicants chargeable to all regions/eligible countries as follows. When an allocation cut-off number is shown, visas are available only for applicants with DV regional lottery rank numbers BELOW the specified allocation cut-off number:

| Region | All DV Chargeability Areas Except Those Listed Separately | |
|---|---|---|
| AFRICA | CURRENT | |
| ASIA | CURRENT | |
| EUROPE | CURRENT | |
| NORTH AMERICA (BAHAMAS) | CURRENT | |
| OCEANIA | CURRENT | |
| SOUTH AMERICA, and the CARIBBEAN | CURRENT | |

*Id.*

1117.  The entitlement requires the Department to schedule the selectee for a mandatory immigrant interview at a US Embassy or Consulate to determine the selectee's qualifications for the diversity visa and admissibility into the United States pursuant to the laws of the United States of America.

1118.  At the time of the interview, the consular officer must issue or refuse the immigrant visa application.

1119.  If the selectee is admissible to the United States, the consular officer "shall" issue the selectee an immigrant visa and may only refuse a visa "upon a ground specifically set out in the law or implementing regulations." *See* 22 C.F.R. § 40.6.

1120.  Because the diversity visa program restarts each fiscal year, diversity visas may not be issued after midnight on September 30th of the fiscal year of the selection. *See* 8 U.S.C. §§ 1153(c)(1), 1154(a)(1)(I)(ii)(II); 22 C.F.R. § 42.33(a)(1)(d); *see* also 31 U.S.C. § 1102.

1121.  Barring an order from this Court preserving Plaintiffs' diversity visas in the event that Defendants' fail to properly discharge their nondiscretionary duty and issue Plaintiffs'

diversity visas before September 30, 2020, Plaintiffs will forever lose their diversity visas.

1122. If a selectee is not issued a visa prior to midnight on September 30 of the fiscal year of the selection, the selectee cannot be issued a visa based on his or her visa selection for that fiscal year.

### B.     DIVERSITY VISA ANIMUS

1123. At 4:30 AM on November 1, 2017, President Donald J. Trump made clear on twitter his hostility towards the Diversity Visa Program.



1124. In a cabinet meeting later that day, the President stated that "I am today starting the process of terminating the diversity lottery program." Also stating, "Diversery [sic] and

diversity lottery. Diversity lottery. Sounds nice. It's not nice. It's not good. It's not good. It hasn't been good. And we've been against it."



https://twitter.com/realDonaldTrump/status/926155393490878464

1125.   The next day, recognizing the President did not garner the legislative backing necessary to end the Congressionally mandated program, the President stated "We're being stopped by Democrats because they're obstructionists. And, honestly, they don't want to do what's right for our country. We need strength. We need resolve. We have to stop it. So, we're going to get rid of this lottery program as soon as possible."

1126.   December 15, 2017, while speaking about the Diversity Visa Program the President stated, "They give us their worst people, they put 'em in a bin," Trump continued, making a lifting gesture from an imaginary bin. He went on to say, "But in his hand when he's picking these people, it's really the worst of the worst. 'Congratulations, you're going to the United States.' What a system."

1127.   It is unclear if the President was referring to career State Department officials at the KCC or foreign services officers at the United States Embassies and Consulates who place both their and their families lives at risk serving the citizens of the United States and enforcing our immigration laws in his statement on giving the United States the "worst of the worst."

1128.   On December 29, 2017, the President made clear in a tweet that "there can be no DACA without the desperately needed WALL at the Southern Border and an END to the horrible Chain Migration & ridiculous Lottery System of Immigration etc."

1129.   On January 4, 2018, the President tweeted "We must BUILD THE WALL, stop illegal immigration, end chain migration & cancel the visa lottery. The current system is unsafe & unfair to the great people of our country – time for change!" He repeated this sentiment in tweets on January 9, 11, 12, 16, and two more on February 6.

1130.    On February 8, 2018, the President tweeted "Time to end the visa lottery. Congress must

secure the immigration system and protect Americans."



1131.    On February 10, 2018, the President again detailed his intention of ending the Diversity

Visa Program, stating "My Administration has identified three major priorities for

creating a safe, modern and lawful immigration system: fully securing the border, ending

chain migration, and canceling the visa lottery."



https://twitter.com/realdonaldtrump/status/962469767109009408

1132.   During the President's 2018 State of the Union address, he reiterated his intention to gut the Diversity Visa Program as part of his immigration overhaul.

1133.   In tweets sent on February 15, May 26, June 15, July 29, and July 30, 2018, the President continued to call for ending the DV Lottery program.

1134.   In May of 2019, Trump unveiled an immigration proposal, drafted largely by the president's son-in-law and senior adviser Jared Kushner. Again, the President proposed to end the Diversity Visa Program.

1135.   At a campaign rally in Cincinnati, Ohio in 2019, President Trump painted a wildly inaccurate picture of how the diversity visa program works to a ruckus group of his supporters.

1136.   The President stated, "And you pick people out of the lottery," gesturing as if he were picking names out of a hat. "Well let's see, this one is a murderer, this one robbed four banks, this one I better not say, this one another murderer, ladies and gentlemen, another murderer."

1137.   The President also stated, "You think [countries] are going to put their great citizens [....] into the lottery? Look at the people they put into these lotteries."

1138.   Despite his tenacious twitter campaign, the President again failed to garner the legislative support for ending the Diversity Visa Program.

1139.   President's longstanding animus towards the Diversity Visa Program and its immigrant participants, failed efforts to garner the Congressional support to end the Diversity Visa Program, and intent to unlawfully end the Congressional mandated program is the basis for the Defendant's unlawful policies, procedures, and practices suspending the adjudication of immigrant visas for DV-2020 program selectees.

1140.   Defendants are now relying, in part, on the PP 10014, PP 10052, PP 9645, and other proclamations suspending entry into the United States to circumvent the Immigration and Nationality Act, federal regulations, preexisting Department policies, and the text of the aforementioned proclamations to unlawfully suspend the adjudication of immigrant visa applications for DV-2020 selectees and their derivative beneficiaries.

1141.   Defendants' policies, procedures, and practices are a violation of the Immigration and Nationality Act, Administrative Procedure Act, federal regulations, existing Department policies, and the text of PP 10014, PP 10052, PP 9645 governing the adjudication of immigrant visa applications for Diversity Visa Program selectees and their derivative beneficiaries.

### C.   DEFENDANTS HAVE CHANGED THE LAW AND SUSPENDED THE ADJUDICATION OF IMMIGRANT VISAS FOR DV-2020 SELECTEES

1142.   The Department has implemented policies, procedures, and practices suspending the adjudication of immigrant visas for DV-2020 selectees through the DV-2020 deadline—effectively ending the program.

1143.   The graph below, prepared by Plaintiff Tiago Vaz Duarte Soares, of the *Dr. Mohammed v Trump* sister case, demonstrates the suspension of immigrant visa adjudication for the DV-2020 through the end of May in comparison to the DV-2019, DV-2018, and DV-2017.



1144.   The Department cannot rely upon any statutory authority, regulations, presidential proclamations, executive orders, or preexisting Department policies to support a lawful implementation of policies, procedures, and practices that suspend the adjudication and issuance of immigrant visas for eligible DV-2020 selectees and their derivative beneficiaries.

131

1145.    The Department has suspended adjudication of immigrant visa applications for DV-2020 program selectees and their derivative beneficiaries at the KCC pursuant to the Department's policies, procedures, and practices.

1146.    In July 8, 2020 cable, the State Department prioritized DVs who qualify as exceptions as dead last, below all other categories: "For this transition period, pending further notice, the Visa Office recommends IV cases be scheduled, whether by NVC, KCC, or locally by post, in the following order of priority, with some appointments made available in each category each month to prevent complete stagnation." *See* CAR p. 00038.

1147.    The KCC has suspended assigning visa numbers to DV-2020 program selectees and their derivative beneficiaries pursuant to the Department's policies, procedures, and practices suspending the adjudication immigrant visas for DV-2020 program selectees.

1148.    The KCC has suspended transferring documentarily complete immigrant visa applications for DV-2020 program selectees and their derivative beneficiaries pursuant to the Department's policies, procedures, and practices suspending the adjudication of immigrant visa applications for DV-2020 program selectees and their derivative beneficiaries.

1149.    Despite the fact that the KCC is fully staffed, Defendants have refused to adjudicate Plaintiffs' diversity visas at the KCC. *See* CAR generally.

1150.    United States Embassies and Consulates have suspended conducting immigrant visa interviews for immigrant visa applications for DV-2020 program selectees pursuant to Department's policies, procedures, and practices suspending the adjudication of immigrant visa applications for DV-2020 program selectees and their derivative beneficiaries.

1151.  United States Embassies and Consulates have suspended accepting evidence in support of immigrant visa applications for DV-2020 program selectees pursuant to policies, procedures, and practices suspending the adjudication of immigrant visa applications for DV-2020 program selectees and their derivative beneficiaries.

1152.  United States Embassies and Consulates have ended conducting security checks for immigrant visa applications for DV-2020 program selectees and their derivative beneficiaries pursuant to policies, procedures, and practices suspending the adjudication of immigrant visa applications for DV-2020 program selectees and their derivative beneficiaries.

1153.  United States Embassies and Consulates have suspended all adjudications for already interviewed immigrant visa applications for DV-2020 program selectees and their derivative beneficiaries pursuant to policies, procedures, and practices suspending the adjudication of immigrant visa applications for DV-2020 program selectees and their derivative beneficiaries.

1154.  United States Embassies and Consulates have suspended PP 10014, PP 10052, and PP 9645 exemption and waiver determination for DV-2020 program selectees and their derivative beneficiaries pursuant to policies, procedures, and practices suspending the adjudication of immigrant visa applications for DV-2020 program selectees and their derivative beneficiaries.

1155.  The aforementioned suspensions have occurred and continued regardless of the United States Embassies and Consulates' host countries' restrictions. *See* CAR at 12–14, 23, 25.

1156.  The Department's policies, procedures, and practices suspending immigrant visa applications for DV-2020 program selectees and their derivative beneficiaries will not restart adjudications of immigrant visa applications for DV-2020 program selectees and

their derivative beneficiaries before October 1, 2020 effectively ending the DV-2020 program.

1157. Defendants policies, procedures, and practices suspending adjudication of diversity visas constitutes a final agency action and is reviewing by this court under the APA. Defendants' policies, procedures, and practices have resulted in an unreasonable delay and unlawful withholding of Plaintiffs' diversity visas.

1158. Even after the District Court of D.C. issued an order on September 4, 2020, directing Defendants to adjudicate numerous similarly situated plaintiffs' claim as expeditiously as possible, Defendant State Department continued to tell DV-2020 winners that they were ineligible for interviews for visa issuance because they are subject to PP 9993, a 14-day ban on travel—despite those plaintiffs' inability to use those visas, when issued, until January 1, 2021; such an interpretation is clearly animosity or Defendants' internal mistrust that Customs and Border Patrol would admit a person to the United States from a Schengen-area country despite PP 9993.

1159. Accordingly, Plaintiffs only recourse is an order from this Court enjoining Defendants from further effectuating their unlawful policies, practices and procedures suspending the adjudication of their diversity visas. Moreover, Plaintiffs seek an order from this Court preserving their diversity visas in the likely event that Defendants fail to fully and properly adjudicate Plaintiffs' visas before the deadline of September 30, 2020.

## D.     DEFENDANTS UNLAWFULLY RELY ON PP 10014, PP 10052, PP 9645 AND OTHER PRESIDENTIAL PROCLAMATIONS TO SUSPEND THE ADJUDICATION AND ISSUANCE OF IMMIGRANT VISA

**APPLICATIONS FOR DV-2020 PROGRAM SELECTEES AND THEIR DERIVATIVE BENEFICIARIES.**

1160. The Department's policies, procedures, and practices suspending immigrant visa applications for DV-2020 program selectees and their derivative beneficiaries relies in part on PP 10014 and PP 10052.

1161. Following this Court's order in *Gomez v. Trump*, 1:20-cv-01419 it has been clear that the Department has also relied on other presidential proclamations such as PP 9645 and regional travel bans to refuse to adjudicate diversity visas.

1162. The Department has adopted policies, procedures, and practices directing the KCC, United States Embassies and Consulates, and consular officers to suspend immigrant visas adjudications prior to a final decision to issue or refuse those immigrant visa applications pursuant to PP 10014, PP 10052, PP 9645, and regional travel bans.

1163. PP 10014 and PP 10052 mandate that consular officers "shall determine, in his or her discretion, whether an immigrant has established his or her eligibility for an exception" to the proclamation.

1164. PP 9645 provides: "a consular officer, or the Commissioner, United States Custom and Border Protection (CBP), or the Commissioner's designee, as appropriate, may, in their discretion, grant waivers on a case-by-case basis to permit the entry of foreign nationals for whom entry is otherwise suspended or limited . . . ."

1165. The Department's policies, procedures, and practices preclude consular officers from determining whether PP 10014, PP 10052, PP 9645, and other regional travel bans are applicable to DV-2020 selectees and their derivative beneficiaries.

1166. Contrary to 8 U.S.C. § 1202(b) and (d), Defendants have denied consular officers from performing their rights and duties—that is, Defendants have denied consular officers the

authority to adjudicate immigrant visa applications. *Cf.* § 1104(a) (denying the Secretary of State of "those powers, duties, and functions conferred upon the consular officers relating to the granting or refusals of visas").

1167.   The Department's policies, procedures, and practices suspending immigrant visa applications for DV-2020 selectees and their derivative beneficiaries also conflate the PP 10014, PP 10052, PP 9645's suspension of entry with a ban on visa issuance.

1168.   PP 10014, PP 10052, PP 9645, and the regional travel ban proclamations **do not preclude** the issuance of immigrant visas for DV-2020 selectees and their derivative beneficiaries.

1169.   Even if PP 10014 and PP 10052 applied to visa issuance, Defendants have fully neglected to implement the exceptions to PP 10014 and PP 10052, including admission of "any alien whose entry would be in the national interest, as determined by the Secretary of State, the Secretary of Homeland Security, or their respective designees. 85 Fed. Reg. at 23,443 § 2(b)(ix).

1170.   Moreover, Defendants have willfully ignored the Proclamations' directives to consular officers to determine, "in their discretion, whether an immigrant has established his or her eligibility for an exception" to the Proclamation. *Id.* at 23,443 § 3.

1171.   Ultimately, although establishing "national interest" exceptions under PP 10014 and PP 10052 for certain classes of visas, the State Department has precluded diversity visa winners from meeting such an exception because there are no specific national interest exceptions available for diversity visa applicants. CAR 173–74.

1172.   Moreover, even if there was a "national interest" exception for diversity visa lottery winners, the State Department has instructed consular posts that "Only [visa] applicants that [the] post believes may meet an exception to the [Proclamation], including the

national interest exception, *and* that constitute a mission-critical category should be adjudicated at this time," and that officers "may not issue any [visas] that are not also excepted under the [Proclamation]." CAR 24 (emphasis added); *see also* CAR 32; CAR 44.

1173.  Defendants have explicitly applied these improper and unlawful prerequisites to Diversity Visa Plaintiffs. Defs.' Opp'n, Decl. of Aaron Luster, ¶ 5 ("[O]nly when a consular post reaches Phase Three of the Diplomacy Strong Framework may the post resume diversity visa case processing, and only for cases that appear to be eligible for an exception to P.P. 10014.").

1174.  Defendants are not processing diversity visas, even at posts that have resumed routine operations. *See* 8/27/2020 Arg. Tr. at 79–90.

1175.  Even if PP 9645 applied to visa issuance, Defendants have fully neglected to implement the waiver determination as required by § 3(c).

1176.  The presidential proclamations related to regional travel bans do not apply to issuance, they simply apply to entry into the United States.

1177.  Therefore, the State Department's misinterpretation and misapplication of PP 10014, PP 10052, PP 9645, and the various regional travel ban proclamations have completely excluded Diversity Visa Lottery winners from being eligible to receive a visa determination under arbitrary and capricious language.

1178.  The Department's policies, procedures, and practices suspending immigrant visa adjudications for DV-2020 program selectees and their derivative beneficiaries violate statutes, regulations, and preexisting Department policies requiring the issuance of immigrant visas to diversity visa lottery winners who are statutorily eligible.

1179.   The Department has failed to adhere to and has implemented policies and procedures contrary to law, regulation, preexisting Department policies, and PP 10014, PP 10052, PP 9645, and the regional travel ban proclamations.

1180.   Despite indicating that persons unable to travel to the U.S. even with valid immigrant visas at the time of the Proclamation should contact their embassies, the Department of State has failed to reissue new visas to Diversity Visa holders who had approved visas prior to the proclamation's issuance, but who were unable to enter the United States due to the Coronavirus epidemic.

1181.    Even after this Court ordered Defendants to expeditiously adjudicate plaintiffs' diversity visas in *Gomez v. Trump*, numerous Embassies and Consulates sent emails to plaintiffs in that case refusing to schedule interviews or process their diversity visas. The plaintiffs in the *Gomez* case are currently utilizing all efforts to compel the Department to comply with the court's order and properly and fully adjudicate diversity visas.

1182.   Plaintiffs in this case who have reached out to the U.S. Embassy in their country to process their diversity visas upon hearing about this Court's order in Gomez were told that the Department was not processing diversity visas pursuant to PP 10052.

1183.   Similarly, Plaintiffs who have reached out to KCC to process their diversity visas have been told that the KCC is not processing diversity visas at this time.

1184.   Given Defendants adamant refusal to unlawfully withhold adjudication of DV 2020 visas, Plaintiffs seek an order from this Court preserving their diversity visas in the event that Defendants continue their unlawful policies, procedures, and practices of dismantling the Diversity Visa Program.

### E.  REFUSED ADJUDICATION OF DIVERSITY VISAS BY IMPROPERLY RELYING ON INA § 212(f)

1185.  Section 212(f) of the INA reads, in relevant part, as follows: "Whenever the President finds that the entry of any aliens or of any class of aliens into the United States would be detrimental to the interests of the United States, he may by proclamation, and for such period as he shall deem necessary, suspend the entry of all aliens or any class of aliens as immigrants or nonimmigrants, or impose on the entry of aliens any restrictions he may deem to be appropriate."

1186.  There is no language in Section 212(f) that gives the President the authority to suspend the adjudication of visas. Moreover, while previous presidents have relied on Section 212(f) to preclude the entry of certain immigrants, there is no precedent that Section 212(f) was utilized to prevent the adjudication of visas.

1187.  This case is about the adjudication of visa applications and not about entry of immigrants into the United States.

1188.  Congress, through its plenary power to control immigration to the United States, has charged the Secretary of State with the adjudication of visa applications. INA § 104(a) states: the Secretary of State shall be charged with the administration and the enforcement of the provisions of this Act and all other immigration and nationality laws relating to (1) the powers, duties, and functions conferred upon the consular officers relating to the granting or refusal of visas… He shall establish such regulations[,]….[and] issue such instructions; and perform such other acts as he deems necessary for carrying out such provisions.

1189.  The Secretary of State has cloaked the unlawful policies suspending the adjudications and withholding of issuance of DVs in its implementation of proclamations to shield

them from APA review. *See* CAR at p. 000013 (state department cable suspending the adjudication of DVs); *see* also CAR at p. 000017 (mandating refusal of the issuance of visas pursuant to 212(f)).

1190.    However, because those policies regarding the adjudication and issuance of visas are not committed to the discretion of the President under INA § 212(f) but rather the Secretary under INA § 104(a), this Court can review DOS's policies suspending the adjudication and issuance of DVs under the APA. *See Detroit Int'l Bridge Co. v. Gov't of Canada*, 189 F. Supp. 3d 85, 100 (D.D.C. 2016) (holding ministerial executive action is reviewable under the APA).

1191.    Accordingly, Defendants' policies, procedures, and practices suspending the adjudication and issuance of diversity visas are reviewable under the APA because the agency is violating the INA and federal regulations by dismantling the DV program and improperly relying on Section 212(f).

## CAUSES OF ACTION

### A.    First Claim for Relief: Agency Action That is Arbitrary and Capricious, An Abuse of Discretion, and Otherwise Not in Accordance with Law in Violation of 5 U.S.C. § 706(2)(A)

1192.    Plaintiffs reallege the forgoing allegation as if set forth fully herein.

1193.    Department is an agency subject to the requirements of the Administrative Procedure Act (hereafter referred to as the "APA"). 5 U.S.C. § 701(b)(1).

1194.    Under 5 U.S.C. § 706(2), courts shall hold unlawful and set aside agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory

140

jurisdiction, authority, or limitations; or without observance of procedure required by law.

1195.  The implementation of the Department's policies, procedures, and practices suspending the adjudication and issuance or reissuance of immigrant visas applications for DV-2020 program selectees and their derivative beneficiaries constitutes a final agency action that is reviewable by this Court. *Whitman*, 531 U.S. at 478; *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997).

1196.  The legal consequences flowing from the consummation of the State Department's decisionmaking process in this case are the Defendants' refusal to process any visas for Plaintiffs because of their misinterpretation of PP 10014, PP 10052, PP 9645, and the various proclamations banning travel from certain regions. *Bennett*, 520 U.S. 154; *Cal. Cmtys. Against Toxics v. EPA*, 934 F.3d 627, 637 (D.C. Cir. 2019); *Appalachian Power Co. v. EPA*, 208 F.3d 1015, 1023 (D.C. Cir. 2000); *Ciba-Geigy Corp. v. EPA*, 801 F.2d 430, 438 (D.C. Cir. 1986).

1197.  Defendants' polices, procedures, and practices dismantling the DV Program constitutes final agency action because Defendants policies effectively end adjudication of diversity visas beyond the deadline of September 30, 2020. *See* CAR 0000275.

1198.  The policies, procedures, and practices suspending the adjudication of immigrant visas for DV-2020 program selectees and their derivative beneficiaries are arbitrary and capricious, an abuse of discretion, and not in accordance with law because the Defendant lacked the statutory authority to unilaterally suspend the adjudications of immigrant visas for DV-2020 program selectees and their derivative beneficiaries.

1199.  The policies, procedures, and practices suspending the adjudication of immigrant visas for DV-2020 program selectees and their derivative beneficiaries strips the

Congressionally mandated entitlements of DV-2020 program selectees and their derivative beneficiaries and it does so by rewriting the immigration laws and contradicting the priorities adopted by Congress.

1200.   Defendants' inaction, in this case, creates jurisdiction. *Moghaddam v. Pompeo*, 424 F. Supp. 3d 103, 114 (D.D.C. 2020) (quoting *Patel v. Reno*, 134 F.3d 929, 931–32 (9th Cir. 1997)); *see also Nine Iraqi Allies Under Serious Threat Because of Their Faithful Serv. to the United States v. Kerry* ("*Nine Iraqi Allies*"), 168 F. Supp. 3d 268, 290–91 (D.D.C. 2016) ("When the Government simply declines to provide a decision in the manner provided by Congress, it is not exercising its prerogative to grant or deny applications but failing to act at all.").

1201.   Defendants also disregarded the serious reliance interests engendered by the DV-2020 program. Defendants must, in addition to demonstrating that there are good reasons for the new policy, offer "a reasoned explanation . . . for disregarding facts and circumstances that underlay or were engendered by the prior policy." *FCC v. Fox Television*, 556 U.S. 502, 515 (2009).

1202.   Plaintiffs were harmed and continued to be harmed by these unlawful acts.

**B.      Second Claim for Relief: Agency Action Without Observance of Procedure Required by Law in Violation of 5 U.S.C. § 706(2)(D)**

1203.   Plaintiffs reallege the forgoing allegation as if set forth fully herein.

1204.   The APA requires administrative agencies to follow notice-and-comment rulemaking procedures to promulgate substantive rules. 5 U.S.C. § 553.

1205.   The Administrative Procedures Act defines "rule" broadly to include "the whole or part of an agency statement of general or particular applicability and future effect designed

142

to implement, interpret, or prescribe law or policy or describing the organization, procedure, or practice requirements of an agency and includes the approval or prescription for the future of rates, wages . . ." 5 U.S.C. § 551(4).

1206. Defendants' No-Visa Policy is legislative, not interpretive, because it changed the law: it is not an automatic consequence of PPP 10014, 10052, PP 9645, proclamations related to travel ban from certain regions, or 8 U.S.C. § 1201(g); however, it suspended processing and issuance or reissuance of Plaintiffs' visas and subjected them to additional eligibility requirements. *See Nat'l Res. Def. Council v. EPA*, 643 F.3d 311, 320 (D.C. Cir. 2011); *Ciox Health, LLC v. Azar*, 435 F. Supp. 3d 30, 66 (D.D.C. 2020).

1207. The Department promulgated and relied upon the policies, procedures, and practices suspending adjudication and issuance or reissuance of immigrant visas for DV-2020 program selectees and their derivative beneficiaries without authority and without notice-and-comment rulemaking. It is therefore unlawful.

1208. The Department's policies, procedures, and practices suspending adjudication and issuance or reissuance of immigrant visas for DV-2020 program selectees and their derivative beneficiaries constitutes a substantive rule subject to the APA's notice-and-comment requirements.

1209. The Department's policies, procedures, and practices suspending the adjudication and issuance or reissuance of immigrant visas for DV-2020 program selectees and their derivative beneficiaries constitute a substantive rule because it affirmatively circumscribes the Department's Congressional mandate and nondiscretionary duty to adjudicate and issue decisions for immigrant visas for DV-2020 selectees.

1210. The Department's policies, procedures, and practices suspending the adjudication of immigrant visas for DV-2020 program selectees and their derivative beneficiaries

constitute a substantive rule because it is a categorical rule, which applies to all DV-2020 selectees and their derivative beneficiaries.

1211.   In implementing the Department's policies, procedures, and practices suspending the adjudication of immigrant visas for the DV-2020 program selectees and their derivative beneficiaries, Defendant impermissibly announced a new rule without undertaking notice-and-comment rulemaking.

1212.   An agency that seeks to make a rule must publish an "Advance Notice of Proposed Rulemaking" in the Federal Register. The Advance Notice is a formal invitation to participate in shaping the proposed rule and commences the notice-and-comment process.

1213.   Interested parties may respond to the Advance Notice by submitting comments aimed at developing and improving the draft proposal or by recommending against issuing rule.

1214.   As of the filing of this Complaint, no procedures or responsibilities have been published in the Federal Register with regard to Defendants new rules of suspending adjudication of the DV Program.

1215.   The Plaintiffs were harmed and continue to be harmed by these unlawful acts.

### C.      Third Claim for Relief: Agency Action Not Concluded within a Reasonable Time 5 U.S.C. § 555(b)

1216.   Pursuant to the APA, the Defendant has a nondiscretionary duty "to conclude a matter presented to it" "within a reasonable time." 5 U.S.C. § 555(b).

1217.   Defendants have unreasonably delayed processing Plaintiffs' visa applications under *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 79 (D.C. Cir. 1984) ("*TRAC*"):

> (1) The time agencies take to make decision must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold the agency action is "unreasonably delayed."

*In re: United Mine Workers of Am. Int'l Union*, 190 F.3d 545, 549 (D.C. Cir. 1999) (quoting *TRAC*, 750 F.2d at 80).

1218.   The INA provides a clear "indication of the speed with which it expects the agency to proceed in" processing diversity lottery selectees' visa applications—that is, "only through the end of the specified fiscal year for which they were selected." § 1154(a)(1)(I)(ii)(II); *TRAC*, 750 F.2d at 80.

1219.   The indication of speed present in 8 U.S.C. § 1154(a)(1)(I)(ii)(II) clearly correlates with the second *TRAC* factor in establishing a September 30 deadline; moreover, "reasonable time for agency action is typically counted in weeks or months, not years." *In re Am. Rivers & Idaho Rivers United*, 372 F.3d 413, 419 (D.C. Cir. 2004).

1220.   Plaintiffs' human welfare is "at stake" in this case and prejudice from delay here is unconscionable and irreversible—if Defendants neglect adjudication of Plaintiffs' visa applications, Plaintiffs will intolerably, permanently lose their opportunity to immigrate to the United States. *TRAC*, 750 F.2d at 80.

1221.   Defendants, although neglecting Plaintiffs' visa adjudications, have admittedly "committed to processing visa services that are deemed 'mission critical'" and provides no adequate explanation of why it does not consider DV-2020 visa applications to be

mission critical—moreover, even when reopening posts, Defendants are considering DV-2020 applications low-priority. Marwaha Decl. ¶ 8; CAR 35.

1222.   Defendants' admitted loathing of the Diversity Visa Lottery ultimately shows—although not needed to satisfy the *TRAC* analysis—that Defendants act with impropriety and animus in creating "agency lassitude." *TRAC*, 750 F.2d at 80.

1223.   The Department has failed to adjudicate immigrant visas for DV-2020 program selectees and their derivative beneficiaries within a reasonable time.

1224.   The Department implemented its unlawful policies, procedures, and practices suspending adjudication of Plaintiffs' diversity visas since at least March 20, 2020. *See* CAR 000012. At the time of filing this Complaint, Defendants have less than two weeks to complete adjudication of Plaintiffs' diversity visas. As such, Defendants' policies, procedures, and programs refusing the adjudicate diversity visas constitutes and unreasonable delay and unlawful withholding.

1225.   The Department has implemented policies, procedures, and practices suspending adjudications and issuance and reissuance of immigrant visas for DV-2020 selectees and their derivative beneficiaries since at least March 2020 – six months before the statutory conclusion of the DV-2020 program.

1226.   The Department's policies, procedures, and practices suspending adjudications and issuance or reissuance of immigrant visas for DV-2020 selectees and their derivative beneficiaries is a final agency action. It is the consummation of the Department's agency on this matter.

1227.   The Department has nothing further to do to issue directions to its employees at the KCC or its consular officers at US Embassies and Consulates around the world regarding

suspending adjudications of immigrant visas for DV-2020 selectees and their derivative beneficiaries.

1228. The Department's policies, procedures, and practices suspending the adjudications for and issuance or reissuance of immigrant visas for DV-2020 program selectees and their derivative beneficiaries will have legal consequences.

1229. The Department will continue to refuse to adjudicate and issue immigrant visas for DV-2020 program selectees and their derivative beneficiaries through September 30, 2020, effectively ending the DV-2020 program.

1230. The Department's policies, procedures, and practices directing employees at the KCC and the US Embassies and Consulates around the world to end the DV-2020 program are not authorized by any governing law, and are arbitrary, capricious, an abuse of discretion, and in violation of law.

1231. Defendant administers the Department's policies, procedures, and practices suspending the DV-2020 program.

1232. Pursuant to the APA, a court may compel agency action "unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

1233. The Plaintiffs were harmed and continue to be harmed by these unlawful acts.

### D. Fourth Claim for Relief: Arbitrary and Capricious Policymaking, Contrary to APA § 706(2)

1234. Plaintiffs reallege the foregoing allegation as set forth full herein.

1235. Defendants' actions are no mere ministerial implementation of presidential action; rather, Defendants expanded the scope of PP 10014, PP 10052, PP 9645, and the proclamations related to travel bans from certain regions by grafting those

147

Proclamations' restrictions on entry into statutory requirements for visa eligibility, *de facto* terminating an otherwise non-discretionary duty under 8 U.S.C. § 1202(b).

1236.   Defendants arbitrarily and capriciously created a No-Visa Policy with no reasonable, reasoned, or rational explanation that fails to consider reliance interests or any of the other serious consequences flowing from their unlawful policy.

1237.   Agency action that "stands on a faulty legal premise and [lacks] adequate rationale" is arbitrary and capricious. *Prill v. NLRB*, 755 F.2d 941, 948 (D.C. Cir. 1985); *see also SEC v. Chenery Corp.*, 318 U.S. 80, 94 (1943) ("[A]n order may not stand if the agency has misconceived the law.").

1238.   Defendants arbitrarily and capriciously defined "mission critical" to exclude Diversity Visa Lottery winners. Given that diversity visas must be adjudicated by September 30, 2020, it is unfathomable how Defendants could make the determination that the adjudication of diversity visas is not critical.

1239.   PP 10014, PP 10052, PP 9645, and the various proclamations suspending travel from certain regions do not dictate Defendants' No-Visa Policy and a basic distinction between visa issuance or reissuance and entry determinations "runs throughout the INA." *Hawaii v. Trump*, 138 S. Ct. at 2414 & n.3.

1240.   Section 1182(a) of the INA, governing ineligibility to receive a visa, does not provide the President or State Department or any subordinate thereof to add, subtract, or otherwise modify any of the categories listed in that Section constituting grounds for denying a visa.

1241.   PP 10014, PP 10052, PP 9645, and the various proclamations suspending travel from certain regions only restrict entry—a claim not challenged under this lawsuit—but do

not claim to, and cannot lawfully, suspend visa issuance or reissuance. *Cf. Hawaii v. Trump*, 138 S. Ct. at 2414; *Almaqrami*, 933 F.3d at 776.

1242.   Defendants' designation of "mission critical visa services" by which Defendants were instructed to process only "certain non-immigrant visas" is arbitrary and capricious and not in accordance with law. *See* Decl. of Brianne Marwaha ¶ 8.

### E.   Fifth Claim for Relief: Mandamus Act, 28 U.S.C. § 1361

1243.   Plaintiffs reallege the foregoing allegation as set forth full herein.

1244.   Defendants have a clear non-discretionary duty to adjudicate immigrant visa applications and issue visas to DV-2020 selectees and their derivative beneficiaries who are eligible to receive them and not inadmissible under 8 U.S.C. § 1182(a), so long as visas are remain available.

1245.   PP 10014, PP 10052, PP 9645, and the various proclamations suspending travel from certain regions do no prohibit the issuance or reissuance of diversity visas that must be issued by September 30. It simply issues a temporary bar on entry to the United States.

1246.   Defendant have a mandatory duty to adjudicate diversity immigrant visa applications and issue diversity immigrant visas to statutorily eligible individuals, and there is no legal bar to doing so. Accordingly, Plaintiffs have a clear and indisputable right to relief, and Defendants have clear, nondiscretionary duty to act.

1247.   No alternative remedy exists to compel Defendants' action.

### F.   Sixth Claim for Relief: Violation of the Take Care Clause, Art. II, § 3, Cl. 5

1248.   Plaintiffs reallege the foregoing allegations as if set forth fully herein.

1249.   The Department's policies, procedures, and practices violate the President's constitutional duty to "take Care that the Laws be faithfully executed." U.S. Const. art. II § 3, cl. 5.

1250.   The Supreme Court has made clear that the Take Care Clause is judicially enforceable against presidential invocations of dispensing power. *See, e.g.*, Kendall v. United States, 37 U.S. (12 Pet.) 524m 612-13(1838); Angelus Milling CO. v. Comm'r Of Internal Revenue, 325 U.S. 293, 296 (1945).

1251.   The Take Care Clause limits the President's power and ensures that he will faithfully execute the Congress's laws—or rewrite them under the guise of executive "discretion."

1252.   In this case, the President has taken action to end the law and its mandated administration Diversity Visa Program by suspending the Department's adjudication and issuance or reissuance of immigrant visa applications for DV-2020 selectees and their derivative beneficiaries.

1253.   The Defendant cannot faithfully execute the law by directly contravening Congress's objectives.

1254.   The Plaintiffs were harmed and continue to be harmed by these unlawful acts.

## PRAYER FOR RELIEF

**"There is no better antidote to the challenges of globalization than to attract self-selected strivers from every corner of the globe."**

— Rep. Bruce A. Morrison, author of the House bill that became the Immigration Act of 1990, Hearing Before the Subcommittee on Immigration, Border Security, and Claims of the Committee on the Judiciary, House of Representatives, 109th Congress, 1st Session, June 15, 2005.

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Vacate and set aside Defendants' policies, practices, procedures, or any other actions taken by Defendants to suspend the adjudication and issuance or reissuance of immigrant visas for DV-2020 program selectees and their derivative beneficiaries;

B. Declare Defendants' policies, practices, procedures, or any other actions taken by Defendants to suspend the adjudication and issuance or reissuance of immigrant visas for DV-2020 program selectees and their derivative beneficiaries void and without legal force or effect;

C. Declare that the Defendants' polices, practices, procedures, or any other actions taken by Defendants to suspend the adjudication and issuance or reissuance of immigrant visas for DV-2020 program selectees and their derivative beneficiaries are arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, and without observance of procedure required by law in violation of 5 U.S.C. §§ 702–706;

D. Declare the Defendants' polices, practices, procedures, or any other actions taken by Defendants to suspend the adjudication and issuance or reissuance of immigrant visas

for DV-2020 program selectees and their derivative beneficiaries are in violation of the Constitution and contrary to the laws of the United States;

E. Preliminarily enjoin and restrain the Defendants to hold diversity visa numbers to process and issue Plaintiffs' immigrant visa applications in the event the Court finds the Defendants' policies, practices, procedures, or any other actions taken by Defendants to be unlawful;

F. Preliminarily enjoin and restrain the Defendants to hold diversity visa numbers beyond September 30, 2020 to process Plaintiffs' immigrant visa application in the event the Court finds the Defendants' policies, practices, procedures, or any other actions taken by Defendants to be unlawful;

G. Preliminarily and permanently enjoin and restrain Defendants, the Department, their agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from implementing or enforcing the Departments' polices, practices, procedures, or any other actions taken by Defendants to indefinitely suspend the adjudication and issuance or reissuance of immigrant visas for DV-2020 program selectees that is not in compliance with applicable law;

H. Mandate Defendants fulfill their mandatory, non-discretionary duty to process Plaintiffs' immigrant visa applications, schedule Plaintiffs' for immigrant visa interviews, and issue visas to eligible Plaintiffs;

I. Retain jurisdiction over this action to monitor and enforce Defendants' compliance with all orders of this Court;

J. Award Plaintiffs costs of suit and reasonable attorney's fees under the Equal Access to Justice Act, 42 U.S.C. §1988, and any other applicable law; and

K. Grant such further relief as this Court deems just and proper.

//

//

//

//

//

//

//

Dated: October 29, 2020

//

                          Respectfully submitted,

                          */s/ Curtis Lee Morrison*

                          Curtis Lee Morrison
                          Rafael Urena
                          Abadir Barre
                          The Law Office of Rafael Urena
                          925 N. La Brea Ave, 4th Floor
                          Los Angeles, CA 90038
                          Tel: (703) 929-4424
                          Fax: (929) 286-9584

                          curtis@curtismorrisonlaw.com
                          ru@urenaesq.com
                          abadir@barrelaw.com

                          *Attorneys for the Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

On the below date, I electronically filed the **FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR WRIT OF MANDAMUS**and all attached exhibits with the Clerk of the United States District Court for the District of Columbia, using the CM/ECF System. The Court's CM/ECF System will send an email electronically to all noticed parties to the action who are registered with the Court's CM/ECF System.

Dated: October 29, 2020

Rancho Santa Margarita, California

/s/ *Curtis Lee Morrison*
_____
Curtis Lee Morrison
The Law Office of Rafael Ureña
*Counsel for Plaintiffs*

154