# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DOMINGO ARREGUIN GOMEZ, *et al.*,<br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, President of the United States of America, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 20-1419 (APM) |
| MOHAMMED ABDULAZIZ ABDULBAGI MOHAMMED, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL R. POMPEO, Secretary, U.S. Department of State, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 20-1856 (APM) |
| CLAUDINE NGUM FONJONG, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, President of the United States of America, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 20-2128 (APM) |
| AFSIN AKER, *et al.*, | )<br>) | Civil Action No. 20-1926 (APM) |

|  |  |
|---|---|
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| DONALD J. TRUMP, President of the United States of America, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | |
| MORAA ASNATH KENNEDY, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 20-2639 (APM) |
| | ) |
| DONALD J. TRUMP, President of the United States of America, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## JOINT STATUS REPORT

The Parties respectfully submit this joint filing laying out their proposals for a briefing schedule for the Court's resolution of the merits in all the above cases. Pursuant to the Court's December 15, 2020, Minute Order, the Parties conferred via teleconference on December 17 and 18, but could not reach agreement regarding a briefing schedule. Accordingly, the Parties present their respective positions as follows:

### Defendants' Position

This matter involves 37 purported causes of action, asserted by thousands of individual plaintiffs, across five different lawsuits. At the preliminary injunction stage, the Court determined that the most efficient way forward was for the Government to file one omnibus opposition brief and for some of the Plaintiff groups to consolidate their replies. The Government's position is that

the same efficiencies would be served here. The most efficient way forward is for the parties to file consolidated cross-summary judgment briefing on all of Plaintiffs' claims based on a staggered cross-motion briefing schedule with page limitations extended beyond those permitted under LCvR 7(e).

Accordingly, the Government proposes the following:

|   |   | Due Date |
|---|---|---|
| 1. | Plaintiffs' single consolidated motion for summary judgment on all claims | 1/15/21 |
| 2. | Government's consolidated opposition and cross-motion for summary judgment on all claims | 3/1/21 (45 days later) |
| 3. | Plaintiffs' consolidated opposition and reply brief | 4/15/21 (45 days later) |
| 4. | Government's consolidated reply brief | 5/14/21 (29 days later) |
| 5. | Oral argument on the parties' cross-summary judgment motions | At the Court's convenience |

If the Court permits Plaintiffs to commence briefing by filing three separate summary judgment motions, the Government requests: 1) that Plaintiffs' separate motions and replies all be due on the same dates; 2) the Government have 60 days to file its consolidated opposition and cross-summary judgment motion; 3) the Government have 45 days to file its consolidated reply brief; 4) that the page limits for Plaintiffs opening and reply briefs be governed by LCvR 7(e); and 5) the Government be permitted to exceed the page limitations provided in LCvR 7(e) in its consolidated opening and reply briefs.

The Government also notes that December 24 and 25, 2020, and January 1, 2021 are federal holidays and government counsel assigned to this matter have pre-planned leave at different times between December 21 and December 31, 2020.

Finally, the Government notes that the D.C. Circuit has set oral argument for the *Gomez* (No. 20-5292) and *Panda v. Pompeo* (No. 20-5284) appeals for January 14, 2021.

### *Gomez* Plaintiffs' Position

**1.** The *Gomez* plaintiffs have proposed, with the agreement of the other plaintiff groups, that the present round of cross-motions for summary judgment should address only claims concerning adjudication and issuance of visas, and that motions pertaining to challenges to the entry suspensions in the Proclamations themselves (*e.g.*, whether the "find[ings]" requirement is satisfied, and whether the Proclamations violate the separation of powers, the nondelegation doctrine, or due process) should be deferred. The entry suspensions may expire after December 31, and even if they are extended the incoming Administration may change policy. Moreover, the *Gomez* plaintiffs' legal challenges to the entry suspensions (other than the due process claim) are currently on appeal to the D.C. Circuit. The parties' and this Court's resources would be best preserved by limiting the present round of motions to APA, mandamus, and related claims concerning the adjudication and issuance of visas. The *Gomez* plaintiffs seek an expeditious final adjudication on the merits of these time-sensitive claims.

Counsel for all parties conferred at 4:00 pm yesterday afternoon and again at 11:00 am Eastern time this morning. At those meet-and-confers, the Government indicated that it was amenable to this proposal to limit the issues to be briefed. It was not until 9:25 pm this evening that the Government indicated that at an unspecified time "in the review process DOJ leadership determined to take the position that the Plaintiffs' briefs should be consolidated and that the briefing should proceed as to all issues." *See* Exhibit A. The Government has offered no justification for its change in position, nor any reason to proceed on all claims at this time, which would waste the parties' and the Court's resources.

**2.** The *Gomez* plaintiffs and the Government agree that to preserve the parties' resources and to limit the number of filings, the cross-motions for summary judgment should proceed on a four-brief sequence similar to that which applies in cross-appeals under Fed. R. App. P. 28.1.

The *Gomez* plaintiffs and the Government disagree, however, on which side should file the first brief in that sequence. The *Gomez* plaintiffs maintain that the Government should file the first brief, for several reasons.

*First*, the Government is in sole possession of information regarding whether the Proclamations will be allowed to expire as scheduled on December 31, 2020. Whether or not the Proclamations expire is likely to bear significantly on the first round of briefs, which all plaintiffs agree should be filed shortly after December 31 in order to facilitate timely adjudication of Plaintiffs' claims. Because the Government has exclusive knowledge with respect to whether the Proclamations will expire, it is appropriate for the Government to file the first brief in which that fact may be at issue.

*Second*, while the plaintiffs have pleaded their claims in detail in the operative complaints, the bare-bones Answers do not reveal where the parties actually disagree, or what defenses the Government intends to raise to plaintiffs' claims at summary judgment. It would be unreasonably burdensome, and not beneficial to the Court, to require plaintiffs to file the first set of briefs without meaningful disclosure of the Government's positions. In contrast, the Government is fully aware of plaintiffs' positions and of the content of their claims. The Government is far better positioned to file the first briefs given its exclusive knowledge of what areas of disagreement exist and what defenses will be at issue.

*Third*, the Government has had ample time to research and to determine its positions on plaintiffs' claims (and the Government's defenses thereto). On top of the 60-day answering period provided by Fed. R. Civ. P. 12(a)(3), the Government obtained—with plaintiffs' consent—45-day extensions of time to file each of its answers, and then additional extensions of time to align its deadlines on December 14. In the circumstances—and particularly given the Answers' dearth of substance—it is appropriate for the Government to bear the initial burden of making its positions known.

*Fourth*, the only basis provided by the Government during the parties' meet-and-confer process for demanding that the plaintiffs file the first briefs was an assertion that the plaintiffs bear the burden of proof. But each side will bear the burden on its own summary-judgment motion. And the Government will specifically bear the burden on any affirmative defenses that it opts to raise. The Government will also effectively bear the burden of overcoming this Court's prior rulings: In granting preliminary injunctive relief, the Court has largely rejected the arguments that the Government has raised against the visa-issuance claims that will be at issue in the forthcoming motions. The Government should file the first briefs in order to make known the bases on which it will seek to avoid the Court's rulings.

The Government offers no argument to the contrary. There is no reason that the Government ought not proceed first in briefing matters where it has exclusive knowledge.

3. Based on the foregoing, and on all plaintiffs' desire for an expeditious resolution of this case to limit the extent of ongoing irreparable harm, the *Gomez* plaintiffs propose the following schedule:

| Government motions for summary judgment | January 8, 2021 (21 days from today) |
| --- | --- |
| Plaintiffs' combined briefs responding to the Government's motions and in support of cross-motions for summary judgment | January 22, 2021 (14 days) |
| Government's combined replies and responses to Plaintiffs' cross-motions | February 5, 2021 (14 days) |
| Plaintiffs' replies on cross-motions | February 19, 2021 (14 days) |
| Hearing | At the Court's earliest convenience |

The *Gomez* plaintiffs respectfully submit that given the limited scope of the issues to be addressed in view of paragraph 1 above, and the fact that the parties and the Court have already addressed many of the issues to be raised in connection with the motions for preliminary injunctions, this somewhat abbreviated schedule provides all parties sufficient time to prepare their submissions while still serving the plaintiffs' interests in proceeding expeditiously to final judgment.

In particular, the 21-day period for the Government to prepare its opening submissions is fully appropriate in view of the repeated extensions of time that the Government received before submitting its non-substantive Answers. The Government has already had ample time—well over 100 days—in which to prepare meaningful responses to plaintiffs' claims. The Government offers no argument to the contrary. It should make the first submission, and it should do so without delay.

If, despite the foregoing, the Court were to direct plaintiffs to file the first briefs in the sequence, the *Gomez* plaintiffs would object to a January 8 deadline. Unlike the Government, which has had many months to prepare its merits responses both to plaintiffs' claims and to the Court's prior orders, plaintiffs have only just received the Government's Answers (and have learned little from them). In addition, holiday office closures and personal obligations will

7

significantly limit *Gomez* plaintiffs' counsel's availability through January 4 to prepare any submissions. Counsel also have substantial other professional obligations in this period, including preparation for the January 14 oral argument before the D.C. Circuit in the appeal of this Court's order denying in part plaintiffs' motions for preliminary injunctions. In these circumstances, the *Gomez* plaintiffs would require more than three weeks to prepare their submissions; counsel do not believe that the submissions could reasonably be prepared before January 15, 2021 (with the remaining briefs filed in two-week intervals thereafter). Such further delay would be regrettable, and the *Gomez* plaintiffs propose it only as a fallback. Avoiding such further delay is an additional reason to require the Government to make the first round of submissions.

The Government's proposal for 60- or 45-day intervals between briefs should be rejected. In view of the substantial hardships identified by the *Aker*, *Mohammed*, *Fonjong*, and *Kennedy* plaintiffs—which also affect many members of the class represented by the <u>*Gomez* plaintiffs' counsel—briefing and decision on the present motions should proceed as expeditiously as possible.</u>

**4.**  At the parties' meet-and-confer teleconference this morning, the Government represented that it did not intend to request that all plaintiffs join in a single set of briefs. It was not until 9:25 pm that the Government changed its position and indicated that it requests that the plaintiffs file joint briefs. *See* Ex. A. In the *Gomez* plaintiffs' view, joint briefs would be wholly unworkable given the *Gomez* plaintiffs' counsel unique role as counsel to a certified class of diversity-visa applicants, as well as to the family- and employment-based visa plaintiffs. Particularly on an abbreviated briefing schedule, it is unreasonable to require three disparate groups of plaintiffs and their counsel to prepare a single set of briefs. In the event that the Court were to require a single

8

set of briefs, counsel for the *Gomez* plaintiffs respectfully request that the plaintiffs' page limitations extend beyond those permitted under LCvR 7(e) so that the different plaintiffs' counsel have sufficient space to present any differing arguments on the claims.

### *Aker, Mohammed, Fonjong, and Kennedy* Plaintiffs' Position

The *Aker*, *Mohammed*, *Fonjong,* and *Kennedy* plaintiffs are all suffering from various ongoing harms from the withholding of adjudication and issuance of their diversity visas. Those hardships include famine, war, disease, authoritarian regimes, poverty, lack of education for their children, the potential loss of opportunity to immigrate to the United States, and the unbearable anxiety that comes with being in limbo with no certainty about their future. Some of the plaintiffs are at an age where a month delay could cause them to age out and lose the opportunity altogether. In consideration of the harm to the Government should this court find in their favor, this Court permitted the Government to suspend processing of diversity visas pending final resolution of this matter. This Court's consideration of the harm to the Government and the ongoing harm to the plaintiffs warrants an expeditious resolution of this matter.

The *Aker*, *Mohammed*, *Fonjong,* and *Kennedy* plaintiffs agree that to preserve the parties' resources, the present round of cross-motions for summary judgment should address only APA claims concerning adjudication and issuance of visas. *Mohammed*, *Fonjong,* and *Kennedy* also propose a consolidated brief for the *Mohammed*, *Fonjong,* and *Kennedy* cases only.

To prevent any disadvantage to the Government, the *Aker*, *Mohammed*, *Fonjong,* and *Kennedy* plaintiffs propose to submit the opening brief with the following four-part briefing schedule:

| Plaintiffs' motions for summary judgment | January 8, 2020 (21 days from today) |
|---|---|

9

| Government's combined briefs responding to the Government's motions and in support of cross-motions for summary judgment | January 22, 2020 (14 days) |
|---|---|
| Plaintiffs' combined replies and responses to Plaintiffs' cross-motions | January 29, 2020 (7 days) |
| Plaintiffs' replies on cross-motions | February 5, 2020 (7 days) |
| Hearing | At the court's earliest convenience |

December 18, 2020

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General, Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation, District Court Section
COLIN A. KISOR
Deputy Director
GLENN GIRDHARRY
Assistant Director
JAMES J. WEN

*/s/ Thomas B. York*
THOMAS B. YORK
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
Washington, D.C. 20044
(202) 598-6073
Thomas.B.York@usdoj.gov

*Attorneys for Defendants*

By:  */s/ Andrew J. Pincus*

Andrew J. Pincus (D.D.C. Bar No. 370762)
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
Telephone: (202) 263-3000
apincus@mayerbrown.com

10

Matthew D. Ingber (*pro hac vice*)
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2500
mingber@mayerbrown.com

Cleland B. Welton II (*pro hac vice*)
MAYER BROWN MEXICO, S.C.
Goldsmith 53, Polanco
Ciudad de Mexico 11560
Telephone: (502) 314-8253
cwelton@mayerbrown.com

Jesse M. Bless (D.D.C. Bar No. MA0020)
AMERICAN IMMIGRATION LAWYERS
ASSOCIATION
1301 G Street NW, Ste. 300
Washington, D.C. 20005
(781) 704-3897
jbless@aila.org

Karen C. Tumlin (*pro hac vice*)
Esther H. Sung (*pro hac vice*)
JUSTICE ACTION CENTER
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 316-0944
karen.tumlin@justiceactioncenter.org
esther.sung@justiceactioncenter.org

Laboni A. Hoq (*pro hac vice*)
LAW OFFICE OF LABONI A. HOQ
Justice Action Center Cooperating Attorney
P.O. Box 753
South Pasadena, CA 91030
laboni@hoqlaw.com

Stephen Manning (*pro hac vice*)
Tess Hellgren (*pro hac vice*)
Jordan Cunnings (*pro hac vice*)
INNOVATION LAW LAB
333 SW Fifth Avenue #200
Portland, OR 97204
Telephone: (503) 241-0035
stephen@innovationlawlab.org

tess@innovationlawlab.org
jordan@innovationlawlab.org

/s/ Rafael Urena
Rafael Urena
Curtis Lee Morrison
Abadir Barre
Kristina Ghazaryan
Philip Duclos
The Law Office of Rafael Urena
925 N. La Brea Ave, 4th Floor Los Angeles, CA 90038
Tel: (703) 929-4424
Fax: (929) 286-9584
ru@urenaesq.com
curtis@curtismorrisonlaw.com
abadir@barrelaw.com
kristina@ghazaryanlaw.com
philip@curtismorrisonlaw.com

*Attorneys for Mohammed, Fonjong, and/or Kennedy Plaintiffs*


s/Charles H. Kuck
CHARLES H. KUCK
Kuck Baxter Immigration, LLC
Bar No. 429940
365 Northridge Rd, Suite 300
Atlanta, GA 30350
404.816.8611
ckuck@immigration.net

Greg Siskind
Siskind Susser PC
1028 Oakhaven Rd.
Memphis, TN 39118

Jeff D. Joseph
Joseph & Hall P.C.
12203 East Second Avenue
Aurora, CO 80011

Attorneys for *Aker* Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 18, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will provide electronic notice and an electronic link to this document to all attorneys of record.

*s/ Thomas B. York*
THOMAS B. YORK
Trial Attorney
United States Department of Justice
Civil Division
