RAFAEL URENA
CURTIS LEE MORRISON
KRISTINA GHAZARYAN
ABADIR BARRE
PHILIP DULCOS
THE LAW OFFICE OF RAFAEL UREÑA
925 N. La Brea, 4th Floor
Los Angeles, California 90038
Telephone: (703) 989-4424
Email: curtis@curtismorrisonlaw.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| DOMINGO ARREGUIN GOMEZ, *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH R. BIDEN, President of the United States of America, *et al.*, <br><br> Defendants. | Civil Action No. 20-1419 (APM) |
| MOHAMMED ABDULAZIZ ABDULBAGI MOHAMMED, *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> ANTONY BLINKEN, Secretary, U.S. Department of State, *et al.*, | Civil Action No. 20-1856 (APM) |

Defendants.

CLAUDINE NGUM FONJONG, *et al*.,

    Plaintiffs,

    v.

JOSEPH R. BIDEN, President of the United States of America, *et al.*,

    Defendants.

Civil Action No. 20-2128 (APM)

AFSIN AKER, *et al*.,

    Plaintiffs,

    v.

JOSEPH R. BIDEN, President of the United States of America, *et al.*,

    Defendants.

Civil Action No. 20-1926 (APM)

MORAA ASNATH KENNEDY, *et al.*,

    Plaintiffs,

    v.

JOSEPH R. BIDEN, President of the United States of America, *et al.*,

    Defendants.

Civil Action No. 20-2639 (APM)

## MEMORANDUM IN SUPPORT OF *MOHAMMED, FONJOG,* AND *KENNEDY* PLAINTIFFS' MOTION TO LIMIT REVIEW TO THE ADMINSTRATIVE RECORD AND TO STRIKE DEFENDATS' EXTRA-RECORD EVIDENCE AND ITS REFERENCES

### I.  Introduction

On January 21, 2021, Defendants moved this Court for partial summary judgement on Plaintiffs' claims pursuant to the "Administrative Procedure Act (APA), mandamus, and related claims concerning visa adjudication and issuance." ECF 189; ECF 189-1.  Defendants attached to their motion the Declaration of Edward Ramotowski, ECF No 189-2, and the Declaration of Brianne Marwaha, ECF No 189-3 (hereafter referred to as "the extra-record declarations").  These declarations offer new, asynchronous explanations and rationalizations made for the purposes of litigation.  Because review of Plaintiffs' claims is limited to the agencies' administrative record, submitted on August 20, 2020, and Defendants have made no showing that these extra-record declarations fit this District's limited exceptions to the record review rule, this Court should strike the declarations and all references to declarations in Defendants' motion for partial summary judgment.[1]

### II.    Standard of Review

Claims asserted directly under the APA are bound by the APA's requirement that review of agency action be based upon "the whole record or those parts of it cited by a party." 5 U.S.C. § 706.  Thus, judicial review of agency action be limited to "the full administrative record that was before the [agency]" at the time that it made its decision. *Citizens to Pres. Overton Park, Inc. v.*

---

[1] Plaintiffs have attached a list of references to the extra-record declaration made in Defendants' partial motion for summary judge hereto as exhibits.  See Ex. 1, *References to Declaration of Edward Ramotowski*; Ex. 2, *Declarations of Brianne Marwaha*.

*Volpe*, 401 U.S. 402 (1971). "Supplementation of the administrative record is the exception, not the rule." *Ali v. Pompeo*, No. 16-CV-3691-KAM-SJB, 2018 U.S. Dist. LEXIS 76891, at *11 (E.D.N.Y. May 2, 2018)(citing *Pac. Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006)).

## III.   Argument

 "[I]n cases where Congress has simply provided for review, without setting forth the standards to be used or the procedures to be followed, this Court has held that consideration is to be confined to the administrative record and that no *de novo* proceeding may be held." See *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 715 (1963).

### A.  Record Review Rule

Since the Supreme Court's decision in *Citizens to Preserve Overton Park, Inc. v. Volpe*, it has been a truism of administrative law that judicial review of informal agency actions should be limited to "the full administrative record that was before the [agency]" at the time that it made its decision, a requirement that has come to be known as the "record review rule." 401 U.S. 402 (1971). As the Court has explained, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). Without the record review rule, the court's limited review of the agency's decision under section 706 of the APA, would be transformed into a de novo inquiry that will inevitably lead the reviewing court to substitute its judgment for that of the agency. *See* Pierce, Jr., 2 Administrative Law Treatise § 11.6, at 1048 (5th ed. 2010) ("[M]ost circuit court opinions simply recite and apply the record rule as the basis for holding that a reviewing court cannot go beyond the administrative record.")  "To review more than the information before the Secretary at the time she made his decision risks our requiring

administrators to be prescient or allowing them to take advantage of post hoc rationalizations." *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984).   Accordingly, it is standard practice for the courts to cite the record review rule as the starting point for all review of informal agency action under the APA.

### B. Defendants' extra-record declarations do not fall under an exception.

Defendants offer a brief one-sentence argument that the extra-record declarations may supplement the administrative record with a post hoc rationalizations because the extra-record declarations "illuminate[] reasons obscured but implicit in the administrative record." ECF 189-1 at p. 26.   However, Defendants offer no explanation on how the extra-record declarations bring clarity to the administrative record or how those explanations are implicit in the administrative record.   Also, the declarants themselves do not offer any information that the information provided is more than a post-hoc rationalization of agency action blatantly created for the purposes of litigation.

### 1. The extra-record declarations do not offer reasoning implicit in the administrative record.

Defendants misplace support for their position on *Clifford v. Pena*. 77 F.3d 1414 (D.C. Cir. 1996).   In *Clifford*, the supplemental declaration was offered "to provide the court with background information about the subsidy program and the current state of the American shipping industry, information underlying the [agency] decision and well known to the agency and to the parties." 77 F.3d at 1418.   Thus, this declaration in *Clifford* "**merely** illuminated reasons obscured but implicit in the administrative record." *Id.*

First, Defendants here make no attempt to rationalize how the Ramotowski's newly elucidated historical agency interpretation was "obscured but implicit" in the administrative

record, *See* generally ECF 189-1, nor can they because there is no implication in the administrative record that the agency was guided by a historical interpretation of 1182(f). See generally CAR. Defendants also cannot explain how secret sections of the Field Affairs Manual[2] or the interagency coordination cited throughout the Ramotowski Declaration would be well known to the parties. See *Id.* at ¶ 12. As such, the extra-record declarations should be stricken.

**2. The extra-record declarations do not offer a post-hoc account of the agency action.**

Second, Defendants rely on *Olivares v. Transp. Sec. Admin*., 819 F.3d 454, 464 (D.C. Cir. 2016).   Defendants argue that Courts can consider a "post-hoc account" of an agency decision in declaration form where it "furnishes an explanation of the administrative action that is necessary to facilitate effective judicial review." *Id.*  Defendants' averments fail to explain that the Court in *Olivares* considered the post hoc account because it expressed the agency's reasoned, *contemporaneous* explanation for its decision, it contained no new rationalizations, it was merely explanatory of the original record, and crucially it was based on facts, as it confirmed that the agency's decision was based on some concrete information relating to Petitioner's personal history, which raised reasonable suspicions and caused the agency to reach an informed judgment. *Id.*

Unlike in *Olivares*, Defendants advance a "post hoc rationalization" rather than "post-hoc account."    In *Olivares*, the declaration was submitted by the Government official who acted on behalf of the government.  819 F.3d at 458. Here, the extra-record declarations are not submitted by the decision maker in the Certified Administrative Record.  Also, the declaration in *Oliveres* contained "no new rationalizations."  Here, the entirety of the Ramatowski declaration is to support

---

[2]   9   FAM   302.14.-10(B)   is   not   publicly   available.   See   Redacted   FAM   at https://fam.state.gov/fam/09FAM/09FAM030214.html) (last accessed on February 1, 2021).  See also ECF 189-2 at ¶ 5, 6.

an entirely new basis for its agency action – the "historical interpretation of the statute." ECF 189-1 at p. 15.  There is absolutely no indication that Ramotowski's analysis of the State Department's "historical interpretation" of 1182(f) was contemporaneous to the agency action.  Ramatowski make any mention of the administrative record in his declaration and there is no mention of any historical analysis in the administrative record.

Further, key parts of the extra-record declarations are not based on known facts at the time of the agency action.  In the Ramotowski Declaration, the declarant offers conjecture about what would happen if they followed this Court's interpretation of 1182(f).  See ECF 189-2 at ¶ 11, 12. This clearly was not post hoc account for the agency action, but a blatant post hoc rationalization made in contemplation of litigation.

Also, nowhere in the Marwaha declaration is there any indicia that any explanations provided are accounting of the agency decision making process. See generally ECF 189-3.  Rather, the Marwara Declaration offers facts that occurred after the agency action.  See ECF 189-3 at ¶ 8, 9.  These post decision facts are impermissibly offered to support the agency decision. As such, the extra-record declarations should be stricken.

### 3.  The extra-record declarations were not previously considered.

Defendants also rely on *Appeal of Bolden* to support supplementing the administrative record.  848 F.2d 201, 207 (D.C. Cir. 1988).  The *Bolden* Court found that the supplemental documents merely illuminated what the administrative record suggested.  *Id*.  The *Bolden* Court also found that since the plaintiffs filed the action before the agency made a final decision, the agency was required to supplemental document after the suit had commenced *Id*.

Here, Defendants make no attempt to explain the leap between the Certified Administrative Record and the extra-record declarations.  Nor can the because the Defendants have contritely

constructed the extra-record declarations to (1) counter Plaintiffs' argument that the agency action to suspend the processing of Plaintiffs' visa applications was arbitrary and capricious and contrary to law and (2) offer new explanations for its actions.  Plaintiffs in this suit did not commence litigation before the final agency action, nor is the declaration considered by the Defendants to be part of the administrative record. As such, the extra-record declarations should be stricken.

### C.   The extra-record declarations and Defendants' references to them should be stricken.

Where extra-record materials are improperly referenced in or attached to a motion, as is the case with Defendants motion for partial summary judgment, it is well-established that the materials and references in the motion, and arguments based upon them, should be stricken. See *Nat. Res. Def. Council v. EPA*, 683 F.2d 752, 753 n.2 (3rd Cir. 1982). This relief is appropriate here, where the extra-record declarations are cited throughout the partial motion for summary judgment of Defendants.

## IV.   Conclusion

Defendants' reliance on extra-record evidence for it APA claims defies precedent and cannot be permitted.  Defendants' motion for partial summary judgment should be based upon the administrative record, not the extra-record declarations submitted in contemplation of this litigation.

Accordingly, *Mohammed*, *Fonjong*, and *Kennedy* Plaintiff this Court should strike the declarations of Edward Ramotowski and Brianne Marwaha and any reference to or reliance on the extra-record declaration in Defendants' motion for partial summary judgement.

//

//


//


Dated: February 1, 2021
       Venice, CA


                                        Respectfully submitted,

                                        /s/ Rafael Urena
                                        Rafael Urena
                                        Curtis Lee Morrison
                                        Abadir Barre
                                        Kristina Ghazaryan
                                        Philip Duclos
                                        The Law Office of Rafael Urena
                                        925 N. La Brea Ave, 4th Floor
                                        Los Angeles, CA 90038
                                        Tel: (703) 929-4424
                                        ru@urenaesq.com
                                        *Attorneys for the Plaintiffs*

## CERTIFICATE OF SERVICE

On the below date, I electronically filed *MOHAMMED, FONJOG,* **AND**

*KENNEDY* **PLAINTIFFS' MOTION TO LIMIT REVIEW TO THE ADMINSTRATIVE**

**RECORD AND TO STRIKE DEFENDATS' EXTRA-RECORD EVIDENCE, and all**

**attached exhibits,** with the Clerk of the United States District Court for the District of Columbia,

using the CM/ECF System. The Courts CM/ECF System will send an electronically email all

noticed parties to the action who are registered with the Court's CM/ECF System.


Dated: February 1, 2021
      Venice, CA



                    Respectfully submitted,

                    /s/ Rafael Urena
                    Rafael Urena