**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DOMINGO ARREGUIN GOMEZ, et al.,

                          Plaintiffs,

              v.                                                    Civil Action No. 1:20-cv-01419

DONALD J. TRUMP, President of the United States of
America, et al.,
                          Defendants.

**<u>DECLARATION OF MD NAZIF ALAM</u>**

I, MD NAZIF ALAM, upon my personal knowledge, hereby declare under penalty of

perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a United States Lawful Permanent Resident originally from Bangladesh.
   I received my green card on October 2, 2016.

2. I currently live in Queens Village, New York and am employed full time as an
   essential Food Service Distribution employee with Harold Levinson Associates
   LLC. My brother and parents also live in the United States. I have had stable
   full-time employment ever since I have lived in the United States and have been
   a resident. The United States has given me a sense of hope and happiness for
   the future.

3. I have sponsored an immigrant visa application in the "F-2A" preference
   category for my wife so that I can reunite with her here.

4. My wife is 28 years old and currently resides in Bangladesh. She is a national
   of Bangladesh.

5. I submitted a family-based visa petition, Form I-130, to United States
   Citizenship and Immigration Services ("USCIS") on March 29, 2019 to start
   the process of sponsoring my wife to come to the United States. USCIS

approved the I-130 petition on February 14, 2020.

6. In or around March of 2020, USCIS sent the approved visa petition to the National Visa Center to proceed with consular processing through the Department of State.

7. My wife and I collected and submitted all the necessary information and documents that accompanied her online visa application, the DS-260, on April 8, 2020. The "F-2A" family preference category is "current" at the moment, which means that visas are immediately available to individuals in this preference category and there is no queue to receive a visa.

8. When I learned of April's Presidential Proclamation banning the entry of most immigrants, including my wife, unless they can show that they qualify for a national interest exception, I was devastated.

9. Initially, I believed that the ban would only last 60 days, but on June 22, we learned that the President extended the ban until at least December 31, 2020. I cannot tell you how emotionally traumatizing this news is to me, my wife, and my family. We have been waiting for my wife's visa application to become current for almost two years, and now it appears our wait will go on for at least another six months, and possibly indefinitely. Being separated from my wife has been extraordinarily difficult. We are two young adults who are on the cusp of beginning our American dream together in this great land but unfortunately, because of this Presidential proclamation, we do not know how long we will have to stay apart. Our second anniversary is in a few months and I fear that because of this suspension, I will not be able to spend that day with my wife. We do not know when we will be able to start our lives together as a married

couple.

10. Moreover, my wife was accepted for a Masters in Management program for the Fall of 2020 at Cornell University. Because Cornell has decided on a hybrid fall semester with in-person and online classes, she must be here in the United States to attend; if the Proclamation remains in effect and prevents her from coming to the United States, her admission may be rescinded. This will be morally and financially devastating for my family. It is a rare opportunity for any person, and more so for a woman, from a country like Bangladesh to be accepted into an esteemed institute for higher learning like Cornell University. Her acceptance came at a steep cost of dedication, effort, and sleepless nights in order to get good scores on standardized tests and writing exceptional essays. After being so happy and overwhelmed when she was accepted, it has been crushing for my wife to realize that she may now be blocked from this precious opportunity. Her effort should not go in vain simply because this administration decided to change the rules of immigration without any compassion and forethought.

11. Our family stand to lose much more than the initial monetary deposit that was made to Cornell to secure my wife's admission. Indeed, my wife's inability to attend Cornell would also severely restrict her earning potential and ability to contribute economically to this country when she is finally here and ready to enter the job market, thereby severely harming our effort in pursuing the American dream. This will create an unimaginable financial hardship to our family, as my family's future earning potential will be directly impacted if my wife cannot receive her education from Cornell.

12. I simply cannot understand why the President believes my wife would be harmful to this country's economic recovery. She will not be competing for jobs because she will be studying full time for the first 18 months after she immigrates. With the assets that we have and my earnings from my job, she will not become a public charge.

13. I have waited for nearly two years to the day to reunite with my wife in the United States. The law allows my wife, as my spouse, to obtain a visa, and we have patiently endured the wait. There is nothing left for us to do and the only thing standing in the way of our happy family reunification is the June 22 Presidential Proclamation. The President's ban deprives me of my right as a Lawful Permanent Resident to sponsor my spouse. He should not have the authority to change the law without Congress's acceptance.

14. I believe it is cruel and inhumane to separate families in this way, and I believe this Proclamation should not adversely affect honest, tax-paying residents. Please note that I am an essential employee in the food-service distribution industry in New York City. While the pandemic allowed many to work from home, I had to go outside all throughout the worst part of the outbreak in order to ensure that grocery store shelves of all the convenience stores that I cover were stocked with much-needed supplies.

15. To be separated from my wife for so long, particularly during this pandemic, has made me feel alone in this country. It breaks my heart to have undergone this ordeal and not have my wife here to run to and ask for help, and to have endured so many horrible and beautiful moments without her.

16. The impact of the Proclamation is particularly hard for me to bear because her

visa preference category is current, and if it were not for this ban, the Consulate could expedite her visa interview in time to start her Master's program at Cornell. Apart from the Proclamation, I am not aware of any reason why she would be considered inadmissible and denied a visa. I also understand that, like the April Proclamation, the June Proclamation could be extended at the end of the year if the President decides that the country has not recovered economically from the coronavirus, further prolonging my separation from my wife. It is hard to have hope that the President will allow the Proclamation to expire on December 31; it is my understanding that under the new Proclamation, I am effectively unable to reunite with my wife for an indefinite period of time. When I learned that our separation will be prolonged indefinitely, I felt devastated. To have gone through many awful moments and then having hope to finally reunite with your wife is a feeling that cannot be explained. All those hopes were crushed by the uncertainty of how much longer it would take with the Proclamation.

17. On June 24, 2020, I contacted the US Consulate in Dhaka, Bangladesh to inquire about an interview being scheduled for my wife. I received a response stating that the Department of State had suspended routine visa services.

18. On July 11, 2020 I again contacted the US Consulate in Dhaka Bangladesh to inquire about scheduling an interview for my wife. The Consulate replied that the case had not yet been sent to them by the National Visa Center. However, I spoke to the National Visa Center on July 12, 2020 and they informed me that they were awaiting approval from the Consulate in Bangladesh to approve forwarding of the case. It is clear that the Consulate in Bangladesh is refusing

to process my case due to the Proclamation.  On July 27, 2020, I again wrote to the Consulate in Bangladesh, and this time I specifically requested an emergency interview and a national interest exemption to the executive order because my wife's program at Cornell will start soon. To date, I have not received a response.

19. I am willing to serve as a class representative on behalf of those who are similarly situated to me and cannot have family members join them in the United States because of the June 22 Proclamation.

20. I know that if the class is certified I will be representing more than just myself in this case. I have spoken with the lawyers who represent me about what being a class representative means. I want to help everyone in my situation because we are all suffering due to the unfair restrictions on visas imposed by this Administration.

I declare under penalty of perjury and under the laws of the United States that the foregoing is true and correct. Executed at Queens Village, NY on July 27, 2020.

MD NAZIF ALAM