# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMED ABDULAZIZ ABDULBAGI MOHAMMED, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ANTONY J. BLINKEN, Secretary, U.S. Department of State, *et al.*,<br><br>Defendants. | Civil Action No. 20-1856 (APM) |
| CLAUDINE NGUM FONJONG, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH R. BIDEN, JR., President of the United States of America, *et al.*,<br><br>Defendants. | Civil Action No. 20-2128 (APM) |
| MORAA ASNATH KENNEDY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH R. BIDEN, JR, President of the United States of America, *et al.*,<br><br>Defendants. | Civil Action No. 20-2639 (APM) |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE

The Court should deny the motion to strike the declarations attached to the Government's partial summary judgment motion filed by *some* of the Plaintiffs in this consolidated action. *See* ECF No. 192 (the *Aker* and *Gomez* plaintiffs do not join in the motion filed by the *Mohammed*, *Fonjong*, and *Kennedy* plaintiffs and have not filed a separate motion to strike). The Court can deny Plaintiffs' motion on three grounds. First, motions to strike are normally directed only at pleadings, and the challenged declarations are not pleadings. Second, Plaintiffs fail to allege any prejudice from the declarations. Third, the declarations submitted by the Government provide context for materials included in the administrative record, which is necessary to facilitate effective judicial review. If the *Mohammed*, *Fonjong*, and *Kennedy* plaintiffs believe that the Government's declarations are "post hoc rationalizations," ECF No. 192-1 at 5, or that they inaccurately describe the administrative record, the proper course was to raise their arguments in their cross-motion and opposition brief, similar to the *Gomez* plaintiffs. The *Mohammed*, *Fonjong*, and *Kennedy* plaintiffs' motion is essentially a supplemental brief in opposition to the Government's Partial Summary Judgment masquerading as a "motion to strike." The Court should deny the motion in its entirety.

## PROCEDURAL HISTORY

This matter involves five fully consolidated cases. On August 7, 2020, the Court entered a Minute Order fully consolidating *Gomez v. Trump*, No. 20-cv-1419, with *Mohammed v. Pompeo*, No. 20-cv-1856, *Fonjong v. Pompeo*, No. 20-cv-2128, and *Aker v. Trump*, No. 20-cv-1926. On October 9, 2020, this Court consolidated *Kennedy v. Trump*, No. 20-2639, with the *Gomez*-led cases. *See* No. 20-2639, Minute Order, October 9, 2020.

On December 21, 2020, this Court entered a scheduling order for summary judgment briefing, directing Defendants to file their motion on or before January 20, 2021. *See* ECF No. 184 at 2. On January 20, 2021, Defendants filed their motion for partial summary judgment. *See* ECF No. 189. Defendants' Motion included declarations from Edward J. Ramotowski and Brianne Marwaha to provide context for the administrative record. *See* ECF Nos. 189-2, 189-3. On February 2, 2021, Plaintiffs in *Mohammed*, *Fonjong*, and *Kennedy* filed the instant motion to strike Defendants' declarations, chiefly claiming that the materials constitute post-hoc rationalizations. ECF No. 192-1. The *Aker* and *Gomez* plaintiffs did not file any motion to strike. On February 3, 2021, Plaintiffs in *Aker*, *Mohammed*, *Fonjong* and *Kennedy*, filed their consolidated cross-motion for summary judgment. ECF No. 194. On the same day, the *Gomez* plaintiffs separately filed their own cross-motion for summary judgment. ECF No. 195.

## LEGAL STANDARD

"Motions to strike, as a general rule, are disfavored." *Capitol Sprinkler Inspection, Inc. v. Guest Services, Inc.*, 630 F.3d 216, 226 (D.C. Cir. 2011) (quoting *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs.*, 647 F.2d 200, 201 (D.C. Cir. 1981)); *see Nat'l Council for Adoption v. Pompeo*, 460 F. Supp. 3d 37, 50 (D.D.C. 2020) ("a motion to strike is considered an exceptional remedy and is generally disfavored, and the proponent of such a motion must shoulder a formidable burden.") (cleaned up). Moreover, Courts routinely deny motions to strike where there was no showing of prejudice to the moving party. *See Philips v. Mabus*, 319 F.R.D. 36, 38039 (D.D.C. 2016); *Malyutin v. Rice*, 854 F. Supp. 2d 38, 45 (D.D.C. 2012).

Under Rule 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" on its own or "on motion by a party

3

before responding to the pleading." Fed. R. Civ. P. 12(f). Pleadings, as defined under the Rules, are limited to a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and if ordered by a court, a reply to an answer. *See* Fed. R. Civ. P. 7. Further, Rule 7 distinguishes pleadings from "Motions and Other Papers." *See id*. Courts in this district have routinely denied motions to strike directed at non-pleadings. *See, e.g.*, *McFadden v. Washington Metro. Area Transit Auth.*, 204 F. Supp. 3d 134, 140 (D.D.C. 2016) (Walton, J.) ("because motions to strike can be directed only at pleadings . . . and because the plaintiff requests that the Court strikes the defendants' memorandum in support of its motion for summary judgment, which is not a pleading, the Court declines to grant the plaintiff's motion to strike the defendants' memorandum.").

"It is well settled that judicial review of agency action is normally confined to the full administrative record before the agency at the time the decision was made." *Envtl. Def. Fund, Inc. v. Costle*, 657 F.2d 275, 284 (D.C. Cir. 1981). But a "noted exception to the general rule" permits courts to look outside the administrative record for certain limited purposes." *See id*. at 285. Where there is a "failure to explain administrative action as to frustrate effective judicial review," the court may "obtain from the agency, either through affidavits or testimony such additional explanation of the reasons for the agency decision as may prove necessary." *Camp v. Pitts*, 411 U.S. 138, 142-43 (1973); *see also Tourus Records, Inc. v. DEA*, 259 F.3d 731, 738 (D.C. Cir. 2001) (recognizing that in the context of agency denial of a party's request under 5 U.S.C. § 555(e), an agency's on the spot explanation "does not stand as the sole 'explanation' of the agency's decisionmaking rationale.").

# ARGUMENT

## I. Defendants' declarations in support of their motion for partial summary judgment are not pleadings, and motions to strike only apply to pleadings.

Plaintiffs' Motion to Strike fails at the outset because as others courts in this jurisdiction have held, such motions "can be directed only at pleadings." *McFadden*, 204 F. Supp. 3d at 140; *see* Fed. R. Civ. P. 7 (distinguishing pleadings from motions and other papers); *Balcoh v. Norton*, 517 F. Supp. 2d 345, 348 n. 2 (D.D.C. 2007) (Urbina, J.) ("a motion to strike . . . is limited to pleadings").

Here, the Government's declarations attached to its Partial Summary Judgment Motion are not pleadings as defined under the Rules. *See* Fed R. Civ. P. 7(a). Accordingly, because the declarations are not pleadings, and motions to strike only apply to pleadings, the Court should deny Plaintiffs' motion to strike. *See McFadden*, 204 F. Supp. 3d at 140 ("because motions to strike can be directed only at pleadings . . . and because the plaintiff requests that the Court strikes the defendants' memorandum in support of its motion for summary judgment, which is not a pleading, the Court declines to grant the plaintiff's motion to strike the defendants' memorandum"); *see also Modaressi v. Vedadi*, 441 F. Supp. 2d 51, 54 n. 2 (D.D.C. 2006) (Bates, J.) (holding that "the plain language of Rule 12(f)" requires the court to deny the plaintiff's motion to strike the defendant's motion to dismiss); *Nwachukwu v. Rooney*, 362 F. Supp. 2d 183, 190 (D.D.C. 2005) (Urbina, J.) ("Because the defendants' reply memorandum is not a pleading, as defined in Federal Rule of Civil Procedure 7(a), and motions to strike only apply to pleadings, the plaintiff's motion to strike is improperly directed at the defendants' reply.").[1]

---

[1] Despite claiming that this relief "is well-established," Plaintiffs cite only a footnote in one case to support their request to strike the declarations and portions of Defendants' Motion, *Nat. Res.*

5

## II.     Plaintiffs' Motion to Strike makes no showing of prejudice.

The Court can also deny Plaintiffs' Motion to Strike because Plaintiffs fail to show that they have suffered any prejudice by the Government's declarations attached to its Partial Summary Judgment Motion. Instead, Plaintiffs make the unsupported assertion that the declarations are "a post-hoc rationalization of agency action blatantly created for the purposes of litigation." ECF No. 192-1 at 5. But mere assertions without evidence of prejudice are not enough. *See Malyutin*, 854 F. Supp. 2d at 45 (denying motion to strike because the movants failed to demonstrate any prejudice).

Further, Plaintiffs cannot plausibly argue that they suffer from any prejudice because they have a remedy available for which they can raise their concerns: their response brief. *See* Scheduling Order, ECF No. 184 at 2; *Rivera v. United States*, No. 3:12-CV-1339, 2013 WL 1826396, at * 1 (N.D. Ill. Apr. 30, 2013) ("Recognizing that briefs are, by their nature, argumentative and sometimes contentious filings, it is generally held that a brief – as opposed to other form of pleadings – typically will not be considered a 'pleading" which is properly the subject of a motion to strike [under Fed. R. Civ. Proc. 12(f)]," and therefore treating the plaintiff's motion to strike as a sur-reply, where briefing was otherwise complete.). The *Aker* and *Gomez* plaintiffs arguably recognized this, as neither joined in the Motion to Strike. Indeed, the *Gomez* plaintiffs raised their arguments against the Government's declarations in their opposition and cross

---

*Def. Council (NRDC) v. EPA*, 683 F.2d 752, 753 n.2 (3d Cir. 1982). *See* ECF No. 192-1 at 8. That case is unpersuasive.  First, it is nonbinding, and is inconsistent with well-settled case law in this district on motions to strike. Second, the procedural posture in that case is markedly different because it involved a petition for review in circuit court as opposed to a motion filed in district court with attached exhibits. *See NRDC*, 683 F.2d at 753 n.2. Third, the case does not address whether material constituting a post-hoc rationalization is a sufficient basis for a motion to strike, which is the principal allegation in Plaintiffs' Motion.

motion.[2] *See, e.g.*, ECF No. 195-1 at 25-26; *see also Fla. Tomato Exch. v. United States*, 973 F. Supp. 2d 1334, 1448 (Ct. Intl. Trade 2014) ("The proper method of raising those issues is by so arguing, either in a brief or in a supplemental memorandum, but not by filing a motion to strike.").

Accordingly, the Court can also deny Plaintiffs' Motion to Strike because Plaintiffs fail to show that they have suffered any prejudice by the Government's declarations attached to its Partial Summary Judgment Motion.

### III. Defendants' Declarations Appropriately Provide Context To The Alleged Agency Action At Issue, Which This Court May Properly Consider To Enable Effective Judicial Review.

Plaintiffs principally argue that "the declarations offer new, asynchronous explanations and rationalizations made for the purposes of litigation." ECF No. 192-1 at 3. Essentially, all of Plaintiffs' arguments revolve around the same repeated assertion that the information contained in the declarations are "post-hoc rationalization[s]" and are being "submitted in contemplation of this litigation." *Id*. at 8; *see also id*. at 5 ("the declarants themselves do not offer any information that the information provided is more than a post-hoc rationalization of agency action blatantly created for the purposes of litigation."). Plaintiffs' assertions are meritless.

The D.C. Circuit has recognized that it is appropriate for an agency to provide declarations in an APA case in order to "illuminate reasons obscured but implicit in the administrative record." *Clifford v. Pena*, 77 F.3d 1414, 1418 (D.C. Cir. 1996); *see also* Defs.' Memo., ECF No. 189-1 at 13. Here, it is apparent from the administrative record that the State Department's actions in implementing the Proclamations at issue were based on its longstanding interpretation that entry

---

[2] *Mohammed*, *Fonjong*, and *Kennedy* plaintiffs jointly filed a cross-motion for summary judgment with the *Aker* plaintiffs. *See* ECF No. 194. In that cross motion, Plaintiffs reiterate arguments presented here. *See* ECF No. 194-1 at 5.

restrictions under 8 U.S.C. § 1182(f) compel visa refusals by consular officers abroad. Indeed, at the preliminary injunction stage, the Court found that "the Administrative Record reveals no justification for Defendants' No-Visa Policy except for the incorrect assumption that it is compelled by the Proclamations and § 1201(g)." *See* ECF No. 123 at 66 (citing CAR 24, 26, 28, 36, 38); *see also* ECF 189-1 ("At the outset, the administrative record clearly shows that the State Department understood that proclamations under section 1182(f) require visa refusals."). But the Ramotowski and Marwaha declarations, ECF Nos. 189-3 and 189-3, help "illuminate [the State Department's] reasons," *Clifford*, 77 F.3d at 1418, for determining that entry restrictions under 8 U.S.C. § 1182(f) compel visa refusals by consular officers, and they provide further explanation of the "assumption" identified by the Court by furnishing context for the administrative record, which is "necessary to facilitate effective judicial review." *See Rhea Lana, Inc. v. U.S. Dep't of Labor*, 271 F. Supp. 3d 284, 291 (D.D.C. 2017); *see also Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989) (holding that courts may "resort to extra-record information to enable judicial review to become effective."). The declarations, ECF Nos. 189-3 and 189-3, are thus appropriate.

Contrary to Plaintiffs' contentions, the declarations are not post-hoc rationalizations; they provide explanations that consist of information that is implicit in the administrative record by spelling out the rationale that was inherent in the State Department's actions. *See Univ. of Colorado Health at Mem'l Hosp. v. Burwell*, 164 F. Supp. 3d 56, 65 (D.D.C. 2016) ("In the Court's view, by further explaining an assumption even this Court considered 'conceivable' on the basis of the rulemaking notices, the agency has simply illuminated a connection between the fiscal year rulemakings and the 2003 Payment Regulations which the administrative record left somewhat implicit.") (internal citations omitted). Critically, the explanations are not new. The Ramotowski

8

declaration explains the State Department's understanding that the INA requires the refusal of visas in connection to a proclamation under section 1182(f), chronicling the Department's long historical practice, provisions of the FAM, examples of other presidential proclamations, and operational concerns if the Department departed from its traditional practice. *See generally* ECF No. 189-2. Likewise, the Marwaha declaration explains that, based on the State Department's longstanding practice and statutory interpretation that section 1182(f) is a basis for visa refusals (as articulated in the Ramotowski declaration), it was a matter of common sense for the State Department to choose not to prioritize diversity visa applicants. *See* ECF No. 189-3, ¶ 5. It is unsurprising that the administrative record did not explicitly state that, given the Department's limited resources, it would have been wasteful to schedule interviews for visa applicants who can neither receive nor use visas. *See id*. This is especially the case given the ongoing global pandemic. The declarations, therefore, clarify material in the administrative record against this historical backdrop, and because this information pre-dates the Plaintiffs' legal challenges, it belies their meritless assertion that the Department's explanations exist for the purpose of litigation.

Thus, given that the challenged agency actions in this case are intrinsically linked to the State Department's longstanding practice, viewing the administrative record in isolation would "frustrate effective judicial review." *See Camp*, 411 U.S. at 142-43.

Plaintiffs claim that the declarations "do not offer reasoning implicit in the administrative record" and "Defendants misplace support for their position in *Clifford*." ECF No. 192-1 at 5 (internal citation omitted). Plaintiffs are wrong because *Clifford* supports the Government's position. In *Clifford*, the agency provided a declaration from an agency official in order to "to provide the [district] court with background information about the subsidy program and the current

9

state of the American shipping industry, information underlying the Maritime Administration's decision and well known to the agency and to the parties." *Id*. at 1418. The D.C. Circuit held that there was "nothing improper in receiving declarations that merely illuminate reasons obscured but implicit in the administrative record." *Id*.

The D.C. Circuit's reasoning applies squarely here. The State Department provided the declarations from Ramotowski and Marwaha in order to provide background information regarding the State Department's historical interpretation that it cannot issue visas to aliens covered under a presidential proclamation issued under section 1182(f). This longstanding practice was referenced repeatedly in this litigation, *see, e.g.*, ECF No. 145 at 11-15, and is corroborated by various FAM provisions that pre-date any of the challenged agency actions in this case. *See, e.g.*, 9 FAM 301.4-1(a) ("The basis on which applicants must be denied visas are established by law, as part of the [INA]. . . . Other grounds for refusal are found in INA 212 (INA 212(a), INA 212(e) and *INA 212(f)*)" (emphasis added); 302.14-3(B) (listing "Suspension of Entry by President – INA 212(F)" under section titled, "Ineligibility [to receive a visa] Based on Sanctioned Activities – … INA 212(F).").

Plaintiffs are therefore incorrect in asserting that "there is no implication in the administrative record that the agency was guided by a historical interpretation of [section] 1182(f)." *See* ECF No. 192-1 at 6. The administrative record reflects the State Department's adherence to its longstanding practice, and the historical interpretation explained by the Ramotowski declaration is "information underlying" the challenged actions of the State Department. *See Clifford*, 77 F.3d at 1418. Moreover, the historical interpretation explained by the Ramotowski declaration is based on examples of how the Department implemented previous

10

proclamations, as well as FAM provisions, all which pre-date the challenged actions. This further undermines Plaintiffs' contentions that this explanation by the State Department is a post-hoc rationalization. Thus, *Clifford* supports the Government's position that the two declarations were properly attached to the Government's Motion to illuminate reasons implicit in the administrative record.

Next, Plaintiffs contest the Government's citation to *Olivares v. Transp. Sec. Admin.*, 189 F.3d 454 (D.C. Cir. 2016), claiming that "[u]nlike in *Olivares*, Defendants advance a 'post hoc rationalization' rather than [a] 'post-hoc account.'" ECF 192-1 at 6. Again, Plaintiffs are wrong. In *Olivares*, the D.C. Circuit concluded that a sworn declaration from a government official who acted on behalf of the Transport Security Administration (TSA) was appropriate for consideration. The court found that "[t]he Declaration not only explains the agency's rationale, it also cites internal materials that TSA had before it at the time when the determination was made to deny Petitioner's application." *Id*. at 461. The court, therefore, held that the declaration in that case was a "post-hoc account" that "illuminate[ed] the reasons that are implicit in the internal materials." *Id*. at 464 (citing *Clifford*, 77 F.3d at 1418) (internal quotations omitted and cleaned up). *Olivares* emphasized that the declaration "contain[ed] no new rationalizations; it [wa]s merely explanatory of the original record, and thus admissible for our consideration." *Id*. (internal quotations and citations omitted).

The D.C. Circuit's reasoning applies here as well, as the Ramotowski and Marwaha declarations are not "new rationalizations." *Id.* at 464. Instead, they provide information on the State Department's historical understanding of section 1182(f), which informed its implementation of Proclamation 10014 and 10052. Plaintiffs also advance the red-herring assertion that "the extra-

11

record declarations are not submitted by the decision maker in the Certified Administrative Record." ECF No. 192-1 at 6. But this is inaccurate. Declarant Edward J. Ramotowksi is the Deputy Assistant Secretary of Visa Services in the Bureau of Consular Affairs of the State Department. *See* ECF 189-2, ¶ 1. Ramotowski was referenced throughout the administrative record, which reflected that most, if not all, internal guidance regarding the actions at issue in this case required his clearance. Additionally, Declarant Brianne Marwaha, the Division Chief of the Immigration and Employment Division, is the government official who certified the administrative record. *See* CAR 2. Thus, Plaintiffs' arguments regarding Defendants' reliance on *Olivares* is wholly meritless.

Plaintiffs also challenge the Government's "rel[iance] on *Appeal of Bolden* to support supplementing the administrative record," ECF No. 192-1 at 7, recycling their assertion that the declarations are post hoc rationalizations and are being offered for the purpose of litigation. *Id*. at 8. But Plaintiffs miss the point. They contend that they "did not commence litigation before the final agency action, nor is the declaration considered by the Defendants to be part of the administrative record," *id*. at 8, but the Government never attached the declarations asserting they were part of the administrative record, and it provided an explanation for why the Court may consider them in support of the Government's Motion. *See* ECF No. 189-1 at 13. The context provided by the Ramotowski and Marwaha declarations are being offered to "amplify the administrative record." *Appeal of Bolden*, 848 F.2d 201, 207 (D.C. Cir. 1988).

Finally, the Court is capable of considering and weighing the Government's declarations in determining the merits of this case without taking the extraordinary step of striking the materials. *Cf. Paige Int'l, Inc. v. XL Specialty Ins. Co.*, No. 14-CV-1244 (JEB), 2016 WL 3024008, at *5

(D.D.C. May 25, 2016) ("Regardless of whose arguments have more merit, it is abundantly clear that they are inappropriately resolved on Motions to Strike. Resolving 'factual disputes or weighing evidence' is 'the function of a motion for summary judgment . . .'") (internal citations omitted and cleaned up). That is especially true here, where Plaintiffs' principal contentions are intertwined with the merits, yet they are essentially trying to "litigate this entire case" and are "improperly seeking a dispositive ruling on these issues through" a motion to strike. *See id*.

## CONCLUSION

WHEREFORE, this Court should deny Plaintiffs' Motion to Strike in its entirety.

Dated: February 16, 2021            Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General, Civil Division

WILLIAM C. PEACHEY
Director, Office of Immigration Litigation, District Court Section

COLIN A. KISOR
Deputy Director

GLENN M. GIRDHARRY
Assistant Director

AARON S. GOLDSMITH
Senior Litigation Counsel

*/s/ JAMES J. WEN*
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4142
James.J.Wen@usdoj.gov

THOMAS B. YORK

13

Trial Attorney

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 16, 2021, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court of for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

                      By: */s/ James J. Wen*
                             JAMES J. WEN
                             Trial Attorney
                             United States Department of Justice
                             Civil Division