UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DOMINGO ARREGUIN GOMEZ et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 20-cv-01419 (APM) |
| JOSEPH R. BIDEN JR. et al., | ) ) ) | |
| Defendants. | ) ) | |
| MOHAMMED ABDULAZIZ ABDUL MOHAMMED et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 20-cv-01856 (APM) |
| ANTHONY J. BLINKEN et al., | ) ) ) | |
| Defendants. | ) ) | |
| AFSIN AKER et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 20-cv-01926 (APM) |
| JOSEPH R. BIDEN JR. et al., | ) ) ) | |
| Defendants. | ) ) | |

|  |  |
|---|---|
| CLAUDINE NGUM FONJONG et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 20-cv-02128 (APM) |
| ) | |
| JOSEPH R. BIDEN JR. et al., ) | |
| ) | |
| Defendants.[1] ) | |

## MEMORANDUM OPINION AND ORDER

I.

Plaintiffs in these consolidated actions are back before the court seeking emergency relief with respect to those Plaintiffs who were issued diversity visas on or before September 30, 2020 ("DV-2020 Plaintiffs") pursuant to this court's preliminary injunction order of September 4, 2020, *see Gomez v. Trump* (*Gomez I*), No. 20-cv-1419 (APM), 2020 WL 5367010 (D.D.C. Sept. 4, 2020). *See* Pls.' Mot. for Emergency Injunctive Relief, ECF No. 201 [hereinafter Pls.' Mot.]. In *Gomez I*, the court found that the State Department's suspension of processing and issuing of diversity immigrant visas for otherwise eligible applicants who were prohibited from entering the country under Presidential Proclamations 10014 and 10052 was contrary to law and arbitrary and capricious. *See Gomez I*, 2020 WL 5367010, at *26–29. The court therefore preliminarily stayed that policy as to the DV-2020 Plaintiffs. It also ordered the State Department to "undertake good-faith efforts . . . to expeditiously process and adjudicate DV-2020 diversity visa and derivative beneficiary applications and issue or reissue diversity and derivative beneficiary visas to eligible

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the court substitutes President Joseph R. Biden Jr. and Secretary of State Anthony J. Blinken as defendants in this case.

applicants by September 30, 2020." *Id.* at *38. The visas issued or renewed pursuant to *Gomez I* are valid for a maximum of six months. *See* Pls.' Mot., Pls.' Mem. in Supp. of Mot. for Emergency Injunctive Relief, ECF No. 201-1 [hereinafter Pls.' Mem.], at 3. At the same time, the court in *Gomez I* denied Plaintiffs' motion for preliminary relief with respect to the Proclamations, holding that Plaintiffs had failed to demonstrate a likelihood of success with respect to their statutory and constitutional challenges to the presidential orders. *See Gomez I*, 2020 WL 5367010, at *17–26. The parties are presently briefing cross-motions for summary judgment on Plaintiffs' Administrative Procedure Act, mandamus, and related claims concerning visa adjudication and issuance. *See* Order, ECF No. 184, at 3.

After the court's decision in *Gomez I*, President Trump extended Presidential Proclamations 10014 and 10052 through March 31, 2021, which is approximately six months after the court's order. *See* Defs.' Notice of Extension of Presidential Proclamations 10014 & 10052, ECF No. 187. As a result, the DV-2020 Plaintiffs' visas have begun expiring, and all visas issued pursuant to the court's order will expire by March 31, 2021, all while the DV-2020 Plaintiffs have been unable to enter the United States. *See* Pls.' Mem. at 1.

Plaintiffs urge the court to enter three forms of emergency relief. First, they ask the court (a) to set aside the State Department's implementation of the "national interest" exception to Presidential Proclamations 10014 and 10052 as arbitrary and capricious because the exception is not currently available to 2020 diversity visas holders,[2] and (b) to compel the State Department to issue new "national interest" guidance, presumably one that would define the "national interest" to allow the DV-2020 Plaintiffs to enter the United States. *Id.* at 6–11. Second, invoking the

---

[2] Following briefing and oral argument, the State Department altered its implementation of the "national interest" exception as to certain DV-2020 visa holders. *See* Defs.' Notice on Recent Actions Taken by the State Department, ECF No. 208, at 3. The court accounts for this last-minute revision in its Order.

3

All Writs Act, 28 U.S.C. § 1651(a), Plaintiffs seek an order requiring the State Department to "treat all visas issued and renewed pursuant to *Gomez I*, but which expire unused, as having been issued in the first instance as of the date on which [the] Court renders final judgment in this action." *See* Pls.' Am. Proposed Order, ECF No. 206-1, at 2; *see also* Pls.' Mem. at 11–14.  Finally, Plaintiffs request that the "Court order Defendants to provide appropriate assistance in contacting absent class members regarding this case." Pls.' Mem. at 14–15.

For the reasons that follow, the court grants Plaintiffs relief under the All Writs Act. Because such relief adequately preserves the rights of the DV-2020 Plaintiffs and this court's jurisdiction while this case is pending, the court does not consider Plaintiffs' request for extraordinary injunctive relief.  The court also declines at this time to order Defendants to assist Plaintiffs' counsel in contacting absent class members because, in light of the relief afforded by this Order, Plaintiffs have failed to demonstrate an exigent need for such relief.

II.

The All Writs Act authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).  The Supreme Court has long "recognized the power of a federal court to issue such commands under the All Writs Act as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained . . . ." *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172 (1977); *see also Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 41 (1985) (observing that "[o]ur early view of the scope of the all writs provision confined it to filling the interstices of federal judicial power when those gaps threatened to thwart the otherwise proper exercise of federal courts' jurisdiction"). The Act also authorizes a federal court to take "appropriate action to preserve its 'potential jurisdiction,'"

4

*Garcia v. Texas*, 564 U.S. 940, 947 (2011) (quoting *FTC v. Dean Foods Co.*, 384 U.S. 597, 603 (1966)), which includes the "inherent equitable power to maintain the status quo," *Wagner v. Taylor*, 836 F.2d 566, 571 (D.C. Cir. 1987).  In short, the All Writs Act allows a court to "issue those orders necessary to preserve the availability of meaningful judicial review." *AstraZeneca Pharms. LP v. Burwell*, 197 F. Supp. 3d 53, 56 (D.D.C. 2016).

Here, expiration of the DV-2020 Plaintiffs' visas issued pursuant to *Gomez I* would thwart this court's jurisdiction with respect to the DV-2020 Plaintiffs' challenges to Presidential Proclamations 10014 and 10052.  If the *Gomez I* visas were allowed to expire, those visa holders would lose standing to challenge the Proclamations.  Why?  Because without a current, valid entry visa, a DV-2020 Plaintiff would lack two fundamental elements of standing:  causation and redressability.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).  First, the continued validity of Plaintiffs' DV-2020 visas is necessary to maintain the causal connection between the challenged Proclamations and the denial of entry.  A current, valid visa is required to enter the country.  *See* 8 U.S.C. § 1181(a).  Without one, a DV-2020 Plaintiff would have no basis to complain that the Proclamations have caused her injury—i.e., the denial of entry.  The cause of such injury would be the lack of a current, valid visa, not the Proclamations' entry restrictions, even if unlawful.  Second, the expiration of the DV-2020 visas would render the court unable to redress the harm caused by the Proclamations.  That is because, even if the court were to declare the Proclamations unlawful as Plaintiffs request, a DV-2020 Plaintiff who lacked a current, valid visa still could not enter the country.  Accordingly, an order declaring the Proclamations unlawful would provide no relief to a DV-2020 Plaintiff without a current, valid visa.  Only if the DV-2020 visas remain valid will the court be able to redress the entry-restriction harms to those Plaintiffs caused by the Proclamations.  In sum, if the DV-2020 Plaintiffs' visas issued pursuant to *Gomez I*

5

are permitted to expire, the court will lose jurisdiction over those Plaintiffs' challenges to the Proclamations.[3]  The All Writs Act authorizes the court to enter equitable relief to prevent that from happening.  *See AstraZeneca Pharms.*, 197 F. Supp. 3d at 56.

III.

Defendants resist this conclusion on four main grounds.  *First*, they contend that various provisions of the Immigration and Nationality Act ("INA") foreclose the proposed relief.  Specifically, they point to 8 U.S.C. § 1154(a)(1)(I)(ii)(II), which provides that foreign nationals selected in the diversity visa lottery "shall remain eligible to receive such visa only through the end of the specific fiscal year for which they were selected"—in this case, through September 30, 2020.  *See* Defs.' Mem. in Opp'n to Pls.' Mot., ECF No. 203 [hereinafter Defs.' Mem.], at 12.[4]  Defendants also cite 8 U.S.C. § 1201(c).  Hr'g Tr., ECF No. 207 [hereinafter Hr'g Tr.], at 14:14–21.  As relevant here, that section of the INA provides that immigrant visas shall be valid for a period of no more than six months and that an immigrant visa "may be replaced under the original number during the fiscal year in which the original visa was issued for an immigrant" if certain conditions are met.  8 U.S.C. § 1201(c).  Taken together, Defendants contend that "the INA's plain text imposes a limitation on DV eligibility based on the close of the fiscal year," such that the court "lacks the jurisdiction to extend the validity of class members['] FY 2020 diversity visas."  Defs.' Mem. at 12–13.

---

[3] So, too, would the D.C. Circuit.  Pending before the Circuit is an appeal of this court's denial of preliminary relief to the DV-2020 Plaintiffs on their various challenges to the Proclamations.  *See Gomez v. Trump*, No. 20-5292 (D.C. Cir.).  If the DV-2020 Plaintiffs' visas were to expire, the D.C. Circuit would not be able to grant any relief to those Plaintiffs, even if that court ultimately were to find preliminarily that the Proclamations were invalid.  Again, without a current, valid visa, a DV-2020 Plaintiff would not benefit from an order enjoining the Proclamations.

[4] *See also* 8 U.S.C. § 1153(e)(2) (stating that diversity visas "shall be issued to eligible qualified immigrants strictly in a random order established by the Secretary of State for the fiscal year involved"); 22 C.F.R. § 42.33(a)(1) (stating that "[u]nder no circumstances may a consular officer issue a visa or other documentation to an alien after the end of the fiscal year during which an alien possesses diversity visa eligibility").

6

But these provisions do not divest this court of its authority to preserve its jurisdiction under the All Writs Act. "The All Writs Act invests a court with a power essentially equitable . . . ." *Clinton v. Goldsmith*, 526 U.S. 529, 537 (1999). Congress may strip or restrict a court's equitable authority under the All Writs Act, but it must do so "explicitly": "[i]n the absence of explicit direction from Congress," a court retains authority pursuant to the All Writs Act to preserve the status quo when "necessary to protect its own jurisdiction." *Dean Foods Co.*, 384 U.S. at 608. The portions of the INA cited by Defendants contain no such "explicit direction" curbing the court's equitable authority to preserve its own jurisdiction.[5]

*Second*, Defendants contend that an order may issue pursuant to the All Writs Act only if Plaintiffs can satisfy the four traditional elements for injunctive relief. *See* Defs.' Mem. at 7–8. That is not the law. "The requirements for a traditional injunction do not apply to injunctions under the All Writs Act because a court's traditional power to protect its jurisdiction, codified by the Act, is grounded in entirely separate concerns." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1100 (11th Cir. 2004). To be sure, the court cannot grant relief under the All Writs Act that is effectively a preliminary injunction. *See id.* at 1101 n.13. But that is not what the court is doing here. The court is not compelling the State Department to act, or refrain from acting, to prevent irreparable harm. It is simply setting a future effective date for DV-2020 visas so that the court can retain jurisdiction over the DV-2020 Plaintiffs' challenges to the Proclamations.

*Third*, Defendants contend that the relief Plaintiffs request would "frustrate" the court's preliminary ruling that the Proclamations are valid. *See* Defs.' Mem. at 8. Not so. Ordering a

---

[5] Nor do the cited statutory provisions conflict with the relief sought. An order resetting the effective date of a diversity visa does not extend a recipient's "eligibility" to "receive" a visa—the eligibility of the DV-2020 Plaintiffs has been determined, and they have received their visas. Such an order also would not compel the State Department to "replace" a diversity visa. Rather, the State Department simply would be required to treat an already-issued visa as having a later effective date.

7

later effective date for the diversity visas issued pursuant to *Gomez I* will have no impact on the legal status of the Proclamations. Those Proclamations remain in effect, and the DV-2020 Plaintiffs will not be able to enter the country unless the Proclamations expire and are not renewed, a court declares them unlawful, or the State Department grants them some other relief (such as a national interest waiver). Relief under the All Writs Act therefore will not "frustrate" the court's preliminary decision concerning the legality of the Proclamations.

*Last*, Defendants contend that Plaintiffs waited too long to secure the relief they now demand and therefore equity requires that the relief be denied. *See* Hr'g Tr. at 9:5–17; Defs.' Mem. at 5–6. Defendants have not, however, cited any case in which a party's delay is a relevant factor in affording relief under the All Writs Act. Unexcused delay is a relevant factor in granting extraordinary injunctive relief, *see Newdow v. Bush*, 355 F. Supp. 2d 265, 292 (D.D.C. 2005), but the court is not granting such relief here.

IV.

For the foregoing reasons, Plaintiffs' Motion for Emergency Injunctive Relief is granted in part and denied in part. The court hereby orders pursuant to the All Writs Act, 28 U.S.C. § 1651(a), that Defendants shall treat all visas issued or renewed pursuant to *Gomez I* as having been issued in the first instance as of the date that this court renders a final judgment in this action.

The court's Order contains two caveats. First, in the event that the Proclamations are rescinded or expire without renewal on or before March 31, 2021, the DV-2020 Plaintiffs' challenge to the Proclamations will become moot. The court would then no longer have jurisdiction over those claims, and relief under the All Writs Act would no longer be necessary. Accordingly, if the Proclamations are rescinded or expire without renewal on or before March 31,

2021, Defendants shall treat all visas issued or renewed pursuant to *Gomez I* as having been issued in the first instance as of the date the Proclamations are no longer effective.

Second, the court's Order shall not apply to DV-2020 Plaintiffs whose visas will expire or were set to expire between February 17, and February 28, 2021, in light of the State Department's decision to grant national interest waivers to such DV-2020 visa holders, *see* Defs.' Notice on Recent Actions Taken by the State Department, ECF No. 208, at 3. Those Plaintiffs now lack standing to challenge the Proclamations, and the court lacks jurisdiction over their claims. If the State Department grants further national interest waivers for DV-2020 Plaintiffs whose visas will expire in March 2021, the court will entertain requests to modify this Order, as necessary.

Dated: February 19, 2021

Amit P. Mehta
United States District Judge