UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOMINGO ARREGUIN GOMEZ et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JOSEPH R. BIDEN, JR. et al., )<br>)<br>Defendants. )<br>) | Case No. 20-cv-01419 (APM) |
| MOHAMMED ABDULAZIZ ABDUL )<br>MOHAMMED et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ANTONY BLINKEN et al., )<br>)<br>Defendants. )<br>) | Case No. 20-cv-01856 (APM) |
| AFSIN AKER et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JOSEPH R. BIDEN, JR. et al., )<br>)<br>Defendants. )<br>) | Case No. 20-cv-01926 (APM) |

| | |
|---|---|
| **CLAUDINE NGUM FONJONG et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**JOSEPH R. BIDEN, JR. et al.,**<br><br>**Defendants.** | **Case No. 20-cv-02128 (APM)** |
| **MORAA ASNATH KENNEDY et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**JOSEPH R. BIDEN, JR. et al.**<br><br>**Defendants.** | **Case No. 20-cv-02639 (APM)** |

## AMENDED ORDER[1]

On August 17, 2021, the court issued a Memorandum Opinion and Order that directed Defendants to process the 9,095 2020 diversity visas ("DV-2020") that the court had earlier ordered reserved for members of the *Gomez* class. *See* Mem. Opinion and Order, ECF No. 237, at 48–52. The court instructed Defendants to "process DV-2020 applications in a random order until all [9,095] diversity visas have been granted," and further asked the parties to "notify the court by August 25, 2021, whether they have agreed to a time within which to process the reserved visas." *Id.* at 53. Regrettably, the parties were unable to reach an agreement, and their respective

[1] This Amended Order corrects the typographical error in the court's prior Order, ECF No. 242, that identified the number of reserved visas as 9,905, and not 9,095, as the court previously had ordered, *see Gomez v. Trump*, 490 F. Supp. 3d 276, 290 (D.D.C. 2020) ("The court will order the State Department to reserve 9,095 diversity visa numbers after September 30, 2020, pending final adjudication of this matter."). *See* Fed. R. Civ. P. 60(a) (permitting trial courts to correct clerical errors contained in an order before an appeal is docketed).

positions differ considerably.  *See* Joint Status Report, ECF No. 240 [hereinafter JSR].  Defendants ask that they not be required to process the reserved visas until Fiscal Year 2023, which begins October 1, 2022.  *See id.* at 3.  They offer three main reasons for the requested delay in processing: (1) the State Department's Visa Office is "fully engaged in evacuation efforts, including providing emergency visa assistance to Special Immigrant Visa ('SIV') applicants seeking to depart Afghanistan," *Id.* at 3–4;   (2) "the Department currently lacks the information systems infrastructure to process DV applications after the conclusion of a particular [Fiscal Year]," *id.* at 4; and (3) "the Department does not have additional capacity now or in the near future to immediately resume processing FY2020 diversity visa applications until [9,095] have been issued."  Notice of Lodging of Decls., ECF No. 241, Decl. of Neal Vermillion, ECF No. 241-1, ¶ 2.  For their part, all Plaintiffs demand that the State Department complete processing the reserved visas by January 31, 2022.  *See* JSR at 8, 11, 13.

Having considered the parties' positions, the court orders Defendants to commence processing the 9,095 DV-2020 visas as soon as is feasible and to conclude such processing no later than the end of the 2022 Fiscal Year, or September 30, 2022.  The court considered each of the three justifications offered by Defendants for a later processing date.  First, the court is sensitive to the demands placed on the State Department to process SIV applications of those evacuated from Afghanistan.  The court assumes that those efforts are ongoing and, for that reason, extends the processing period beyond that requested by Plaintiffs.  Next, although the court understands the need for the State Department to modify its information systems infrastructure to execute the court's order, the Department does not adequately explain why such modification cannot be accomplished sooner than October 1, 2022.  It simply states, without any supporting detail, that "resumption of processing [DV-2020] cases at the beginning of Fiscal Year 2023 will allow

sufficient time to make all necessary system modifications." Decl. of Gulcin Halici, ECF No. 241-2, ¶ 9. The court cannot accept such a bald declaration, particularly since the Department admits that it "has been aware since October 2020 of the potential that the Court could issue an order to process and issue over 9,000 diversity visas." *Id.* ¶ 8. Finally, although the court is cognizant of the constraints that the COVID-19 pandemic has placed on consular offices worldwide, the court's order to complete processing by the end of this Fiscal Year amounts to, on average, less than an additional 1,000 DV-2020 visas per month. That is not asking too much of the State Department. *See* Joint Status Report, *Goodluck v. Biden*, 21-cv-1530, ECF No. 54, at 4 (showing that the State Department adjudicated and issued thousands of DV-2021 visas in August and September 2021).

The court understands that waiting up to another full year will disappoint *Gomez* class members who hope to secure a reserved DV-2020 visa. However, this court must balance the interests of the class with the resource constraints of the State Department, along with the interests of thousands of others who are patiently waiting for their immigrant and nonimmigrant visas to be adjudicated and issued by consular offices. Requiring the State Department to carry out the court's order by end of Fiscal Year 2022 strikes a fair balance.

Finally, Plaintiffs have raised multiple questions about how the State Department intends to carry out the court's Order. *See* JSR at 13, 14. The court will not address those questions. The court has neither the authority nor the capacity to micromanage the way in which the reserved DV-2020 visas are adjudicated. The reserved visas must be "issued to eligible qualified immigrants strictly in a random order." 8 U.S.C. § 1153(e)(2). Beyond that instruction, the court can say or do no more.

The court, however, will require Defendants to file periodic reports indicating how many reserved DV-2020 visas it has adjudicated. Defendants shall file the first such report by January

11, 2022, and file additional reports every 60 days thereafter until adjudication of the reserved visas has concluded.

Dated:  October 13, 2021

_____
Amit P. Mehta
United States District Court Judge