# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLOMBIA

| | |
|---|---|
| GOMEZ, *et al.*  ) | |
| ) | |
| Plaintiffs,  ) | Civil Action No. 20-1419 (APM) |
| ) | |
| v.  ) | |
| ) | |
| TRUMP, *et al.*  ) | |
| ) | |
| Defendants.  ) | |
| ) | |
| ) | |
| ) | |
| _____) | |

**AKER PLAINTIFFS' MOTION FOR CLARIFICATION OF COURT ORDER**

On August 13, 2020, *Aker* plaintiffs moved for class certification for the following class:

> All individual diversity visa immigrant applicants and their derivative beneficiaries whose diversity visas were issued prior to Presidential Proclamations 10052 and/or 10014 taking effect, but who were unable to enter the United States due to travel restrictions and who have subsequently been unable to obtain reissuance of their visas through the individual consulates of the Department of State pursuant to the Presidential Proclamations.

ECF No. 84. In its September 4, 2020, order, the Court declined to rule on the *Aker* motion, stating that its ruling would benefit all putative class members. ECF No. 123 at 83. This decision was made without prejudice pending a final resolution of the merits of the claims. *Id.*; *see also* ECF No. 151 at 3-4. On September 30, 2020, the Court again declined to certify the class requested by *Aker* plaintiffs ECF No. 151 at 25-26. In doing so, the Court ruled that it was not able to make the required numerosity or typicality assessment and that it

1

had not received information that a reserved visa number would be necessary for Department of State to re-issue a reserved visa. *Id.*

In its February 19, 2021 order, the Court issued emergency injunctive relief pursuant to the All Writs Act. ECF No. 209. The order required Department of State to treat all visas issued pursuant to Gomez I as having been issued in the first instance as of the date of final judgment in this action, or if the proclamations were rescinded, as of the date of rescission or expiration. ECF No. 209 at 8-9. This order did not impact those in the requested *Aker* class because their visas had initially been issued prior to the issuance of the proclamations (pre-March 15, 2020) and a group of individuals could not get to a US consulate during the three weeks of September 2020 during which Defendants reissued a certain number of such expired visas.

In its order on August 18, 2021, the Court indicated its understanding that "as for DV-2020 visa holders with facially expired visas, the State Department has issued public guidance that indicates that 'individuals who received diversity visas in 2020 as a result of orders in the court case *Gomez v. Trump* may travel to the United States on an expired visa' at this time." ECF 237 at 14. Thus, the court reasoned, there was "nothing left for the court to remedy with respect to those Plaintiffs with DV-2020 visas in hand." *Id*.

While the Court indicated that its understanding was that there was nothing left for the Court to remedy regarding those with DV-2020 visas in hand, this did not account for plaintiffs who were issued DV-2020 visas prior to September 2020. The Department of State has taken the position that such individuals with DV2020 visas issued prior to September 2020 *may not* enter the United States on their expired visas. This position seems to be in tension with the Court's order. As such, Aker Plaintiffs hereby request that the Court clarify

whether those with DV2020 visas issued prior to September 2020 (but who could not obtain new visa stamps in September 2020 when such opportunity was available, nor travel into the United States as a result of pandemic travel restrictions while their visas were valid) are able to enter the U.S. using their expired DV2020 visas at this time.

Dated: October 27, 2021

                                                Respectfully submitted,

                                                <u>s/ Charles H. Kuck</u>
                                                Charles H. Kuck
                                                Kuck Baxter Immigration, LLC
                                                Bar No. 429940
                                                365 Northridge Rd, Suite 300
                                                Atlanta, GA 30350
                                                404.816.8611
                                                ckuck@immigration.net

                                                Attorneys for Aker Plaintiffs