**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DOMINGO ARREGUIN GOMEZ, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 20-1419 (APM) |
| DONALD J. TRUMP, President of the United States of America, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| MOHAMMED ABDULAZIZ ABDULBAGI MOHAMMED, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-1856 (APM) |
| | ) | |
| MICHAEL R. POMPEO, Secretary, U.S. Department of State, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| CLAUDINE NGUM FONJONG, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-2128 (APM) |
| | ) | |
| DONALD J. TRUMP, President of the United States of America, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

1



AFSIN AKER, *et al*.,                     )
                                          )
        Plaintiffs,                       )
                                          )
    v.                                    )
                                          )        Civil Action No. 20-1926 (APM)
DONALD J. TRUMP, President of the United  )
States of America, *et al.*,              )
                                          )
        Defendants.                       )
                                          )

MORAA ASNATH KENNEDY, *et al.*,           )
                                          )
        Plaintiffs,                       )
                                          )
    v.                                    )
                                          )        Civil Action No. 20-2639 (APM)
DONALD J. TRUMP, President of the United  )
States of America, *et al.*,              )
                                          )
        Defendants.                       )
                                          )

## DEFENDANTS' OPPOSITION TO THE *AKER* PLAINTIFFS' MOTION FOR CLARIFICATION OF COURT ORDER

### INTRODUCTION

The Court should deny the "*Aker* Plaintiffs' Motion for Clarification of Court Order" (the

"Motion"). ECF No. 245. At the threshold, Plaintiffs failed to comply with Local Civil Rule 7(m)

before filing the Motion, which alone is grounds to deny the Motion. To the extent that the Court

permits the *Aker* Plaintiffs to proceed, it should deny the Motion because it is not a motion to

clarify the Court's previous orders, but instead a request for additional relief. In addition, the Court

should deny the Motion because it is devoid of "a statement of the specific points of law and authority that support the motion . . ." in violation of Local Civil Rule 7(a).

## ARGUMENT

### 1.  The *Aker* Plaintiffs failed to comply with Local Civil Rule 7(m).

The Court should deny the Motion for failure to comply with Local Civil Rule 7(m). The *Aker* Plaintiffs did not make any "good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement," LCvR 7(m), before filing the Motion. The Court should deny the *Aker* Plaintiffs' request on this basis alone.

Local Civil Rule 7(m) is clear:

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement. . . . A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.

Under Local Civil Rule 7(m), a "good-faith" effort means that parties must take "real steps to confer." *Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006) (quoting *UnitedStates ex rel. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency*, 456 F. Supp. 2d 46, 52 (D.D.C. 2006)) (internal quotation marks omitted). Courts in this jurisdiction enforce this rule and have denied non-dispositive motions for failure to comply. *See English v. Washington Metro. Area Transit Auth.*, 293 F. Supp. 3d 13, 16 (D.D.C. 2017) (citing *Ellipso, Inc.*, 460 F. Supp. 2d at 102 (denying parties' discovery motions "because the parties have not complied with Local Civil Rule 7(m).");  *U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.,* 235 F.R.D. 521, 529 (D.D.C. 2006) (denying defendants' motion to compel for failure "to confer with opposing counsel in an attempt to resolve the dispute before filing a non-dispositive  motion" under both the Federal Rules and

Local Civil Rule 7(m)); *Equal Rights Ctr. v. Post Properties, Inc.*, 246 F.R.D. 29, 31 (D.D.C. 2007) (noting that "[f]ailure to comply with the duty to confer requirement ... is grounds for dismissing a motion to compel.") (citing cases); *Walker v. Dist. of Columbia*, 317 F.R.D. 600, 605 (D.D.C. 2016) (noting "similar cases where movants have overlooked their duties under . . . the Local Rules" and "judges in this Circuit have . . . denied the motion to compel.").[1]

Here, the *Aker* Plaintiffs failed to contact counsel for Defendants, let alone take any "real steps to confer" before filing the Motion. *See Ellipso, Inc.*, 460 F. Supp. 2d at 102 (quotation marks and citation omitted). The *Aker* Plaintiffs' failure to contact counsel for Defendants before filing the Motion deprived Defendants of the opportunity to attempt to "narrow the areas of disagreement," LCvR 7(m), and potentially avoid motions practice that is burdensome to the parties and the Court. Moreover, the Motion does not include any certification of compliance with Local Civil Rule 7(m) ("A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.").

The Court should deny the Motion on this basis alone. *See Washington Metro. Area Transit Auth.*, 293 F. Supp. 3d at 16-17.

---

[1] A previous version of Local Civil Rule 7(m) required counsel to "discuss the anticipated motion with opposing counsel, *either in person or by telephone* . . . ." *See Equal Rts. Ctr.*, 246 F.R.D. at 31 (quoting the then-applicable version of LCvR 7(m)) (emphasis in original). The current version of Local Civil Rule 7(m) does not specify that discussion must occur "in person or by telephone." LCvR 7(m) ("Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement."). Here, however, the issue is not the mode of discussion, but the *Aker* Plaintiffs' failure to initiate *any* discussion with counsel for Defendants before filing the Motion.

**2. The Court should deny the Motion because it seeks additional relief, rather than to clarify the Court's previous orders.**

If the Court permits Plaintiffs to proceed, it should deny the Motion because it is not a motion to clarify, but rather a request for new relief.

The Federal Rules of Civil Procedure do not address a motion for clarification, but "federal courts permit parties to tender motions that beseech the court 'to explain or clarify something ambiguous or vague' about a ruling, but not to 'alter or amend' it." *All. of Artists & Recording Companies, Inc. v. Gen. Motors Co.*, 306 F. Supp. 3d 413, 418 (D.D.C. 2016) (quoting *United States v. Philip Morris USA, Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011)). *See Barnes v. Dist. of Columbia*, 289 F.R.D. 1, 13 n.6 (D.D.C. 2012) ("The general purpose of a classic motion for clarification is to explain or clarify something ambiguous or vague.") (quotation marks and citation omitted). Although a motion to clarify "cannot open the door to re-litigating a matter that the court has considered and decided, courts in this Circuit have encouraged parties to file motions for clarification when they are uncertain about the scope of a ruling and entertaining such motions seems especially prudent if the parties must implement the ruling at issue at subsequent stages of the litigation." *All. of Artists & Recording Companies*, 306 F. Supp. 3d at 418-19 (alteration in original) (quotation marks and citations omitted). *See United States v. All Assets Held at Bank Julius, Baer & Co., Ltd.*, 315 F. Supp. 3d 90, 99 (D.D.C. 2018) (same). In a motion for clarification, parties may "ask the Court to construe the scope of its Order by applying it in a concrete context or particular factual situation." *Philip Morris USA Inc.*, 793 F. Supp. 2d at 168-69 (collecting cases). *See All. of Artists & Recording Companies*, 306 F. Supp. 3d at 419 (same).

Here, although the *Aker* Plaintiffs do not cogently articulate what precise relief they seek, it is apparent that they request additional relief beyond a mere clarification of the Court's previous orders. The *Aker* Plaintiffs certainly ask the Court to "clarify whether those with DV2020 visas issued prior to September 2020 (but who could not obtain new visa stamps in September 2020 when such opportunity was available, nor travel into the United States as a result of pandemic travel restrictions while their visas were valid) are able to enter the U.S. using their expired DV2020 visas at this time." ECF No. 245 at 2-3. Yet, in the very same paragraph of the Motion, the *Aker* Plaintiffs assert that the Court's prior orders "did not account for plaintiffs who were issued DV-2020 visas prior to September 2020." *Id.* at 2. The *Aker* Plaintiffs do not ask the Court "to explain or clarify something ambiguous or vague about a ruling," but request that the Court "alter or amend" its prior orders to secure additional relief. *All. of Artists & Recording Companies, Inc.*, 306 F. Supp. 3d at 418 (quotation marks omitted). This is precisely what a party may not seek in a motion for clarification.

The Court should therefore deny the Motion on this basis. *See Kirwa v. United States Dep't of Def.*, 315 F. Supp. 3d 266, 267 (D.D.C. 2018) (denying a motion to clarify a class certification order, *inter alia*, "because there is nothing ambiguous or vague about the class definition").

**3. The Motion is devoid of specific points of law and authority in violation of Local Civil Rule 7(a).**

Even if the Court were to determine that the Motion is a proper motion for clarification, the Court should nevertheless deny the Motion because it is devoid of legal and factual support in violation of Local Civil Rule 7(a).

Local Civil Rule 7(a) provides, in pertinent part: "Each motion shall include or be accompanied by a statement of the specific points of law and authority that support the motion, including where appropriate a concise statement of facts." "The purpose of the rule is to ensure that the nonmovant and the court are provided notice of what is sought and the legal basis for the motion." *Abdah v. Bush*, No. CIV.A. 04-01254 HHK, 2008 WL 114872, at *1 n.2 (D.D.C. Jan. 9, 2008).

Pursuant to Local Civil Rule 7(a), courts in this district have denied motions or disregarded legal positions that are inadequately supported by "a statement of the specific points of law and authority that support the motion." *See Bartlett v. Overslaugh*, No. CV 12-1306 (ABJ), 2015 WL 12964649, at *2 (D.D.C. Jan. 13, 2015) (finding that "defendant has failed to carry his burden to establish that a stay is warranted" where, *inter alia*, the "defendant does not cite any legal authority in his motion to stay, which did not comport with Local Rules of this Court."); *Red Lake Band of Chippewa Indians v. U.S. Dep't of Interior*, 624 F. Supp. 2d 1, 26 (D.D.C. 2009) ("The Court, however, need not resolve this issue at this juncture, in light of Defendants' failure to proffer any factual or legal authority in support of its motion for summary judgment as to Count IV, in violation of local rules. *See* LCvR 7(a) . . . . Accordingly, the Court shall deny Defendants' motion for summary judgment as to Count IV."); *Di Lella v. Univ. of D.C. David A. Clarke Sch. of L.*, 570 F. Supp. 2d 1, 4 n.4 (D.D.C. 2008) (declining to consider certain arguments for dismissal where a defendant did "not attempt to show how the other Rules it cites provide a basis for dismiss[al]"); *Catalyst & Chem. Servs., Inc. v. Glob. Ground Support*, 350 F. Supp. 2d 1, 20 n.18 (D.D.C. 2004) ("Plaintiffs move for summary judgment to dismiss the unfair competition claim, but provide no support for this motion in either their memorandum in support or reply, which address only the

defamation claim. Because the parties' briefing inadequately addresses the unfair competition claim, the court will not decide the matter here.") (citations omitted).

The *Aker* Plaintiffs' mere recitation of portions of this case's procedural history punctuated with a concluding request for relief denies Defendants "notice of what is sought and the legal basis for the motion," *Abdah*, 2008 WL 114872, at *1 n.2, and thereby deprives Defendants of the opportunity to prepare a meaningful response to the Motion. Notably, the *Aker* Plaintiffs' Motion is unaccompanied by any declarations setting forth any relevant facts.

To be sure, "[t]he Court does have discretion to waive local rule 7(a) when the other party is not prejudiced." *Barnes v. D.C.*, 283 F.R.D. 8, 11 (D.D.C. 2012) (citations omitted). Yet, "[w]aiving or setting aside the local rules should be done only in those rare circumstances where enforcing a rule would be prejudicial to both parties, delay resolution of the litigation, and would have no substantive effect on the Court's ruling." *Id.* Here, the *Aker* Plaintiffs' failure to articulate what relief they seek and the legal and factual basis for that requested relief, particularly in light of their failure to confer with counsel for Defendants before filing the Motion in violation of Local Civil Rule 7(m), prejudices Defendants. Without a clear picture of the relief that the *Aker* Plaintiffs seek or a coherent explanation of the supposed legal and factual basis for that relief, Defendants must speculate about the legal and factual underpinnings of the Motion and expend resources preparing a response that cannot address the merits of the Motion.

The Court should therefore deny the Motion for failure to submit "a statement of the specific points of law and authority that support the motion" in violation of Local Civil Rule 7(a). *See Bartlett*, 2015 WL 12964649, at *2; *Red Lake Band of Chippewa Indians*, 624 F. Supp. 2d at 26.

**CONCLUSION**

Defendants, therefore, request that the Court deny the Motion for failure to comply with Local Civil Rule 7(m). In the alternative, Defendants request that the Court deny the Motion because it seeks additional relief, rather than to clarify the Court's previous orders. Furthermore, Defendants request that the Court deny the Motion because Plaintiffs failed to submit a statement of the specific points of law and authority that support the motion in violation of Local Civil Rule 7(a).

Respectfully submitted,

November 9, 2021

BRIAN M. BOYNTON
Acting Assistant Attorney General, Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation, District Court Section
COLIN A. KISOR
Deputy Director
GLENN M. GIRDHARRY
Assistant Director
JOSHUA PRESS
Senior Litigation Counsel

*/s/ Eric C. Steinhart*
ERIC C. STEINHART
JAMES J. WEN
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation – DCS
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 514-0618
Email: eric.c.steinhart@usdoj.gov

*Attorneys for Defendants*

9

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2021, I electronically filed the foregoing document with the Clerk of the United States District Court for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

*/s/ Eric C. Steinhart*
ERIC C. STEINHART
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation – DCS
