# EXHIBIT A

## **DECLARATION OF ANDREA WHITING**

I, Andrea Whiting, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am employed by the U.S. Department of State ("the Department") as the Division Chief in the Outreach and Inquiries Division, Office of Field Operations of the Visa Office ("VO"), Bureau of Consular Affairs ("CA"). The Field Operations Office supports and monitors visa operations at posts around the world, provides updated guidance to our posts regarding changes in visa policy, and oversees the Visa Office's web unit, which maintains visa-related content on CA's public-facing website, travel.state.gov. I make this declaration based on my personal knowledge.

2. I am aware that, on September 30, 2020, this Court ordered the Department to "reserve 9,095 diversity visa numbers after September 30, 2020, pending final adjudication of this matter." ECF No. 151 at 18. I am also aware that, on August 17, 2021, this Court ordered the Department to "process DV-2020 applications in a random order until all 9,[095] diversity visas have been granted[,]" ECF No. 237 at 53, and that, on October 13, 2021, this Court ordered the Department to "commence processing the 9,095 DV-2020 visas as soon as is feasible and to conclude such processing no later than the end of the 2022 Fiscal Year, or September 30, 2022." ECF No. 244 at 3.

3. In order to comply with the Court's orders, the Department's policy analysts and systems experts have been evaluating what information technology system changes and operational changes must be implemented to issue DVs to entrants selected for the FY2020 DV program after the end of the fiscal year.

### **Software Changes**

4. The Department's information technology systems are designed around the statutory expiration of DV eligibility at the end of the fiscal year. While the Department retains records related to closed DV program years, the Department needs to make modifications to its systems to facilitate processing of DVs from closed program years and to facilitate the processing of multiple fiscal year programs simultaneously. The Department's IT infrastructure is designed to operate one fiscal year DV program at a time for the purpose of visa application processing and adjudication. To implement the Court's order, the Department had to determine what modifications are required and how best to implement them so that the Department can comply with the Court's order as expeditiously as possible.

5. To that end, on October 13, 2021, the VO requested a Level of Effort ("LOE") analysis from Consular Systems and Technology ("CST"), which is a formal request for an estimate regarding the amount of time and resources necessary for systems changes. CST is the office that supports CA's information technology efforts through the design, development, deployment, and maintenance of consular information technology systems, databases, and infrastructure.

6. On November 4, 2021, the VO Managing Director submitted a request to CST to make necessary changes to the Department's information technology systems to allow it to comply with the Court's order. A Managing Director request is the formal mechanism for requesting changes to the Department's information technology, and CST uses these requests to prioritize and plan for its work and timely delivery of all IT-related projects for the entire CA.

7. On December 9, 2021, CST provided the VO with the LOE analysis, which is a working-level assessment of the effort required to accommodate the project including associated costs. The LOE analysis details the system modifications necessary to process and adjudicate DV applications from FY2020 and FY2021[1] without adversely affecting the processing and adjudication of FY2022 DV applications. Such modifications include changes to most of the systems used in DV processing, which include the following: Immigrant Visas Overseas ("IVO") used by posts to process visa applications; the Diversity Visa Information System ("DVIS") used by the Kentucky Consular Center ("KCC") to manage all pre-processing activities; the Consular Electronic Application Center ("CEAC") used by DV selectees; the Entrant Status Check ("ESC") system for DV selectees to receive communications regarding their case; and the Immigrant Visa Allocation Management System ("IVAMS Web"), which the VO uses to determine if visa numbers are available based on reported issuances throughout the program year.

8. As per the LOE analysis, it will take at least four months to make the necessary changes and cost approximately $500,000. Thus, based on the LOE analysis, VO estimates that the earliest it could process FY2020 DV cases would be April 2022. Moreover, in order to make these necessary modifications to comply with the Court's orders, the Department must divert resources from other technology priority projects that have already been scheduled to take place. Work on these priority projects will be deprioritized and delayed by at leastfour months.

---

[1] Although the Court's order in this case does not require the processing and adjudication of FY2021 DV applications, the Department included FY2021 in its LOE request since this Court in *Goh v. Biden* and another court in this district in *Rai v. Biden* similarly ordered the processing and adjudication of FY2021 DV applications by the end of FY2022. *See Goh, et al. v. Biden, et al.*, No. 21-cv-999 (APM), ECF Nos. 44 and 45 (D.D.C.); *Rai, et al. v. Biden, et al.*, No. 21-cv-863 (TSC), ECF Nos. 53, 54, 61, and 62 (D.D.C.).

**Issuance Codes**

9. In addition to planned system changes, VO continues to develop unique visa issuance codes that will allow the Department to readily distinguish between DV issuances to applicants from the FY2022 program year from those 9,095 individuals who will be issued visas in the course of processing DV2020 visa applications in accordance with the Court's order of October 13, 2021. The Department determined that alternative issuance codes are necessary for accounting and record keeping purposes. Implementing new visa issuance codes requires interagency concurrence with the U.S. Department of Homeland Security and other agencies to ensure these new codes will not adversely impact admissions into the United States.

**KCC Pilot Program**

10. The Department created a pilot program for the FY2022 DV program with the goal of maximizing usage of available DV appointments. As part of this pilot program, individuals who were randomly selected to participate in the FY2022 DV program only need to submit to KCC the DS-260 immigrant visa application form for themselves and any accompanying family members. Once the DS-260 is received for all applicants associated with a case, that case will be eligible to be scheduled for a visa interview. *See* https://travel.state.gov/content/travel/en/News/visas-news/diversity-visa-2022-update.html (last visited Jan. 10, 2022). By allowing DV cases to be scheduled for interviews at consular posts without waiting for selectees to submit all required documents to KCC, the goal of the pilot program is to maximize FY2022 DV applications during the period that the Department's IT infrastructure is being modified to allow for adjudication of past FY DV programs in compliance with court orders. However, whether this goal is achieved will depend in part upon FY2022 DV selectees who are scheduled for interviews submitting all necessary documentation to the consular posts to avoid delays in processing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of January of 2022.

*Andrea Whiting*

Andrea Whiting, Division Chief
Outreach and Inquiries Division
Office of Field Operations, Visa Office
Bureau of Consular Affairs
United States Department of State

3