# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOMINGO ARREGUIN GOMEZ et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 20-cv-01419 (APM) |
| ) | |
| JOSEPH R. BIDEN, JR. et al., ) | |
| ) | |
| Defendants. ) | |
| | |
| MOHAMMED ABDULAZIZ ABDUL ) | |
| MOHAMMED et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 20-cv-01856 (APM) |
| ) | |
| ANTONY BLINKEN et al., ) | |
| ) | |
| Defendants. ) | |
| | |
| AFSIN AKER et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 20-cv-01926 (APM) |
| ) | |
| JOSEPH R. BIDEN, JR. et al., ) | |
| ) | |
| Defendants. ) | |

|  |  |
|---|---|
| CLAUDINE NGUM FONJONG et al.,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>JOSEPH R. BIDEN, JR. et al.,<br><br>　　　Defendants. | Case No. 20-cv-02128 (APM) |
| MORAA ASNATH KENNEDY et al.,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>JOSEPH R. BIDEN, JR. et al.<br><br>　　　Defendants. | Case No. 20-cv-02639 (APM) |

## ORDER

In these consolidated actions, the court on October 13, 2021, entered partial judgment in favor of Plaintiffs and, as relief, ordered the Department of State to process 9,095 diversity visas from Fiscal Year 2020 by September 1, 2022. *See* Order, ECF No. 242; Order, ECF No. 243; Am. Order, ECF No. 244.[1]  Now, over three and a half months later, Defendants ask the court to stay these final orders pending appeal. *See* Defs.' Mot. for a Stay, ECF No. 253 [hereinafter Defs.' Mot.]. Notwithstanding Defendants' perplexing delay in seeking the requested relief, the court conditionally grants the motion as explained below.

The court evaluates a request for stay pending appeal under the same four factors used to evaluate requests for injunctive relief:

---

[1] Citations to ECF filings are to the docket in *Gomez v. Biden*, No. 20-cv-01419 (APM) (D.D.C).

2

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.

*Cuomo v. U.S. Nuclear Regul. Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985).

As to the first factor, the court remains dubious of Defendants' legal positions on the merits, but that is not fatal. The question is whether Defendants raise "serious legal questions going to the merits, so serious, substantial, difficult as to make them a fair ground of litigation and thus for more deliberative investigation." *Population Inst. v. McPherson*, 797 F.2d 1062, 1078 (D.C. Cir. 1986) (internal quotation marks omitted). They do. Two of the issues Defendants intend to raise are issues of first impression. The first is whether the State Department can lawfully suspend the processing and adjudication of diversity visas when the President exercised his authority pursuant to 8 U.S.C. § 1182(f) to restrict the entry of such immigrants. *See* Defs.' Mem. in Supp. of Defs.' Mot., ECF No. 253-1 [hereinafter Defs.' Mem.], at 1. The court held that the State Department lacked the legal authority to cease such processing and adjudications, *see Gomez v. Biden*, No. 20-cv-01419 (APM), 2021 WL 3663535, at *12 (D.D.C. Aug. 17, 2021), but that determination was contrary to the State Department's long-standing interpretation and practice, *see id.* at *15. The second issue is whether the court, in the exercise of its equitable power, can order the State Department to process diversity visas beyond the end of the corresponding fiscal-year deadline. *See* Defs.' Mem. at 1. The D.C. Circuit found that it was plausible that courts have such authority in *Almaqrami v. Pompeo*, but it did not resolve the question on the merits. 933 F.3d 774, 779–80 (D.C. Cir. 2019). These two issues raise "serious legal questions" that warrant "more deliberative investigation." *Population Inst.*, 797 F.2d at 1078 (internal quotation marks omitted).

3

With respect to irreparable harm, Defendants have convincingly demonstrated the hardship and burden that processing nearly 10,000 diversity visas by September 1, 2022, will create for an agency still working through a substantial visa processing and adjudication backlog caused by the COVID-19 pandemic. *See* Defs.' Mem., Decl. of Sara Craig, ECF No. 253-4. The court is mindful of the Supreme Court's observation that "*any* policy toward aliens is vitally and intricately interwoven with contemporaneous policies in regard to the conduct of foreign relations, the war power, and the maintenance of a republican form of government." *Harisiades v. Shaughnessy*, 342 U.S. 580, 588–89 (1952) (emphasis added). Although the court continues to believe that its remedy in this case is both lawful and proportionate, the court recognizes that, to some degree, its order affects the Secretary of State's discretionary authority to prioritize visa services during the pandemic. Such disruption cannot be cured by a reversal on appeal.

As for whether others will be harmed by a stay, they surely will. Plaintiffs have made a compelling case that an indefinite stay will result in substantial harm to DV 2020 selectees. Some live in war-torn countries; others have made great personal and financial sacrifices; and all will suffer from the cloud of uncertainty that hangs over their dreams of immigrating to the United States. *See Gomez* Pls.' Mem. in Opp'n to Defs.' Mot., ECF No. 255 [hereinafter Pls.' Opp'n], Suppl. Decl. of Tess Hellgren in Support of Pls.' Opp'n, ECF No. 255-1. This factor weighs against a stay.

Finally, the public interest here is neutral. As Defendants point out, the public has an interest in the efficient processing and adjudication of visas for U.S. citizen applicants and other immigrant visa applicants, with which a refusal to stay the court's order might interfere. *See* Defs.' Mem. at 28. Yet, the public also has an interest in a prompt resolution for the thousands of DV

2020 selectees who have patiently waited to learn their fates. The open-ended delay that Defendants propose is not in the public interest.

Having weighed the requisite four factors, the court will grant the stay for a period of thirty days on the condition that, within seven days of this Order, Defendants seek expedited review before the D.C. Circuit. *See, e.g.*, *Ctr. for Int'l Env't L. v. Off. of U.S. Trade Representative*, 240 F. Supp. 2d 21, 24 (D.D.C. 2003) (granting request for stay pending appeal "on the condition that defendants seek expedited consideration from the court of appeals"); *Hechinger v. Metro. Wash. Airports Auth.*, 845 F. Supp. 902, 910 (D.D.C.) (granting limited stay pending appeal to "permit defendants to seek expedited review in the Court of Appeals" or bring issues before Congress), *aff'd*, 36 F.3d 97 (D.C. Cir. 1994). The court hopes that Plaintiffs will join in the request for expedited review. Defendants shall notify the court by March 10, 2022, whether they have sought expedited review. If after the expiration of thirty days the D.C. Circuit has acted, the court will consider an extension of the stay.

Dated: March 3, 2022

Amit P. Mehta
United States District Court Judge