**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DOMINGO ARREGUIN GOMEZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH R. BIDEN, JR. President of the United States of America, *et al.*, <br><br> Defendants. | Civil Action No. 20-cv-1419 (APM) |
| MOHAMMED ABDULAZIZ ABDULBAGI MOHAMMED, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ANTONY BLINKEN, Secretary, U.S. Department of State, *et al.*, <br><br> Defendants. | Civil Action No. 20-cv-1856 (APM) |
| CLAUDINE NGUM FONJON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH R. BIDEN, JR., President of the United States of America, *et al.*, <br><br> Defendants. | Civil Action No. 20-cv-2128 (APM) |
| AFSIN AKER, *et al.*, <br><br> Plaintiffs, <br><br> v. | Civil Action No. 20-cv-1926 (APM) |

| | |
|---|---|
| JOSEPH R. BIDEN, JR., President of the United States of America, *et al.*,<br><br>Defendants.<br><br>MORA ASNATH KENNEDY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH R. BIDEN, JR., President of the United States of America*, et al.*,<br><br>Defendants. | Civil Action No. 20-cv-2639 (APM) |

## MOHAMMED, FONJONG, AND KENNEDY PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE OF D.C. CIRCUIT ACTION AND MOTION TO EXTEND STAY PENDING RESOLUTION OF APPEAL AND MEMORANDUM IN SUPPORT

On March 25, 2022, Defendants filed a Notice of D.C. Circuit Action and Motion to Extend Stay Pending Resolution of Appeal of this Court's March 3, 2022 Order conditionally granting ECF No. 253 Defendant's Motion for Stay. ECF No. 260. Mohammed, Fonjong, and Kennedy Plaintiffs ("MFK Plaintiffs") hereby oppose the extension and offer the following memorandum in support.

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' OPPOSITION

After re-weighing the four factors for injunctive relief, this Court should deny Defendants' Motion to Extend Conditional Stay. The prolonged briefing schedule, argued for by Defendants[1], and the September oral argument before the Court of Appeals places DV2020

---

[1] The government's rationale in seeking a schedule that is less expedited than one preferred by plaintiffs was because they argued "these are questions of first impression and the government

selectees in indefinite limbo for at least another two years should they prevail. Thus, the four factors used to evaluate injunctive relief now weigh decisively in favor of the DV2020 selectees and this Court should deny Defendants' request. It is unconscionable to hoist the stress and anxiety of perpetual uncertainty during the duration of the appeal on those fleeing war in Ukraine, famine in Yemen, an oppressive regime in Afghanistan and all DV2020 selectee who have put their hopes, dreams, and aspirations on pause during the course of this litigation given this Court and many others have found that Plaintiffs' will likely succeed in their claims.

As to the first factor, Defendants have failed to demonstrate that they are likely to succeed on the merits of their appeal. While the party seeking a stay "is not required to show that it is assured of success on appeal," it must raise "'questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation.'" *Al-Adahi v. Obama, 672 F. Supp. 2d 81, 83 (D.D.C. 2009)*, quoting *Holiday Tours, 559 F.2d at 844*. Here, defendants have not raised any such questions, and have instead simply reasserted arguments that the Court has already rejected. In *Banks v. Booth,* the Court found this factor to weigh against the stay where "the Court [had already] addressed Defendants' arguments against injunctive relief on three separate occasions." Civil Action No. 20-849(CKK), 2021 U.S. Dist. LEXIS 79394, at *4 (D.D.C. Apr. 26, 2021). Likewise, here, all

---

needs to provide for multiple levels of review within the U.S. Department of Justice and U.S. Department of State." Ex. A, Email thread about positions. The government has been litigating most of these issues since August 2017, when the *Almaqrami* case was filed. For them to suggest now that they are not prepared for the appeal, suggests the stay is not really that important, and leans in favor of denying their motion. Further, Defendants altered their original briefing schedule to drag out even longer because they wrote "we have more fully considered the implications of the Goh appeal (which includes Plaintiffs-Appellees' cross-appeal) that has already been consolidated within the Goodluck appeal." Ex. A, Email thread about positions. It would be unjust if the government gets away with using an appeal filed only by certain DV-2021 plaintiffs as grounds to prolong relief for DV-2020 plaintiffs and class members.

of Defendants' arguments on this factor have already been raised and rejected by the Court at various stages of litigation.

Defendants argue that it will suffer irreparable harm because of the "resource-intensive systems modifications" needed to implement the Court's order, which according to Defendants were still underway as of February 22, 2022 and would have continued until this Court's temporary stay, ordered on March 3, 2022. Defendants, through their declarant Andrea Whiting, estimated as recently as February 14, 2022 that these systems modifications would be completed by April 18, 2022. ECF No. 256-1, ¶ 4. By Defendants' own admissions, these modifications are now approximately 46 days away from completion. This undertaking does not counsel for a stay in this matter.

Defendants also allege that complying with this court's order to process an additional 10,000 diversity visa will significantly burden their consular operations and "divert substantial resources from competing priorities…" ECF No. 253-1, at 26. However, between October 2021 and February 2022, Defendants issued 181,292 immigrant visas worldwide, an average of 36,258 immigrant visas per month. (compare with 38,476 average monthly immigrant visa issuances during the same time period in 2019).[2] The court's order to complete processing by the end of this Fiscal Year amounts to 1,666 visas per month, less than 4.5% of their monthly immigrant visa issuances. Defendants incessantly argue that it needs discretion to prioritize visa services during an ongoing pandemic. But with knowledge of the COVID-19 and the rollout of vaccines to consular staff, much of the danger and impediments to consular operations have largely

---

[2] *See* U.S. Dep't of State, Monthly Immigrant Visa Issuance Statistics, available at: https://travel.state.gov/content/travel/en/legal/visa-law0/visa-statistics/immigrant-visa-statistics/monthly-immigrant-visa-issuances.html (last accessed March 28, 2022)

ceased.  And, the conclusory arguments presented by Defendants do not support a finding that Defendants will be unable to accomplish its priorities and implement the Court's order during the pendency of their appeal.

Conversely, if the stay is extended, Plaintiffs will continue to suffer much more compelling harms.  Many Plaintiffs face danger and immediate threats to well-being in their country of origin because of "global, regional, and local crises," as Defendants have recognized. ECF No. 253-4, at ¶ 6.  For Yemeni, Ukrainian, and Afghani Plaintiffs in particular, each day of continued delay has severe and life-threatening implications.  See: ECF No. 255-1, at ¶ 14(a), (c) and (d). Plaintiffs are living in the midst of humanitarian crisis in countries plagued by conflict and oppression, confronted with political instability, war, widespread famine and disease.  As the delays continue to mount, so does the severity of the symptoms of depression and anxiety.  These stresses have manifested into "failure to thrive" symptoms- where individuals succumb to losing their will to live.  In fact, some Plaintiffs, overwhelmed with despair and hopelessness as their fate lies undecided, have contemplated suicide and have relied upon Plaintiffs' counsel and their paralegals for emotional support.[3]

If the stay is granted, this case may not be resolved until at least the year 2025, at best. This is because the D.C. Circuit has set oral arguments for September 2022.  The median length

---

[3] It is documented that a prolonged unreasonable delay of an adjudication of immigration application can be a contributing factor in suicide. See: Gabrielle Bruney, *A Yemeni-American Man Died By Suicide After Trump's Travel Ban Separated Him From His Family* (July 29, 2018) Esquire, https://www.esquire.com/news-politics/a22584044/yemeni-american-suicide-trumps-travel-ban/ (Describing how Mahmood Salem called his Yemeni family before phoning his wife and children in Djibouti and killing himself because of the stress, despair, and anxiety caused by the unreasonable delay in the adjudication of his wife's PP 9645 waiver.)

of time between oral arguments and decision in the D.C. Circuit is 3.2 months,[4] which would mean a decision could be issued by January 2023. Following decision, the Department of State will still need to complete necessary modifications and preparations to begin the processing of Plaintiffs' DV-2020 visas and would likely not even begin processing until Spring of 2023, which is after the date Defendants requested from the Court back in August. "Defendants ask that they not be required to process the reserved visas until Fiscal Year 2023, which begins October 1, 2022." ECF No. 240, at 3.

At the time of that request, the court considered Defendants' justifications for a later processing date and declined to afford Defendants such time concluding that while "the court is sensitive to the demands placed on the State Department to process SIV applications of those evacuated from Afghanistan […] the court assumes that those efforts are ongoing and, for that reason, extends the processing period beyond that requested by Plaintiffs." Further, the court reasoned that "although the court is cognizant of the constraints that the COVID-19 pandemic has placed on consular offices worldwide, the court's order to complete processing by the end of this Fiscal Year amounts to, on average, less than an additional 1,000 DV-2020 visas per month. That is not asking too much of the State Department." ECF No. 244, at 4.

Further, in ordering Defendants to complete processing by September 30, 2022, the Court "balance[d] the interests of the class with the resource constraints of the State Department, along with the interests of thousands of others who are patiently waiting for their immigrant and nonimmigrant visas to be adjudicated and issued by consular offices," concluding that

---

[4] https://www.uscourts.gov/sites/default/files/data_tables/jb_b4a_0930.2016.pdf

"requiring the State Department to carry out the court's order by end of Fiscal Year 2022 strikes a fair balance." ECF No. 244, at 4.

Here, a stay would delay the processing of Plaintiffs' visas even later than the timeline initially proposed by Defendants, which this Court has already considered and rejected for precisely the same reasons offered by Defendants in their instant request. In its order on summary judgment, the Court was sympathetic the Plaintiffs' noting that "waiting up to another full year will disappoint Gomez class members." ECF No. 244, at 4. If a stay is granted, Plaintiffs would be forced to wait at minimum two years from the date of that Order, and five years from the time of their selection for the 2020 Diversity Visa program, a length of time that cannot conceivably strike a fair balance between the parties.  For these reasons, the Court should deny Defendants' motion, and let these immigrant families move forward with their lives.


Dated: March 31, 2022                                    Respectfully Submitted,


                                                          s/Curtis Lee Morrison
CURTIS LEE MORRISON (1631896)
RAFAEL URENA (Pro Hac Vice)
KRISTINA GHAZARYAN (Pro Hac Vice)
ABADIR BARRE (Pro Hac Vice)
Morrison Urena, L.C.
P.O. Box 80844
Rancho Santa Margarita, CA 92688
Telephone: (703) 989-4424
curtis@morrisonurena.com
rafael@morrisonurena.com
kristina@morrisonurena.com
abadir@barrelaw.com
*Attorneys for Mohammed, Fonjong, and Kennedy Plaintiffs*