UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMED ABDULAZIZ ABDUL MOHAMMED, et al.,<br><br> Plaintiffs,<br><br>  v.<br><br>JOSEPH R. BIDEN, JR, et al.,<br><br> Defendants. | Case No. 20-cv-01856 (APM) |
| CLAUDINE NGUM FONJONG, et al.,<br><br> Plaintiffs,<br><br>  v.<br><br>JOSEPH R. BIDEN, JR, et al.,<br><br> Defendants. | Case No. 20-cv-02128 (APM) |
| MORAA ANSATH KENNEDY, et al.,<br><br> Plaintiffs,<br><br>  v.<br><br>JOSEPH R. BIDEN, JR, et al.,<br><br> Defendants. | Case No. 20-cv-01926 (APM) |

# ORDER

## I.

The Mohammed, Fonjong, and Kennedy Plaintiffs in the above-consolidated matters have moved to vacate the court's stay of its final order, which directed Defendants to issue over 9,000 2020 diversity visas to a class of selectees, *see* Order, ECF No. 264. Pls.' Mot. to Vacate Stay, ECF No. 267.[1] Plaintiffs argue that, for a variety of reasons, the relevant factors have changed and that the balance of those factors has tipped in their favor while these matters have been on appeal. *Id.* Though the court sympathizes with Plaintiffs, it is constrained to deny their motion.

## II.

Defendants' notice of appeal divested this court "of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 469 U.S. 56, 58 (1982) (per curiam). One "aspect" of the appeal is Defendants' contention that this court lacked the equitable power to order the State Department to "reserve" 2020 diversity visas for processing after the 2020 fiscal year expired. *See* Defs.-Appellants' Op. Br. at 65–68, *Goodluck v. Biden*, 21-5263, Document #1950027 (D.C. Cir. June 9, 2022). Plaintiffs now claim that "Defendants likelihood of success on the merits has decreased significantly" because of a subsequent unpublished decision from the D.C. Circuit, *Bo Li v. Blinken*, No. 22-5266, 2023 WL 4044487 (D.C. Cir. June 16, 2023), which they say confirms that this court properly exercised its equitable powers. Pl.'s Mot. at 3–4.

The court need not decide whether Plaintiffs' reading of *Bo Li* is correct. Whether *Bo Li* supports this court's exercise of equitable authority goes to an issue that is squarely before the D.C. Circuit. In other words, the significance of *Bo Li* goes to an "aspect" of the case over which

---

[1] Plaintiffs in the earliest-in-time case, *Gomez v. Biden*, 20-cv-1409 (APM), have not joined the motion.

the court no longer has jurisdiction.  This court therefore cannot vacate the stay order based on Plaintiffs' revised estimate of Defendants' likelihood of success.

### III.

Even if the court had jurisdiction, circumstances have not materially changed to warrant lifting the stay.  *Bo Li* does not affect the other "serious legal question" that the court identified when it granted the stay, namely, "whether the State Department can lawfully suspend the processing and adjudication of diversity visas when the President exercised his authority pursuant to 8 U.S.C. § 1182(f) to restrict the entry of such immigrants."  Order, ECF No. 258 [hereinafter Initial Stay Order], at 3.  That question continues to warrant "more deliberative investigation."  *Id.* (quoting *Population Inst. v. McPherson*, 797 F.2d 1062, 1078 (D.C. Cir. 1986)).

Plaintiffs also contend that the irreparable harm calculus favors lifting the stay.  Pl.'s Mot. at 4–5.  Plaintiffs point to the State Department's post-pandemic increase in visa processing as evidence that the State Department's operations will not be disrupted by ordering the agency to start issuing 9,000 2020 diversity visas.  *Id.*  Plaintiff also cite changed country conditions in places like Ukraine, Russia, Afghanistan, and Sudan, which have increased the risks to their clients' health and safety.  *Id.* at 5.

But neither claimed change moves the dial.  Even accepting that the post-pandemic visa backlog has eased, when the court ordered the stay, it expressed the concern that directing the State Department to begin processing thousands of 2020 diversity visas would affect the Secretary of State's discretion to prioritize visa services, which to some degree implicates matters of foreign relations. Initial Stay Order at 4.  That consideration has not changed.  Moreover, without in any way diminishing the dire geopolitical circumstances in certain countries, those circumstances are not linked to specific class members to justify readjusting the balance on a class-wide basis.

3

*Cf. Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330, 345 (D.C. Cir. 2023) (in the context of a claim of undue delay in visa processing, giving little weight to "generalized" allegations about risk to health and welfare that are "not tied to [] individual circumstances"). The irreparable harm balance therefore remains on the side of Defendants.

Finally, Plaintiffs assert that the public interest favors lifting the stay because "[m]any diversity visa winners have forgone their initially intended lawful pathway to immigration to the United States," opting instead to seek asylum at the southwest border, which has added to the "strain on our domestic immigration system." Pls.' Mot. at 6. But once more, Plaintiffs' assertion is generalized—they identify no class member, even anonymously, who has attempted to seek asylum at the border. And, even if they had, it would not materially impact the court's original consideration of the public interest. Discouraging some unknown number of 2020 diversity selectees from presenting asylum claims would do little to alleviate the "strain" at the southwest border.

### IV.

The court very much sympathizes with class members who still hold out hope to secure 2020 diversity immigrant visas. But this court lacks the authority to end their wait, and regardless, the relevant factors do not weigh in favor of lifting the stay. Accordingly, Plaintiffs' Motion to Vacate Stay, ECF No. 267, is denied.

Dated: April 2, 2024

Amit P. Mehta
United States District Court Judge